Hearing Date and Time:  June 13, 2019, at 11:00 a.m. (prevailing Eastern Time)
Objection Deadline:  June 6, 2019, at 4:00 p.m. (prevailing Eastern Time)

Joshua A. Sussberg, P.C.
Christopher T. Greco, P.C.
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

Joseph M. Graham (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200

*Proposed Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| HOLLANDER SLEEP PRODUCTS, LLC, *et al.*,[1] | Case No. 19-11608 (MEW) |
| Debtors. | (Jointly Administered) |

**NOTICE OF DEBTORS' MOTION FOR ENTRY OF AN ORDER**
**(A) AUTHORIZING THE RETENTION AND COMPENSATION**
**OF CERTAIN PROFESSIONALS UTILIZED IN THE ORDINARY**
**COURSE OF BUSINESS AND (B) GRANTING RELATED RELIEF**

**PLEASE TAKE NOTICE** that a hearing on the *Debtors' Motion for Entry of an Order*

*(A) Authorizing the Retention and Compensation of Certain Professionals Utilized in the Ordinary*

*Course of Business and (B) Granting Related Relief* (the "Motion") will be held before the

Honorable Michael E. Wiles, United States Bankruptcy Judge, United States Bankruptcy Court

for the Southern District of New York (the "Court"), One Bowling Green, Courtroom No. 617,

New York, New York 10004-1408, on **June 13, 2019, at 11:00 a.m., prevailing Eastern Time**.

---

1    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Dream II Holdings, LLC (7915); Hollander Home Fashions Holdings, LLC (2063); Hollander Sleep Products, LLC (2143); Pacific Coast Feather, LLC (1445); Hollander Sleep Products Kentucky, LLC (4119); Pacific Coast Feather Cushion, LLC (3119); and Hollander Sleep Products Canada Limited (3477).  The location of the Debtors' service address is:  901 Yamato Road, Suite 250, Boca Raton, Florida 33431.

**PLEASE TAKE FURTHER NOTICE** that any responses or objections to the relief requested in the Motion shall: (a) be in writing; (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and all General Orders applicable to chapter 11 cases in the United States Bankruptcy Court for the Southern District of New York; (c) be filed electronically with the Court on the docket of *In re Hollander Sleep Products, LLC*, Case No. 19-11608 (MEW) by registered users of the Court's electronic filing system and in accordance with the General Order M-399 (which is available on the Court's website at http://www.nysb.uscourts.gov); and (c) be served so as to be actually received by **June 6, 2019, at 4:00 p.m., prevailing Eastern Time**, by (i) the entities on the Master Service List available on the above-captioned debtors and debtors in possession' (the "Debtors") case website at https://omnimgt.com/hollander and (ii) any person or entity with a particularized interest in the subject matter of the Motion.

**PLEASE TAKE FURTHER NOTICE** that only those responses that are timely filed, served, and received will be considered at the hearing. Failure to file a timely objection may result in entry of a final order granting the Motion as requested by the Debtors.

KE 61820305

New York, New York
Dated:  May 30, 2019

*/s/ Joshua A. Sussberg, P.C.*

Joshua A. Sussberg, P.C.
Christopher T. Greco, P.C.
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

- and -

Joseph M. Graham (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200

*Proposed Counsel to the Debtors and Debtors in Possession*

**Hearing Date and Time:  June 13, 2019, at 11:00 a.m. (prevailing Eastern Time)**
**Objection Deadline:  June 6, 2019, at 4:00 p.m. (prevailing Eastern Time)**

Joshua A. Sussberg, P.C.
Christopher T. Greco, P.C.
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

Joseph M. Graham (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200

*Proposed Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) )   Chapter 11 |
| HOLLANDER SLEEP PRODUCTS, LLC, *et al.*,[1] | )   Case No. 19-11608 (MEW) |
| Debtors. | )   (Jointly Administered) |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER (A) AUTHORIZING THE
RETENTION AND COMPENSATION OF CERTAIN PROFESSIONALS UTILIZED IN
THE ORDINARY COURSE OF BUSINESS AND (B) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>")

respectfully state as follows in support of this motion:

**<u>Relief Requested</u>**

1.    By this motion, the Debtors seek entry of an order, substantially in the form

attached hereto as **<u>Exhibit A</u>**, (a) authorizing the Debtors to retain and compensate the OCPs

(as defined below) on a postpetition basis in accordance with the procedures set forth herein,

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification
number, are:  Dream II Holdings, LLC (7915); Hollander Home Fashions Holdings, LLC (2063); Hollander Sleep
Products, LLC (2143); Pacific Coast Feather, LLC (1445); Hollander Sleep Products Kentucky, LLC (4119);
Pacific Coast Feather Cushion, LLC (3119); and Hollander Sleep Products Canada Limited (3477).  The location
of the Debtors' service address is:  901 Yamato Road, Suite 250, Boca Raton, Florida 33431.

without the need for each OCP to file formal applications for retention and compensation, and (b) granting related relief.

