| | | |
|---|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK | | Hearing Date: June 26, 2019<br>Hearing Time: 10:00 a.m. |
| ------------------------------------------------------- x<br>In re :<br>:<br>HOLLANDER SLEEP PRODUCTS, LLC, et :<br>al., :<br>:<br>             Debtors. :<br>;<br>------------------------------------------------------- x | | <br><br>Chapter 11<br><br>Case No. 19-11608 (MEW)<br><br>(Jointly Administered) |

**OBJECTION OF THE UNITED STATES TRUSTEE TO THE DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING THE DEBTORS TO FILE EXIT BACKSTOP COMMITMENT LETTER AND FEE LETTERS UNDER SEAL AND (II) <u>GRANTING RELATED RELIEF</u>**

**TO:   THE HONORABLE MICHAEL E. WILES,
        UNITED STATES BANKRUPTCY JUDGE**

William K. Harrington, the United States Trustee for Region 2 (the "**United States Trustee**") submits the following objection to the Debtors' Motion for Entry of an Order (I) Authorizing the Debtors to File Exit Backstop Commitment Letter (the "**Exit Backstop Commitment Letter**") and Fee Letters (the "**Fee Letters**", together with the Exit Backstop Commitment Letters collectively referred to herein as the "**Letters**") Under Seal and (II) Granting Relayed Relief (the "**Motion**"). ECF Doc. No. 20. Specifically, the Debtors seek to file under seal the Letters annexed to the Debtors' Motion for the Entry of Interim and Final Orders (A) Authorizing the Debtors to Obtain Postpetition Financing, (B) Authorizing the Use of Cash Collateral, (C) Granting Liens and Providing Superpriority Administrative Expense Status, (D) Granting Adequate Protection to the Prepetition Lenders, (E) Modifying the Automatic, (F) Scheduling A Final Hearing, and (G) Granting Related Relief (the "**DIP Motion**"). ECF Doc. No. 13. In support thereof, the United States Trustee respectfully states:

### Introduction

Although the Motion seeks authority to file the Letters under seal, after discussions with the United States Trustee and on information and belief, the Debtors now seek authority to file the Letters with only certain specific information redacted. In sum and substance, the information the Debtors now propose are the closing fees and the amount of the fees that the Debtors will be paying to each DIP Commitment Party and each Exit Backstop Commitment Party (collectively referred to herein as the "**Lenders**") under the Exit Terms Loan Facility and the Debtors' proposed debtor-in-possession financing facilities (collectively, the "**DIP Facilities**"). The Debtors maintain that the information to be redacted is closely-guarded proprietary and commercial information that is highly sensitive to the Debtors and the Lenders under these facilities. See, the Motion, pg. 6, ¶13. The Debtors, however, have not met their burden for the Motion to be granted.

Specifically, the Debtors fail to explain the reason the fees the Debtors are paying to the Lenders are closely-guarded proprietary and commercial information. A unilateral self-serving statement cannot shield important information from interested parties and more importantly, fails to meet the burden the Debtors' face under section 107 of the Bankruptcy Code. Indeed, the Debtors have not proffered any evidence—such as a declaration – that would justify the extraordinary remedy of sealing. Moreover, it is imperative that parties know the total fees that the Debtors are paying to each party and in the aggregate in order to evaluate the reasonableness of the financing terms. Finally, the Debtors overlook the fact that the fees they are seeking to seal pursuant to the DIP Facilities will be reported in their monthly operating reports and are, of course, available to the public. Accordingly, without more, the sealing of these letters contravenes Bankruptcy Code Section 107 and, therefore, should not be countenanced.

**Background**

1. Hollander Sleep Products is the largest pillow and mattress pad manufacturer in North America. The Debtors also manufacture comforters and other basic bedding products. The Debtors have their own brands, including Great Sleep®, I AM®, LC®, PCF®, and Restful Nights®, and also manufacture and sell licensed brands, including Simmons®, Ralph Lauren®, CHAPS®, Calvin Klein®, Therapedic®, Nautica®, 37.5®, and Dr. Maas®. The Debtors are headquartered in Boca Raton, Florida, operate a main showroom in New York City, and have thirteen manufacturing facilities throughout the United States and Canada. The Debtors generated approximately $527 million in net revenue in fiscal year 2018 and currently employ more than 2,300 people across the United States and Canada. As of the date of the Motion, the Debtors have approximately $233 million in funded debt. See the Motion, ¶ 5.

