Joshua A. Sussberg, P.C.
Christopher T. Greco, P.C.
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

Joseph M. Graham (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200

*Proposed Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| HOLLANDER SLEEP PRODUCTS, LLC, *et al.*,[1] | ) | Case No. 19-11608 (MEW) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

**CERTIFICATE OF NO OBJECTION REGARDING ORDER**
**(A) ESTABLISHING CERTAIN NOTICE, CASE MANAGEMENT, AND**
**ADMINISTRATIVE PROCEDURES AND (B) GRANTING RELATED RELIEF**

Pursuant to 28 U.S.C. § 1746, Rule 9075-2 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules"), the undersigned proposed counsel for the above-captioned debtors and debtors in possession (the "Debtors") hereby certifies as follows:

1.    On May 19, 2019, the Debtors filed the *Debtors' Motion for Entry of an Order (A) Establishing Certain Notice, Case Management, and Administrative Procedures and (B) Granting Related Relief* [Docket No. 14] (the "Motion") with the United States Bankruptcy Court for the Southern District of New York (the "Court").

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Dream II Holdings, LLC (7915); Hollander Home Fashions Holdings, LLC (2063); Hollander Sleep Products, LLC (2143); Pacific Coast Feather, LLC (1445); Hollander Sleep Products Kentucky, LLC (4119); Pacific Coast Feather Cushion, LLC (3119); and Hollander Sleep Products Canada Limited (3477).  The location of the Debtors' service address is:  901 Yamato Road, Suite 250, Boca Raton, Florida 33431.

KE 62432760

2.      The deadline for parties to object or file responses to the Motion was set for June 6, 2019, at 4:00 p.m., prevailing Eastern Time (the "Objection Deadline").[2] The Local Rules provide that a Motion may be granted without a hearing, provided that, after the passage of the Objection Deadline, the movant submits a proposed order granting the Motion to the Court along with a certificate that no objection or other response has been filed or served.

3.      More than forty-eight hours since the Objection Deadline has now passed and, to the best of my knowledge, no objections to the Motion have been filed with the Court on the docket of these chapter 11 cases or served on proposed counsel to the Debtors.

4.      The Debtors received informal comments from the UCC. Those comments are reflected in the revised proposed order approving the Motion attached hereto as **Exhibit A** (the "Revised Proposed Order"). A blacklined copy of the Revised Proposed Order is attached hereto as **Exhibit B**, reflecting changes made from the proposed form of order attached to the Motion.

5.      Accordingly, the Debtors respectfully request entry of the Revised Proposed Order, attached hereto as **Exhibit A**, at the Court's earliest convenience. If not entered prior to the hearing, the Debtors will seek entry of the Revised Proposed Order at the hearing scheduled for **June 26, 2019, at 11:00 a.m., prevailing Eastern Time**, before the Honorable Michael E. Wiles, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Courtroom No. 617, New York, New York 10004-1408.

---

[2]     The deadline for the Official Committee of Unsecured Creditors (the "UCC") to object or file responses to the Motion was set for June 19, 2019, at 4:00 p.m., prevailing Eastern Time. The Debtors have confirmed with proposed counsel to the UCC that the UCC does not object to the Debtors filing this certificate of no objection.

New York, New York
Dated: June 20, 2019

*/s/ Joshua A. Sussberg, P.C.*

Joshua A. Sussberg, P.C.
Christopher T. Greco, P.C.
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

- and -

Joseph M. Graham (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200

*Proposed Counsel to the Debtors and Debtors in
Possession*

**<u>Exhibit A</u>**

**Revised Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| HOLLANDER SLEEP PRODUCTS, LLC., *et al.*,[1] | ) | Case No. 19-11608 (MEW) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Re: Docket No. 14** |

**ORDER (A) ESTABLISHING CERTAIN NOTICE, CASE MANAGEMENT, AND
ADMINISTRATIVE PROCEDURES AND (B) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for the entry of an order (this "Order") approving and implementing certain notice, case management, and administrative procedures; and it appearing that the proposed procedures that are annexed hereto as **Exhibit 1** (the "Case Management Procedures") will assist in the efficient handling of these cases, it is HEREBY ORDERED THAT:

1.     The Case Management Procedures, as set forth in **Exhibit 1** attached hereto, shall govern all applicable aspects of these chapter 11 cases, except as otherwise ordered by this Court.

2.     The first four Omnibus Hearings are scheduled as follows:

- __:__ .m. on the __th day of _____;

- __:__ .m. on the __th day of _____;

- __:__ .m. on the __th day of _____; and

- __:__ .m. on the __th day of _____.

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Dream II Holdings, LLC (7915); Hollander Home Fashions Holdings, LLC (2063); Hollander Sleep Products, LLC (2143); Pacific Coast Feather, LLC (1445); Hollander Sleep Products Kentucky, LLC (4119); Pacific Coast Feather Cushion, LLC (3119); and Hollander Sleep Products Canada Limited (3477).  The location of the Debtors' service address is:  901 Yamato Road, Suite 250, Boca Raton, Florida 33431.

[2]     Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

3.      The Debtors' claims and noticing agent, Omni Management Group, is authorized to establish the Case Website, available at www.omnimgt.com/hollander, where, among other things, electronic copies of all Court Filings will be posted and viewable free of charge.

4.      Any notice sent by the Debtors or any other party in interest that includes the disclosure contained at footnote 1 of **Exhibit 1** shall be deemed to comply with the requirements set forth in section 342(c)(1) of the Bankruptcy Code.

5.      All time periods set forth in this Order or in the Case Management Procedures shall be calculated in accordance with Bankruptcy Rule 9006.

6.      This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

New York, New York
Dated: _____, 2019

_____
THE HONORABLE MICHAEL E. WILES
UNITED STATES BANKRUPTCY JUDGE

KE 61918841

**<u>Exhibit 1</u>**

**Case Management Procedures**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| HOLLANDER SLEEP PRODUCTS, LLC, *et al.*,[1] | ) | Case No. 19-11608 (MEW) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## CASE MANAGEMENT PROCEDURES

All notices, motions, applications, briefs, memoranda, affidavits, declarations, objections, responses, and other documents filed in these chapter 11 cases are subject to these Case Management Procedures. ***Accordingly, all parties in interest are strongly encouraged to review these Case Management Procedures in their entirety and consult their own legal counsel with respect to any of the matters discussed herein before filing any documents in these chapter 11 cases***.

## Case Management Procedures[2]

### I.    Hearing and Motion Procedures.

1.    ***Matters to Be Heard at Omnibus Hearings***.  The United States Bankruptcy Court for the Southern District of New York (the "Court") shall schedule periodic omnibus hearings (the "Omnibus Hearings") to consider all notices, motions, applications, and other requests for relief, briefs, memoranda, affidavits, declarations, replies, and other documents filed in support of

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Dream II Holdings, LLC (7915); Hollander Home Fashions Holdings, LLC (2063); Hollander Sleep Products, LLC (2143); Pacific Coast Feather, LLC (1445); Hollander Sleep Products Kentucky, LLC (4119); Pacific Coast Feather Cushion, LLC (3119); and Hollander Sleep Products Canada Limited (3477).  The location of the Debtors' service address is:  901 Yamato Road, Suite 250, Boca Raton, Florida 33431.

[2]    Capitalized terms used but not immediately defined herein have the meanings given to such terms elsewhere in these Case Management Procedures.

such papers seeking relief (collectively, the "Requests for Relief"), and all objections and responses to such Requests for Relief (collectively, the "Objections," and together with the Requests for Relief and all other filed documents, the "Court Filings") pursuant to the following procedures:

2.      ***Initial Omnibus Hearings***.  The first four Omnibus Hearings are scheduled as follows:

- __:__ _.m. on the __th day of _____;

- __:__ _.m. on the __th day of _____;

- __:__ _.m. on the __th day of _____; and

- __:__ _.m. on the __th day of _____.

3.      ***Subsequent Omnibus Hearings***.  At or before the Omnibus Hearing held on ___, 2019 the above-captioned debtors and debtors in possession (the "Debtors") shall request that the Court schedule additional Omnibus Hearings.  The Court shall schedule such Omnibus Hearings and, upon scheduling, Omni shall post the dates of the additional Omnibus Hearings on www.omnimgt.com/hollander (the "Case Website").  Parties may contact Omni Management Group ("Omni" or the "Claims and Noticing Agent") for information concerning all scheduled Omnibus Hearings.

4.      ***Proposed Omnibus Hearing Agenda***.  Two business days before each Omnibus Hearing, the Debtors' counsel shall file a proposed agenda with regard to the matters scheduled to be heard at such Omnibus Hearing (the "Proposed Hearing Agenda").  The Proposed Hearing Agenda may include notice of matters that have been consensually adjourned to a later Omnibus Hearing in lieu of parties filing a separate notice of adjournment; *provided* that for all matters adjourned to a later Omnibus Hearing or some other future date, the Debtors also will electronically file (but need not serve) a notice of adjournment with respect to such matters.

