Robert J. Feinstein, Esq.
Bradford J. Sandler, Esq.
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 34th Floor
New York, NY  10017
Telephone:  (212) 561-7700
Facsimile:  (212) 561-7777
Email:    rfeinstein@pszjlaw.com
          bsandler@pszjlaw.com

Jeffrey N. Pomerantz, Esq. (admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone:  (310) 277-6910
Facsimile:  (310) 201-0760
Email:    jpomerantz@pszjlaw.com

*Proposed Counsel to the Official Committee of Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
                                                            :
In re                                                       :          **Chapter 11**
                                                            :
**HOLLANDER SLEEP PRODUCTS, LLC, *et al.*,[1]**:                       **Case No. 19-11608 (MEW)**
                                                            :
        **Debtors.**                                        :          **(Jointly Administered)**
------------------------------------------------------------x

## NOTICE OF PRESENTMENT OF APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF THE DEBTORS TO RETAIN AND EMPLOY PACHULSKI STANG ZIEHL & JONES LLP AS COUNSEL *NUNC PRO TUNC* TO MAY 30, 2019

**PLEASE TAKE NOTICE** that upon the *Application of the Official Committee of Unsecured Creditors of the Debtors to Retain and Employ Pachulski Stang Ziehl & Jones LLP as Counsel Nunc Pro Tunc to May 30, 2019* (the "Application") the Official Committee of Unsecured Creditors appointed in the above-captioned chapter 11 cases will present to the Honorable Michael E. Wiles, United States Bankruptcy Judge, for signature, on **July 9, 2019 at 12:00 p.m. (Eastern Time)**, the proposed *Order Authorizing and Approving the Employment of Pachulski Stang Ziehl & Jones LLP as Counsel to the Official Committee of Unsecured*

------

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Dream II Holdings, LLC (7915); Hollander Home Fashions Holdings, LLC (2063); Hollander Sleep Products, LLC (2143); Pacific Coast Feather, LLC (1445); Hollander Sleep Products Kentucky, LLC (4119); Pacific Coast Feather Cushion, LLC (3119); and Hollander Sleep Products Canada Limited (3477). The location of the Debtors' service address is: 901 Yamato Road, Suite 250, Boca Raton, Florida 33431.

*Creditors of the Debtors Nunc Pro Tunc to May 30, 2019* attached to the Application as

**Exhibit C**.

      **PLEASE TAKE FURTHER NOTICE** that any responses or objections

("Objections") to the Application shall be in writing, shall conform to the Federal Rules of

Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York,

shall be filed with the Bankruptcy Court (a) by attorneys practicing in the Bankruptcy Court,

including attorneys admitted *pro hac vice*, electronically in accordance with General Order M-

399 (which can be found at www.nysb.uscourts.gov), and (b) by all other parties in interest, on a

CD-ROM, in text-searchable portable document format (PDF) (with a hard copy delivered

directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and

General Order M-399, to the extent applicable, and shall be served in accordance with General

Order M-399 so as to be filed and received no later than **July 8, 2019 at 4:00 p.m. (Eastern

Time)** (the "Objection Deadline").

      **PLEASE TAKE FURTHER NOTICE** that if an Objection to the Application is

not received by the Objection Deadline, the relief requested shall be deemed unopposed, and the

Bankruptcy Court may enter an order granting the relief sought without a hearing.

Dated:   June 28, 2019

                      */s/ Robert J. Feinstein*
                      Robert J. Feinstein, Esq.
                      Bradford J. Sandler, Esq.
                      Jeffrey N. Pomerantz, Esq.
                      PACHULSKI STANG ZIEHL & JONES LLP
                      780 Third Avenue, 34th Floor
                      New York, NY  10017
                      Telephone:  (212) 561-7700
                      Facsimile:  (212) 561-7777

                      *Proposed Counsel to the Official Committee of*
                      *Unsecured Creditors*

DOCS_LA:322644.2

**Presentment Date:  July 9, 2019 at 12:00 p.m. Eastern Time**
**Objection Date:  July 8, 2019 at 4:00 p.m. Eastern**

Robert J. Feinstein, Esq.
Bradford J. Sandler, Esq.
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 34th Floor
New York, NY  10017
Telephone:  (212) 561-7700
Facsimile:  (212) 561-7777
Email:    rfeinstein@pszjlaw.com
              bsandler@pszjlaw.com

Jeffrey N. Pomerantz, Esq. (admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone:  (310) 277-6910
Facsimile:  (310) 201-0760
Email:    jpomerantz@pszjlaw.com

