Presentment Date:  July 9, 2019 at 12:00 p.m. Eastern Time
Objection Date:  July 8, 2019 at 4:00 p.m. Eastern

Robert J. Feinstein, Esq.
Bradford J. Sandler, Esq.
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 34th Floor
New York, NY  10017
Telephone:  (212) 561-7700
Facsimile:  (212) 561-7777
Email:    rfeinstein@pszjlaw.com
          bsandler@pszjlaw.com

Jeffrey N. Pomerantz, Esq. (admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone:  (310) 277-6910
Facsimile:  (310) 201-0760
Email:    jpomerantz@pszjlaw.com

*Proposed Counsel to the Official Committee of Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| HOLLANDER SLEEP PRODUCTS, LLC, *et al.*, [1] | Case No. 19-11608 (MEW) |
| Debtors. | (Jointly Administered) |

**NOTICE OF PRESENTMENT OF APPLICATION FOR ORDER**
**AUTHORIZING EMPLOYMENT AND RETENTION OF ALVAREZ & MARSAL**
**NORTH AMERICA, LLC AS FINANCIAL ADVISOR TO THE OFFICIAL**
**COMMITTEE OF UNSECURED CREDITORS *NUNC PRO TUNC* TO MAY 30, 2019**

**PLEASE TAKE NOTICE** that upon the *Application for Order Authorizing*

*Employment and Retention of Alvarez & Marsal North America, LLC as Financial Advisor to the*

*Official Committee of Unsecured Creditors Nunc Pro Tunc to May 30, 2019* (the "Application")

the Official Committee of Unsecured Creditors appointed in the above-captioned chapter 11

cases will present to the Honorable Michael E. Wiles, United States Bankruptcy Judge, for

signature, on **July 9, 2019 at 12:00 p.m. (Eastern Time)**, the proposed *Order Authorizing*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: Dream II Holdings, LLC (7915); Hollander Home Fashions Holdings, LLC (2063); Hollander Sleep Products, LLC (2143); Pacific Coast Feather, LLC (1445); Hollander Sleep Products Kentucky, LLC (4119); Pacific Coast Feather Cushion, LLC (3119); and Hollander Sleep Products Canada Limited (3477). The location of the Debtors' service address is: 901 Yamato Road, Suite 250, Boca Raton, Florida 33431.

*Retention and Employment of Alvarez & Marsal North America, LLC as Financial Advisor Nunc Pro Tunc to May 30, 2019* attached to the Application as **Exhibit A**.

**PLEASE TAKE FURTHER NOTICE** that any responses or objections ("Objections") to the Application shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York, shall be filed with the Bankruptcy Court (a) by attorneys practicing in the Bankruptcy Court, including attorneys admitted *pro hac vice*, electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov), and (b) by all other parties in interest, on a CD-ROM, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable, and shall be served in accordance with General Order M-399 so as to be filed and received no later than **July 8, 2019 at 4:00 p.m. (Eastern Time)** (the "Objection Deadline").

**PLEASE TAKE FURTHER NOTICE** that if an Objection to the Application is not received by the Objection Deadline, the relief requested shall be deemed unopposed, and the Bankruptcy Court may enter an order granting the relief sought without a hearing.

Dated:   June 28, 2019

*/s/ Robert J. Feinstein*
Robert J. Feinstein, Esq.
Bradford J. Sandler, Esq.
Jeffrey N. Pomerantz, Esq.
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 34th Floor
New York, NY  10017
Telephone:  (212) 561-7700
Facsimile:  (212) 561-7777

*Proposed Counsel to the Official Committee of Unsecured Creditors*

2

Robert J. Feinstein, Esq.
Bradford J. Sandler, Esq.
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 34th Floor
New York, NY  10017
Telephone:  (212) 561-7700
Facsimile:  (212) 561-7777
Email:    rfeinstein@pszjlaw.com
            bsandler@pszjlaw.com

Jeffrey N. Pomerantz, Esq. (admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone:  (310) 277-6910
Facsimile:  (310) 201-0760
Email:    jpomerantz@pszjlaw.com

*Proposed Counsel to the Official Committee of Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| HOLLANDER SLEEP PRODUCTS, LLC, *et al.*, [1] | Case No. 19-11608 (MEW) |
| Debtors. | (Jointly Administered) |

### APPLICATION FOR ORDER AUTHORIZING EMPLOYMENT AND RETENTION OF ALVAREZ & MARSAL NORTH AMERICA, LLC AS FINANCIAL ADVISOR TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS *NUNC PRO TUNC* TO MAY 30, 2019

The Official Committee of Unsecured Creditors (the "<u>Committee</u>") appointed in the

chapter 11 cases of the above-captioned debtors and debtors in possession (collectively, the

"<u>Debtors</u>") hereby submits this application (the "<u>Application</u>") for entry of an order pursuant to

sections 328 and 1103 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), authorizing

the employment and retention of Alvarez & Marsal North America, LLC (together with its

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: Dream II Holdings, LLC (7915); Hollander Home Fashions Holdings, LLC (2063); Hollander Sleep Products, LLC (2143); Pacific Coast Feather, LLC (1445); Hollander Sleep Products Kentucky, LLC (4119); Pacific Coast Feather Cushion, LLC (3119); and Hollander Sleep Products Canada Limited (3477). The location of the Debtors' service address is: 901 Yamato Road, Suite 250, Boca Raton, Florida 33431.

affiliates' and wholly owned subsidiaries' respective agents, independent contractors, and employees, "<u>A&M</u>"), as financial advisor to the Committee, effective as of May 30, 2019. In support of this Application, the Committee relies on the declaration of Mark Greenberg (the "<u>Greenberg Declaration</u>"), attached hereto as **Exhibit B**, and incorporated herein by reference and respectfully states as follows:

## JURISDICTION

1.      This Court has jurisdiction to consider this Application pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory and legal predicates for the relief requested herein are sections 328(a) and 1103 of the Bankruptcy Code (as defined below), rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), and rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the Southern District of New York (the "<u>Local Rules</u>").