## Jurisdiction and Venue

2.       The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated January 31, 2012.  The Debtors confirm their consent, pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of a final order by the Court in connection with this motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.       Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.       The bases for the relief requested herein are sections 105(a), 327, 328, 330, and 331 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code").

## Background

5.       Hollander Sleep Products is the largest pillow and mattress pad manufacturer in North America.  The Debtors also manufacture comforters and other basic bedding products. The Debtors have their own brands, including Great Sleep®, I AM®, LC®, PCF®, and Restful Nights®, and also manufacture and sell licensed brands, including Simmons®, Ralph Lauren®, CHAPS®, Calvin Klein®, Therapedic®, Nautica®, 37.5®, and Dr. Maas®.  The Debtors are headquartered in Boca Raton, Florida, operate a main showroom in New York City, and have thirteen manufacturing facilities throughout the United States and Canada.  The Debtors generated approximately $527 million in net revenue in fiscal year 2018 and currently employ more than

2

2,300 people across the United States and Canada.  As of May 19, 2019 (the "Petition Date"), the Debtors had approximately $233 million in funded debt.

6.    On the Petition Date, each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors are operating their businesses and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  These chapter 11 cases are being jointly administered.  As of the date hereof, no party has requested the appointment of a trustee or an examiner in these chapter 11 cases.  On May 30, 2019, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed an official committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code.

## The Ordinary Course Professionals

7.    The Debtors employ various law firms, attorneys, accountants, consultants, and other non-attorney professionals in the ordinary course of their business (such professionals, collectively, the "OCPs").  The OCPs provide services for the Debtors in a variety of matters unrelated to these chapter 11 cases, including specialized legal, business advisory, accounting, and tax services relating to corporate, financial, tax, intellectual property, labor, and other matters. A nonexclusive list of the Debtors' OCPs as of the date hereof (the "OCP List") is attached hereto as **Exhibit 2A** and **Exhibit 2B** to the Order.  The Debtors may also seek to employ additional OCPs as necessary during the course of these chapter 11 cases, subject to the procedures set forth herein.

8.    The continued employment and compensation of the OCPs is in the best interests of the Debtors' estates, their creditors, and other parties in interest.  The OCPs have significant knowledge, expertise, and familiarity with the Debtors and their operations.  Although the Debtors anticipate that the OCPs will wish to continue to represent the Debtors during these chapter 11 cases, many will not be in a position to do so if the Debtors cannot meet their payment obligations

3

on a regular basis.  And, without the OCPs' knowledge, expertise, and familiarity in certain matters, the Debtors undoubtedly would incur additional and unnecessary expenses in educating and retaining replacement professionals.  Accordingly, the Debtors' estates and their creditors are best served by avoiding any disruption in the professional services that are required for the day-to-day operations of the Debtors' business.

9.    Moreover, in light of the time and expense associated with the preparation of separate retention and fee applications for professionals who will receive relatively small fees, it is impractical and inefficient for the Debtors to prepare such individual applications for each OCP. Further, individual retention and fee applications would unnecessarily burden the Court and the U.S. Trustee, while adding to the administrative costs of these chapter 11 cases without a corresponding benefit to the Debtors' estates.  Therefore, the Debtors request that the Court grant the Debtors relief from the requirement of filing individual retention and fee applications with respect each individual OCP.

10.    Although some of the OCPs may hold unsecured claims against the Debtors in connection with services rendered to the Debtors prepetition, the Debtors do not believe that any OCP holds an interest materially adverse to the Debtors, their creditors, or other parties in interest.