2. On May 19, 2019 (the "**Petition Date**"), the Debtors each filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. On the Petition Date, the Debtors filed the DIP Motion seeking approval of a $90 DIP ABL Facility provided by the Prepetition ABL Lenders (as defined therein), consisting of a revolving credit facility of up to $90 million, and the $28 million DIP Term Loan Facility provided to certain Prepetition Term Loan Lenders (as defined therein), which will provide the Debtors with $28 million of new money financing (and an immediate $15 million upon entry of the Interim Order). See DIP Motion at pg. 7.

4.  On May 23, 2019, the Court entered an Interim Order (A) Authorizing the Debtors to Obtain Postpetition Financing, (B) Authorizing the Debtors to Use Cash Collateral, (C) Granting Liens and Providing Superpriority Administrative Expense Status, (D) Granting Adequate Protection to the Prepetition Lenders, (E) Modifying the Automatic Stay, (F) Scheduling a Final Hearing and (G) Granting Related Relief, which provides that the final hearing on the DIP Motion is to be held on June 13, 2019 at 11:00 a.m. ECF Doc. No. 53.

5.  In connection with obtaining financing, the Debtors have sought to file under seal the Exit Backstop Commitment Letters and the Fee Letters arguing that the Letters reflect detailed proprietary information describing fees to be paid in connection with the Exit Term Loan Facility and the DIP Facilities, which the lenders, such as those under the Exit Term Loan Facility and the DIP Facilities, consider to be highly-sensitive and confidential information not typically disclosed to the public. See, the Motion, pg. 6, ¶ 14.

6.  On May 30, 2019, the United States Trustee appointed an Official Committee of Unsecured Creditors ("**Committee**"). ECF Doc. No. 61.

7.  Prior to filing this objection, upon request of the office of the United States Trustee in an effort to resolve this matter, the Debtors provided redacted versions of the Letters to the United States Trustee, which redacted information is the subject of the Motion.

8.  After reviewing the redacted versions of the Letters, this Office concluded that the information the Debtors seek to seal does not disclose any trade secrets, confidential research, development or commercial information of the lenders.

**Argument**

Bankruptcy Code Section 107 sets forth the legal standard applicable to sealing information that is confidential. See also Fed. R. Bankr. P. 9018. Section 107(a) of the Bankruptcy Code provides, in part, that subject to certain limited exceptions:

> a paper filed in a case under this title and the dockets of a bankruptcy court are public records and open to examination by an entity at reasonable times without charge.

11 U.S.C. § 107(a). "There is a strong presumption and public policy in favor of public access to court records." In re Borders Grp., Inc., 462 B.R. 42, 46 (Bankr. S.D.N.Y. 2011); see also, In re Food Mgmt. Grp., LLC, 359 B.R. 543, 553-55 (Bankr. S.D.N.Y. 2007) (Section 107 reflects Congress' intent to favor public access to papers filed with the Bankruptcy Court).

Congress has "implemented a statutory exemption to prevent disclosure of commercial information in a bankruptcy case." Borders, 462 B.R. at 46. Section 107(b) of the Bankruptcy Code provides in relevant part that:

> [o]n request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may –
>
> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information; or
>
> (2) protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title.

11 U.S.C. § 107(b).1 "The exception to the general right of access in section 107(b) is narrow." Borders, 462 B.R. at 47. The burden is on the moving party to show that a request to place documents under seal falls within the parameters of Section 107(b). Id. at 46; Food Mgmt., 359

---

1 Bankruptcy Rule 9018 defines the procedure by which a party may move for relief under Section 107(b). Fed. R. Bankr. P. 9018.

B.R. at 561.

Under Section 107(b), "commercial information" has been defined as information which would cause an "unfair advantage to competitors by providing them information as to the commercial operations" of the requesting party. Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.), 21 F.3d 24, 27 (2d Cir. 1994)(internal quotations omitted); accord Borders, 462 B.R. at 47. As this Court has stated:

> the term ["commercial information"] includes situations where a bankruptcy court may reasonably determine that allowing such disclosure would have a chilling effect on business negotiations, ultimately affecting the viability of Debtors. Moreover, the Court must also find that the redacted information is so critical to the operations of the entity seeking the protective order that its disclosure will unfairly benefit the entity's competitors.