2

5.      ***Content of Proposed Hearing Agenda***.   The Proposed Hearing Agenda will include, to the extent known by Debtors' counsel:  (a) the docket number and title of each matter scheduled to be heard at such Omnibus Hearing, including the initial filing and any objections, replies, or documents related thereto; (b) whether the matters are contested or uncontested; (c) whether the matters have settled or are proposed to be continued; (d) a suggestion for the order in which the matters should be addressed; and (e) any other comments that will assist the Court.

6.      ***Evidentiary Hearings***.   With respect to any Court Filing, if Objections are filed, the Omnibus Hearing shall not be deemed an evidentiary hearing at which witnesses may testify unless the Proposed Hearing Agenda provides otherwise.   Additionally, any Court Filing requesting or requiring the Court to make a factual finding must be supported by competent evidence (*e.g.*, declarations, affidavits, and exhibits).

7.      ***Telephonic Appearances***.   A party desiring to participate in a hearing telephonically must request permission from chambers and notify the Debtors' counsel at least 48 hours before the applicable hearing.   If chambers permits telephonic participation, the party participating telephonically must arrange such participation with CourtCall, adhering to the procedures for telephonic participation applicable in the Court.   Those parties participating by phone may not use speakerphones unless authorized by the Court.[3]   Parties participating by phone must put their phones on "mute," except when they need to be heard, and are not to put their phones on "hold" in any circumstances.

---

[3]    Because of technical limitations of the equipment and the way speakerphones disrupt proceedings in the courtroom, speakerphone authorizations usually will not be granted.

3

8.      ***Listen-Only Lines***.  Any party may attend hearings through a listen-only line (each, a "Listen-Only Line") by arranging such Listen-Only Line with CourtCall.  For the avoidance of doubt, any party wishing to use a Listen-Only Line need not seek permission from the Debtors or the Court.

9.      ***Matters that May Be Heard at Non-Omnibus Hearings***.  Subject to consultation with the Court's chambers, hearings in connection with applications for professional compensation and reimbursement, pre-trial conferences, asset sales, and trials related to adversary proceedings, approval of a disclosure statement, confirmation of a plan, and any other Court Filing filed by the Debtors and not heard may be scheduled for dates other than the Omnibus Hearing dates; *provided*, *however*, that nonemergency hearings in connection therewith may be scheduled on a non-Omnibus Hearing date; *provided*, *however*, that initial pre-trial conferences scheduled in connection with adversary proceedings involving the Debtors shall be set on the next available Omnibus Hearing date that is at least 45 days after the filing of the complaint; and *provided*, *further*, that hearings on all other Requests for Relief, except for those Requests for Relief specifically referenced in this paragraph or requiring emergency relief, filed by any party must be scheduled for an Omnibus Hearing.

**II.    Filing and Service Procedures.**

10.      All Court Filings filed in these chapter 11 cases shall be filed electronically with the Court on the docket of *In re Hollander Sleep Products, LLC*, Case No. 19-11608 (MEW), in accordance with the Court's General Order M-399, by registered users of the Court's electronic case filing system (the "Electronic Filing System").  Further, pursuant to Rule 9070-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules"), at least one hard copy of any Court Filing (other than proofs of claim) shall be:  (a) marked "Chambers Copy" and

KE 61918841

delivered in an unsealed envelope to the chambers of the Honorable Judge Michael E. Wiles, United States Bankruptcy Court, One Bowling Green, New York, New York 10004-1408, no later than the next business day following the date on which such Court Filing is electronically filed; and (b) delivered by first class mail to Shannon Scott, of the Office of the United States Trustee for the Southern District of New York (the "U.S. Trustee").

A.    **The Service List.**

11.    *Parties Entitled to Service*.  All Court Filings (other than proofs of claim) shall be served on the following list of parties (the "Service List"), according to the following notice procedures.

a.    *Master Service List*.  Omni shall maintain a master service list (the "Master Service List").  The Master Service List shall be made available by (i) accessing the Case Website, (ii) contacting the Claims and Noticing Agent directly, or (iii) contacting the Debtors' counsel directly.  The Master Service List shall include the following parties:

i.    the Office of the U.S. Trustee for the Southern District of New York;

ii.    the Debtors and their counsel;

iii.    proposed counsel to the official committee of unsecured creditors appointed in these chapter 11 cases (the "Committee"), Pachulski Stang Ziehl & Jones LLP, 780 Third Avenue, 34th Floor, New York, New York 10017, Attn: Robert J. Feinstein and Bradford J. Sandler and Pachulski Stang Ziehl & Jones LLP, 10100 Santa Monica Blvd., 13th Floor, Los Angeles, California 90067, Attn:    Jeffrey N. Pomerantz;

iv.    counsel to the administrative agent for the Debtors' term loan facility, King & Spalding LLP, Attn:  Austin Jowers and Stephen M. Blank;

v.    counsel to the administrative agent for the Debtors' revolving loan credit facility, Goldberg Kohn Ltd., Attn:  Randall Klein;

vi.    the Office of the United States Trustee for the Southern District of New York, 201 Varick Street, Room 1006, New York, New York, 10014, Attn:  Shannon Scott;

vii.    the United States Attorney's Office for the Southern District of New York;

5

       viii.     the Internal Revenue Service;

       ix.     the office of the attorneys general for the states in which the Debtors operate;

       x.     the Securities and Exchange Commission; and

       xi.     any party that has requested notice pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>").

b.   ***2002 List***.  Omni shall maintain a list of all parties that have filed a request to receive service of Court Filings pursuant to Bankruptcy Rule 2002 (the "<u>2002 List</u>").

       i.     ***Filing Requests for Documents Requires Email Address***. A request for service of Court Filings pursuant to Bankruptcy Rule 2002 (each, a "<u>2002 Notice Request</u>") filed with the Court shall be deemed proper only if it includes the following information with respect to the party filing such request:  (a) name; (b) street address; (c) name of client(s), if applicable; (d) telephone number; (e) facsimile number; and (f) email address.

       ii.     ***Certification Opting Out of Email Service***.  Any party filing a 2002 Notice Request who does not maintain (and cannot practicably obtain) an email address and thereafter cannot receive service by email must include in the 2002 Notice Request a certification to that effect (each, a "<u>Certification</u>").  A Certification shall include a statement certifying that the party (a) does not maintain an email address and (b) cannot practicably obtain an email address at which the party could receive service.  Such party will thereafter receive paper service in accordance with the Case Management Procedures.

       iii.     ***Email Address Required***.  If a 2002 Notice Request fails to include an email address or a Certification, the Debtors shall forward a copy of the Case Management Procedures to such party within five business days requesting an email address.  If no email address or Certification is provided in response to such request, such party shall not be added to the 2002 List or served with copies of Court Filings unless such Court Filings directly affect such party.

       iv.     ***Changes in Information***.  Each party submitting a 2002 Notice Request is responsible for filing with the Court an updated 2002 Notice Request as necessary to reflect changes to any notice information and must serve a copy of such updated 2002 Notice Request upon the Debtors.

6

c. *Affected Entities*. All entities with a particularized interest in the subject matter of a specific Court Filing, including the entity filing the Request for Relief is an "Affected Entity" and entitled to be served with all Court Filings relating to that interest.

12.    *Maintenance of the Service List*. At least every 15 days during the first 60 days of these chapter 11 cases, and at least every 30 days thereafter, Omni shall update the Service List by making any additions and deletions and post the updated Service List on the Case Website.

**B.    Filing and Service of Court Filings Generally.**

13.    *Electronic Filing and Service*. All Court Filings shall be filed electronically with the Court, using the Court's Electronic Filing System and served via email, other than service of a summons and complaint in an adversary proceeding or documents filed under seal, which shall be deemed to constitute proper service for all parties who are sent such email service; *provided*, *however*, that Court Filings shall be served on the Master Service List by email and by first class mail. Subject to the limited exclusions, each party that files a notice of appearance and a 2002 Notice Request shall be deemed to have consented to electronic service of all Court Filings, except as provided below.

a. *Email Subject Line*. With respect to the service of any Court Filing, the subject line of the email shall include (i) the Debtors' case name and number *In re Hollander Sleep Products, LLC*, Case No. 19-11608 (MEW), (ii) the name of the party filing such Court Filing, and (iii) the title of the Court Filing being served. If the title of the Court Filing is too long to fit within the subject line of the email, the subject line shall contain a shortened version of such title, and the text of the email shall contain the full title of such Court Filing.

b. *Email Attachments*. All Court Filings served by email shall include the entire document, including any proposed form(s) of order and exhibits, attachments, or other materials, in PDF, readable by Adobe Acrobat or other equivalent document reader programs commonly available without cost. The relevant Court Filing shall either be attached to the email in a format specified above or the email shall contain a link to such filing in such format. Notwithstanding the foregoing, if a Court Filing cannot be attached to an email (because of its size, technical difficulties, or other concerns), the

7

filing party may serve the Court Filing by U.S. mail, including the proposed form(s) of order and any exhibits, attachments, and other relevant materials; *provided* that the Court Filing is served by hand or overnight delivery on the Service List.

14.     ***Paper Service of Certain Affected Entities***.  To the extent an Affected Entity's email address is not available, the Debtors (or any other party filing a Court Filing) shall serve such Affected Entity with paper copies by first class mail or private mail service.