*Proposed Counsel to the Official Committee of Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x
                                                                :
**In re**                                                       :        **Chapter 11**
                                                                :
**HOLLANDER SLEEP PRODUCTS, LLC,** *et al.,*[1] :    **Case No. 19-11608 (MEW)**
                                                                :
                                                                :        **(Jointly Administered)**
                          **Debtors.**                          :
-------------------------------------------------------------x

### APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF THE DEBTORS TO RETAIN AND EMPLOY PACHULSKI STANG ZIEHL & JONES LLP AS COUNSEL *NUNC PRO TUNC* TO MAY 30, 2019

The Official Committee of Unsecured Creditors (the "Committee") of Hollander

Sleep Products LLC and its affiliated debtors (collectively, the "Debtors") hereby submits its

application (the "Application") for the entry of an order, pursuant to sections 328(a) and 1103(a)

of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014 of the Federal Rules

of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Rules of the

United States Bankruptcy Court for the Southern District of New York (the "Local Rules"),

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Dream II Holdings, LLC (7915); Hollander Home Fashions Holdings, LLC (2063); Hollander Sleep Products, LLC (2143); Pacific Coast Feather, LLC (1445); Hollander Sleep Products Kentucky, LLC (4119); Pacific Coast Feather Cushion, LLC (3119); and Hollander Sleep Products Canada Limited (3477). The location of the Debtors' service address is: 901 Yamato Road, Suite 250, Boca Raton, Florida 33431.

authorizing and approving the employment of Pachulski Stang Ziehl & Jones LLP ("PSZJ" or

the "Firm") as counsel to the Committee in connection with the Debtors' jointly administered

chapter 11 cases, *nunc pro tunc* to May 30, 2019.  In support of the Application, the Committee

submits the declaration of Robert J. Feinstein (the "Feinstein Declaration"), a partner of the

Firm, attached hereto as Exhibit A and incorporated herein by reference and the declaration of

Committee Co-Chairs attached hereto as Exhibit B and incorporated herein by reference.  In

further support of the Application, the Committee respectfully represents as follows:

## JURISDICTION AND VENUE

1.       This Court has jurisdiction over this Application pursuant to 28 U.S.C. § 1334.

This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue is proper pursuant to 28

U.S.C. §§ 1408 and 1409.

2.       The statutory predicates for the relief requested herein are sections 328(a) and

1103(a) of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Rule 2014-1.

## BACKGROUND

3.       On May 19, 2019 (the "Petition Date"), each of the Debtors filed a voluntary

petition with this Court under chapter 11 of the Bankruptcy Code.  The Debtors are operating

their businesses and managing their properties as debtors in possession pursuant to sections

1107(a) and 1108 of the Bankruptcy Code.  No trustee or examiner has been appointed in these

cases.

4.       On May 30, 2019, the Office of the United States Trustee (the "U.S. Trustee")

appointed the Committee pursuant to section 1102 of the Bankruptcy Code.  The Committee

consists of:  (i) Roind Hometex Co., Ltd.; (ii) Hangzhou Chuangyuan Feather Co., Ltd.;

(iii) Hollander NC IA LLC; (iv) Nap Industries, Inc.; and (v) Packaging Corporation of America.

4

5.      On May 30, 2019, the Committee held its initial meeting and, among other things, voted to retain the Firm as its counsel, subject to Court approval.

6.      The Firm's retention is requested as of May 30, 2019, insofar as that is the date the Committee first requested PSZJ to render legal services on behalf of the Committee, and the Firm has been actively advising the Committee since that date.

7.      The Firm has approximately 65 attorneys with a practice concentrated on corporate reorganizations, bankruptcy, litigation, and commercial matters.  The Firm's attorneys have comprehensive experience representing creditors' committees, debtors, creditors, trustees, and others in a wide variety of bankruptcy cases.  Attorneys of the Firm have extensive experience representing creditors' committees in complex chapter 11 cases in this District and others, including Ditech Holding Corporation, BCBG Max Azria Global Holdings LLC, Weinstein Company Holdings LLC; International Shipholding Corporation, Aéropostale, Inc., and The Great Atlantic & Pacific Tea Company, Inc.  Based on these facts, the Committee believes that the Firm is well-qualified to render the services described below.

## RELIEF REQUESTED

8.      By this Application, the Committee respectfully requests that the Court enter an order, substantially in the form annexed hereto as Exhibit C, pursuant to sections 328(a) and 1103(a) of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Rule 2014-1, authorizing the Committee to employ and retain the Firm as its bankruptcy counsel in these chapter 11 cases.