## BACKGROUND

2.      On May 19, 2019 (the "<u>Petition Date</u>"), each of the Debtors filed a voluntary petition for relief pursuant to chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York (the "<u>Court</u>").

3.      The Debtors continue to operate their business as debtors-in-possession pursuant to Bankruptcy Code sections 1107(a) and 1108. No request has been made for the appointment of a trustee or an examiner.

4.      On May 30, 2019 (the "<u>Formation Date</u>"), the United States Trustee for the Southern District of New York (the "<u>U.S. Trustee</u>") appointed the Committee pursuant to Bankruptcy Code section 1102. The notice of appointment of the Committee [Docket No. 61] was filed on May 30, 2019.

5.      On May 30, 2019, the Committee selected A&M to provide financial advisory services to the Committee.

## RELIEF REQUESTED

6.      By this Application, the Committee requests entry of an order, in the form attached hereto as **Exhibit A**, pursuant to sections 328 and 1103(a) of the Bankruptcy Code and Bankruptcy Rule 2014(a), approving the employment and retention of A&M as financial advisor to the Committee in these chapter 11 cases.

7.      The Committee requests that A&M's retention be approved nunc pro tunc to May 30, 2019.

8.      The Committee is familiar with the professional standing and reputation of A&M. The Committee understands and recognizes that A&M has a wealth of experience in providing financial advisory services in restructurings and reorganizations and enjoys an excellent reputation for services it has rendered in chapter 11 cases on behalf of debtors and creditors.

9.      The services of A&M are deemed necessary to enable the Committee to assess and monitor the efforts of the Debtors and their professional advisors to maximize the value of their estates and to reorganize successfully. Further, A&M is well qualified and able to represent the Committee in a cost-effective, efficient, and timely manner.

## SCOPE OF SERVICES

10.     The Committee and A&M arrived at a mutual agreement as to the substantial efforts that will be required in this engagement as described herein. Subject to further order of the Court, A&M will provide such advisory services to the Committee and its legal advisors as A&M and the Committee deem appropriate and feasible over the course of these chapter 11 cases, including but not limited to the following:

(a)     Assist in the assessment and monitoring of cash flow budgets, liquidity and operating results;

(b)     Assist in the review of Court disclosures, including the Schedules of Assets and Liabilities, the Statements of Financial Affairs, Monthly Operating Reports, and Periodic Reports;

(c)     Assist in the review of the Debtors' cost/benefit evaluations with respect to the assumption or rejection of executory contracts and/or unexpired leases;

(d)     Assist in the analysis of any assets and liabilities and any proposed transactions for which Court approval is sought;

(e)     Assist in the review of the Debtors' proposed key employee retention plan and key employee incentive plan;

(f)     Attend meetings with the Debtors, the Debtors' lenders and creditors, potential investors, the Committee and any other official committees organized in these chapter 11 cases, the U.S. Trustee, other parties in interest, and professionals hired by the same, as requested;

(g)     Assist in the review of any tax issues;

(h)     Assist in the investigation and pursuit of avoidance actions;

(i)     Assist in the review of the claims reconciliation and estimation process;

(j)     Assist in the review of the Debtors' business plan;

(k)     Assist in the review of the sales or dispositions of the Debtors' assets, including allocation of sale proceeds;

(l)     Monitor other insolvency proceedings in other jurisdictions related to the Debtors and their subsidiaries

(m)     Assist in the review and/or preparation of information and analysis necessary for the confirmation of a plan in these chapter 11 cases; and

(n)     Render such other general business consulting or such other assistance as the Committee or its counsel may deem necessary, consistent with the role of a financial advisor and not duplicative of services provided by other professionals in these chapter 11 cases.

11.     In order for A&M to perform the services set forth above, it will be necessary for A&M personnel to have access to certain books, records and reports of the Debtors and to have discussions with the Debtors' personnel.  Accordingly, the Committee understands

DOCS_SF:101387.2

that, to the extent A&M is not given the Debtors' cooperation or access to the Debtors' personnel, books and records and other sources of data, A&M's ability to provide the services set forth above will be limited.

12.     Because of the limitations in this proposed retention, the depth of A&M's analysis and verification of the data are limited.  It is understood by the Committee that A&M is not being requested to perform an audit and that A&M will rely on the accuracy and validity of the data disclosed to A&M or supplied to A&M by, or on behalf of, employees and representatives of the Debtors or the Committee.  A&M is not updating, nor is A&M under any obligation to update, data submitted to A&M.

13.     The Committee understands that the services to be rendered may include a review and assessment of projections and other forward-looking statements and that numerous factors can affect the actual results of the Debtors' operations, which may materially and adversely differ from those projections and other forward-looking statements.

14.     All advice (written or oral) provided by A&M to the Committee in connection with this engagement is intended solely for the benefit and use of the Committee in considering the matters to which this engagement relates.

15.     From time to time, A&M may utilize the services of the employees of its affiliates in the performance of services hereunder.  Such affiliates are wholly-owned by A&M's parent company and certain employees.

## PROFESSIONAL COMPENSATION

16.     The Committee has agreed to the following compensation, in addition to certain indemnification obligations described below, for the services to be provided by A&M in these chapter 11 cases:

- 5 -

(a)    <u>Hourly Rates:</u> A&M will be paid by the Debtors for the services of A&M professionals at the following hourly rates, subject to periodic adjustments:

        a.   Managing Directors       $875-$1,100

        b.   Directors       $675-$850

        c.   Associates       $525-$650

        d.   Analysts       $400-$475

(b)    <u>Expense Reimbursement:</u>    A&M will be reimbursed for reasonable expenses incurred in connection with this engagement such as travel, lodging, third party duplication, messenger and telephone charges; reasonable expenses include any reasonable legal fees incurred for A&M's defense of its retention application and fee applications submitted in these chapter 11 cases, subject to Court approval.

17.    The proposed order provides that A&M shall file applications for interim and final allowance of compensation and reimbursement of expenses pursuant to the procedures set forth in Bankruptcy Code sections 330 and 331, such Bankruptcy Rules as may then be applicable, and any applicable orders and procedures of this Court, including the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* (the "<u>Interim Compensation Order</u>") [Docket No.48].