### The OCP Procedures

11.    The Debtors request that the Court approve the following procedures for retention and payment of the OCPs (the "OCP Procedures"):

    a.    ***Declaration of Disinterestedness***.  Within 30 days of the date on which an OCP commences work for the Debtors, such OCP shall cause a declaration of disinterestedness, substantially in the form annexed as **Exhibit 1** to the Order (each, a "Declaration of Disinterestedness"), to be filed with the Court and served upon: (i) Hollander Sleep Products, LLC, 901 Yamato Road, Suite 250, Boca Raton, Florida, 33431, Attn: Marc Pfefferle; (ii) proposed counsel to the Debtors, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn:  Derek

4

I. Hunter, and 300 North LaSalle Street, Chicago, Illinois 60654, Attn: Joseph M. Graham and Laura E. Krucks; (iii) the U.S. Trustee, 201 Varick Street, Room 1006, New York, New York, 10014, Attn: Shannon A. Scott and Paul K. Schwartzberg; (iv) counsel to the administrative agent for the Debtors' prepetition and debtor-in-possession term loan facilities, King & Spalding LLP, Attn: Austin Jowers and Stephen M. Blank; (v) counsel to the administrative agent for the Debtors' prepetition and debtor-in-possession asset-based lending credit facilities, Goldberg Kohn Ltd., Attn: Randall Klein; (vi) counsel to any statutory committee appointed in these chapter 11 cases; and (vii) to the extent not listed herein those parties requesting notice pursuant to Bankruptcy Rule 2002 (collectively, the "Notice Parties").

b.   ***Objection Procedures***.   The Notice Parties shall have until 12:00 p.m., prevailing Eastern Time, on the date that is 14 days after the date of filing of each OCP's Declaration of Disinterestedness (the "Objection Deadline") to object to the retention of such OCP. The objecting party shall file any such objection and serve such objection upon the Notice Parties and the respective OCP on or before the Objection Deadline.  If any such objection cannot be resolved within 14 days of its receipt, the matter shall be scheduled for hearing before the Court at the next regularly scheduled omnibus hearing date that is no less than 14 days from that date or on a date otherwise agreeable to the parties.  The Debtors shall not be authorized to retain and compensate such OCP until all outstanding objections have been withdrawn, resolved, or overruled by order of the Court.

c.   ***No Objection***.  If no objection is received from any of the Notice Parties by the Objection Deadline with respect to any particular OCP, the Debtors shall be authorized to (i) retain such OCP as of the date such OCP commenced providing services to the Debtors, and (ii) compensate such OCP as set forth below.

d.   ***OCP Monthly and Case Caps***.  The Debtors shall be authorized to pay, without formal application to the Court by any OCP, 100% of fees and disbursements to each of the OCPs retained by the Debtors pursuant to the OCP Procedures upon submission to the Debtors of an appropriate invoice setting forth in reasonable detail the nature of the services rendered after the Petition Date; *provided*, *however*, that the following limitations, exclusive of costs and disbursements, shall apply to the compensation:

- for each OCP set forth on **Exhibit 2A** attached to the Order (collectively, the "Tier 1 OCPs"), $70,000 per month on average over a rolling three month period (the "Tier 1 OCP

5

Cap,") with an overall case cap of $350,000 (the "Tier 1 Case Cap"); and

- for each OCP set forth on **Exhibit 2B** attached to the Order (collectively, the "Tier 2 OCPs"), $25,000 per month on average over a rolling three month period (the "Tier 2 OCP Cap," and together with the Tier 1 OCP Cap, the "OCP Monthly Caps") with an overall case cap of $400,000 (the "Tier 2 Case Cap," and together with the Tier 1 Case Cap, the "OCP Case Caps").

The OCP Monthly Caps and/or the OCP Case Caps may be increased by mutual agreement between the Debtors, the U.S. Trustee, and the counsel to any statutory committee appointed in these chapter 11 cases (the "Excess Fees"); *provided* that the Debtors shall file a notice with the Court of any such increase (the "Notice of Excess Fees") and an invoice setting forth, in reasonable detail, the nature of the services rendered and disbursements actually incurred. Interested parties shall have 15 days to file an objection to the Notice of Excess Fees with the Court. If after 15 days no objection is filed, the Excess Fees shall be deemed approved, and the OCP may be paid 100% of its fees and 100% of its expenses without the need to file a fee application.

e.    ***Exceeding OCP Monthly Caps***.  To the extent there is no agreement with respect to the OCP Monthly Caps as indicated in subparagraph (d), the OCP shall file with the Court a fee application for the amount in excess of the applicable OCP Monthly Cap in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules, unless the U.S. Trustee agrees otherwise.

f.    ***Exceeding OCP Case Caps***.  To the extent there is no agreement with respect to the OCP Case Caps as indicated in subparagraph (d), the OCP shall file with the Court a retention application in accordance with section 327 of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules, unless the U.S. Trustee agrees otherwise.

g.    ***OCP Statements***.  Beginning on the quarter ending June 30, 2019, and for each quarter thereafter during which these chapter 11 cases are pending, the Debtors shall within 30 days thereof file with the Court and serve on the Notice Parties a statement with respect to each OCP paid during the immediately preceding quarterly period (the "Quarterly Statement").  Each Quarterly Statement shall include (i) the name of the OCP, (ii) the aggregate amounts paid as compensation for services rendered and reimbursement of expenses

6

incurred by that OCP during the reported quarter, and (iii) a general description of the services rendered by that OCP.

h.  ***Additional OCPs***.  The Debtors reserve the right to retain additional OCPs from time to time during these chapter 11 cases by (i) including such OCPs on an amended version of the OCP List that is filed with the Court and served on the Notice Parties, and (ii) having such OCPs comply with the OCP Procedures.