Borders, 462 B.R. at 47-48 (internal quotations, citations and brackets omitted).

Section 107(a) of the Bankruptcy Code provides that all papers "filed in a case under this title . . . are public records and open to examination" by the public. 11 U.S.C. § 107(a). "This policy of open inspection, codified generally in Section 107(a) of the Bankruptcy Code, evidences Congress's strong desire to preserve the public's right of access to judicial records in bankruptcy proceedings." Orion, 21 F.3d at 26, accord In re Alterra Healthcare Corporation, 353 B.R. 66, 71 (Bankr. D. Del. 2006)("[D]ocuments filed in bankruptcy cases have historically been open to the press and general public."). Although the Debtors may have private contractual confidentiality agreements, they do not and cannot supersede the ethics and disclosure requirements of the Bankruptcy Code and Rules.

A limited exception to public disclosure may be invoked to protect "an entity with respect to a trade secret or confidential research, development or commercial information." 11 U.S.C. §

107(b)(1); accord Fed. R. Bankr. P. 9018. Specifically, Bankruptcy Rule 9018 provides in pertinent part:

> On motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information, (2) to protect any entity against scandalous or defamatory matter contained in any paper filed in a case under the Code, or (3) to protect governmental matters that are made confidential by statute or regulation.

Fed. R. Bankr. P. 9018.

The moving party bears the burden of showing that a request to place documents under seal falls within the parameters of Bankruptcy Code § 107(b) and Bankruptcy Rule 9018 by demonstrating ". . . that the interest in secrecy outweighs the presumption in favor of access." In re Continental Airlines, 50 B.R. 334, 340 (D. Del. 1993); accord, In re Food Mgmt. Group, 359 B.R. 543, 561 (Bankr. S.D.N.Y. 2007); In re Fibermark, Inc., 330 B.R. 480 (Bankr. D. Vt. 2005). To meet this burden, the movant "must demonstrate extraordinary circumstances and compelling need to obtain protection." Food Mgmt. Group, 359 B.R. at 561 (citing In re Orion Pictures Corp., 21 F.3d 24 at 27 (2d Cir. 1994)). A contractual agreement to keep information confidential is not determinative. See In re Muma Services Inc., 279 B.R. 478, 485 (Bankr. D. Del. 2002) (if parties could file documents under seal simply because of confidentiality provisions, then Court "would never have control over motion practice" and Section 107 "would be meaningless.").

However, as noted above, the Motion contains little to no justification for the relief the Debtors seek other than noting that the Letters "reflect detailed proprietary information describing fees to be paid in connection with the Exit Term Loan Facility and the DIP Facilities." See, the Motion, pg. 6, ¶ 14. These assertions, however, do not demonstrate that the fees to be

paid are, in fact, commercially sensitive information for purposes of section 107(b). This vague and unsupported statement alone is simply not sufficient to overcome Congress's strong desire to preserve the public's right of access to judicial records in bankruptcy proceedings. <u>See</u> <u>e.g.</u>, <u>Motors Liquidation Co. Avoidance Action Trust v. JPMorgan Chase Bank, N.A. (In re Motors Liquidation Co.)</u>, 561 B.R. 36, 43 (Bankr. S.D.N.Y. 2016) ("Evidence—not just argument—is required to support the extraordinary remedy of sealing."). In sum, contrary to the Debtors' assertions, it is not readily apparent that the sealing of the Letters is required or otherwise satisfies section 107(b) of the Bankruptcy Code, namely that such information actually constitutes confidential commercial information. Likewise, the Debtors have not demonstrated how disclosure of the fees would give other parties an advantage. Therefore, the Motion must be denied.

WHEREFORE, the United States Trustee respectfully requests that the Court deny the Motion as requested herein and grant such other and further relief as the Court deems appropriate.

Dated: New York, New York
June 6, 2019

                                              Respectfully Submitted,

                                              WILLIAM K. HARRINGTON
                                              UNITED STATES TRUSTEE

By:    <u>/s/ *Shannon Anne Scott*</u>
        Shannon Anne Scott
        Trial Attorney
        201 Varick Street, Suite 1006
        New York, New York 10014
        Tel. No. (212) 510-0500