15.     ***Waiver of Filing Deadlines***.  If any Court Filing is filed and served electronically via the Electronic Filing System, the filing deadlines requiring three additional days' notice set forth in Rule 6(e) of the Federal Rules of Civil Procedure (made applicable to adversary proceedings by Bankruptcy Rule 7005(b)(2)(D)), and Bankruptcy Rule 9006(f) shall not apply.

16.     ***Form of Papers***.  Unless granted prior permission, motions, applications, and objections are limited to 40 pages and replies and statements are limited to 15 pages.  All Court Filings (other than exhibits) shall be double-spaced, 12-point font, with one-inch margins. This provision is subject to the Local Rules and any individual rules of the Judge.

17.     ***Certificates of Service***.  Certificates of service for all Court Filings, including the Service List, need only be filed with the Court.

18.     ***Right to Request Special Notice Procedures***.  Nothing in the Case Management Procedures shall prejudice the right of any party to seek an amendment or waiver of the provisions of the Case Management Procedures upon a showing of good cause including, without limitation, the right to file a motion seeking emergency *ex parte* relief or relief upon shortened notice.

19.     ***Section 342 Notice Requirements***.  Any notice sent by the Debtors or any other party in interest shall be deemed to comply with the requirements set forth in section 342(c)(1) of chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "<u>Bankruptcy Code</u>").

8

C.      **Filing and Service of Requests for Relief.**

20.      ***Requests for Relief to Be Heard at Omnibus Hearing***.  In accordance with Local

Rule 9006-1(b), in the event that a party files and serves a Request for Relief at least 14 days before

the next Omnibus Hearing, the matter shall be set for hearing at such Omnibus Hearing.   If a

Request for Relief is served by overnight delivery, it must be filed and served at least 15 calendar

days before the next Omnibus Hearing.  If a Request for Relief is served by U.S. mail only, it must

be filed and served at least 17 calendar days before the next Omnibus Hearing.  If a Request for

Relief is filed by a party other than the Debtors and purports to set a hearing date inconsistent with

the Case Management Procedures, the Request for Relief shall be heard, without the necessity of

a Court order, at the first Omnibus Hearing after the applicable notice period has expired.

21.      ***Emergency Scheduling Procedures***.  If a movant or applicant other than the

Debtors determines that a Request for Relief requires emergency or expedited relief, the movant

or applicant shall contact attorneys for (a) the Debtors and (b) the Committee by telephone and

request that the Request for Relief be considered on an expedited basis.  If the Debtors or the

Committee disagrees with the movant's or applicant's request for emergency or expedited relief,

the movant or applicant shall (a) inform the Court of the disagreement by telephone and (b) arrange

for a chambers conference, telephonic or in-person, to discuss the disagreement.  If the Court

agrees with the movant or applicant regarding the necessity for expedited consideration, the

movant or applicant may, by order to show cause, request an expedited hearing.

22.      ***Notices of Requests for Relief***.  A notice shall be affixed to the front of each

Request for Relief and shall set forth (a) the title of the Request for Relief, (b) the time and date of

the objection deadline, (c) the parties on whom any objection is to be served, and (d) the Omnibus

Hearing date at which the party intends to present the Request for Relief.  The notice may also

KE 61918841

include a statement that the relief requested therein may be granted, pursuant to Local Rule 9074-1, without a hearing if no objection is timely filed and served in accordance with the Case Management Procedures (each, a "<u>Presentment Notice</u>").  Subject to Section E of these Case Management Procedures, if the notice filed with a Request for Relief includes a Presentment Notice, after the objection deadline has passed and if no objection has been filed and served in accordance with these Case Management Procedures, counsel to the party who filed the Request for Relief may file a certification that no objection has been filed or served on them, and may request that the Court grant the relief and enter an order without a hearing.

23.    ***Service of Requests for Relief***.  For any Court Filing for which particular notice is required to be served on all creditors and parties with a particular interest in the relief sought by any Request for Relief, including Bankruptcy Rules 2002(a)(2) and (3), 4001, 6004, 6007, and 9019, parties shall serve all such Court Filings only on the Service List in accordance with the following, unless otherwise ordered by the Court:

    a.    in the case of any use, sale, lease, or abandonment of substantially all of the Debtors' property, on each party asserting an interest in that property;

    b.    in the case of any relief from or modification of the automatic stay, on each party asserting a lien or other encumbrance on the affected property;

    c.    in the case of the use of cash collateral or obtaining of credit, on each party asserting an interest in the cash collateral or a lien or other interest in property upon which a lien or encumbrance is proposed to be granted;

    d.    in the case of a motion under Bankruptcy Rule 9019, on all parties to the relevant compromise and settlement, or that may be directly affected by such compromise or settlement;

    e.    in the case of assumption, assignment, or rejection of an executory contract or an unexpired lease, on each party to the executory contract or the unexpired lease;

    f.    any objection, opposition, response, reply, or further document filed directly in response to another party's Court Filing, on such other party; and

KE 61918841

  g. on all parties as required by the Bankruptcy Rules, unless otherwise directed by the Court.

  24. ***Notice Provisions Not Applicable to Certain Matters***. Except as set forth in the Case Management Procedures or otherwise provided by order of the Court, the notice provisions of the Case Management Procedures shall not apply to notices of the matters or proceedings described in the following Bankruptcy Rules:

  a. Bankruptcy Rule 2002(a)(1) (meeting of creditors pursuant to section 341 of the Bankruptcy Code);

  b. Bankruptcy Rule 2002(a)(2) (any proposed use, sale, or lease of property of the estate other than in the ordinary course of business, to the extent that such use, sale, or lease concerns all or substantially all of the Debtors' assets);

  c. Bankruptcy Rule 2002(a)(4) (hearing on the dismissal of a case or cases or the conversion of a case to another chapter);

  d. Bankruptcy Rule 2002(a)(5) (time fixed to accept or reject a proposed modification of a chapter 11 plan);

  e. Bankruptcy Rule 2002(a)(7) (time fixed for filing a proof of claim pursuant to Bankruptcy Rule 3003(c));

  f. Bankruptcy Rule 2002(b)(1) (time fixed for filing objections to and any hearing to consider approval of a disclosure statement);

  g. Bankruptcy Rule 2002(b)(2) (time fixed for filing objections to and any hearing to consider confirmation of a chapter 11 plan);

  h. Bankruptcy Rule 2002(d) (certain matters for which notice is to be provided to equity security holders);

  i. Bankruptcy Rule 2002(f)(1) (entry of an order for relief);

  j. Bankruptcy Rule 2002(f)(2) (dismissal or conversion of a case to another chapter of the Bankruptcy Code);

  k. Bankruptcy Rule 2002(f)(3) (time allowed for filing claims pursuant to Bankruptcy Rule 3002);

  l. Bankruptcy Rule 2002(f)(6) (waiver, denial, or revocation of a discharge as provided in Bankruptcy Rule 4006);

KE 61918841

m.  Bankruptcy Rule 2002(f)(7) (entry of an order confirming a chapter 11 plan); and

n.  Bankruptcy Rule 2002(f)(8) (summary of the trustee's final report and account should a case be converted to chapter 7 of the Bankruptcy Code).

25.  ***Requests for Relief to Include Proposed Order***.  Parties submitting written motions or other Requests for Relief shall be required to include a proposed order with such Request for Relief.

**D.  Filing and Service of Objections and Replies.**

26.  ***Deadline for Objections***.  Any Objection to a Request for Relief must be filed with the Court and served upon the party filing the Request for Relief and those parties on the Service List by the following deadlines (each, as applicable, the "Objection Deadline"):

a.  in the case of a Request for Relief filed 14 or more days before the applicable hearing, 4:00 p.m. (prevailing Eastern Time), 3 calendar days before the applicable hearing;

b.  in the case of a Request for Relief set for hearing on an expedited basis and filed fewer than 10 days before the applicable hearing, 12:00 p.m. (prevailing Eastern Time) on the business day preceding the applicable hearing; or

c.  in any case, as otherwise ordered by the Court.

27.  ***Extension of Objection Deadline***.  The Objection Deadline may be extended without order of the Court upon the consent of the party filing the Request for Relief, which consent may be granted via email.

28.  ***Effect of Failure to File Objection by Objection Deadline***.  Failure to file an Objection by the Objection Deadline may cause the Court to disregard the Objection.

29.  ***Service of Objections***.  All Objections shall be filed with the Court and served by the applicable Objection Deadline upon the party filing the Request for Relief, and those parties on the Service List including each Affected Entity; *provided* that if the Objection Deadline is after

12

KE 61918841

the date that is seven days before the applicable hearing, then Objections shall also be served by email, facsimile, hand delivery, or overnight mail upon the following parties: (a) the Debtors and their counsel; (b) the Office of the United States Trustee for the Southern District of New York; (c) counsel for the Committee; (d) the administrative agent for the Debtors' term loan facility and counsel thereto; (e) the administrative agent for the Debtors' asset-based loan credit facility and counsel thereto; (f) the administrative agent for the Debtors' proposed debtor in possession term loan financing facility and counsel thereto; (g) the administrative agent for the Debtors' proposed debtor in possession asset-based loan credit facility and counsel thereto; and (h) any party that has requested notice pursuant to Bankruptcy Rule 2002.