9.      The Committee has selected PSZJ as its counsel in furtherance of the efficient administration of the estates on behalf of the Committee.  The Committee seeks to retain the Firm *nunc pro tunc* to May 30, 2019 because the Firm began providing services to the Committee as of such date.  The Committee believes that such *nunc pro tunc* retention is

5

appropriate in these chapter 11 cases because the Committee required effective representation

prior to such time as a retention application could be submitted to the Court due to the exigencies

of these chapter 11 cases, and the Firm has been providing services to the Committee since May

30, 2019.

## **SERVICES TO BE RENDERED**

10.     Subject to further order of this Court, the Firm is expected to render, among other

services, the following services to the Committee:

       a.     Assisting, advising, and representing the Committee in its consultations with the Debtors regarding the administration of these cases;

       b.     Assisting, advising, and representing the Committee in analyzing the Debtors' assets and liabilities, investigating the extent and validity of liens and participating in and reviewing any proposed asset sales, any asset dispositions, financing arrangements and cash collateral stipulations or proceedings;

       c.     Assisting, advising, and representing the Committee in any manner relevant to reviewing and determining the Debtors' rights and obligations under leases and other executory contracts;

       d.     Assisting, advising, and representing the Committee in investigating the acts, conduct, assets, liabilities, and financial condition of the Debtors, the Debtors' operations and the desirability of the continuance of any portion of those operations, and any other matters relevant to these cases or to the formulation of a plan;

       e.     Assisting, advising, and representing the Committee in its participation in the negotiation, formulation, and drafting of a plan of liquidation or reorganization;

       f.     Advising the Committee on the issues concerning the appointment of a trustee or examiner under section 1104 of the Bankruptcy Code;

       g.     Assisting, advising, and representing the Committee in understanding its powers and its duties under the Bankruptcy Code and the Bankruptcy Rules and in performing other services as are in the interests of those represented by the Committee;

DOCS_LA:322644.2

h.     Assisting, advising, and representing the Committee in the evaluation of claims and on any litigation matters, including avoidance actions and claims against directors and officers and any other party; and

i.     Providing such other services to the Committee as may be necessary in these cases.

## NO ADVERSE INTEREST OF PROFESSIONALS

11.     To the best of the Committee's knowledge, and based upon the Feinstein Declaration attached hereto, neither the Firm nor any of its attorneys have any connection with any party in interest, their attorneys or accountants, other than as set forth in the Feinstein Declaration.

12.     To the best of the Committee's knowledge, except as provided in the Feinstein Declaration, neither the Firm, nor any of its attorneys represent any interest adverse to that of the Committee in the matters on which they are to be retained.

13.     While the Firm has undertaken, and continues to undertake, efforts to identify connections with the Debtors and other parties in interest, it is possible that connections with some parties in interest have not yet been identified.  Should the Firm, through its continuing efforts or as these cases progress, learn of any new connections of the nature described above, the Firm will promptly file supplemental declarations, as required by Bankruptcy Rule 2014(a).

14.     The Firm represents many debtors and committees in other bankruptcy cases, and those debtors, the members of those committees, or those estates may be creditors of the Debtors. However, the Firm will not represent any members of those debtors, committees or their members with respect to any claims that they may have collectively or individually against the Debtors.

DOCS_LA:322644.2

## PROFESSIONAL COMPENSATION

15.     Subject to Court approval and in accordance with section 330(a) of the

Bankruptcy Code and any applicable orders of this Court, compensation will be payable to PSZJ

on an hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred

by PSZJ.  The Firm's current standard hourly rates are:

| | | |
|---|---|---|
| a. | Partners | $725.00 - $1,395.00 per hour |
| b. | Of Counsel | $650.00 - $1,095.00 per hour |
| c. | Associates | $575.00 - $695.00 per hour |
| d. | Paraprofessionals | $325.00 - $425.00 per hour |

16.     The hourly rates set forth above are subject to periodic adjustments to reflect

economic and other conditions.  PSZJ intends to provide ten (10) business days' notice to the

Debtors, the Committee, and the U.S. Trustee before implementing any increases in PSZJ's rates

for professionals working on these chapter 11 cases.