## **<u>INDEMNIFICATION PROVISIONS</u>**

18.    The Committee has agreed that neither A&M nor any of its agents, representatives, members, or employees shall have any liability, whether direct or indirect, in contract or tort or otherwise, to the Committee for or in connection with the engagement of A&M contemplated hereunder except for any such liability for losses, claims, damages or liabilities incurred by the Committee that are finally judicially determined by this Court to have resulted from the gross negligence or willful misconduct of A&M.

19.    As part of the overall compensation payable to A&M, subject to paragraphs 21 and 22 below and the terms of the order approving this Application (the "Order"), the

DOCS_SF:101387.2

Committee has agreed to request that the Court approve the Debtors' obligation to indemnify, defend and hold harmless A&M and its affiliates and their respective personnel ("Indemnified Parties") for any claims arising from, related to, or in connection with A&M's engagement and to request that this Court enter an order approving such indemnification obligation.

20.    In addition, subject to paragraphs 21 and 22 below, in the event that, at any time whether before or after termination of the engagement, as a result of or in connection with A&M's engagement and its personnel's role hereunder, A&M or any Indemnified Party is required to produce any of its personnel (including former employees) for examination, deposition or other written, recorded or oral presentation, or A&M or any of its personnel (including former employees) or any other Indemnified Party is required to produce or otherwise review, compile, submit, duplicate, search for, organize or report on any material within such Indemnified Party's possession or control pursuant to a subpoena or other legal (including administrative) process, the Committee requests that the Court approve the Debtors' obligation to reimburse A&M for its or such Indemnified Party's out of pocket expenses, including the reasonable fees and expenses of counsel, and to compensate A&M for the time expended by its personnel based on such personnel's then current hourly rate. Both the Committee and A&M believe that the provisions in paragraphs 18 and 19 above are customary and reasonable for financial advisory engagements in chapter 11 cases.

21.    The Debtors shall have no obligation to indemnify A&M for any claim or expense that is either (i) judicially determined (the determination having become final) to have arisen primarily from A&M's bad faith, gross negligence or willful misconduct, or (ii) settled prior to a judicial determination as to A&M's bad faith, gross negligence or willful misconduct but

determined by this Court, after notice and a hearing pursuant to paragraph 22 below, to be a claim or expense for which A&M is not entitled to receive indemnity under the terms of this Application.

22.    If, before the earlier of (i) entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal) and (ii) the entry of an order closing these Chapter 11 Cases, A&M believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations described above, including, without limitation, the advancement of defense costs, A&M must file an application with this Court, and the Debtors may not pay any such amounts to A&M before the entry of an order by this Court approving the payment. This paragraph 22 is intended only to specify the period of time under which the court shall have jurisdiction over any request for fees and expenses by A&M for indemnification, contribution or reimbursement and not a provision limiting the duration of the Debtors' obligation to indemnify A&M.

23.    Because A&M and its professional service provider affiliates and subsidiaries comprise a consulting firm (the "Firm") that serves clients on an international basis in numerous cases, both in and out of court, it is possible that the Firm may have rendered or will render services to, or have business associations with, other entities or people which had or have or may have relationships with the Committee members. The Firm will not be prevented or restricted by virtue of providing the services under this Agreement from providing services to other entities or individuals, including entities or individuals whose interests may be in competition or conflict with the Committee members, provided the Firm makes appropriate arrangements to ensure that the confidentiality of information is maintained.

## NO DUPLICATION OF SERVICES

24.     The Committee believes that the services provided by A&M will not duplicate the services that other professionals will be providing to the Committee in these chapter 11 cases.  Specifically, A&M will carry out unique functions and will use reasonable efforts to coordinate with the Committee, and the other professionals retained in these chapter 11 cases to avoid the unnecessary duplication of services.

## A&M'S RELATIONSHIPS AND CONFLICTS DISCLOSURES

25.     The Committee believes that A&M has no connection with the Debtors, their creditors, or other parties in interest, except as otherwise set forth in the Greenberg Declaration.  Pursuant to Bankruptcy Code section 1103(b), the Committee believes that, except as set forth in the Greenberg Declaration, A&M does not represent any other entity having an adverse interest in connection with the chapter 11 cases.

26.     A&M has conducted, and will conduct, an ongoing review of its files to ensure that no conflicts or other disqualifying circumstances exist or arise.  If any new material facts or relationships are discovered, A&M will supplement its disclosure to this Court.

27.     A&M has agreed not to share with any person or firm the compensation to be paid for professional services rendered in connection with these cases.

## APPLICABLE AUTHORITY

28.     The Committee submits that the retention of A&M under the terms described herein is appropriate under sections 1103(a) and 328(a) of the Bankruptcy Code.

29.     Section 1103(a) of the Bankruptcy Code provides, in relevant part, that a creditors' committee, with the Court's approval, "may select and authorize the employment by such committee of one or more attorneys, accountants, or other agents, to represent or perform services for such committee." 11 U.S.C. § 1103(a). Bankruptcy Rule 2014 provides, in relevant

- 9 -

part, that "[a]n order approving the employment of . . . professionals pursuant to . . . § 1103 . . . of

the Code shall be made only on application of the trustee or committee." Fed. R. Bankr. P. 2014(a).

18. Section 328(a) of the Bankruptcy Code provides, in relevant part, that a creditors' committee:

> may employ or authorize the employment of a professional person
> under section 327 or 1103 of this title, as the case may be, on any
> reasonable terms and conditions of employment, including on a
> retainer, on an hourly basis, on a fixed or percentage fee basis, or on
> a contingent fee basis. Notwithstanding such terms and conditions,
> the court may allow compensation different from the compensation
> provided under such terms and conditions after the conclusion of
> such employment, if such terms and conditions prove to have been
> improvident in light of developments not capable of being
> anticipated at the time of fixing such terms and conditions.

11 U.S.C. § 328(a). Local Bankruptcy Rule 2014-1 provides, in relevant part, "[a]n application for

the employment of a professional person pursuant to sections 327 and 328 of the Bankruptcy Code

shall state the specific facts showing the reasonableness of the terms and conditions of the

employment, including the terms of any retainer, hourly fee or contingent fee arrangement."