12.    By this motion, the Debtors are not requesting authority to pay prepetition amounts owed to OCPs.

## Basis for Relief

13.    Section 327 of the Bankruptcy Code requires court approval for the employment of "professional persons" retained to represent or perform services for the estate.  In determining whether an entity is a "professional" within the meaning of section 327 of the Bankruptcy Code and, therefore, must be retained by express approval of the court, courts generally consider whether such entity is involved in the actual reorganization effort, rather than a debtor's ongoing business operations.  *See, e.g.*, *Comm. of Asbestos Related Litigants and/or Creditors v. Johns-Manville Corp. (In re Johns-Manville Corp.)*, 60 B.R. 612, 619 (Bankr. S.D.N.Y. 1986) ("[T]he phrase 'professional persons,' as used in § 327(a), is a term of art reserved for those persons who play an intimate role in the reorganization of a debtor's estate.").  In making this determination, courts often consider the following factors in determining whether an entity is a "professional" within the meaning of section 327 of the Bankruptcy Code:

a.    whether the entity controls, manages, administers, invests, purchases, or sells assets that are significant to the debtor's reorganization;

b.    whether the entity is involved in negotiating the terms of a plan of reorganization;

c.    whether the entity's employment is directly related to the type of work carried out by the debtor or to the routine maintenance of the debtor's business operations;

7

      d.      whether the entity is given discretion or autonomy to exercise its own professional judgment in some part of the administration of the debtor's estate;

      e.      the extent of the entity's involvement in the administration of the debtor's estate; and

      f.      whether the entity's services involve some degree of special knowledge or skill, such that it can be considered a "professional" within the ordinary meaning of the term.

*See, e.g.*, *In re First Merchs. Acceptance Corp.*, No. 97-1500 JJF, 1997 WL 873551, at *3 (D. Del. Dec. 15, 1997) (listing factors); *see also In re Am. Tissue, Inc.*, 331 B.R. 169, 174–75 (Bankr. D. Del. 2005) (applying the *First Merchants* factors and holding that litigation consulting firm was not a "professional" for section 327 purposes); *In re Riker Indus., Inc.*, 122 B.R. 964, 973 (Bankr. N.D. Ohio 1990) (not requiring section 327 of the Bankruptcy Code approval of the fees of a management and consulting firm that performed only "routine administrative functions" and whose "services were not central to th[e] bankruptcy case"); *In re Fretheim*, 102 B.R. 298, 299 (Bankr. D. Conn. 1989) (holding that only those professionals involved in the "administration of the debtor's estate," rather than debtor's ongoing business, require approval under section 327 of the Bankruptcy Code). The foregoing factors must be considered as a whole when determining if an entity is a "professional" within the meaning of section 327 of the Bankruptcy Code. None of the factors alone is dispositive. *See First Merchs.*, 1997 WL 873551, at *3 ("In applying these factors, the Court stresses that no one factor is dispositive and that the factors should be weighed against each other and considered in toto.").

14. Upon consideration of the foregoing factors, and because the OCPs will not be involved in the administration of these chapter 11 cases, the Debtors do not believe that the OCPs are "professionals" requiring formal retention proceedings under section 327 of the Bankruptcy Code. Nevertheless, to provide clarity and an opportunity for oversight, the Debtors seek the relief

8

requested herein to establish clear mechanisms for retention and compensation of the OCPs pursuant to the OCP Procedures and thereby avoid any subsequent controversy with respect thereto.

15.     The Debtors respectfully submit that (a) the retention of the OCPs as provided herein is reasonably necessary for the day-to-day operations of the Debtors' business, (b) expenses for the OCPs will be monitored closely by the Debtors, and (c) the OCPs will not perform substantial bankruptcy related services related to these chapter 11 cases without filing an application with the Court for separate retention as a non-ordinary course professional.