30.    ***Service of Replies to Objections***.  If a Court Filing is a reply to an Objection, such reply shall be filed with the Court and served so as to actually be received by (a) the Debtors and their counsel; (b) counsel for the Committee; (c) the administrative agent for the Debtors' term loan facility and counsel thereto; (d) the administrative agent for the Debtors' asset-based loan credit facility and counsel thereto; (e) the administrative agent for the Debtors' proposed debtor in possession term loan financing facility and counsel thereto; (f) the administrative agent for the Debtors' proposed debtor in possession asset-based loan credit facility and counsel thereto; and (g) each Affected Entity, in each case by 4:00 p.m. (prevailing Eastern Time) on the business day preceding the applicable hearing date.  Sur-replies shall not be permitted or considered unless authorized by the Court.

31.    ***Settlements***.  In the event that a matter is properly noticed for hearing and the parties reach a settlement of the dispute prior to the scheduled hearing, the parties may announce the settlement at the scheduled hearing.  In the event that the Court determines that the notice of the dispute and the hearing is adequate notice of the effects of the settlement (*i.e.*, that the terms of the

KE 61918841

settlement are not materially different from what parties in interest could have expected if the dispute were fully litigated), the Court may approve the settlement at the hearing without further notice of the terms of the settlement.

32.    ***Supplemental Notice***.  In the event that the Court determines that additional or supplemental notice is required, the Debtors shall serve such notice in accordance with the Case Management Procedures, and a hearing to consider such settlement shall be held on the next hearing date deemed appropriate by the Court.

### E.    Granting a Request for Relief Without a Hearing.

33.    ***Certificate of No Objection***.  If no Objection to a Request for Relief is filed after the Request for Relief is filed and served in a timely fashion, the movant may submit a proposed order granting the Request for Relief to the Court along with a certificate of no objection (a "Certificate of No Objection") stating that no Objection has been filed or served on the movant. By filing such certification, counsel for the movant represents to the Court that the movant is unaware of any Objection to the Request for Relief and that counsel has reviewed the Court's docket and no Objection appears thereon.

34.    ***Order May Be Entered Without Hearing***.  Upon receipt of a Certificate of No Objection, the Court may enter an order granting the Request for Relief without further pleading, hearing, or request, and once an order granting such Request for Relief is entered, no further hearing on the Request for Relief shall be held.

35.    ***Request for Relief May be Heard at a Hearing***.  After a Certificate of No Objection has been filed, the Request for Relief may be heard at the next Omnibus Hearing if the Court does not enter an order granting the Request for Relief before such Omnibus Hearing.

F.    **Filing and Service of Orders.**

36.    *Service of Orders*.  All parties submitting orders shall serve a conformed copy of any entered order on (a) each Affected Entity, (b) the Debtors, and (c) Omni, within two business days of entry of the applicable order.  Omni shall post all orders on the Case Website.

G.    **Filing and Service of Adversary Proceedings.**

37.    *Serving Adversary Proceedings*.  All Court Filings in any adversary proceeding commenced in these chapter 11 cases shall be served upon each Affected Entity and any other parties required to be served under any applicable Bankruptcy Rule or Local Rule.

38.    *Discovery Rules in Contested Matters and Adversary Proceedings*.  Federal Rules of Civil Procedure 26(a)(1) (initial disclosures), 26(a)(2) (disclosures with respect to expert testimony), 26(a)(3) (additional pretrial disclosures), and 26(f) (mandatory meeting before scheduling conference/discovery plan) are inapplicable in contested matters but are applicable to adversary proceedings arising under these chapter 11 cases.

39.    *Briefing Schedule in Adversary Proceedings*.  After a hearing date has been set by the Court, unless otherwise ordered by the Court, the parties to the adversary proceeding shall confer and agree upon a briefing schedule for all adversary matters, which shall be submitted for approval of the Court.

H.    **Other Pleadings.**

40.    *Joinders*.  Any party seeking to support any Court Filing may file an expression of support of such Court Filing (a "Joinder").  Unless otherwise ordered by the Court, filing a Joinder does <u>not</u> entitle such party to:    (a) be an independent proponent of the Court Filing; (b) independently support or oppose any related Court Filings; (c) independently settle the underlying Request for Relief that is the subject of the applicable Court Filing; or

15

(d) independently receive a ruling from the Court on the Court Filing.  The Court may deem a Joinder to be a brief in support of the applicable Court Filing, but the Court shall not consider any arguments or factual allegations contained in a Joinder but not in the related Court Filing, and no party shall be required to separately respond to a Joinder.

41.     ***Motion Practice for Lift Stay Actions***.  A motion filed by a non-debtor party seeking relief from the automatic stay (a "Stay Relief Motion") in accordance with section 362 of the Bankruptcy Code shall be noticed for consideration on the Omnibus Hearing date that is at least 21 days after the Stay Relief Motion is filed and notice thereof is served upon the Debtors. Unless otherwise ordered by the Court, the objection deadline shall be the later of (a) 14 calendar days after the filing and service of the Stay Relief Motion or (b) three calendar days prior to the hearing scheduled with respect thereto.

42.     ***Continuation of Automatic Stay.***     Notwithstanding section 362(e) of the Bankruptcy Code, if a Stay Relief Motion is scheduled in accordance with the Case Management Procedures for, or adjourned to, a hearing date 30 days after the filing of the Stay Relief Motion, the moving party shall be deemed to have consented to the continuation of the automatic stay in effect pending the conclusion of, or as a result of, a final hearing and determination under section 362(d) of the Bankruptcy Code, and shall be deemed to have waived its right to assert the termination of the automatic stay under section 362(e) of the Bankruptcy Code.

43.     ***Motions for Summary Judgment***.  Pursuant to Local Rule 7056-1, no motion for summary judgment may be made without first seeking a pre-motion conference.  A request for such conference should be made by letter setting forth the issues to be presented under the summary judgment motion, which letter shall be filed and served in accordance with the Case Management Procedures.

KE 61918841

44.    ***Motions for Reargument***.  Motions for reargument must identify with particularity the matter for reconsideration in accordance with Local Rule 9023-1.  If, after review of the motion, the Court determines that it wishes a response, and/or hearing, it will notify the applicable parties accordingly.

45.    ***Motions for Temporary Restraining Orders***.    Parties seeking a temporary restraining order (a "<u>TRO</u>") must comply with the requirements of Federal Rule of Civil Procedure 65(b).  Applications for a TRO will be heard in open court, on the record, with a court reporter or audio recording.  Parties wishing to oppose a TRO will be heard by telephone upon request.  Applicants seeking TROs are reminded of the need to submit with their motion papers the written affidavit required under Federal Rule of Civil Procedure 65(b) confirming the notice provided to anyone who might wish to oppose the application.  Any assertions that notice cannot or should not be given must likewise be supported by affidavit.  Any request for a TRO must be preceded by a telephone call to chambers, advising chambers of the nature of the controversy, the need for emergency relief, why a noticed hearing for a preliminary injunction would be insufficient, when a hearing on the TRO application is needed, and when the motion papers will be forthcoming.  Except in those rare cases where advance notice of the TRO application would vitiate the purpose of a TRO (and where that can be established by affidavit), immediate telephonic notice of the application must be provided to all parties reasonably expected to be affected by entry of the TRO, or provisions therein.  In addition, the motion papers on any TRO application must be hand delivered, emailed, or faxed to any such parties at the same time that the papers are provided to chambers.

46.    ***Automatic Extension of Certain Time Periods***.  If a Request for Relief to extend the time to take any action is filed prior to the expiration of the time period provided by the

KE 61918841

Bankruptcy Code (including any Request for Relief pursuant to section 1121 of the Bankruptcy Code), the Bankruptcy Rules, the Local Rules, or any order of the Bankruptcy Court, the time to so take action shall be automatically extended until the Bankruptcy Court considers and rules upon the Request for Relief.

### III.    Additional Case Management Procedures.

47.    *Adequate Notice*.    Notice and service accomplished in accordance with the provisions set forth in the Case Management Procedures shall be deemed adequate in all respects pursuant to the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

48.    *Computation of Time*.    Unless otherwise specified, all time periods referenced in the Case Management Procedures shall be calculated in accordance with Bankruptcy Rule 9006(a).

49.    *Effect of the Case Management Procedures*.    The Bankruptcy Rules and the Local Rules shall continue to apply to all proceedings in these chapter 11 cases, except to the extent that any provision of the Case Management Procedures by its terms supersedes or is inconsistent with such rules.

50.    *Promulgation of the Case Management Procedures*.    As soon as practicable after the entry of the proposed Order, a copy of the Case Management Procedures shall be served by the Debtors on each of the parties on the Master Service List.  In addition, shortly after the end of each calendar month, Omni or counsel to the Debtors shall serve a copy of the Case Management Procedures upon any party filing a 2002 Notice Request within such calendar month.  To help ensure that all parties who may participate in these chapter 11 cases are aware of the terms of the Case Management Procedures, the Debtors will post the Case Management Procedures on the Case Website.