17.     The hourly rates set forth above are PSZJ's standard hourly rates for work of this

nature.  These rates are set at a level designed to fairly compensate PSZJ for the work of its

attorneys and paralegals and to cover fixed and routine overhead expenses.  It is the Firm's

policy to charge its clients in all areas of practice for all other expenses incurred in connection

with the client's case.  The expenses charged to clients include, among other things, telephone

and telecopier toll and other charges, mail and express mail charges, special or hand delivery

charges, document retrieval, photocopying and scanning charges, charges for mailing supplies

(including, without limitation, envelopes and labels) provided by the Firm to outside copying

services for use in mass mailings, expenses for "working meals," computerized research,

transcription costs, as well as non-ordinary overhead expenses such as secretarial and other

overtime.  The Firm will charge the Committee for these expenses in a manner and at rates

DOCS_LA:322644.2

consistent with charges made generally to the Firm's other clients and within the guidelines set forth in Local Rule 2014-1, and all amendments and supplemental standing orders of the Court. PSZJ believes that it is more appropriate to charge these expenses to the clients incurring them than to increase the hourly rates and spread the expenses among all clients.

## NOTICE

18.     Notice of this Application has been given to the following parties, or their counsel, if known: (i) the Debtors and their counsel; (ii) holders of the 50 largest unsecured claims against the Debtors (on a consolidated basis); (iii) counsel to the administrative agent for the Debtors' term loan facility, King & Spalding LLP, Attn: Austin Jowers and Stephen M. Blank; (iv) counsel to the administrative agent for the Debtors' revolving loan credit facility, Goldberg Kohn Ltd., Attn: Randall Klein ;(v) the Office of the United States Trustee for the Southern District of New York, 201 Varick Street, Room 1006, New York, New York, 10014, Attn: Shannon Scott; (vi) the United States Attorney's Office for the Southern District of New York; (vii) the Internal Revenue Service; (viii) the office of the attorneys general for the states in which the Debtors operate; (ix) the Securities and Exchange Commission; and (x) any party that has requested notice pursuant to Bankruptcy Rule 2002.  The Committee submits that such notice is sufficient and that no other or further notice be provided.

## NO PRIOR REQUEST

19.     No previous request for the relief sought herein has been made to this or any other Court.

**WHEREFORE**, the Committee respectfully requests the entry of an order, substantially in the form attached hereto as Exhibit C, authorizing the Committee to employ and

DOCS_LA:322644.2

retain PSZJ as counsel effective as of May 30, 2019, and granting such other and further relief as

is just and proper.

[*remainder of page intentionally left blank*]

DOCS_LA:322644.2

Date: June 28, 2019

**THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS OF HOLLANDER
SLEEP PRODUCTS, LLC,** *et al.*

Roind Hometex Co., Ltd.
By:  Eric Feng Huang

Solely in its capacity as Co-Chair of the Official
Committee of Unsecured Creditors of Hollander
Sleep products, LLC, *et al.*, and not in any other
capacity

Hollander NC IA LLC
By:  R. Stan Holland

Solely in its capacity as Co-Chair of the Official
Committee of Unsecured Creditors of Hollander
Sleep Products, LLC, *et al.*, and not in any other
capacity

Filed By:

**PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ Robert J. Feinstein*
Robert J. Feinstein
Bradford J. Sandler
Jeffrey N. Pomerantz, Esq.
780 Third Avenue, 34th Floor
New York, NY  10017
Telephone:  (212) 561-7700
Facsimile:  (212) 561-7777
Email:     rfeinstein@pszjlaw.com
            bsandler@pszjlaw.com
            jpomerantz@pszjlaw.com

*Proposed Counsel to the Official Committee of Unsecured Creditors*

# EXHIBIT A

**Declaration of Robert J. Feinstein**

Robert J. Feinstein, Esq.
Bradford J. Sandler, Esq.
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 34th Floor
New York, NY  10017
Telephone:  (212) 561-7700
Facsimile:  (212) 561-7777
Email:    rfeinstein@pszjlaw.com
          bsandler@pszjlaw.com

Jeffrey N. Pomerantz, Esq. (admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone:  (310) 277-6910
Facsimile:  (310) 201-0760
Email:    jpomerantz@pszjlaw.com

*Proposed Counsel to the Official Committee of Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
                                                      :
**In re**                                             :          **Chapter 11**
                                                      :
**HOLLANDER SLEEP PRODUCTS, LLC, et al.,**[1]:        **Case No. 19-11608 (MEW)**
                                                      :
                                                      :          **(Jointly Administered)**
              **Debtors.**                            :
------------------------------------------------------------x

**DECLARATION IN SUPPORT OF APPLICATION OF**
**THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**
**OF THE DEBTORS TO RETAIN AND EMPLOY PACHULSKI STANG**
**ZIEHL & JONES LLP AS COUNSEL *NUNC PRO TUNC* TO MAY 30, 2019**

I, Robert J. Feinstein, declare under penalty of perjury pursuant to 28 U.S.C.