30.     The Committee submits that the terms and conditions of A&M's retention

as described herein, including the proposed fee structure and indemnification terms, are reasonable

and in line with the terms and conditions typical for engagements of this size and character.

Because the Committee will require substantial assistance with the bankruptcy process, it is

reasonable for the Committee to seek to employ and retain A&M to serve as its financial advisor

on the terms and conditions set forth herein.

## NO PRIOR REQUEST

31.     No prior application for the relief requested herein has been made to this or

any other court.

## NOTICE

32.     Notice of this Application has been given to the following parties, or their counsel, if known: (i) the Debtors and their counsel; (ii) holders of the 50 largest unsecured claims against the Debtors (on a consolidated basis); (iii) counsel to the administrative agent for the Debtors' term loan facility, King & Spalding LLP, Attn: Austin Jowers and Stephen M. Blank; (iv) counsel to the administrative agent for the Debtors' revolving loan credit facility, Goldberg Kohn Ltd., Attn: Randall Klein ;(v) the Office of the United States Trustee for the Southern District of New York, 201 Varick Street, Room 1006, New York, New York, 10014, Attn: Shannon Scott; (vi) the United States Attorney's Office for the Southern District of New York; (vii) the Internal Revenue Service; (viii) the office of the attorneys general for the states in which the Debtors operate; (ix)  the Securities and Exchange Commission; and (x) any party that has requested notice pursuant to Bankruptcy Rule 2002.  The Committee submits that no other or further notice need be provided.

## CONCLUSION

WHEREFORE, the Committee respectfully requests that the Court enter an order granting the relief requested herein and such other and further relief as the Court deems just and proper.

[*remainder of page intentionally left blank*]

- 11 -

Date: June 28, 2019

**THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS OF HOLLANDER
SLEEP PRODUCTS, LLC,** *et al.*

Roind Hometex Co., Ltd.
By:  Eric Feng Huang

Solely in its capacity as Co-Chair of the Official
Committee of Unsecured Creditors of Hollander
Sleep products, LLC, *et al.*, and not in any other
capacity

Hollander NC IA LLC
By:  R. Stan Holland

Solely in its capacity as Co-Chair of the Official
Committee of Unsecured Creditors of Hollander
Sleep Products, LLC, *et al.*, and not in any other
capacity

Filed By:

**PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ Robert J. Feinstein*
Robert J. Feinstein
Bradford J. Sandler
Jeffrey N. Pomerantz, Esq.
780 Third Avenue, 34th Floor
New York, NY  10017
Telephone:  (212) 561-7700
Facsimile:  (212) 561-7777
Email:    rfeinstein@pszjlaw.com
              bsandler@pszjlaw.com
              jpomerantz@pszjlaw.com

*Proposed Counsel to the Official Committee of Unsecured Creditors*

**Exhibit A**
**(Proposed Order)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| HOLLANDER SLEEP PRODUCTS, LLC, *et al.*, [1] | Case No. 19-11608 (MEW) |
| Debtors. | (Jointly Administered) |

### ORDER AUTHORIZING EMPLOYMENT AND
### RETENTION OF ALVAREZ & MARSAL NORTH AMERICA, LLC AS
### FINANCIAL ADVISOR *NUNC PRO TUNC* TO MAY 30, 2019

Upon the application (the "Application")[2] of the Official Committee of Unsecured

Creditors (the "Committee") appointed in the chapter 11 cases of the above-captioned debtors and

debtors in possession (collectively, the "Debtors"), for entry of an order pursuant to sections 328,

and 1103 of title 11 of the United States Code (the "Bankruptcy Code"), authorizing the

employment and retention of Alvarez & Marsal North America, LLC (together with its and its

affiliates' and wholly owned subsidiaries' respective agents, independent contractors, and

employees, "A&M"), as financial advisor to the Committee, effective as of May 30, 2019; and

upon the Greenberg Declaration; and due and adequate notice of the Application having been given;

and it appearing that no other notice need be given; and it appearing that A&M does not represent

any adverse interest in connection with these cases; and it appearing that the relief requested in the

Application is in the best interest of the Committee; it is hereby ORDERED that:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: Dream II Holdings, LLC (7915); Hollander Home Fashions Holdings, LLC (2063); Hollander Sleep Products, LLC (2143); Pacific Coast Feather, LLC (1445); Hollander Sleep Products Kentucky, LLC (4119); Pacific Coast Feather Cushion, LLC (3119); and Hollander Sleep Products Canada Limited (3477). The location of the Debtors' service address is: 901 Yamato Road, Suite 250, Boca Raton, Florida 33431.

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Application.

1.      The Committee is authorized to retain and employ A&M *nunc pro* tunc to May 30, 2019, as its financial advisor on the terms set forth in the Application without the need for any further action on the part of A&M or the Committee to document such retention.

2.      The terms of A&M's engagement, as set forth in the Application, including, without limitation, the compensation provisions and the indemnification provisions, are reasonable terms and conditions of employment and are hereby approved. However, any of the Debtors' obligations to indemnify A&M are subject to the following:

> (a) all requests by A&M for the payment of indemnification as set forth in this Order shall be made by means of an application to the Court and shall be subject to review by the Court to ensure that payment of such indemnity conforms to the terms of the Application and this Order and is reasonable under the circumstances of the litigation or settlement in respect of which indemnity is sought; provided, however, that in no event shall A&M be indemnified in the case of its own bad faith, breach of fiduciary duty (if any), gross negligence or willful misconduct (including self-dealing);

> (b) in no event shall A&M be indemnified if the Debtors or a representative of the estate, asserts a claim for, and a court determines by final order (which final order is no longer subject to appeal) that such claim arose out of A&M's own bad faith, self-dealing, breach of fiduciary duty, gross negligence or willful misconduct; and

> (c) in the event A&M seeks reimbursement from the Debtors for attorneys' fees and expenses in connection with the payment of an indemnity claim pursuant to this Order, the invoices and supporting time records from such attorneys shall be included in A&M's own applications, both interim and final, and such invoices and time records shall be subject to the United States Trustee's Guidelines for compensation and reimbursement of expenses and the approval of the Court pursuant to sections 330 and 331 of the Bankruptcy Code without regard to whether such attorneys have been retained under section 327 of the Bankruptcy Code and without regard to whether such attorneys' services satisfy section 330(a)(3)(C) of the Bankruptcy Code.