16.     Moreover, in light of the number of OCPs and the significant costs associated with the preparation of retention applications for professionals who will receive relatively modest fees, the Debtors submit that it would be impractical, inefficient, and costly for the Debtors and their legal advisors to prepare and submit individual applications and proposed retention orders for each OCP.  Therefore, the Debtors submit that it is in the best interests of all creditors and parties in interest to retain the OCPs in accordance with the OCP Procedures and avoid any disruption in the professional services that are required for the day-to-day operation of the Debtors' business.

17.     Although some of the OCPs may hold unsecured claims against the Debtors in connection with services rendered to the Debtors prepetition, the Debtors do not believe that any of the OCPs have an interest materially adverse to the Debtors, their creditors, or other parties in interest.  In any event, the OCP Procedures include a requirement that each OCP file a Declaration of Disinterestedness before an OCP can be compensated.

18.     The relief requested herein is commonly granted in this district.  *See, e.g.*, *In re Windstream Holdings, Inc.*, No. 19-22312 (RDD) (Bankr. S.D.N.Y. Apr. 22, 2019) (authorizing the debtors' retention and compensation of OCPs); *In re Aegean Marine Petroleum*

*Network Inc.*, No. 18-13374 (MEW) (Bankr. S.D.N.Y. Dec. 6, 2018) (same); *In re Nine West Holdings, Inc.*, No. 18-10947 (SCC) (Bankr. S.D.N.Y. May 7, 2018) (same); *In re Cenveo, Inc.*, No. 18-22178 (RDD) (Bankr. S.D.N.Y. Mar. 8, 2018) (same); *In re 21st Century Oncology Holdings, Inc.*, No. 17-22770 (RDD) (Bankr. S.D.N.Y. July 19, 2017) (same).[2]

19.     For the reasons set forth herein, the Debtors respectfully submit that the relief requested is in the best interest of the Debtors, their estates, creditors, stakeholders, and other parties in interest, and therefore should be granted.

## **Motion Practice**

20.     This motion includes citations to the applicable rules and statutory authorities upon which the relief requested herein is predicated and a discussion of their application to this motion. Accordingly, the Debtors submit that this motion satisfies Local Rule 9013-1(a).

## **Notice**

21.     The Debtors will provide notice of this motion to:   (a) the U.S. Trustee; (b) the holders of the 50 largest unsecured claims against the Debtors (on a consolidated basis); (c) the administrative agent for the Debtors' term loan facility and counsel thereto; (d) the administrative agent for the Debtors' asset-based loan credit facility and counsel thereto; (e) the administrative agent for the Debtors' proposed debtor in possession term loan financing facility and counsel thereto; (f) the administrative agent for the Debtors' proposed debtor in possession asset-based loan credit facility and counsel thereto; (g) the United States Attorney's Office for the Southern District of New York; (h) the Internal Revenue Service; (i) the attorneys general for the states in which the Debtors operate; (j) counsel to the official committee of

---

[2]   Because of the voluminous nature of the orders cited herein, such orders have not been attached to this Motion. Copies of these orders are available upon request to the Debtors' proposed counsel.

KE 61820305

unsecured creditors appointed in these chapter 11 cases; and (k) any party that has requested notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## No Prior Request

22.    No prior request for the relief sought in this motion has been made to this or any other court.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

11

WHEREFORE, the Debtors respectfully request entry of an order, substantially in the form

attached hereto as **Exhibit A**, granting the relief requested herein and granting such other relief as

is just and proper.

New York, New York                          /s/ Joshua A. Sussberg, P.C.
Dated:  May 30, 2019                         Joshua A. Sussberg, P.C.
                                            Christopher T. Greco, P.C.
                                            **KIRKLAND & ELLIS LLP**
                                            **KIRKLAND & ELLIS INTERNATIONAL LLP**
                                            601 Lexington Avenue
                                            New York, New York 10022
                                            Telephone:    (212) 446-4800
                                            Facsimile:    (212) 446-4900

                                            - and -

                                            Joseph M. Graham (admitted *pro hac vice*)
                                            **KIRKLAND & ELLIS LLP**
                                            **KIRKLAND & ELLIS INTERNATIONAL LLP**
                                            300 North LaSalle Street
                                            Chicago, Illinois 60654
                                            Telephone:    (312) 862-2000
                                            Facsimile:    (312) 862-2200

                                            *Proposed Counsel to the Debtors and Debtors in
                                            Possession*

**<u>Exhibit A</u>**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| HOLLANDER SLEEP PRODUCTS, LLC., *et al.*,[1] | ) | Case No. 19-11608 (MEW) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Re: Docket No. __** |

**ORDER (A) AUTHORIZING THE RETENTION AND COMPENSATION OF
PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS
AND (B) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession

(collectively, the "Debtors") for entry of an order (this "Order") (a) authorizing the Debtors to

retain and compensate professionals utilized in the ordinary course of business and (b) granting

related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and

this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the

*Amended Standing Order of Reference from the United States District Court for the Southern*

*District of New York*, dated January 31, 2012; and this Court having found that venue of this

proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and

this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on

the Motion were appropriate under the circumstances and no other notice need be provided; and

this Court having reviewed the Motion and having heard the statements in support of the relief

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Dream II Holdings, LLC (7915); Hollander Home Fashions Holdings, LLC (2063); Hollander Sleep Products, LLC (2143); Pacific Coast Feather, LLC (1445); Hollander Sleep Products Kentucky, LLC (4119); Pacific Coast Feather Cushion, LLC (3119); and Hollander Sleep Products Canada Limited (3477). The location of the Debtors' service address is: 901 Yamato Road, Suite 250, Boca Raton, Florida 33431.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

requested therein at a hearing before this Court (the "Hearing"); and this Court having determined

that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for

the relief granted herein; and upon all of the proceedings had before this Court; and after due

deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is granted as set forth herein.

2.      The Debtors are authorized to retain and compensate the professionals identified

on the OCP List (collectively, the "OCPs"), attached as **Exhibit 2A** and **Exhibit 2B** to this Order,

in the ordinary course of business, pursuant to the following OCP Procedures:

a.      ***Declaration of Disinterestedness***.  Within 30 days of the date on which an OCP commences work for the Debtors, such OCP shall cause a declaration of disinterestedness, substantially in the form annexed as **Exhibit 1** hereto (each, a "Declaration of Disinterestedness"), to be filed with the Court and served upon: (i) Hollander Sleep Products, LLC, 901 Yamato Road, Suite 250, Boca Raton, Florida, 33431, Attn: Marc Pfefferle; (ii) proposed counsel to the Debtors, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn: Derek I. Hunter, and 300 North LaSalle Street, Chicago, Illinois 60654, Attn: Joseph M. Graham and Laura E. Krucks; (iii) the Office of the United States Trustee for the Southern District of New York, 201 Varick Street, Room 1006, New York, New York, 10014, Attn: Shannon A. Scott and Paul K. Schwartzberg; (iv) counsel to the administrative agent for the Debtors' prepetition and debtor-in-possession term loan facilities, King & Spalding LLP, Attn: Austin Jowers and Stephen M. Blank; (v) counsel to the administrative agent for the Debtors' prepetition and debtor-in-possession asset-based lending credit facilities, Goldberg Kohn Ltd., Attn: Randall Klein; (vi) counsel to any statutory committee appointed in these chapter 11 cases; and (vii) to the extent not listed herein those parties requesting notice pursuant to Bankruptcy Rule 2002 (collectively, the "Notice Parties").

b.      ***Objection Procedures***.  The Notice Parties shall have until 12:00 p.m., prevailing Eastern Time, on the date that is 14 days after the date of filing of each OCP's Declaration of Disinterestedness (the "Objection Deadline") to object to the retention of such OCP. The objecting party shall file any such objection and serve such objection upon the Notice Parties and the respective OCP on or before the Objection Deadline.  If any such objection cannot be

2

resolved within 14 days of its receipt, the matter shall be scheduled for hearing before the Court at the next regularly scheduled omnibus hearing date that is no less than 14 days from that date or on a date otherwise agreeable to the parties. The Debtors shall not be authorized to retain and compensate such OCP until all outstanding objections have been withdrawn, resolved, or overruled by order of the Court.

c.      ***No Objection***.  If no objection is received from any of the Notice Parties by the Objection Deadline with respect to any particular OCP, the Debtors shall be authorized to (i) retain such OCP as of the date such OCP commenced providing services to the Debtors, and (ii) compensate such OCP as set forth below.

d.      ***OCP Monthly and Case Caps***.  The Debtors shall be authorized to pay, without formal application to the Court by any OCP, 100% of fees and disbursements to each of the OCPs retained by the Debtors pursuant to the OCP Procedures upon submission to the Debtors of an appropriate invoice setting forth in reasonable detail the nature of the services rendered after the Petition Date; *provided*, *however*, that the following limitations, exclusive of costs and disbursements, shall apply to the compensation:

- for each OCP set forth on **Exhibit 2A** attached to this Order (collectively, the "Tier 1 OCPs"), $70,000 per month on average over a rolling three month period (the "Tier 1 OCP Cap,") with an overall case cap of $350,000 (the "Tier 1 Case Cap"); and

- for each OCP set forth on **Exhibit 2B** attached to this Order (collectively, the "Tier 2 OCPs"), $25,000 per month on average over a rolling three month period (the "Tier 2 OCP Cap," and together with the Tier 1 OCP Cap, the "OCP Monthly Caps") with an overall case cap of $400,000 (the "Tier 2 Case Cap," and together with the Tier 1 Case Caps, the "OCP Case Caps").