*        *        *        *        *

18

**<u>Exhibit B</u>**

**Redline**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| HOLLANDER SLEEP PRODUCTS, LLC., *et al.*,[1] | ) | Case No. 19-11608 (MEW) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Re:  Docket No.  —14** |

**ORDER (A) ESTABLISHING CERTAIN NOTICE, CASE MANAGEMENT, AND
ADMINISTRATIVE PROCEDURES AND (B) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for the entry of an order (this "Order") approving and implementing ~~the~~certain notice, case management, and administrative procedures; and it appearing that the proposed procedures that are annexed hereto as **Exhibit 1** (the "Case Management Procedures"~~),~~ ~~all as more fully set forth~~") will assist in the ~~Motion; and upon the First Day Declaration; and this~~ ~~Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended*~~ ~~*Standing Order*~~efficient handling of ~~*Reference from the United States District Court for the*~~ ~~*Southern District of New York*, dated January 31, 2012; and this Court having the power to enter~~ ~~a final order consistent with Article III of the United States Constitution; and this Court having~~ ~~found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C.~~ ~~§§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion and~~ ~~opportunity for a hearing on the Motion were appropriate under the circumstances and no other~~

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Dream II Holdings, LLC (7915); Hollander Home Fashions Holdings, LLC (2063); Hollander Sleep Products, LLC (2143); Pacific Coast Feather, LLC (1445); Hollander Sleep Products Kentucky, LLC (4119); Pacific Coast Feather Cushion, LLC (3119); and Hollander Sleep Products Canada Limited (3477).  The location of the Debtors' service address is:  901 Yamato Road, Suite 250, Boca Raton, Florida 33431.

[2]  Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor these cases, it is HEREBY ORDERED THAT:

1.      The Motion is granted as set forth herein.

2.1.      The Case Management Procedures, as set forth in **Exhibit 1** attached hereto, are approved and shall govern all applicable aspects of these chapter 11 cases, except as otherwise ordered by this Court.

3.2.      The first four Omnibus Hearings are scheduled as follows:

- __:__ _.m. on the __th day of _____;

- __:__ _.m. on the __th day of _____;

- __:__ _.m. on the __th day of _____; and

- __:__ _.m. on the __th day of _____.

4.3.      The Debtors' claims and noticing agent, Omni Management Group, is authorized to establish the Case Website, available at www.omnimgt.com/hollander, where, among other things, electronic copies of all Court Filings will be posted and viewable free of charge.

5.4.      Any notice sent by the Debtors or any other party to the Master Service List or the 2002 List, or to any parties required by the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Case Management Procedures, or further order of this Court, shall be deemed sufficient and in compliance with thereof in interest that includes the disclosure contained at footnote 1 of

2

KE 61794258 61918841

**Exhibit 1** shall be deemed to comply with the requirements set forth in section 342(c)(1) of the Bankruptcy Code.

6.5.    All time periods set forth in this Order or in the Case Management Procedures shall be calculated in accordance with Bankruptcy Rule 9006(a)..

7.    Notice of the Motion as provided herein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rules and the Local Rules are satisfied by such notice.

8.    The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

9.6.    This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

New York, New York
Dated: _____, 2019

_____
THE HONORABLE MICHAEL E. WILES
UNITED STATES BANKRUPTCY JUDGE

**<u>Exhibit 1</u>**

**Case Management Procedures**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| HOLLANDER SLEEP PRODUCTS, LLC, *et al.*,[1] | ) | Case No. 19-11608 ~~(___)~~(MEW) |
| | ) | |
| Debtors. | ) | ~~(Joint Administration Requested)~~(Jointly Administered) |
| | ) | |

**CASE MANAGEMENT PROCEDURES**

~~On May 19, 2019 (the "Petition Date"), the above-captioned debtors and debtors in possession (collectively, the "Debtors"), each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Southern District of New York (the "Court"). The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.[2]~~

~~On ___, 2019, the Court entered an order [Docket No. __] (the "Order") approving these case management procedures (the "Case Management Procedures") set forth herein pursuant to sections 102(1), 105(a), and 105(d) of the Bankruptcy Code, Rules 2002(m), 9007, 9036 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9074-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules"). Anyone may obtain a copy of the Order, as well as any Court Filing filed with the Court in these chapter 11 cases, by:~~

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Dream II Holdings, LLC (7915); Hollander Home Fashions Holdings, LLC (2063); Hollander Sleep Products, LLC (2143); Pacific Coast Feather, LLC (1445); Hollander Sleep Products Kentucky, LLC (4119); Pacific Coast Feather Cushion, LLC (3119); and Hollander Sleep Products Canada Limited (3477).  The location of the Debtors' service address is:  901 Yamato Road, Suite 250, Boca Raton, Florida 33431.

[2]  ~~Capitalized terms used but not immediately defined herein have the meanings given to such terms elsewhere in these Case Management Procedures.~~

(a) accessing the website maintained by Omni Management Group ("Omni" or the "Claims and Noticing Agent"), at www.omnimgt.com/hollander (the "Case Website"); (b) contacting Omni directly at Hollander Sleep Products, LLC, c/o Omni Management Group, 5955 DeSoto Avenue, Suite #100, Woodland Hills, CA 91367, telephone (844) 212-9942 (for domestic or Canadian callers) and (818) 906-8300 (international), email hollander@omnimgt.com; or (c) accessing the PACER system on the Court's website at https://www.nysb.uscourts.gov for a nominal fee.

Pursuant to the Order, all All notices, motions, applications, briefs, memoranda, affidavits, declarations, objections, responses, and other documents filed in these chapter 11 cases are subject to, and will not be deemed properly served unless they are served in accordance with, these Case Management Procedures. Additionally, while the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules apply to these chapter 11 cases, to the extent there is a conflict between the foregoing and these Case Management Procedures, these Case Management Procedures shall govern in all respects. these Case Management Procedures. *Accordingly, all parties in interest are strongly encouraged to review these Case Management Procedures in their entirety and consult their own legal counsel with respect to any of the matters discussed herein before filing any documents in these chapter 11 cases*.

## Case Management Procedures[3]

**I.    Hearing and Motion Procedures.**

1.    ***All* Matters to Be Heard at Omnibus Hearings**.  The United States Bankruptcy Court for the Southern District of New York (the "Court") shall schedule periodic omnibus hearings (the "Omnibus Hearings") to consider all notices, motions, applications, and other

---

[3]  Capitalized terms used but not immediately defined herein have the meanings given to such terms elsewhere in these Case Management Procedures.

2

KE 61794258 61918841

requests for relief, briefs, memoranda, affidavits, declarations, replies, and other documents filed in support of such papers seeking relief (collectively, the "Requests for Relief"), and all objections and responses to such Requests for Relief (collectively, the "Objections," and together with the Requests for Relief and all other filed documents, the "Court Filings") pursuant to the following procedures:

2.    ***Initial Omnibus Hearings***.  The first four Omnibus Hearings are scheduled as follows:

- __:__ _.m. on the __th day of _____;

- __:__ _.m. on the __th day of _____;

- __:__ _.m. on the __th day of _____; and

- __:__ _.m. on the __th day of _____.

3.    ***Subsequent Omnibus Hearings***.  At or before the Omnibus Hearing held on ___, 2019 the above-captioned debtors and debtors in possession (the "Debtors") shall request that the Court schedule additional Omnibus Hearings.  The Court shall schedule such Omnibus Hearings and, upon scheduling, Omni shall post the dates of the additional Omnibus Hearings on www.omnimgt.com/hollander (the "Case Website."). Parties may contact Omni Management Group ("Omni" or the "Claims and Noticing Agent") for information concerning all scheduled Omnibus Hearings.

4.    ***Proposed Omnibus Hearing Agenda***.  Two business days before each Omnibus Hearing, the Debtors' counsel shall file a proposed agenda with regard to the matters scheduled to be heard at such Omnibus Hearing (the "Proposed Hearing Agenda").  The Proposed Hearing Agenda may include notice of matters that have been consensually adjourned to a later Omnibus Hearing in lieu of parties filing a separate notice of adjournment; *provided* that for all matters

3

adjourned to a later Omnibus Hearing or some other future date, the Debtors also will electronically file (but need not serve) a notice of adjournment with respect to such matters.

5.      ***Content of Proposed Hearing Agenda***.   The Proposed Hearing Agenda will include, to the extent known by Debtors' counsel:  (a) the docket number and title of each matter scheduled to be heard at such Omnibus Hearing, including the initial filing and any objections, replies, or documents related thereto; (b) whether the matters are contested or uncontested; (c) whether the matters have settled or are proposed to be continued; (d) a suggestion for the order in which the matters should be addressed; and (e) any other comments that will assist the Court.

6.      ***Evidentiary Hearings***.   With respect to any Court Filing, if Objections are filed, the Omnibus Hearing shall not be deemed an evidentiary hearing at which witnesses may testify unless the Proposed Hearing Agenda provides otherwise.   Additionally, any Court Filing requesting or requiring the Court to make a factual finding must be supported by competent evidence (*e.g.*, declarations, affidavits, and exhibits).

7.      ***Telephonic Appearances***.   A party desiring to participate in a hearing telephonically must request permission from chambers and notify the Debtors' counsel at least 48 hours before the applicable hearing.  If chambers permits telephonic participation, the party participating telephonically must arrange such participation with CourtCall, adhering to the procedures for telephonic participation applicable in the Court.  Those parties participating by phone may not use speakerphones unless authorized by the Court.[4]  Parties participating by phone must put their phones on "mute," except when they need to be heard, and are not to put their phones on "hold" in any circumstances.