§ 1746, and pursuant to Rules 2014(a) and 2016(b) of the Federal Rules of Bankruptcy

Procedure (the "Bankruptcy Rules") and Rule 2014-1 of the Local Rules of the United States

Bankruptcy Court for the Southern District of New York, that the following is true and correct:

1.      I am a partner with the law firm of Pachulski Stang Ziehl & Jones LLP

("PSZJ" or the "Firm"), with offices located at 780 Third Avenue, 34th Floor, New York, New

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Dream II Holdings, LLC (7915); Hollander Home Fashions Holdings, LLC (2063); Hollander Sleep Products, LLC (2143); Pacific Coast Feather, LLC (1445); Hollander Sleep Products Kentucky, LLC (4119); Pacific Coast Feather Cushion, LLC (3119); and Hollander Sleep Products Canada Limited (3477). The location of the Debtors' service address is: 901 Yamato Road, Suite 250, Boca Raton, Florida 33431.

York 10017.  I am duly admitted to practice law in, among other places, the State of New York

and the United States District Court for the Southern District of New York.

2.      I am authorized to submit this declaration (the "Declaration") in support of

the *Application of the Official Committee of Unsecured Creditors of the Debtors to Retain and*

*Employ Pachulski Stang Ziehl & Jones LLP as Counsel Nunc Pro Tunc to May 30, 2019.*

3.      The Firm has approximately 65 attorneys with a practice concentrated on

corporate reorganizations, bankruptcy, litigation, and commercial matters.  The Firm's attorneys

have comprehensive experience representing creditors' committees, debtors, creditors, trustees,

and others in a wide variety of bankruptcy cases.  Attorneys of the Firm have extensive

experience representing creditors' committees in complex chapter 11 cases in this District and

others, including Ditech Holding Corporation, BCBG Max Azria Global Holdings LLC,

Weinstein Company Holdings LLC; International Shipholding Corporation, Aéropostale, Inc.,

and The Great Atlantic & Pacific Tea Company, Inc.  Accordingly, the Firm is well-qualified to

render the services described below.

4.      Neither I, the Firm, nor any partner, of counsel or associate thereof,

insofar as I have been able to ascertain, has any connection with the Debtors, their creditors, or

any other parties in interest herein, or their respective attorneys and accountants, the U.S.

Trustee, or any person employed in the Office of the United States Trustee (the "U.S. Trustee")

or any Bankruptcy Judge currently serving on the United States Bankruptcy Court for the

Southern District of New York, except as set forth herein.

5.      Section 1103(b) of the Bankruptcy Code does not incorporate the general

"disinterestedness" standard of section 327(a) on proposed counsel to an official committee of

unsecured creditors.  However, Bankruptcy Rule 2014 requires that an application for

2

employment under section 1103 disclose all connections with the Debtors, their estates, professionals, and the U.S. Trustee.

6.      The Firm has made the following investigation of its connections prior to submitting this Declaration.  The Firm has undertaken a full and thorough review of its computer database, which contains the names of clients and other parties in interest in particular matters. The Firm requires all of its professionals, before accepting the representation of a new client, or the representation of an existing client in a new matter, to perform a conflicts check through the Firm's database and to enter conflict information regarding new clients or new matters into that database.  Thus, a review of said computerized database should reveal any and all actual or potential conflicts of interest with respect to any given representation.  In particular, an employee of the Firm, under my supervision, entered the names of parties provided by the Debtors through the Firm's database.  The categories of the parties entered in the Firm's database with respect to the Firm's conflicts check in these cases include: the Debtors, their affiliates, their directors and officers, counterparties to significant executory contracts, customers, landlords, lenders and sponsor, professionals, shareholders, taxing authorities, 50 largest unsecured creditors, and the U.S. Trustee, Judges and Court contacts for the Southern District of New York.

7.      Based on the Firm's conflict check within its database, the Firm has not encountered any creditors of the Debtors in which an actual conflict exists between the Firm and such creditors.  If, at any time during the course of this proceeding, the Firm learns of any representation which may give rise to a conflict, the Firm will promptly file with the Court an amended declaration identifying and specifying such involvement.

8.      PSZJ and certain of its attorneys have represented and in the future will likely represent creditors of the Debtors in connection with matters unrelated to the Debtors and these cases.

9.      PSZJ represented, represents, and in the future will likely represent creditors' committees in matters unrelated to the Debtors and these cases whose members may be creditors and/or committee members in these cases.

10.     The Firm has represented, represents, and, in the future, will likely represent debtors, creditors' committees, and other parties in cases unrelated to the Debtors and these cases wherein one or more of the firms or professionals involved in these cases representing the Debtors or other parties-in-interest serve as or will serve as professionals in those other cases.