3.      A&M shall file applications for interim and final allowance of compensation and reimbursement of expenses pursuant to the procedures set forth in Bankruptcy

DOCS_SF:101387.2

Code sections 330 and 331, such Bankruptcy Rules as may then be applicable, and any applicable

orders and procedures of this Court, including the Interim Compensation Order.

4.      To the extent that there may be any inconsistency between the terms of the

Application and this Order, the terms of this Order shall govern.

5.      The Committee is authorized to take all actions it deems necessary to

effectuate the relief granted pursuant to this Order in accordance with the Application.

6.      The terms and conditions of this Order shall be immediately effective and

enforceable upon its entry.

7.      This Court shall retain jurisdiction with respect to all matters arising or

related to the implementation of this Order or A&M's services for the Committee.

Dated: _____, 2019


_____
HONORABLE MICHAEL E. WILES
UNITED STATES BANKRUPTCY JUDGE

DOCS_SF:101387.2

**Exhibit B**
**(Declaration)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| HOLLANDER SLEEP PRODUCTS, LLC, *et al.*, [1] | Case No. 19-11608 (MEW) |
| Debtors. | (Jointly Administered) |

**DECLARATION IN SUPPORT OF APPLICATION FOR ORDER**
**AUTHORIZING EMPLOYMENT AND RETENTION OF ALVAREZ & MARSAL**
**NORTH AMERICA, LLC AS FINANCIAL ADVISOR TO THE OFFICIAL**
**COMMITTEE OF UNSECURED CREDITORS *NUNC PRO TUNC* TO MAY 30, 2019**

Pursuant to Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

Rules"), I, Mark Greenberg, declare under penalty of perjury that:

1.       I am a Managing Director with Alvarez & Marsal North America, LLC

(together with its and its affiliates' wholly owned subsidiaries' respective agents, independent

contractors and employees "A&M"), a financial advisory services firm with numerous offices

throughout the country.  I submit this Declaration on behalf of A&M (this "Declaration") in

support of the application (the "Application") of the Official Committee of Unsecured Creditors

(the "Committee") of Hollander Sleep Products, LLC and its affiliated debtors and debtors in

possession (collectively, the "Debtors"), for an order authorizing the employment and retention of

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: Dream II Holdings, LLC (7915); Hollander Home Fashions Holdings, LLC (2063); Hollander Sleep Products, LLC (2143); Pacific Coast Feather, LLC (1445); Hollander Sleep Products Kentucky, LLC (4119); Pacific Coast Feather Cushion, LLC (3119); and Hollander Sleep Products Canada Limited (3477). The location of the Debtors' service address is: 901 Yamato Road, Suite 250, Boca Raton, Florida 33431.

A&M as financial advisor under the terms and conditions set forth in the Application.[2] Except as otherwise noted, I have personal knowledge of the matters set forth herein.[3]

## DISINTERESTEDNESS AND ELIGIBILITY

2.      A&M, together with its professional service provider affiliates (the "Firm"), utilize certain procedures to determine the Firm's relationships, if any, to the parties that may have a connection to the Debtors. In implementing the Firm procedures, the following actions were taken to identify the Firm's relationships with such parties:

(a) In connection with the preparation of this Declaration, A&M requested and obtained from the Debtors the list of potentially interested parties in the Debtors' Chapter 11 cases. The Debtors provided A&M with a list categorized as follows: Company Entities, Directors & Officers; Counterparties to Significant Executory Contracts; Customers; Landlords; Lenders and Sponsors; Professionals; Shareholders; Taxing Authorities; U.S. Trustee, Judges, and Court Contacts for the Southern District of New York; and Top 50 General Unsecured Creditors; which list is attached as **Exhibit 1** hereto (the "Potential Parties in Interest").

(b) A&M then compared the names of each of the Potential Parties in Interest to the names in its master electronic database of the Firm's current and recent clients (the "Client Database").  The Client Database generally includes the name of each client of the Firm, the name of each party who is or was known to be adverse to the client of the Firm in connection with the matter in which the Firm is representing such client, the name of each party that has, or

---

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Application.

[3] Certain of the disclosures herein relate to matters within the personal knowledge of other professionals at A&M and are based on information provided by them.

had, a substantial role with regard to the subject matter of the Firm's retention, and the names of the Firm professionals who are, or were, primarily responsible for matters for such clients.

(c) An email was issued to all Firm professionals requesting disclosure of information regarding: (i) any known personal connections between the respondent and/or the Firm on the one hand, and certain significant Potential Parties in Interest or the Debtors, on the other hand,[4] (ii) any known connections or representation by the respondent and/or the Firm of any of those Potential Parties in Interest in matters relating to the Debtors; and (iii) any other conflict or reason why A&M may be unable to represent the Committee.

(d) Based on such review, known connections between the Firm and the Potential Parties in Interest were compiled for purposes of preparing this Declaration. These connections are listed in **Exhibit 2** annexed hereto.

3.      Based on the results of its review, A&M does not have a relationship with any of the parties on **Exhibit 1** in connection with these proceedings except as otherwise described below.

4.      In addition to the relationships described on **Exhibit 2**, we note the following: Wells Fargo Bank, National Association ("WFBNA") together with certain of its affiliates (collectively, "Wells Fargo") is a Potential Party in Interest. Under a credit facility (the "Credit Facility") to A&M's parent company Alvarez & Marsal Holdings, LLC ("A&M

---

[4] In reviewing its records and the relationships of its professionals, A&M did not seek information as to whether any A&M professional or member of his/her immediate family: (a) indirectly owns, through a public mutual fund or through partnerships in which certain A&M professionals have invested but as to which such professionals have no control over or knowledge of investment decisions, securities of the Debtors or other parties in interest; or (b) has engaged in any ordinary course consumer transaction with any party in interest. If any such relationship does exist, I do not believe it would impact A&M's disinterestedness or otherwise give rise to a finding that A&M holds or represents an interest adverse to the Debtors' estate. It is also noted that in the course of our review it came to A&M's attention that A&M personnel hold de minimis investments, representing not more than 0.01% of the equity interests in the related entity, in various parties in interest, including but not limited to Target, Walmart and Wells Fargo.