The OCP Monthly Caps and/or the OCP Case Caps may be increased by mutual agreement between the Debtors, the United States Trustee, counsel to any statutory committee appointed in these chapter 11 cases (the "Excess Fees"); *provided* that the Debtors shall file a notice with the Court of any such increase (the "Notice of Excess Fees") and an invoice setting forth, in reasonable detail, the nature of the services rendered and disbursements actually incurred.  Interested parties shall have 15 days to file an objection to the Notice of Excess Fees with the Court.  If after 15 days no objection is filed, the Excess Fees shall

3

be deemed approved, and the OCP may be paid 100% of its fees and 100% of its expenses without the need to file a fee application.

e.   ***Exceeding OCP Monthly Caps***.  To the extent there is no agreement with respect to the OCP Monthly Caps as indicated in subparagraph (d), the OCP shall file with the Court a fee application for the amount in excess of the applicable OCP Monthly Cap in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules, unless the U.S. Trustee agrees otherwise.

f.   ***Exceeding OCP Case Caps***.  To the extent there is no agreement with respect to the OCP Case Caps as indicated in subparagraph (d), the OCP shall file with the Court a retention application in accordance with section 327 of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules, unless the U.S. Trustee agrees otherwise.

g.   ***OCP Statements***.  Beginning on the quarter ending June 30, 2019, and for each quarter thereafter during which these chapter 11 cases are pending, the Debtors shall within 30 days thereof file with the Court and serve on the Notice Parties a statement with respect to each OCP paid during the immediately preceding quarterly period (the "Quarterly Statement").    Each Quarterly Statement shall include (i) the name of the OCP, (ii) the aggregate amounts paid as compensation for services rendered and reimbursement of expenses incurred by that OCP during the reported quarter, and (iii) a general description of the services rendered by that OCP.

h.   ***Additional OCPs***.  The Debtors reserve the right to retain additional OCPs from time to time during these chapter 11 cases by (i) including such OCPs on an amended version of the OCP List that is filed with the Court and served on the Notice Parties, and (ii) having such OCPs comply with the OCP Procedures.

3.       The Debtors are authorized to supplement the OCP List as necessary to add or remove OCPs, from time to time in its sole discretion, without the need for any further hearing and without the need to file individual retention applications for newly added OCPs.  In such event, the Debtors shall file the amended OCP List with this Court and serve such list on the Notice Parties.  Each additional OCP listed in the OCP List shall file with this Court and serve a Declaration of Disinterestedness on the Notice Parties as provided in the OCP Procedures.

KE 61820305

If no objections are filed within 14 days to any such additional OCP's Declaration of Disinterestedness, then retention of such OCPs shall be deemed approved by this Court pursuant to this Order without a hearing or further order.

4.    Nothing contained herein shall affect the Debtors' or any appropriate party in interest's ability to dispute any invoice submitted by an OCP, and nothing contained herein shall preclude the Debtors from seeking authority to pay any OCP in an amount greater than the applicable OCP Monthly Cap, subject to the rights of any party in interest to oppose any such request.

5.    This Order shall not apply to any professional retained by the Debtors pursuant to a separate order of the Court.

6.    Notwithstanding the relief granted in this Order, any payment made by the Debtors pursuant to the authority granted herein shall be subject to and in compliance with any orders entered by the Court approving the Debtors' entry into any postpetition debtor-in-possession financing facility and any budget in connection therewith and/or authorizing the Debtors' use of cash collateral and any budget in connection therewith.

7.    Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

8.    Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

9.    The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

KE 61820305

10.    The Court retains exclusive jurisdiction with respect to all matters arising from or

related to the implementation, interpretation, and enforcement of this Order.

New York, New York
Dated: _____, 2019

_____
UNITED STATES BANKRUPTCY JUDGE

## <u>Exhibit 1</u>

**Declaration of Disinterestedness**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| HOLLANDER SLEEP PRODUCTS, LLC, *et al.*,[1] | ) | Case No. 19-11608 (MEW) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## DECLARATION OF DISINTERESTEDNESS OF [ENTITY] PURSUANT TO THE ORDER AUTHORIZING HOLLANDER SLEEP PRODUCTS, LLC, *ET AL.*, FOR THE RETENTION AND COMPENSATION OF PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS

I, [NAME], declare under penalty of perjury:

1.      I am a [POSITION] of [ENTITY], located at [STREET, CITY, STATE, ZIP CODE] (the "Firm").

2.      The above-captioned debtors and debtors in possession (collectively, the "Debtors"), have requested that the Firm provide [SPECIFIC DESCRIPTION] services to the Debtors, and the Firm has consented to provide such services.