---

[4]      Because of technical limitations of the equipment and the way speakerphones disrupt proceedings in the courtroom, speakerphone authorizations usually will not be granted.

4

8.      ***Listen-Only Lines***.  Any party may attend hearings through a listen-only line (each, a "Listen-Only Line") by arranging such Listen-Only Line with CourtCall.  For the avoidance of doubt, any party wishing to use a Listen-Only Line need not seek permission from the Debtors or the Court.

9.      ***Matters that May Be Heard at Non-Omnibus Hearings***.  Subject to consultation with the Court's chambers, hearings in connection with applications for professional compensation and reimbursement, pre-trial conferences, asset sales, and trials related to adversary proceedings, approval of a disclosure statement, confirmation of a plan, and any other Court Filing filed by the Debtors and not heard may be scheduled for dates other than the Omnibus Hearing dates; *provided*, *however*, that nonemergency hearings in connection therewith may be scheduled on a non-Omnibus Hearing date; *provided*, *however*, that initial pre-trial conferences scheduled in connection with adversary proceedings involving the Debtors shall be set on the next available Omnibus Hearing date that is at least 45 days after the filing of the complaint; and *provided*, *further*, that hearings on all other Requests for Relief, except for those Requests for Relief specifically referenced in this paragraph or requiring emergency relief, filed by any party must be scheduled for an Omnibus Hearing.

**II.    Filing and Service Procedures.**

10.      All Court Filings filed in these chapter 11 cases shall be filed electronically with the Court on the docket of *In re Hollander Sleep Products, LLC*, Case No. 19-11608 (——),(MEW), in accordance with the Court's General Order M-399, by registered users of the Court's electronic case filing system (the "Electronic Filing System").  Further, pursuant to Local Rule 9070-1,Rule 9070-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules"), at least one hard copy of any Court Filing (other than proofs of claim)

shall be:  (a) marked "Chambers Copy" and delivered in an unsealed envelope to the chambers of

the  Honorable  Judge  ——————,Michael  E.  Wiles,  United  States  Bankruptcy  Court,  One

Bowling Green, New York, New York 10004-1408, no later than the next business day following

the date on which such Court Filing is electronically filed; and (b) delivered by first class mail to

Shannon Scott, of the Office of the United States Trustee for the Southern District of New York

(the "U.S. Trustee").

> **A.** **The Service List.**

11.    ***Parties Entitled to Service***.  All Court Filings (other than proofs of claim) shall be

served on the following list of parties (the "Service List"), according to the following notice

procedures.

> a.    ***Master Service List***.  Omni shall maintain a master service list (the "Master
> Service List").  The Master Service List shall be made available by
> (i) accessing the Case Website, (ii) contacting the Claims and Noticing
> Agent directly, or (iii) contacting the Debtors' counsel directly.  The Master
> Service List shall include the following parties:
>
> i.    the Office of the U.S. Trustee for the Southern District of New York;
>
> ii.    the Debtors and their counsel;
>
> iii.    proposed counsel to the official committee of unsecured creditors (if
> any) appointed in these chapter 11 cases (the "Committee")"),
> Pachulski Stang Ziehl & Jones LLP, 780 Third Avenue, 34th Floor,
> New York, New York 10017, Attn:  Robert J. Feinstein and its
> counselBradford J. Sandler and Pachulski Stang Ziehl & Jones LLP,
> 10100 Santa Monica Blvd., 13th Floor, Los Angeles, California
> 90067, Attn:  Jeffrey N. Pomerantz;
>
> iv.    holders of the 50 largest unsecured claims against the Debtors (on a
> consolidated basis);[5]
>
> v.iv.    counsel to the administrative agent for the Debtors' term loan
> facility, King & Spalding LLP, Attn:  Austin Jowers and Stephen M.
> Blank;

---

[5]    Once the Committee is appointed and counsel is retained, holders of the 50 largest unsecured claims against the
Debtors (on a consolidated basis) shall not be included in the Master Service List.

KE 6179425861918841

vi.v.    counsel to the administrative agent for the Debtors' revolving loan credit facility, Goldberg Kohn Ltd., Attn: Randall Klein;

vii.vi.    the Office of the United States Trustee for the Southern District of New York, 201 Varick Street, Room 1006, New York, New York, 10014, Attn: Shannon Scott;

viii.vii. the United States Attorney's Office for the Southern District of New York;

ix.viii.    the Internal Revenue Service;

x.ix.    the office of the attorneys general for the states in which the Debtors operate;

xi.x.    the Securities and Exchange Commission; and

xii.xi.    any party that has requested notice pursuant to ~~Bankruptcy Rule 2002~~.Rule 2002 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

b.    ***2002 List***.  Omni shall maintain a list of all parties that have filed a request to receive service of Court Filings pursuant to Bankruptcy Rule 2002 (the "2002 List").

i.    ***Filing Requests for Documents Requires Email Address***.  A request for service of Court Filings pursuant to Bankruptcy Rule 2002 (each, a "2002 Notice Request") filed with the Court shall be deemed proper only if it includes the following information with respect to the party filing such request:  (a) name; (b) street address; (c) name of client(s), if applicable; (d) telephone number; (e) facsimile number; and (f) email address.

ii.    ***Certification Opting Out of Email Service***.  Any party filing a 2002 Notice Request who does not maintain (and cannot practicably obtain) an email address and thereafter cannot receive service by email must include in the 2002 Notice Request a certification to that effect (each, a "Certification").  A Certification shall include a statement certifying that the party (a) does not maintain an email address and (b) cannot practicably obtain an email address at which the party could receive service.  Such party will thereafter receive paper service in accordance with the Case Management Procedures.

iii.    ***Email Address Required***.  If a 2002 Notice Request fails to include an email address or a Certification, the Debtors shall forward a copy of the Case Management Procedures to such party within five business days requesting an email address.  If no email address or Certification is provided in response to such request, such party shall not be added to the 2002 List or served with copies of Court Filings unless such Court Filings directly affect such party.

7

iv.  ***Changes in Information***.  Each party submitting a 2002 Notice Request is responsible for filing with the Court an updated 2002 Notice Request as necessary to reflect changes to any notice information and must serve a copy of such updated 2002 Notice Request upon the Debtors.

c.  ***Affected Entities***.  All entities with a particularized interest in the subject matter of a specific Court Filing, including the entity filing the Request for Relief is an "Affected Entity" and entitled to be served with all Court Filings relating to that interest.

12.  ***Maintenance of the Service List***.  At least every 15 days during the first 60 days of these chapter 11 cases, and at least every 30 days thereafter, Omni shall update the Service List by making any additions and deletions and post the updated Service List on the Case Website.

**B.  Filing and Service of Court Filings Generally.**

13.  ***Electronic Filing and Service***.  All Court Filings shall be filed electronically with the Court, using the Court's Electronic Filing System and served via email, other than service of a summons and complaint in an adversary proceeding or documents filed under seal, which shall be deemed to constitute proper service for all parties who are sent such email service; *provided*, *however*, that Court Filings shall be served on the Master Service List by email and by first class mail.   Subject to the limited exclusions, each party that files a notice of appearance and a 2002 Notice Request shall be deemed to have consented to electronic service of all Court Filings, except as provided below.

a.  ***Email Subject Line***.  With respect to the service of any Court Filing, the subject line of the email shall include (i) the Debtors' case name and number *In re Hollander Sleep Products, LLC*, Case No. 19-11608 (——),(MEW), (ii) the name of the party filing such Court Filing, and (iii) the title of the Court Filing being served.  If the title of the Court Filing is too long to fit within the subject line of the email, the subject line shall contain a shortened version of such title, and the text of the email shall contain the full title of such Court Filing.

b.  ***Email Attachments***.  All Court Filings served by email shall include the entire document, including any proposed form(s) of order and exhibits, attachments, or other materials, in PDF, readable by Adobe Acrobat or other

8

equivalent document reader programs commonly available without cost. The relevant Court Filing shall either be attached to the email in a format specified above or the email shall contain a link to such filing in such format. Notwithstanding the foregoing, if a Court Filing cannot be attached to an email (because of its size, technical difficulties, or other concerns), the filing party may serve the Court Filing by U.S. mail, including the proposed form(s) of order and any exhibits, attachments, and other relevant materials; *provided* that the Court Filing is served by hand or overnight delivery on the Service List.

14.    ***Paper Service of Certain Affected Entities***.  To the extent an Affected Entity's email address is not available, the Debtors (or any other party filing a Court Filing) shall serve such Affected Entity with paper copies by first class mail or private mail service.

15.    ***Waiver of Filing Deadlines***.  If any Court Filing is filed and served electronically via the Electronic Filing System, the filing deadlines requiring three additional days' notice set forth in Rule 6(e) of the Federal Rules of Civil Procedure (made applicable to adversary proceedings by Bankruptcy Rule 7005(b)(2)(D)), and Bankruptcy Rule 9006(f) shall not apply.