11.     The Firm has not received any retainer or payment from the Debtors or the Committee. Nor has the Firm received any promise of payment in connection with these cases during the one-year period prior to the filing of the Debtors' petitions. No compensation has been paid or promised to be paid from a source other than the Debtors' estates in these cases. No promises have been received by the Firm nor by any attorneys thereof as to compensation in connection with these chapter 11 cases, other than in accordance with the provisions of the Bankruptcy Code. The Firm has no agreement with any other entity to share with such entity any compensation received by the Firm in connection with these cases, except among the partners, of counsel, and associates of the Firm. Neither the Committee nor its members (or any of their representatives) are or will be liable for fees or costs incurred by the Firm in its representation of the Committee.

12.     The Firm intends to apply for compensation for professional services rendered in connection with these cases subject to approval of this Court as stated in the Application, and in compliance with applicable provisions of the Bankruptcy Code, on an hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred by the Firm.  No compensation will be paid to the Firm except upon compliance with the Bankruptcy Code, Bankruptcy Rules, Local Rules, and any other applicable procedures and orders of this Court. The Firm's current standard hourly rates are:

|     |     |     |
|-----|-----|-----|
| a.  | Partners         | $725.00 - $1,395.00 per hour |
| b.  | Of Counsel       | $650.00 - $1,095.00 per hour |
| c.  | Associates       | $575.00 - $695.00 per hour   |
| d.  | Paraprofessionals| $325.00 - $425.00 per hour   |

13.     The hourly rates set forth above are subject to periodic adjustments to reflect economic and other conditions.  PSZJ intends to provide ten (10) business days' notice to the Debtors, the Committee, and the U.S. Trustee before implementing any increases in PSZJ's rates for professionals working on these chapter 11 cases.

14.     It is the Firm's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's case.  The expenses charged to clients include, among other things, telephone and telecopier toll and other charges, mail and express mail charges, special or hand delivery charges, document retrieval, photocopying and scanning charges, charges for mailing supplies (including, without limitation, envelopes and labels) provided by the Firm to outside copying services for use in mass mailings, expenses for "working meals," computerized research, transcription costs, as well as non-ordinary overhead expenses such as secretarial and other overtime.  The Firm will charge the Committee for these expenses in a manner and at rates consistent with charges made generally to the Firm's other

5

clients. The Firm believes that it is fairer to charge these expenses to the clients incurring them than to increase the hourly rates and spread the expenses among all clients.

15.     Subject to Court approval, the Committee may seek to retain various professionals during the pendency of these cases. PSZJ intends to work closely with any such professionals retained by the Committee, to ensure that there is no unnecessary duplication of services performed on behalf of the Committee or charged to the Debtors' estates.

16.     The Firm provides the following responses to the questions set forth in Part D of the *Appendix B Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under United States Code by Attorneys in Larger Chapter 11 Cases* (the "Revised UST Guidelines"):

| Questions Required by Part D1 of Revised UST Guidelines: | Answer: | Further explanation: |
|---|---|---|
| Did you agree to any variations from, or alternatives to, your standard or customary billing arrangements for this engagement? | No. | N/A |
| Do any of the professionals included in this engagement vary their rate based on the geographic location of the bankruptcy case? | No. | N/A |
| If you represented the client in the 12 months prepetition, disclose your billing rates and material financial terms for the prepetition engagement, including any adjustments during the 12 months prepetition. If your billing rates and material financial terms have changed postpetition, explain the difference and reasons for the difference. | N/A | N/A |

6

| Questions Required by Part D1 of Revised UST Guidelines: | Answer: | Further explanation: |
|---|---|---|
| Has your client approved your respective budget and staffing plan, and, if so, for what budget period? | N/A | As Committee counsel, PSZJ anticipates that the budget for Committee professionals will be governed by the terms of the order that may be entered approving the Debtors' motions for use of cash collateral and DIP financing. The Committee and its professionals reserve all rights to seek approval of all Committee professional fees incurred in this case regardless whether they are within the limits set forth in any budget in connection with the cash collateral order. |

17.     PSZJ intends to make a reasonable effort to comply with the UST's requests for information and additional disclosures as set forth in the Revised UST Guidelines, both in connection with the Application and the interim and final fee applications to be filed by PSZJ in these chapter 11 cases.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated:   June 28, 2019                         */s/ Robert J. Feinstein*
                                              Robert J. Feinstein