Holdings"): WFBNA is administrative agent, swingline lender and issuing lender, and Wells Fargo

Securities, LLC is a joint lead arranger and joint book runner. In addition to the receipt of interest

in its capacity as a lender under the Credit Facility, Wells Fargo has received certain customary

and negotiated fees and reimbursement of expenses in connection with its role under the Credit

Facility.

5.      A&M has provided and reasonably expects to continue to provide services

unrelated to the Debtors' cases for the various entities shown on **Exhibit 2**.  Except as otherwise

described herein, A&M's assistance to these parties has been, and will be, related to providing

various business advisory, performance improvement, financial restructuring, interim

management, litigation support, investigatory or other consulting services in matters unrelated to

the Debtors' Chapter 11 cases.  To the best of my knowledge, no services adverse to the rights of

the Committee have been provided to these parties in interest, nor does A&M's involvement in

these cases compromise its ability to continue such consulting services.

6.      Further, as part of its diverse practice, A&M appears in numerous cases,

proceedings and transactions that involve many different professionals, including attorneys,

accountants and financial consultants, who may represent claimants and parties-in-interest in the

Debtors' cases.  Also, A&M has performed in the past, and may perform in the future, advisory

services for various attorneys and law firms, and has been represented by several attorneys, law

firms and financial institutions, some of whom may be involved in these proceedings.  In addition,

A&M has in the past, currently is, and will likely in the future be working with or against other

professionals involved in these cases in matters unrelated to the Debtors' Chapter 11 cases.  Based

on our current knowledge of the professionals involved, and to the best of my knowledge, none of

- 4 -

these relationships create any interest materially adverse to the Committee herein in matters upon which A&M is to be employed, and none are in connection with these cases.

7.      A&M is not believed to be a "Creditor" with respect to fees and expenses of any of the Debtors within the meaning of Section 101(10) of the Bankruptcy Code.  Further, neither I nor any other member of the A&M engagement team serving this Committee, to the best of my knowledge, is a holder of any outstanding debt instruments or shares of the Debtors' stock.

8.      To the best of my knowledge, A&M does not have any connection with the employees within the U.S. Trustee's office in this District.

9.      To the best of my knowledge, A&M does not represent any other entity having an interest adverse to the Committee in connection with this case, and therefore believes it is eligible to represent the Committee under section 1103(b) of the Bankruptcy Code.

## <u>PROFESSIONAL COMPENSATION</u>

10.     A&M will apply to the Court for allowances of compensation and reimbursement of expenses for its financial advisory support services in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, corresponding Local Rules, orders of this Court and guidelines established by the Office of the United States Trustee.

11.     According to A&M's books and records, during the ninety-day period prior to the Debtors' petition date, A&M performed no professional services or incurred any reimbursable expenses on behalf of the Debtors.

12.     To the best of my knowledge, (a) no commitments have been made or received by A&M with respect to compensation or payment in connection with these cases other than in accordance with the provisions of the Bankruptcy Code and (b) A&M has no agreement

with any other entity to share with such entity any compensation received by A&M in connection with these Chapter 11 cases.

Pursuant to 28 U.S.C. § 1746, I declare under the penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Dated: June 28, 2019

Mark Greenberg
Managing Director

- 6 -

**Exhibit 1**
**Potential Parties in Interest**

**Company Entities**
Dream II Holdings LLC
Hollander Home Fashions Holdings LLC
Hollander Sleep Products Canada Ltd.
Hollander Sleep Products Kentucky LLC
Hollander Sleep Products LLC
Pacific Coast Feather Cushion LLC
Pacific Coast Feather LLC

**Directors & Officers**
Baker, Chris
Bommer, Eric D.
Cumbow, Steve
Fabian, Michael J.
Kahn, Matthew
Pfefferle, Marc

**Counterparties to Significant Executory Contracts**
Avendra LLC
Calvin Klein Inc.
Crown Crafts Designer Inc.
Dreamwell Ltd.
Maas, Dr. James B.
Nautica Apparel Inc.
Polo/Lauren Co. LP, The
Ralph Lauren Home Collection Inc.
Simmons Canada Inc.
Therapedic International

**Customers**
American Hotel Register Co. Inc.
Army & Air Force Exchange Service, The
BBB Canada
Bed Bath & Beyond Inc.
Belk Inc.
Big Lots Inc.
Bloomingdale's Inc.
Burlington Stores Inc.
Costco Canada Inc.
Costco de Mexico SA de CV
Costco International
Costco Wholesale Corp.
HD Supply Inc.
Homegoods Inc.

HomeSense Inc.
Hudson's Bay Co.
JC Penney Co. Inc.
Macy's Inc.
Mattress Firm Inc.
Meijer Inc.
Navy Exchange Service Command
PCF Website
Pottery Barn Inc.
PriceSmart Inc.
Restoration Hardware Inc.
Ross Stores Inc.
Sysco Corp.
Target Corp.
TJ Maxx Inc.
T-Y Group LLC
Walmart Canada Corp.
Walmart Inc.
West Elm Inc.
Winners Merchants International LP

**Landlords**
10401 Bunsen Way LLC
2298174 Ontario Inc.
420-450 Britannia Road East Ltd.
440 Realty Inc.
660 National Turnpike LLC
Access Service Office
Adam & Co.
EFP Partners
Hager LLC
HIP III LLC
Imperial Realty Co.
Kipling Apparel Corp.
Lex Thomson L.P.
MacArthur Crossing
Mainstreet CV North 40 LLC
Majestic/AMB Pico Rivera Associates LLC
Millineum Maintenance Management Inc.
PND Engineers Inc.
Prologis Inc.
Royal Oak
Samuel Heath & Sons PLC
Shaikh, Hussain
Shanghaimart Corp.