3.      The Firm may have performed services in the past, may currently perform services, and may perform services in the future in matters unrelated to these chapter 11 cases for persons that are parties in interest in the Debtors' chapter 11 cases.  The Firm, however, does not perform services for any such person in connection with these chapter 11 cases, or have any relationship with any such person, their attorneys, or accountants that would be adverse to the Debtors or their estates.

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Dream II Holdings, LLC (7915); Hollander Home Fashions Holdings, LLC (2063); Hollander Sleep Products, LLC (2143); Pacific Coast Feather, LLC (1445); Hollander Sleep Products Kentucky, LLC (4119); Pacific Coast Feather Cushion, LLC (3119); and Hollander Sleep Products Canada Limited (3477).  The location of the Debtors' service address is:  901 Yamato Road, Suite 250, Boca Raton, Florida 33431.

4.      As part of its customary practice, the Firm is retained in cases, proceedings, and transactions involving many different parties, some of whom may represent or be employed by the Debtors, claimants, and parties in interest in these chapter 11 cases.

5.      Neither I nor any principal, partner, director, officer, [etc.] of, or professional employed by, the Firm has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than the principal and regular employees of the Firm.

6.      Neither I nor any principal, partner, director, officer, [etc.] of, or professional employed by, the Firm, insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtors or their estates with respect to the matter(s) upon which the Firm is to be employed.

7.      The Debtors owe the Firm $[___] for prepetition services, the payment of which is subject to limitations contained in title 11 of the United States Code, 11 U.S.C. §§ 101–1532.

8.      As of the Petition Date, which was the date on which the Debtors commenced these chapter 11 cases, the Firm [was/was not] party to an agreement for indemnification with certain of the debtor entities.  [A copy of such agreement is attached as **Exhibit 1** to this Declaration.]

9.      The Firm is conducting further inquiries regarding its retention by any creditors of the Debtors, and upon conclusion of that inquiry, or at any time during the period of its employment, if the Firm should discover any facts bearing on the matters described herein, the Firm will supplement the information contained in this Declaration.

2

KE 61820305

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Date: _____, 2019

_____

**[DECLARANT'S NAME]**

## **Exhibit 2A**

## **Tier 1 Ordinary Course Professionals**

## Tier 1 Ordinary Course Professionals

| Name | Address | Type of Service |
|---|---|---|
| Frost Brown Todd LLC | One Columbus, Suite 2300<br>10 West Broad Street<br>Columbus, OH 43215 | Legal Services - Labor |

## __Exhibit 2B__

**Tier 2 Ordinary Course Professionals**

**Tier 2 Ordinary Course Professionals**

| Name | Address | Type of Service |
|---|---|---|
| Stikeman Elliott LLP | 5300 Commerce Court West<br>199 Bay Street<br>Toronto, ON M5L 1B9 | Legal Services - Canada Employment |
| K&L Gates RCAC | 1717 Main Street, Suite 2800<br>Dallas, TX 75201 | Legal Services - Corporate |
| Lerner David Littenberg Krumholz & Mentlik LLP | 600 South Avenue West<br>Westfield, NJ 07090 | Legal Services - Intellectual Property |
| Lewis Brisbois Bisgaard & Smith LLP | 633 W. Fifth Street, Suite 4000<br>Los Angeles, CA 90071 | Legal Services - Corporate |
| Aguilar Y Loera S.C. | Guillermo Gonzalez Camarena 1200 Piso 4A<br>Col. Santa Fe 01210<br>Alvaro Obregon, Cuidad De Mexico C.P. 01210 Mexico | Legal Services - Mexico |
| Bingham Greenbaum Doll | 3913 Solutions Center<br>Chicago, IL 60677 | Legal Services - Corporate |
| Fox Rothschild LLP | 1250 Constellation Blvd., Suite 900<br>Los Angeles, CA 90067-6209 | Legal Services - Employment |
| Gordon & Rees Scully Mansukhani LLP | 633 West Fifth Street, Suite 5200<br>Los Angeles, CA 90071 | Legal Services - Corporate |
| Sandler, Travis & Rosenberg P.A. | 1000 NW 57th Court, Suite 600<br>Miami, FL 33126 | Legal Services - International Trade |

KE 61820305