16.    ***Form of Papers***.  Unless granted prior permission, motions, applications, and objections are limited to 40 pages and replies and statements are limited to 15 pages.  All Court Filings (other than exhibits) shall be double-spaced, 12-point font, with one-inch margins. This provision is subject to the Local Rules and any individual rules of the Judge.

17.    ***Certificates of Service***.  Certificates of service for all Court Filings, including the Service List, need only be filed with the Court.

18.    ***Right to Request Special Notice Procedures***.  Nothing in the Case Management Procedures shall prejudice the right of any party to seek an amendment or waiver of the provisions of the Case Management Procedures upon a showing of good cause including, without limitation, the right to file a motion seeking emergency *ex parte* relief or relief upon shortened notice.

19.     ***Section 342 Notice Requirements***.  Any notice sent by the Debtors or any other party in interest shall be deemed to comply with the requirements set forth in section 342(c)(1) of chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code").

C.    **Filing and Service of Requests for Relief.**

20.     ***Requests for Relief to Be Heard at Omnibus Hearing***.  In accordance with Local Rule 9006-1(b), in the event that a party files and serves a Request for Relief at least 14 days before the next Omnibus Hearing, the matter shall be set for hearing at such Omnibus Hearing.  If a Request for Relief is served by overnight delivery, it must be filed and served at least 15 calendar days before the next Omnibus Hearing.  If a Request for Relief is served by U.S. mail only, it must be filed and served at least 17 calendar days before the next Omnibus Hearing.  If a Request for Relief is filed by a party other than the Debtors and purports to set a hearing date inconsistent with the Case Management Procedures, the Request for Relief shall be heard, without the necessity of a Court order, at the first Omnibus Hearing after the applicable notice period has expired.

21.     ***Emergency Scheduling Procedures***.  If a movant or applicant other than the Debtors determines that a Request for Relief requires emergency or expedited relief, the movant or applicant shall contact attorneys for (a) the Debtors and (b) the Committee, if applicable, by telephone and request that the Request for Relief be considered on an expedited basis.  If the Debtors or the Committee disagrees with the movant's or applicant's request for emergency or expedited relief, the movant or applicant shall (a) inform the Court of the disagreement by telephone and (b) arrange for a chambers conference, telephonic or in-person, to discuss the disagreement.  If the Court agrees with the movant or applicant regarding the necessity for expedited consideration, the movant or applicant may, by order to show cause, request an expedited hearing.

10

22.    ***Notices of Requests for Relief***.  A notice shall be affixed to the front of each Request for Relief and shall set forth (a) the title of the Request for Relief, (b) the time and date of the objection deadline, (c) the parties on whom any objection is to be served, and (d) the Omnibus Hearing date at which the party intends to present the Request for Relief.  The notice may also include a statement that the relief requested therein may be granted, pursuant to Local Rule 9074-1, without a hearing if no objection is timely filed and served in accordance with the Case Management Procedures (each, a "Presentment Notice").  Subject to Section E of these Case Management Procedures, if the notice filed with a Request for Relief includes a Presentment Notice, after the objection deadline has passed and if no objection has been filed and served in accordance with these Case Management Procedures, counsel to the party who filed the Request for Relief may file a certification that no objection has been filed or served on them, and may request that the Court grant the relief and enter an order without a hearing.

23.    ***Service of Requests for Relief***.  For any Court Filing for which particular notice is required to be served on all creditors and parties with a particular interest in the relief sought by any Request for Relief, including Bankruptcy Rules 2002(a)(2) and (3), 4001, 6004, 6007, and 9019, parties shall serve all such Court Filings only on the Service List in accordance with the following, unless otherwise ordered by the Court:

    a.    in the case of any use, sale, lease, or abandonment of substantially all of the Debtors' property, on each party asserting an interest in that property;

    b.    in the case of any relief from or modification of the automatic stay, on each party asserting a lien or other encumbrance on the affected property;

    c.    in the case of the use of cash collateral or obtaining of credit, on each party asserting an interest in the cash collateral or a lien or other interest in property upon which a lien or encumbrance is proposed to be granted;

11

d.  in the case of a motion under Bankruptcy Rule 9019, on all parties to the relevant compromise and settlement, or that may be directly affected by such compromise or settlement;

e.  in the case of assumption, assignment, or rejection of an executory contract or an unexpired lease, on each party to the executory contract or the unexpired lease;

f.  any objection, opposition, response, reply, or further document filed directly in response to another party's Court Filing, on such other party; and

g.  on all parties as required by the Bankruptcy Rules, unless otherwise directed by the Court.

24.    ***Notice Provisions Not Applicable to Certain Matters***.  Except as set forth in the Case Management Procedures or otherwise provided by order of the Court, the notice provisions of the Case Management Procedures shall not apply to notices of the matters or proceedings described in the following Bankruptcy Rules:

a.  Bankruptcy Rule 2002(a)(1) (meeting of creditors pursuant to section 341 of the Bankruptcy Code);

b.  Bankruptcy Rule 2002(a)(2) (any proposed use, sale, or lease of property of the estate other than in the ordinary course of business, to the extent that such use, sale, or lease concerns all or substantially all of the Debtors' assets);

c.  Bankruptcy Rule 2002(a)(4) (hearing on the dismissal of a case or cases or the conversion of a case to another chapter);

d.  Bankruptcy Rule 2002(a)(5) (time fixed to accept or reject a proposed modification of a chapter 11 plan);

e.  Bankruptcy Rule 2002(a)(7) (time fixed for filing a proof of claim pursuant to Bankruptcy Rule 3003(c));

f.  Bankruptcy Rule 2002(b)(1) (time fixed for filing objections to and any hearing to consider approval of a disclosure statement);

g.  Bankruptcy Rule 2002(b)(2) (time fixed for filing objections to and any hearing to consider confirmation of a chapter 11 plan);

h.  Bankruptcy Rule 2002(d) (certain matters for which notice is to be provided to equity security holders);

    i.    Bankruptcy Rule 2002(f)(1) (entry of an order for relief);

    j.    Bankruptcy Rule 2002(f)(2) (dismissal or conversion of a case to another chapter of the Bankruptcy Code);

    k.    Bankruptcy Rule 2002(f)(3) (time allowed for filing claims pursuant to Bankruptcy Rule 3002);

    l.    Bankruptcy Rule 2002(f)(6) (waiver, denial, or revocation of a discharge as provided in Bankruptcy Rule 4006);

    m.    Bankruptcy Rule 2002(f)(7) (entry of an order confirming a chapter 11 plan); and

    n.    Bankruptcy Rule 2002(f)(8) (summary of the trustee's final report and account should a case be converted to chapter 7 of the Bankruptcy Code).

25.    ***Requests for Relief to Include Proposed Order***.  Parties submitting written motions or other Requests for Relief shall be required to include a proposed order with such Request for Relief.

**D.    Filing and Service of Objections and Replies.**

26.    ***Deadline for Objections***.  Any Objection to a Request for Relief must be filed with the Court and served upon the party filing the Request for Relief and those parties on the Service List by the following deadlines (each, as applicable, the "Objection Deadline"):

    a.    in the case of a Request for Relief filed 14 or more days before the applicable hearing, 4:00 p.m. (prevailing Eastern Time), 3 calendar days before the applicable hearing;

    b.    in the case of a Request for Relief set for hearing on an expedited basis and filed fewer than 10 days before the applicable hearing, 12:00 p.m. (prevailing Eastern Time) on the business day preceding the applicable hearing; or

    c.    in any case, as otherwise ordered by the Court.

27.    ***Extension of Objection Deadline***.  The Objection Deadline may be extended without order of the Court upon the consent of the party filing the Request for Relief, which consent may be granted via email.

KE 61794258 61918841

28.     ***Effect of Failure to File Objection by Objection Deadline***.  Failure to file an

Objection by the Objection Deadline may cause the Court to disregard the Objection.

29.     ***Service of Objections***.  All Objections shall be filed with the Court and served by

the applicable Objection Deadline upon the party filing the Request for Relief, and those parties

on the Service List including each Affected Entity; *provided* that if the Objection Deadline is after

the date that is seven days before the applicable hearing, then Objections shall also be served by

email, facsimile, hand delivery, or overnight mail upon the following parties:  (a) the Debtors and

their counsel;  (b) the Office of the United States Trustee for the Southern District of New York;

(c) ~~the holders of the 50 largest unsecured claims against the Debtors (on a consolidated~~

~~basis);⁶~~counsel for the Committee; (d) the administrative agent for the Debtors' term loan facility

and counsel thereto; (e) the administrative agent for the Debtors' asset-based loan credit facility

and counsel thereto; (f) the administrative agent for the Debtors' proposed debtor in possession

term loan financing facility and counsel thereto; (g) the administrative agent for the Debtors'

proposed debtor in possession asset-based loan credit facility and counsel thereto; and (h) any

party that has requested notice pursuant to Bankruptcy Rule 2002.