DOCS_LA:322644.2

# EXHIBIT B

**Declaration of Committee Co-Chairs**

DOCS_LA:322644.2

Robert J. Feinstein, Esq.
Bradford J. Sandler, Esq.
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 34th Floor
New York, NY  10017
Telephone:  (212) 561-7700
Facsimile:  (212) 561-7777
Email:    rfeinstein@pszjlaw.com
          bsandler@pszjlaw.com

Jeffrey N. Pomerantz, Esq. (admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone:  (310) 277-6910
Facsimile:  (310) 201-0760
Email:    jpomerantz@pszjlaw.com

*Proposed Counsel to the Official Committee of Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
:
**In re**                                                    :          **Chapter 11**
:
**HOLLANDER SLEEP PRODUCTS, LLC,** *et al.,*[1] :          **Case No. 19-11608 (MEW)**
:
:          **(Jointly Administered)**
**Debtors.**                              :
-------------------------------------------------------------x

### DECLARATION OF COMMITTEE CO-CHAIRS IN SUPPORT OF APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF THE DEBTORS TO RETAIN AND EMPLOY PACHULSKI STANG ZIEHL & JONES LLP AS COUNSEL *NUNC PRO TUNC* TO MAY 30, 2019

ERIC FENG HUANG and R. STAN HOLLAND, as authorized representatives of the

Committee, declare under penalty of perjury as follows:

1.      I, Eric Feng Huang, am the General Manager of Roind Hometex Co., Ltd.

("RHC").  RHC was elected Co-Chair of the Official Committee of Unsecured Creditors (the

"Committee") appointed in the bankruptcy cases (the "Cases") of the above-captioned debtors

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Dream II Holdings, LLC (7915); Hollander Home Fashions Holdings, LLC (2063); Hollander Sleep Products, LLC (2143); Pacific Coast Feather, LLC (1445); Hollander Sleep Products Kentucky, LLC (4119); Pacific Coast Feather Cushion, LLC (3119); and Hollander Sleep Products Canada Limited (3477). The location of the Debtors' service address is: 901 Yamato Road, Suite 250, Boca Raton, Florida 33431.

(collectively the "Debtors").  I am authorized to submit this declaration (the "Declaration") in support of the *Application of the Official Committee of Unsecured Creditors of the Debtors to Retain and Employ Pachulski Stang Ziehl & Jones LLP as Counsel Nunc Pro Tunc to May 30, 2019* (the "Application") on behalf of the Committee.[2]

2.      I, R. Stan Holland, am the Vice President of Operations Hollander NC IA LLC ("HNI").  HNI was elected Co-Chair of the Committee.  I am authorized to submit this Declaration in support of the Application on behalf of the Committee.

### The Committee's Selection of PSZ&J as Counsel

3.      Pachulski Stang Ziehl & Jones LLP ("PSZJ" or the "Firm") is proposed to serve as counsel to the Committee.  The Committee recognizes that a review process is necessary in managing counsel to ensure that bankruptcy professionals are subject to the same scrutiny and accountability as professionals in non-bankruptcy engagements.  The review process utilized by the Committee here assessed potential committee counsel based on their expertise in the relevant legal issues and in similar proceedings.

4.      On May 30, 2019, the Office of the United States Trustee (the "U.S. Trustee") appointed the Committee pursuant to section 1102 of the Bankruptcy Code.  The Committee consists of: (i) Roind Hometex Co., Ltd.; (ii) Hangzhou Chuangyuan Feather Co., Ltd.; (iii) Hollander NC IA LLC; (iv) Nap Industries, Inc.; and (v) Packaging Corporation of America.

5.      On May 30, 2019, the Committee held a meeting and, among other things, voted to retain the Firm as its counsel, subject to Court approval.  The Committee believes that PSZJ's extensive experience in corporate reorganizations, both out of court and under chapter 11 of the Bankruptcy Code, makes it well qualified to represent the Committee in these Cases in an

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Application.

efficient and timely manner.  Thus, the Committee decided to continue to retain PSZJ as the Committee's counsel during these Cases.

## Rate Structure

6.    In our capacities as Committee Co-Chairs, we are responsible for supervising counsel.  PSZJ has informed the Committee that its rates are consistent between bankruptcy representations, including related transactional and litigation services.  PSZJ has informed the Committee that its current hourly rates apply to non-bankruptcy services, if any, provided by the Firm, unless a contingent fee, mixed contingent fee, flat fee, or blended rate arrangement is agreed upon.  The Firm does not maintain separate departments devoted to other legal practices different from the bankruptcy and insolvency areas.  The Firm therefore does not have different billing rates and terms for non-bankruptcy engagements that can be compared to the billing rates and terms for the Committee's engagement of PSZJ.