**Exhibit 1**
**Potential Parties in Interest**

SoCal LLC
Spiegel Family Realty Co. Iowa LLC
VARS Co. Ltd.
Woodcreek Holdings

**Lenders and Sponsor**
Allstate Insurance Co.
Allstate Life Insurance Co.
Barings Global Private Loans 1 Sarl
Barings Global Private Loans 2 Sarl
BCF Senior Funding I LLC
CM Life Insurance Co. Inc.
Diamond CLO 2018-1 Ltd.
Fifth Street Senior Loan Fund I LLC
First Eagle Dartmouth Holding LLC
GSO Diamond Portfolio Borrower LLC
ING Capital LLC
Massachusetts Mutual Life Insurance Co.
NAPLF (Cayman) A Senior Funding I LLC
NAPLF (Cayman) Senior Funding I LLC
NAPLF Senior Funding I LLC
NewStar Arlington Senior Loan Program
LLC
NewStar Berkeley Fund CLO LLC
NewStar Clarendon Fund CLO LLC
NewStar Commercial Loan Funding 2016-1
LLC
NewStar Commercial Loan Funding 2017-1
LLC
NewStar Fairfield Fund CLO Ltd.
PennantPark Credit Opportunities Fund II
LP
PennantPark Floating Rate Funding I LLC
PennantPark SBIC II LP
Sentinel Capital Partners LLC
SunTrust Bank
Wells Fargo Bank NA

**Professionals**
Carl Marks Capital Advisors LLC
OMNI Management Group LLC
Kirkland & Ellis
Osler, Hoskin & Harcourt
Proskauer Rose
Kramer Levin Naftalis & Frankel LLP

King & Spalding
Goldberg Kohn
Orrick
Goodmans LLP
KSV Advisory Inc
Pachulski Stang, Ziehl & Jones LLP

**Shareholders**
1492 Capital Management LLC
Baker, Chris
Carroll, Mason
Deliberti, Bill
Eisner, Michelle
Fitzpatrick Family Trust
Huneidi, May
Kayne Credit Opportunities Fund (QP) LP
Kayne Credit Opportunities Fund LP
Mack, Beth
Marc C. Particelli 2006 Family Trust
McNeil, Sandy
Nationwide Mutual Insurance Co.
Particelli, Marc C.
Phoenix Life Insurance Co.
Rodriguez, Rafael
Schaefer, David
Stellus Credit Master Fund I LLC
Stellus Credit VCOC Fund I LLC

**Taxing Authorities**
California, State of, California
Environmental Protection Agency, State
Water Resources Control Board
California, State of, Department of Tax &
Fee Administration
California, State of, Government Operations
Agency, Franchise Tax Board
Canada Revenue Agency
Compton, City of (CA)
Guilford, County of (NC), Tax Department
HA Berkheimer, Business Privilege Tax
Hart, County of (KY), Sheriff
Hensley, Boston
Illinois, State of, Department of Revenue
Iowa, State of, Department of Revenue
Jeffersontown, City of (KY)

**Exhibit 1**
**Potential Parties in Interest**

Kentucky, Commonwealth of, Treasurer
Los Angeles, County of (CA), Agricultural
Commissioner Weights & Measures
Los Angeles, County of (CA), Tax Collector
McDuffie, County of (GA), Planning
Commission
McDuffie, County of (GA), Tax
Commissioner
Miami-Dade, County of (FL), Tax Collector
Munfordville, City of (KY)
New York, State of, Department of Taxation
& Finance
North Carolina, State of, Department of
Revenue
Ohio, State of, Department of Taxation
Palm Beach, County of (FL), Tax Collector
Pennsylvania, Commonwealth of,
Department of Revenue
Pico Rivera, City of (CA)
Revenue of Québec
Seattle, City of (WA)
Stewardship Ontario
Texas, State of, Comptroller of Public
Accounts
Thomas, Stacey W.
Vance, County of (NC), Tax Administration
Washington, State of, Department of
Revenue

**U.S. Trustee, Judges, and Court Contacts**
**for the Southern District of New York**
Abriano, Victor
Arbeit, Susan
Bernstein, Stuart M.
Cassara, Amanda
Catapano, Maria
Chapman, Shelley C.
Choy, Danny A.
Daniele, Salvatore
DiSalvo, Rosemary
Drain, Robert D.
Garrity, James L., Jr.
Glenn, Martin
Grossman, Robert E.
Harrington, William K.

Higgins, Benjamin J.
Lane, Sean H.
Masumoto, Brian S.
Mendoza, Ercilia A.
Moroney, Mary
Moroney, Mary V.
Morris, Cecelia G.
Morrissey, Richard C.
Nadkarni, Joseph
Nakano, Serene
Ng, Cheuk M.
Riffkin, Linda
Rodriguez, Ilusion
Schwartz, Andrea B.
Schwartzberg, Paul K.
Scott, Shannon
Sharp, Sylvester
Song, Justin
Velez-Rivera, Andy
Vyskocil, Mary Kay
Wiles, Michael E.
Zipes, Greg M.

**Top 50 General Unsecured Creditors**
ADVANSA BmbH
Anhui Rongdi Down Products Co. Ltd.
Atlas Feather Processing Corp.
AV Logistics LLC
Be Be Jan Fibres (Pvt) Ltd.
Be Be Jan Pakistan Ltd.
CH Robinson Worldwide Inc.
Chuzhou Jincheng Home Decoration
Manufactory
Cixi Jiangnan Chemical Fiber
Domfoam Inc.
Dusobox Corp.
EA International Ltd.
Elite Comfort Solutions LLC
Emirates Fiber Industries FZ LLC
Exeter 25 Keystone LLC
Fine Textile Co. Ltd.
Funing Jincheng Home Textile Co.
Hangzhou Chuangyuan Feather Co. Ltd.
Hangzhou Huaying Xintang Down Products
Co.