30.     ***Service of Replies to Objections***.  If a Court Filing is a reply to an Objection, such

reply shall be filed with the Court and served so as to actually be received by (a) the Debtors and

their counsel~~,~~; (b) counsel for the ~~holders of the 50 largest unsecured claims against the Debtors~~

~~(on a consolidated basis);⁷~~Committee; (c) the administrative agent for the Debtors' term loan

facility and counsel thereto; (d) the administrative agent for the Debtors' asset-based loan credit

---

⁶   ~~Once the Committee is appointed and counsel is retained, holders of the 50 largest unsecured claims against the~~
    ~~Debtors (on a consolidated basis) shall not need to be served with an Objection.~~

⁷   ~~Once the Committee is appointed and counsel is retained, holders of the 50 largest unsecured claims against the~~
    ~~Debtors (on a consolidated basis) shall not need to be served with a reply to an Objection.~~

14

KE ~~61794258~~61918841

facility and counsel thereto; (e) the administrative agent for the Debtors' proposed debtor in possession term loan financing facility and counsel thereto; (f) the administrative agent for the Debtors' proposed debtor in possession asset-based loan credit facility and counsel thereto; and (g) each Affected Entity, in each case by 4:00 p.m. (prevailing Eastern Time) on the business day preceding the applicable hearing date.  Sur-replies shall ~~be~~ not be permitted or considered unless authorized by the Court.

31.    *Settlements*.  In the event that a matter is properly noticed for hearing and the parties reach a settlement of the dispute prior to the scheduled hearing, the parties may announce the settlement at the scheduled hearing.  In the event that the Court determines that the notice of the dispute and the hearing is adequate notice of the effects of the settlement (*i.e.*, that the terms of the settlement are not materially different from what parties in interest could have expected if the dispute were fully litigated), the Court may approve the settlement at the hearing without further notice of the terms of the settlement.

32.    *Supplemental Notice*.  In the event that the Court determines that additional or supplemental notice is required, the Debtors shall serve such notice in accordance with the Case Management Procedures, and a hearing to consider such settlement shall be held on the next hearing date deemed appropriate by the Court.

**E.        Granting a Request for Relief Without a Hearing.**

33.    *Certificate of No Objection*.  If no Objection to a Request for Relief is filed after the Request for Relief is filed and served in a timely fashion, the movant may submit a proposed order granting the Request for Relief to the Court along with a certificate of no objection (a "Certificate of No Objection") stating that no Objection has been filed or served on the movant. By filing such certification, counsel for the movant represents to the Court that the movant is

15

KE ~~61794258~~61918841

unaware of any Objection to the Request for Relief and that counsel has reviewed the Court's docket and no Objection appears thereon.

34.    ***Order May Be Entered Without Hearing***.  Upon receipt of a Certificate of No Objection, the Court may enter an order granting the Request for Relief without further pleading, hearing, or request, and once an order granting such Request for Relief is entered, no further hearing on the Request for Relief shall be held.

35.    ***Request for Relief May be Heard at a Hearing***.  After a Certificate of No Objection has been filed, the Request for Relief may be heard at the next Omnibus Hearing if the Court does not enter an order granting the Request for Relief before such Omnibus Hearing.

**F.    Filing and Service of Orders.**

36.    ***Service of Orders***.  All parties submitting orders shall serve a conformed copy of any entered order on (a) each Affected Entity, (b) the Debtors, and (c) Omni, within two business days of entry of the applicable order.  Omni shall post all orders on the Case Website.

**G.    Filing and Service of Adversary Proceedings.**

37.    ***Serving Adversary Proceedings***.  All Court Filings in any adversary proceeding commenced in these chapter 11 cases shall be served upon each Affected Entity and any other parties required to be served under any applicable Bankruptcy Rule or Local Rule.

38.    ***Discovery Rules in Contested Matters and Adversary Proceedings***.  Federal Rules of Civil Procedure 26(a)(1) (initial disclosures), 26(a)(2) (disclosures with respect to expert testimony), 26(a)(3) (additional pretrial disclosures), and 26(f) (mandatory meeting before scheduling conference/discovery plan) are inapplicable in contested matters but are applicable to adversary proceedings arising under these chapter 11 cases.

KE 61794258 61918841

39.    ***Briefing Schedule in Adversary Proceedings***.  After a hearing date has been set by the Court, unless otherwise ordered by the Court, the parties to the adversary proceeding shall confer and agree upon a briefing schedule for all adversary matters, which shall be submitted for approval of the Court.

### H.    Other Pleadings.

40.    ***Joinders***.  Any party seeking to support any Court Filing may file an expression of support of such Court Filing (a "Joinder").  Unless otherwise ordered by the Court, filing a Joinder does not entitle such party to:    (a) be an independent proponent of the Court Filing; (b) independently support or oppose any related Court Filings; (c) independently settle the underlying Request for Relief that is the subject of the applicable Court Filing; or (d) independently receive a ruling from the Court on the Court Filing.  The Court may deem a Joinder to be a brief in support of the applicable Court Filing, but the Court shall not consider any arguments or factual allegations contained in a Joinder but not in the related Court Filing, and no party shall be required to separately respond to a Joinder.

41.    ***Motion Practice for Lift Stay Actions***.  A motion filed by a non-debtor party seeking relief from the automatic stay (a "Stay Relief Motion") in accordance with section 362 of the Bankruptcy Code shall be noticed for consideration on the Omnibus Hearing date that is at least 21 days after the Stay Relief Motion is filed and notice thereof is served upon the Debtors. Unless otherwise ordered by the Court, the objection deadline shall be the later of (a) 14 calendar days after the filing and service of the Stay Relief Motion or (b) three calendar days prior to the hearing scheduled with respect thereto.

42.    ***Continuation of Automatic Stay.***    Notwithstanding section 362(e) of the Bankruptcy Code, if a Stay Relief Motion is scheduled in accordance with the Case Management

Procedures for, or adjourned to, a hearing date 30 days after the filing of the Stay Relief Motion, the moving party shall be deemed to have consented to the continuation of the automatic stay in effect pending the conclusion of, or as a result of, a final hearing and determination under section 362(d) of the Bankruptcy Code, and shall be deemed to have waived its right to assert the termination of the automatic stay under section 362(e) of the Bankruptcy Code.

43.     ***Motions for Summary Judgment***.  Pursuant to Local Rule 7056-1, no motion for summary judgment may be made without first seeking a pre-motion conference.  A request for such conference should be made by letter setting forth the issues to be presented under the summary judgment motion, which letter shall be filed and served in accordance with the Case Management Procedures.

44.     ***Motions for Reargument***.  Motions for reargument must identify with particularity the matter for reconsideration in accordance with Local Rule 9023-1.  If, after review of the motion, the Court determines that it wishes a response, and/or hearing, it will notify the applicable parties accordingly.

45.     ***Motions for Temporary Restraining Orders***.  Parties seeking a temporary restraining order (a "TRO") must comply with the requirements of Federal Rule of Civil Procedure 65(b).  Applications for a TRO will be heard in open court, on the record, with a court reporter or audio recording.  Parties wishing to oppose a TRO will be heard by telephone upon request. Applicants seeking TROs are reminded of the need to submit with their motion papers the written affidavit required under Federal Rule of Civil Procedure 65(b) confirming the notice provided to anyone who might wish to oppose the application.  Any assertions that notice cannot or should not be given must likewise be supported by affidavit.  Any request for a TRO must be preceded by a telephone call to chambers, advising chambers of the nature of the controversy, the need for

18

emergency relief, why a noticed hearing for a preliminary injunction would be insufficient, when a hearing on the TRO application is needed, and when the motion papers will be forthcoming. Except in those rare cases where advance notice of the TRO application would vitiate the purpose of a TRO (and where that can be established by affidavit), immediate telephonic notice of the application must be provided to all parties reasonably expected to be affected by entry of the TRO, or provisions therein. In addition, the motion papers on any TRO application must be hand delivered, emailed, or faxed to any such parties at the same time that the papers are provided to chambers.

46. *Automatic Extension of Certain Time Periods*. If a Request for Relief to extend the time to take any action is filed prior to the expiration of the time period provided by the Bankruptcy Code (including any Request for Relief pursuant to section 1121 of the Bankruptcy Code), the Bankruptcy Rules, the Local Rules, or any order of the Bankruptcy Court, the time to so take action shall be automatically extended until the Bankruptcy Court considers and rules upon the Request for Relief.

## III. Additional Case Management Procedures.

47. *Adequate Notice*. Notice and service accomplished in accordance with the provisions set forth in the Case Management Procedures shall be deemed adequate in all respects pursuant to the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

48. *Computation of Time*. Unless otherwise specified, all time periods referenced in the Case Management Procedures shall be calculated in accordance with Bankruptcy Rule 9006(a).

49. *Effect of the Case Management Procedures*. The Bankruptcy Rules and the Local Rules shall continue to apply to all proceedings in these chapter 11 cases, except to the extent that

KE 61794258 61918841

any provision of the Case Management Procedures by its terms supersedes or is inconsistent with such rules.

50.        ***Promulgation of the Case Management Procedures***.  As soon as practicable after the entry of the proposed Order, a copy of the Case Management Procedures shall be served by the Debtors on each of the parties on the Master Service List.  In addition, shortly after the end of each calendar month, Omni or counsel to the Debtors shall serve a copy of the Case Management Procedures upon any party filing a 2002 Notice Request within such calendar month.  To help ensure that all parties who may participate in these chapter 11 cases are aware of the terms of the Case Management Procedures, the Debtors will post the Case Management Procedures on the Case Website.

*        *        *        *        *

KE 61794258 61918841