## Cost Supervision

7.    We further recognize that it is the Committee's responsibility to closely monitor the billing practices of their professionals to ensure the fees and expenses paid by the estates remain consistent with the Committee's expectations and the exigencies of the Cases.  The Committee will continue to review the invoices that PSZJ regularly submits.

[*remainder of page intentionally left blank*]

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Date: June 28, 2019

**THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF HOLLANDER SLEEP PRODUCTS, LLC,** *et al.*

Roind Hometex Co., Ltd.
By:  Eric Feng Huang

Solely in its capacity as Co-Chair of the Official Committee of Unsecured Creditors of Hollander Sleep products, LLC, *et al.*, and not in any other capacity

Hollander NC IA LLC
By:  R. Stan Holland

Solely in its capacity as Co-Chair of the Official Committee of Unsecured Creditors of Hollander Sleep Products, LLC, *et al.*, and not in any other capacity

# EXHIBIT C

## Proposed Order

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x

|  |  |  |
|---|---|---|
| In re | : | **Chapter 11** |
|  | : |  |
| **HOLLANDER SLEEP PRODUCTS, LLC, *et al.*,**[1]: | | **Case No. 19-11608 (MEW)** |
|  | : |  |
|  | : | **(Jointly Administered)** |
| Debtors. | : |  |

---------------------------------------------------------------x

## ORDER AUTHORIZING AND APPROVING THE EMPLOYMENT OF PACHULSKI STANG ZIEHL & JONES LLP AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF THE DEBTORS *NUNC PRO TUNC* TO MAY 30, 2019

Upon consideration of the *Application of the Official Committee of Unsecured Creditors of the Debtors to Retain and Employ Pachulski Stang Ziehl & Jones LLP as Counsel Nunc Pro Tunc to May 30, 2019* (the "Application"),[2] pursuant to sections 328(a) and 1103(a) Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local Rules"), for an order authorizing and approving the retention and employment of Pachulski Stang Ziehl & Jones LLP ("PSZJ") as counsel for the Official Committee of Unsecured Creditors (the "Committee") of the above-captioned debtors (collectively, the "Debtors") in these chapter 11 cases; and upon consideration of the declarations of Robert J. Feinstein and Committee Co-Chairs in support of the Application filed by the Committee; and the Court having jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. § 1334;

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Dream II Holdings, LLC (7915); Hollander Home Fashions Holdings, LLC (2063); Hollander Sleep Products, LLC (2143); Pacific Coast Feather, LLC (1445); Hollander Sleep Products Kentucky, LLC (4119); Pacific Coast Feather Cushion, LLC (3119); and Hollander Sleep Products Canada Limited (3477). The location of the Debtors' service address is: 901 Yamato Road, Suite 250, Boca Raton, Florida 33431.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Application.

and consideration of the Application and the relief requested therein being a core proceeding

pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C.

§§ 1408 and 1409; and it appearing that the relief requested in the Application is in the best

interests of the Debtors' estates, their creditors, and other parties in interest; and it appearing that

no other or further notice need be provided; and no objections to the Application having been

filed; and after due deliberation and sufficient cause appearing therefor,

<strong>IT IS HEREBY ORDERED THAT</strong>:

1.      The Application is **GRANTED**.

2.      The Committee is authorized to retain and employ PSZJ as counsel to the

Committee nunc pro tunc to May 30, 2019.  Subject to Court approval, PSZJ may be

compensated for services rendered and reimbursed for expenses incurred beginning on May 30,

2019.

3.      PSZJ shall apply for compensation for professional services rendered and

reimbursement of expenses incurred in connection with the Debtors' cases as set forth in the

Application and in compliance with the applicable provisions of the Bankruptcy Code, the

Bankruptcy Rules, the Local Rules, and any other applicable procedures and orders of this Court.

4.      Before implementing any increases in PSZJ's rates for professionals working on

these cases, PSZJ shall provide ten (10) business days' notice to the Debtors, the Committee, and

the U.S. Trustee.  The U.S. Trustee retains all rights to object to any rate increases on all grounds

including, but not limited to, the reasonableness standard provided for in section 330 of the

Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section

330 of the Bankruptcy Code.

2

5.      The Committee and PSZJ are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

6.      PSZJ is authorized to sign and file electronically all notices, orders, motions, applications and other requests for relief, all briefs, memoranda, affidavits, declarations, replies and other documents filed in support of such documents and all objections and responses related to any such documents filed by any party in these chapter 11 cases.

7.      The Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: _____, 2019

                                _____
                                THE HONORABLE MICHAEL E. WILES
                                UNITED STATES BANKRUPTCY JUDGE

3