**Exhibit 1**
**Potential Parties in Interest**

Hangzhou Huoju Down Products Co. Ltd.
International Paper Co.
INVISTA (Canada) Co.
Invista BV
Invista Inc.
INVISTA SARL
Jasztex Fibers Inc.
Kamýk Daunen s.r.o.
KapStone Container Corp.
Kuehne & Nagel International AG
LQ Mechatronik-Systeme GmbH
Majestic/AMB Pico Rivera Associates LLC
Nan Ya Plastics Corp.
Nan Ya Plastics Corp. America
NAP Industries Inc.
Navarpluma SL
Oracle America Inc.
Packaging Corp. of America
Polypack Inc.
Printcraft Co. Inc.
Progress Container & Display
Qingdao Fuyuan Arts & Crafts Co. Ltd.
Roind Hometex Co. Ltd.
Sea Feather Ltd. Co. of Luan, The
SHI International Corp.
Stein Fibers Ltd.
Strands Textile Mills Pvt. Ltd
Sun Fiber LLC
Sun Fiber Sales LLC
Topocean Consolidation Service Los
Angeles Inc.
United States, Government of the,
Department of Homeland Security, Customs
& Border Protection
Vietnam New Century Polyester Fibre Co.
Ltd.
Vipac Packaging
Weifang Jielong Textile Co. Ltd.
Wuhu Fine Textile International Trading Co.
Ltd.
Wujiang City Xinyi Textile Co. Ltd.
Wuxi Jielong Textile Co. Ltd.
Wuxi Yinxin Printing Co. Ltd.
Zhejiang Hengdi Bedding Co. Ltd.
Zhejiang Liuqiao Home Textile Co. Ltd.

Zhejiang Liuqiao Industrial Co. Ltd.
Zhejiang Saifang Textile Technology Co.
Ltd.
Zhejiang Wanxiang Bedding Co. Ltd.
Zhejiang Wanxiang Bedding Products Ltd.
Co.

**Exhibit 2**
**Connections**

**Current and Former Clients of A&M and/or its Affiliates** [1]
Allstate Corporation
Army & Air Force Exchange Service
Barings Global Private Loans 1 SARL
Bed Bath & Beyond Inc.
Burlington Stores
Calvin Klein Inc.
Costco Wholesale Corp.
Dreamwell Ltd.
Fifth Street Senior Loan Fund I LLC
GSO Capital Partners LP
HD Supply Inc.
Hudson's Bay Co.
ING Corporate Credit Risk Management
International Paper Co.
J.C. Penney Corporation Inc.
Kuehne & Nagel International AG
Macy's Inc.
Massachusetts Mutual Life Insurance Co.
Mattress Firm Holding Corp.
Nationwide Mutual Insurance Company
Oracle America Inc.
Phoenix Life Insurance Co.
Prologis Inc.
Ralph Lauren Home Collection Inc.
Ross Stores Inc.
Sentinel Capital Partners LLC
State of California
Steinhoff International Holdings NV
SunTrust Bank
Sysco Corp.

Target Corp.
Walmart Inc.
Wells Fargo Bank N.A.

**Significant Equity Holders of Current and Former A&M Clients** [2]
Allstate Corporation
Barings Global Private Loans 1 SARL
Fifth Street Senior Loan Fund I LLC
First Eagle Investment Management
GSO Capital Partners LP
ING Corporate Credit Risk Management
Macy's Inc.
Massachusetts Mutual Life Insurance Co.
Nationwide Mutual Insurance Company
PennantPark Investment Corporation
Phoenix Life Insurance Co.
Sentinel Capital Partners LLC
State of California
Steinhoff International Holdings NV
SunTrust Bank
Sysco Corp.
Wells Fargo Bank N.A.

**Creditors/Noteholders in A&M Engagements** [3]
Allstate Corporation
Barings Global Private Loans 1 SARL
CH Robinson Worldwide Inc.
ING Corporate Credit Risk Management
International Paper Co.
Massachusetts Mutual Life Insurance Co.

[1] A&M and/ or an affiliate is currently providing or has previously provided certain consulting or interim management services to these parties or their affiliates (or, with respect to those parties that are investment funds or trusts, to their portfolio or asset managers or their affiliates) in wholly unrelated matters.

[2] These parties or their affiliates (or, with respect to those parties that are investment funds or trusts, their portfolio or asset managers or other funds or trusts managed by such managers) are significant equity holders of clients or former clients of A&M or its affiliates in wholly unrelated matters.

[3] A&M is currently advising or has previously advised these parties or their affiliates (or, with respect to those parties that are investment funds or trusts, their portfolio or asset managers or other funds managed by such managers) as noteholders or creditors or various creditors' or noteholders' committees in which these parties or their affiliates were members or which represented the interests of these parties or their affiliates.

**Exhibit 2**
**Connections**

SunTrust Bank
Sysco Corp.
Wells Fargo Bank N.A.

**Professionals & Advisors**[4]
Goldberg Kohn
Goodmans LLP
King & Spalding
Kirkland & Ellis
Kramer Levin Naftalis & Frankel LLP
Nationwide Mutual Insurance Company
Oracle America Inc.
Orrick
Osler Hoskin & Harcourt
Proskauer Rose

**Significant Joint Venture Partners**[5]
Allstate Corporation
GSO Capital Partners LP

**A&M Vendors**[6]
Hudson's Bay Co.
ING Corporate Credit Risk Management
King & Spalding
Kirkland & Ellis
Kramer Levin Naftalis & Frankel LLP
Massachusetts Mutual Life Insurance Co.
Nationwide Mutual Insurance Company
Oracle America Inc.
Orrick
Proskauer Rose
Restoration Hardware Inc.
SHI International Corp.
Sysco Corp.
Wells Fargo Bank N.A.

---

[4] These professionals have represented clients in matters where A&M was also an advisor (or provided interim management services) to the same client. In certain cases, these professionals may have engaged A&M on behalf of such client.

[5] These parties or their affiliates are significant joint venture partners of other clients or former clients of A&M or its affiliates in wholly unrelated matters.

[6] These parties or their affiliates provide or have provided products, goods and/or services (including but not limited to legal representation) to A&M and/or its affiliates