Joshua A. Sussberg, P.C.
Christopher T. Greco, P.C.
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:      (212) 446-4800
Facsimile:      (212) 446-4900

Joseph M. Graham (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle
Chicago, Illinois 60654
Telephone:      (312) 862-2000
Facsimile:      (312) 862-2200

*Proposed Counsel to the Debtors and Debtors in
Possession*

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| HOLLANDER SLEEP PRODUCTS, LLC, *et al.*,[1] | ) | Case No. 19-11608 (MEW) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

### CERTIFICATE OF NO OBJECTION REGARDING
### FINAL ORDERS (I) AUTHORIZING THE DEBTORS TO
### (A) CONTINUE TO OPERATE THEIR CASH MANAGEMENT SYSTEM,
### (B) HONOR CERTAIN PREPETITION OBLIGATIONS RELATED THERETO,
### (C) MAINTAIN EXISTING BUSINESS FORMS, AND (D) CONTINUE TO PERFORM
### INTERCOMPANY TRANSACTIONS, AND (II) GRANTING RELATED RELIEF

Pursuant to 28 U.S.C. § 1746, Rule 9075-2 of the Local Bankruptcy Rules for the Southern

District of New York (the "Local Rules"), the undersigned proposed counsel for the

above-captioned debtors and debtors in possession (the "Debtors") hereby certifies as follows:

1.      On May 19, 2019, the Debtors filed the *Debtors' Motion for Entry of Interim and

Final Orders (I) Authorizing the Debtors to (A) Continue to Operate their Cash Management

System, (B) Honor Certain Prepetition Obligations Related Thereto, (C) Maintain Existing*

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Dream II Holdings, LLC (7915); Hollander Home Fashions Holdings, LLC (2063); Hollander Sleep Products, LLC (2143); Pacific Coast Feather, LLC (1445); Hollander Sleep Products Kentucky, LLC (4119); Pacific Coast Feather Cushion, LLC (3119); and Hollander Sleep Products Canada Limited (3477).  The location of the Debtors' service address is:  901 Yamato Road, Suite 250, Boca Raton, Florida 33431.

*Business Forms, and (D) Continue to Perform Intercompany Transactions, and (II) Granting Related Relief* [Docket No. 4] (the "Motion") with the United States Bankruptcy Court for the Southern District of New York (the "Court").

2.      The deadline for parties to object or file responses to the Motion was set for June 6, 2019, at 4:00 p.m., prevailing Eastern Time (the "Objection Deadline"). The Local Rules provide that a Motion may be granted without a hearing, provided that, after the passage of the Objection Deadline, the movant submits a proposed order granting the Motion to the Court along with a certificate that no objection or other response has been filed or served.

3.      More than forty-eight hours since the Objection Deadline has now passed and, to the best of my knowledge, no objections to the Motion have been filed with the Court on the docket of these chapter 11 cases or served on proposed counsel to the Debtors.

4.      The Debtors received informal comments from the Official Committee of Unsecured Creditors and the Office of the United States Trustee. Those comments are reflected in the revised proposed order approving the Motion attached hereto as **Exhibit A** (the "Revised Proposed Order"). A blacklined copy of the Revised Proposed Order is attached hereto as **Exhibit B**, reflecting changes made from the entered interim order [Docket No. 47].

5.      Accordingly, the Debtors respectfully request entry of the Revised Proposed Order, attached hereto as **Exhibit A**, at the Court's earliest convenience. If not entered prior to the hearing, the Debtors will seek entry of the Revised Proposed Order at the hearing scheduled for **July 1, 2019, at 2:00 p.m., prevailing Eastern Time**, before the Honorable Michael E. Wiles, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Courtroom No. 617, New York, New York 10004-1408.

New York, New York
Dated: June 29, 2019

/s/ Joshua A. Sussberg, P.C.
Joshua A. Sussberg, P.C.
Christopher T. Greco, P.C.
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

- and -

Joseph M. Graham (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200

*Proposed Counsel to the Debtors and Debtors in Possession*

**<u>Exhibit A</u>**

**Revised Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| HOLLANDER SLEEP PRODUCTS, LLC., *et al.*,[1] | ) | Case No. 19-11608 (MEW) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Re:  Docket No. 4** |

**FINAL ORDER (I) AUTHORIZING THE DEBTORS TO**
**(A) CONTINUE TO OPERATE THEIR CASH MANAGEMENT SYSTEM,**
**(B) HONOR CERTAIN PREPETITION OBLIGATIONS RELATED THERETO,**
**(C) MAINTAIN EXISTING BUSINESS FORMS, AND (D) CONTINUE TO PERFORM**
**INTERCOMPANY TRANSACTIONS, AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession

(collectively, the "Debtors") for entry of an final order (this "Final Order"), (a) authorizing the

Debtors to (i) continue to operate their Cash Management System as illustrated on **Exhibit 1** hereto

and maintain their existing Bank Accounts, (ii) honor certain prepetition obligations related

thereto, (iii) maintain existing business forms, and (iv) continue to perform Intercompany

Transactions with each other and with a non-debtor affiliate consistent with historical practice, and

(b) granting related relief, all as more fully set forth in the Motion; and upon the First Day

Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and

1334 and the *Amended Standing Order of Reference from the United States District Court for the*

*Southern District of New York*, dated January 31, 2012; and this Court may enter a final order

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Dream II Holdings, LLC (7915); Hollander Home Fashions Holdings, LLC (2063); Hollander Sleep Products, LLC (2143); Pacific Coast Feather, LLC (1445); Hollander Sleep Products Kentucky, LLC (4119); Pacific Coast Feather Cushion, LLC (3119); and Hollander Sleep Products Canada Limited (3477).  The location of the Debtors' service address is:  901 Yamato Road, Suite 250, Boca Raton, Florida 33431.

[2]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is granted on a final basis only as set forth herein and subject to the terms of this Final Order.

2.      The Debtors are authorized, but not directed, to: (a) continue using the Cash Management System and honor any prepetition obligations related to the use thereof, including any Bank Fees; (b) designate, maintain, close, and continue to use on a final basis their existing Bank Accounts, including, but not limited to, the Bank Accounts identified on **Exhibit 2** hereto, in the names and with the account numbers existing immediately before the Petition Date; (c) deposit funds in, and withdraw funds from, the Bank Accounts by all usual means, including checks, wire transfers, ACH transfers, and other debits; (d) treat their prepetition Bank Accounts for all purposes as debtor in possession accounts; and (e) open new debtor-in-possession Bank Accounts.

3.      Notwithstanding anything contained herein, all of the Debtors' Bank Accounts held at Royal Bank of Canada shall not maintain funds in excess of $100,000 in the aggregate with respect to all such accounts, and any amounts in excess of $100,000 at the end of a business day

2

shall be deposited or transferred to any of the Debtors' Bank Accounts that are held at Wells Fargo. The two Bank Accounts that are maintained at Shanghai Pudong Development are for the Debtors' international non-Debtor affiliate, Hollander Sleep Products Trading (Shanghai) Co., LTD.

4.      The Debtors are authorized, but not directed, to continue using the Purchase Cards and to pay any prepetition or postpetition amounts due in connection therewith. The Debtors are further authorized to continue to use the Purchase Card Program under the Card Agreement, subject to the terms and conditions thereof and further subject to the terms of any applicable debtor-in-possession financing orders and related loan documents pursuant to which the obligations arising under the Card Agreement are included as obligations thereunder. Wells Fargo may rely on the representations of the Debtors with respect to its use of the Purchase Card Program pursuant to the Card Agreement, and Wells Fargo shall not have any liability to any party for relying on such representations by a Debtor as provided for herein.

5.      The Debtors are authorized, but not directed, to continue using, in their present form, the Business Forms, as well as checks and other documents related to the Bank Accounts existing immediately before the Petition Date, *provided*, *however*, that once the Debtors have exhausted their existing stock of Business Forms and checks, they shall ensure that any new Business Forms and checks are clearly labeled "Debtor in Possession" and *provided*, *further*, that with respect to any Business Forms and checks that are generated electronically, the Debtors shall ensure that such electronic Business Forms and checks are clearly labeled "Debtor in Possession."

6.      The Cash Management Banks at which the Bank Accounts are maintained are authorized to (a) continue to service and administer the Bank Accounts as accounts of the Debtors as debtors in possession, without interruption and in the ordinary course, and to receive, process, honor, and pay any and all checks, drafts, wire transfers, and ACH transfers issued, whether before

KE 61794259

or after the Petition Date, and drawn on the Bank Accounts after the Petition Date by the holders or makers thereof, as the case may be, and (b) debit the Debtors' accounts in the ordinary course of business without the need for further order of this Court for (i) all checks drawn on the Debtors' accounts which are cashed at such Cash Management Bank's counters or exchanged for cashier's checks by the payees thereof prior to the Petition Date, (ii) all checks or other items deposited in one of the Debtors' accounts with such Cash Management Bank prior to the Petition Date which have been dishonored or returned unpaid for any reason, together with any fees and costs in connection therewith, to the same extent the Debtor was responsible for such items prior to the Petition Date, and (iii) all applicable fees and expenses, including the Bank Fees, associated with the nature of the deposit and cash management services rendered to the Debtors, whether arising prepetition or postpetition, from the applicable Bank Accounts consistent with historical practice, and further, to charge back to the appropriate accounts of the Debtors any amounts resulting from returned checks or other returned items, including returned items that result from ACH transactions, wire transfers, or other electronic transfers of any kind, regardless of whether such returned items were deposited or transferred prepetition or postpetition and regardless of whether the returned items relate to prepetition or postpetition items or transfers.

7.      The Debtors will instruct the Cash Management Banks as to which checks, drafts, wire transfers (excluding any wire transfers that the Banks are obligated to settle), or other items presented, issued, or drawn, shall not be honored.  Except for those checks, drafts, wires, or other ACH transfers that are authorized or required to be honored under an order of the Court, no Debtor shall instruct or request any Cash Management Bank to pay or honor any check, draft, or other payment item issued on a Bank Account prior to the Petition Date but presented to such Cash Management Bank for payment after the Petition Date.

8. The Cash Management Banks may rely on the representations of the Debtors with respect to whether any check, draft, wire, transfer, or other payment order drawn or issued by the Debtors prior to the Petition Date should be honored pursuant to this Final Order or any other order of the Court, and such Cash Management Banks shall not have any liability to any party for relying on such representations by the Debtors as provided for herein, and should a Cash Management Bank honor a prepetition check or other item drawn on any account that is the subject of this Final Order (a) at the direction of the Debtors to honor such prepetition check or item, (b) in a good faith belief that the Court has authorized such prepetition check or item to be honored, or (c) as the result of an innocent mistake made despite implementation of customary item handling procedures, the Cash Management Bank shall not be deemed to be nor shall be liable to the Debtors, their estates, or any other party on account of such prepetition check or other item being honored postpetition or otherwise be in violation of this Final Order.

9. Those certain existing deposit agreements between the Debtors and the Cash Management Banks shall continue to govern the postpetition cash management relationship between the Debtors and the Cash Management Banks, and all of the provisions of such agreements, including, without limitation, the termination, right of offset, analysis fees, overdrafts, and fee and expense provisions, shall remain in full force and effect. Either the Debtors or the Cash Management Banks may, without further order of the Court, implement changes to the cash management systems and procedures in the ordinary course of business pursuant to the terms of those existing deposit agreements and the DIP Orders, as applicable, including, without limitation, the opening and closing of bank accounts.

10. As soon as practicable after entry of this Final Order, the Debtors shall serve a copy of this Final Order on the Banks.

KE 61794259

11.     The requirement to establish separate accounts for tax payments is hereby waived.

12.     The Debtors are authorized to (a) continue performing Intercompany Transactions in the ordinary course of business and (b) set off mutual postpetition obligations relating to intercompany receivables and payables through the Cash Management System arising from or related to the operation of their business in the ordinary course subject to the terms of this Final Order, *provided* that, for the avoidance of doubt, the Debtors shall not be authorized by this Final Order to undertake any other Intercompany Transaction that is not on the same terms as, or materially consistent with, the Debtors' operation of the businesses in the ordinary course during the prepetition period, *provided*, *further*, that, notwithstanding anything to the contrary contained herein, the Debtors shall not, without the prior written consent of the official committee of unsecured creditors appointed in these cases (the "Committee"), which shall not be unreasonably withheld, conditioned, or delayed, or upon Court approval of a motion which may be filed on seven days' notice, make (a) any transfer to non-Debtor affiliates of amounts in excess of $250,000 in any calendar month and (b) any investments in or capital contributions to any other Debtor or non-Debtor affiliates.  The Committee reserves all rights with respect to any and all prepetition transfers made by and between the U.S. Debtors and Hollander Sleep Products Canada Limited ("Hollander Canada").  The Debtors shall provide the Committee reports on a weekly basis (no later than the second business day of the week following the previous week's end) of transfers of cash or other funds made that week from Hollander Canada to the U.S. Debtor entities, if any.

13.     Unless prohibited by applicable law, (a) transfers made by Debtors to non-Debtor affiliates and (b) payments to third parties made by Debtors on behalf of non-Debtor affiliates, each pursuant to postpetition Intercompany Transactions, shall be deemed claims against and loans to such non-Debtor affiliates (and not investments or contributions of capital).  Each Debtor

6

making an Intercompany Transfer to any non-Debtor affiliate shall have claims for contribution, reimbursement, or otherwise for the full value of the transfer or advance (including cash) against such non-Debtor affiliate to which such intercompany transfers or advances are made.

14.    The Debtors shall continue to maintain current records with respect to all transfers of cash so that all transactions, including the Intercompany Transactions, may be readily ascertained, traced, and recorded properly on applicable intercompany accounts and distinguished between prepetition and postpetition transfers.  All Intercompany Claims arising after the Petition Date shall be accorded administrative expense status in accordance with sections 503(b) and 364(b) of the Bankruptcy Code.  Notwithstanding the foregoing, the Canadian Intercompany Superiority Administrative Claims (as defined in the DIP Orders) shall be treated in accordance with the DIP Orders.

15.    The Debtors shall provide to the Committee reports on a monthly basis (no later than the last day of the month following the previous month's end) that set forth (a) journal entries of all Intercompany Transactions between the Debtor entities and non-Debtor affiliates and between the Debtor entities and Hollander Canada and (b) a schedule of all intercompany cash settlements between the Debtor entities and non-Debtor affiliates and between the Debtor entities and Hollander Canada.  The first such monthly report shall be for June 2019 and shall include activity retroactive to the Petition Date.  In addition, on a monthly basis (no later than the last day of the month following the previous month's end), the Debtors shall provide the Committee with month-end postpetition intercompany balances between and among all Debtor entities and non-Debtor affiliates, and as soon as practicable after month's end, Debtors shall provide to the Committee month-end cash bank balances for all Debtor entities and non-Debtor affiliates.

KE 61794259

16.     No later than seven days following the Debtors' filing of Schedules of Assets and Liabilities, the Debtors shall provide to the Committee the cash bank balances for all Debtor entities and non-Debtor affiliates, as of the Petition Date, and information on all prepetition intercompany balances that have been set off against one another since the Petition Date, including: (a) the amount of each prepetition intercompany balance against which a setoff was effectuated; (b) the identity of each entity (i.e., the name of the Debtor entity and/or non-Debtor affiliate to the setoff); and (c) whether the set off was a cash setoff or non-cash setoff.

17.     The Debtors are authorized to open new bank accounts or close any existing Bank Accounts as they may deem necessary and appropriate in their reasonable business judgment, *provided* that any new bank account shall be at a bank that is an authorized depository or at a bank that is willing to execute a Uniform Depository Agreement with the U.S. Trustee, and, to the extent the Debtors close a Bank Account or open a new bank account, they shall provide notice of such closing or opening within fifteen days thereafter to the U.S. Trustee and counsel to the Committee.

18.     Except as otherwise provided herein, in the event that a Bank Account does not comply or ceases to comply with the requirements of section 345(b) of the Bankruptcy Code, the Debtors shall have forty-five days thereafter, without prejudice to seeking an additional extension, to come into compliance with section 345(b) of the Bankruptcy Code or sufficient time, in the Debtors' sole discretion, to close such Bank Account or to seek appropriate relief from the Court.

19.     Notwithstanding the relief granted in this Final Order and any actions taken pursuant to such relief, nothing in this Final Order shall be deemed:  (a) an admission as to the validity of any prepetition claim against a Debtor entity; (b) a waiver of the Debtors' or any other party in interest's right to dispute any prepetition claim on any grounds; (c) a promise or requirement to pay any prepetition claim; (d) an implication or admission that any particular claim

8

is of a type specified or defined in this Final Order or the Motion or a finding that any particular

claim is an administrative expense or other priority claim; (e) a request or authorization to assume

any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a

waiver or limitation of the rights of any party in interest under the Bankruptcy Code or any other

applicable law; or (g) a concession by the Debtors that any liens (contractual, common law,

statutory, or otherwise) satisfied pursuant to the Motion are valid, and the rights of all parties in

interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all

such liens.

20.     Nothing contained in this Final Order or any action taken by the Debtors in

implementing this Final Order shall be deemed a waiver of the rights of any party-in-interest to

dispute the amount of, basis for, validity, or treatment of any Intercompany Claim or the allocation

of expenses or other costs between any Debtor entities.

21.     Notwithstanding the relief granted in this Final Order, any payment made or to be

made by the Debtors pursuant to the authority granted herein shall be subject to and in compliance

with any order entered by the Court approving the entry into any postpetition debtor-in-possession

financing facility and any budget in connection therewith and/or authorizing the Debtors' use of

cash collateral and any budget in connection therewith.

22.     Notice of the Motion as provided therein shall be deemed good and sufficient notice

of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied

by such notice.

23.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Final

Order are immediately effective and enforceable upon its entry.

24.     The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Final Order in accordance with the Motion.

25.     The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.

New York, New York
Dated: _____, 2019

_____
THE HONORABLE MICHAEL E. WILES
UNITED STATES BANKRUPTCY JUDGE

## Exhibit 1

**Cash Management System Diagram**

Cash Management System Funds Flow Overview



**Exhibit 2**

**Debtor and Non-Debtor Affiliate Bank Accounts**

| | Entity | Bank Name | Account Number | Account Type |
|---|---|---|---|---|
| 1 | Hollander Sleep Products, LLC | Wells Fargo | x4226 | Operating |
| 2 | Hollander Sleep Products, LLC | Wells Fargo | x4234 | Depository |
| 3 | Hollander Sleep Products, LLC | Wells Fargo | x1471 | Checking |
| 4 | Hollander Sleep Products, LLC | Wells Fargo | x6169 | Checking |
| 5 | Dream II Holdings, LLC Pacific Coast Feather Cushion, LLC | Wells Fargo | x2581 | Depository |
| 6 | Dream II Holdings, LLC Pacific Coast Feather, LLC | Wells Fargo | x2851 | Depository |
| 7 | Dream II Holdings, LLC Pacific Coast Feather, LLC | Wells Fargo | x0451 | Checking |
| 8 | Dream II Holdings, LLC Pacific Coast Feather, LLC | Wells Fargo | x8006 | Depository |
| 9 | Dream II Holdings, LLC Pacific Coast Feather Cushion, LLC | Wells Fargo | x2005 | Checking |
| 10 | Dream II Holdings, LLC Pacific Coast Feather Cushion, LLC | Wells Fargo | x7339 | Depository |
| 11 | Hollander Sleep Products Canada Limited | Wells Fargo | x7425 | Checking |
| 12 | Hollander Sleep Products Canada Limited | Royal Bank of Canada | x7471 | Checking |
| 13 | Hollander Sleep Products Canada Limited | Royal Bank of Canada | x7455 | Checking |
| 14 | Hollander Sleep Products Canada Limited | Wells Fargo | x7433 | Depository |
| 15 | Hollander Sleep Products Canada Limited | Royal Bank of Canada | x7463 | Depository |
| 16 | Hollander Sleep Products Canada Limited | Wells Fargo | x8373 | Operating |
| 17 | Hollander Sleep Products Canada Limited | Royal Bank of Canada | x3216 | Operating |
| 18 | Hollander Sleep Products Canada Limited | Royal Bank of Canada | x2580 | Depository |

| | Entity | Bank Name | Account Number | Account Type |
|---|---|---|---|---|
| 19 | Hollander Sleep Products Trading (Shanghai) Co., LTD. | Shanghai Pudong Development | x0327 | Operating |
| 20 | Hollander Sleep Products Trading (Shanghai) Co., LTD. | Shanghai Pudong Development | x0875 | Operating |

13

**<u>Exhibit B</u>**

**Redline**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| HOLLANDER SLEEP PRODUCTS, LLC., *et al.*,[1] | ) | Case No. 19-11608 (MEW) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Re:  Docket No. 4** |

~~INTERIM~~FINAL **ORDER (I) AUTHORIZING THE DEBTORS TO**
**(A)** **CONTINUE TO OPERATE THEIR CASH MANAGEMENT SYSTEM,**
**(B)** **HONOR CERTAIN PREPETITION OBLIGATIONS RELATED THERETO,**
**(C)** **MAINTAIN EXISTING BUSINESS FORMS, AND (~~D~~D) CONTINUE TO PERFORM**
**INTERCOMPANY TRANSACTIONS, AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an ~~interim~~final order (this "~~Interim~~Final Order"), (a) authorizing the Debtors to (i) continue to operate their Cash Management System as illustrated on **Exhibit 1** hereto and maintain their existing Bank Accounts, (ii) honor certain prepetition obligations related thereto, (iii) maintain existing business forms, and (iv) continue to perform Intercompany Transactions with each other and with a non-debtor affiliate consistent with historical practice, ~~(b) scheduling a final hearing to consider approval of the Motion on a final basis, and (c~~and (b) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District*

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Dream II Holdings, LLC (7915); Hollander Home Fashions Holdings, LLC (2063); Hollander Sleep Products, LLC (2143); Pacific Coast Feather, LLC (1445); Hollander Sleep Products Kentucky, LLC (4119); Pacific Coast Feather Cushion, LLC (3119); and Hollander Sleep Products Canada Limited (3477).  The location of the Debtors' service address is:  901 Yamato Road, Suite 250, Boca Raton, Florida 33431.

[2]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

*Court for the Southern District of New York*, dated January 31, 2012; and this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.    The Motion is granted on ~~an interim~~a final basis ~~only~~ as set forth herein and subject to the terms of this Final Order.

2.    ~~The final hearing (the "Final Hearing") on the Motion shall be held on June 13, 2019, at 11:00 a.m., prevailing Eastern Time. Any objections or responses to entry of a final order on the Motion must be filed with the Court on or before 4:00 p.m., prevailing Eastern Time, on June 6, 2019.~~

~~3.~~2.    The Debtors are authorized, but not directed, to: (a) continue using the Cash Management System and honor any prepetition obligations related to the use thereof, including any Bank Fees; (b) designate, maintain, close, and continue to use on ~~an interim~~a final basis their existing Bank Accounts, including, but not limited to, the Bank Accounts identified on **Exhibit 2** hereto, in the names and with the account numbers existing immediately before the Petition Date; (c) deposit funds in, and withdraw funds from, the Bank Accounts by all usual means, including checks, wire transfers, ACH transfers, and other debits; (d) treat their prepetition Bank Accounts

2

KE ~~61794260~~61794259

for all purposes as debtor in possession accounts; and (e) open new debtor-in-possession Bank Accounts.

3.      Notwithstanding anything contained herein, all of the Debtors' Bank Accounts held at Royal Bank of Canada shall not maintain funds in excess of $100,000 in the aggregate with respect to all such accounts, and any amounts in excess of $100,000 at the end of a business day shall be deposited or transferred to any of the Debtors' Bank Accounts that are held at Wells Fargo. The two Bank Accounts that are maintained at Shanghai Pudong Development are for the Debtors' international non-Debtor affiliate, Hollander Sleep Products Trading (Shanghai) Co., LTD.

4.      The Debtors are authorized, but not directed, to continue using the Purchase Cards and to pay any prepetition or postpetition amounts due in connection therewith in the ordinary course of business and consistent with prepetition practices.  The Debtors are further authorized to continue to use the Purchase Card Program under the Card Agreement, subject to the terms and conditions thereof and further subject to the terms of any applicable debtor-in-possession financing orders and related loan documents pursuant to which the obligations arising under the Card Agreement are included as obligations thereunder.  Wells Fargo may rely on the representations of the Debtors with respect to its use of the Purchase Card Program pursuant to the Card Agreement, and Wells Fargo shall not have any liability to any party for relying on such representations by a Debtor as provided for herein.

5.      The Debtors are authorized, but not directed, to continue using, in their present form, the Business Forms, as well as checks and other documents related to the Bank Accounts existing immediately before the Petition Date, *provided*, *however*, that once the Debtors have exhausted their existing stock of Business Forms and checks, they shall ensure that any new Business Forms and checks are clearly labeled "Debtor in Possession" and *provided*, *further*, that

KE 6179426061794259

with respect to any Business Forms and checks that are generated electronically, the Debtors shall ensure that such electronic Business Forms and checks are clearly labeled "Debtor in Possession."

6.      The Cash Management Banks at which the Bank Accounts are maintained are authorized to (a) continue to service and administer the Bank Accounts as accounts of the Debtors as debtors in possession, without interruption and in the ordinary course, and to receive, process, honor, and pay any and all checks, drafts, wire transfers, and ACH transfers issued, whether before or after the Petition Date, and drawn on the Bank Accounts after the Petition Date by the holders or makers thereof, as the case may be, and (b) debit the Debtors' accounts in the ordinary course of business without the need for further order of this Court for (i) all checks drawn on the Debtors' accounts which are cashed at such Cash Management Bank's counters or exchanged for cashier's checks by the payees thereof prior to the Petition Date, (ii) all checks or other items deposited in one of the Debtors' accounts with such Cash Management Bank prior to the Petition Date which have been dishonored or returned unpaid for any reason, together with any fees and costs in connection therewith, to the same extent the Debtor was responsible for such items prior to the Petition Date, and (iii) all applicable fees and expenses, including the Bank Fees, associated with the nature of the deposit and cash management services rendered to the Debtors, whether arising prepetition or postpetition, from the applicable Bank Accounts consistent with historical practice, and further, to charge back to the appropriate accounts of the Debtors any amounts resulting from returned checks or other returned items, including returned items that result from ACH transactions, wire transfers, or other electronic transfers of any kind, regardless of whether such returned items were deposited or transferred prepetition or postpetition and regardless of whether the returned items relate to prepetition or postpetition items or transfers.

7.      The Debtors will instruct the Cash Management Banks as to which checks, drafts, wire transfers (excluding any wire transfers that the ~~Cash Management~~ Banks are obligated to settle), or other items presented, issued, or drawn, shall not be honored.  Except for those checks, drafts, wires, or other ACH transfers that are authorized or required to be honored under an order of the Court, no Debtor shall instruct or request any Cash Management Bank to pay or honor any check, draft, or other payment item issued on a Bank Account prior to the Petition Date but presented to such Cash Management Bank for payment after the Petition Date.

8.      The Cash Management Banks may rely on the representations of the Debtors with respect to whether any check, draft, wire, transfer, or other payment order drawn or issued by the  Debtors prior to the Petition Date should be honored pursuant to this ~~Interim~~Final Order or any other order of the Court, and such Cash Management Banks shall not have any liability to any party for relying on such representations by the Debtors as provided for herein, and should a Cash Management Bank honor a prepetition check or other item drawn on any account that is the subject of this ~~Interim~~Final Order (a) at the direction of the Debtors to honor such prepetition check or item, (b) in a good faith belief that the Court has authorized such prepetition check or item to be honored, or (c) as the result of an innocent mistake made despite implementation of customary item handling procedures, the Cash Management Bank shall not be deemed to be nor shall be liable to the Debtors, their estates, or any other party on account of such prepetition check or other item being honored postpetition or otherwise be in violation of this ~~Interim~~Final Order.

9.      Those certain existing deposit agreements between the Debtors and the Cash Management Banks shall continue to govern the postpetition cash management relationship between the Debtors and the Cash Management Banks, and all of the provisions of such agreements, including, without limitation, the termination, right of offset, analysis fees, overdrafts,

5

and fee and expense provisions, shall remain in full force and effect.  Either the Debtors or the Cash Management Banks may, without further order of the Court, implement changes to the cash management systems and procedures in the ordinary course of business pursuant to the terms of those existing deposit agreements and the DIP Orders, as applicable, including, without limitation, the opening and closing of bank accounts.

10.    As soon as practicable after entry of this ~~Interim~~Final Order, the Debtors shall serve a~~-~~ copy of this ~~Interim~~Final Order on the ~~Cash Management~~ Banks.

11.    The requirement to establish separate accounts for tax payments is hereby waived.

12.    The Debtors are authorized to (a) continue performing Intercompany Transactions in the ordinary course of business and (b) set off mutual postpetition obligations relating to intercompany receivables and payables through the Cash Management System~~; *provided* that Intercompany Transactions between the Debtors and their non-Debtor affiliates shall not exceed $250,000 in the aggregate unless otherwise ordered by the Court.  In connection therewith, the~~ arising from or related to the operation of their business in the ordinary course subject to the terms of this Final Order, *provided* that, for the avoidance of doubt, the Debtors shall not be authorized by this Final Order to undertake any other Intercompany Transaction that is not on the same terms as, or materially consistent with, the Debtors' operation of the businesses in the ordinary course during the prepetition period, *provided, further,* that, notwithstanding anything to the contrary contained herein, the Debtors shall not, without the prior written consent of the official committee of unsecured creditors appointed in these cases (the "Committee"), which shall not be unreasonably withheld, conditioned, or delayed, or upon Court approval of a motion which may be filed on seven days' notice, make (a) any transfer to non-Debtor affiliates of amounts in excess of $250,000 in any calendar month and (b) any investments in or capital contributions to any other

6

Debtor or non-Debtor affiliates.  The Committee reserves all rights with respect to any and all prepetition transfers made by and between the U.S. Debtors and Hollander Sleep Products Canada Limited ("Hollander Canada").  The Debtors shall provide the Committee reports on a weekly basis (no later than the second business day of the week following the previous week's end) of transfers of cash or other funds made that week from Hollander Canada to the U.S. Debtor entities, if any.

13.    Unless prohibited by applicable law, (a) transfers made by Debtors to non-Debtor affiliates and (b) payments to third parties made by Debtors on behalf of non-Debtor affiliates, each pursuant to postpetition Intercompany Transactions, shall be deemed claims against and loans to such non-Debtor affiliates (and not investments or contributions of capital).  Each Debtor making an Intercompany Transfer to any non-Debtor affiliate shall have claims for contribution, reimbursement, or otherwise for the full value of the transfer or advance (including cash) against such non-Debtor affiliate to which such intercompany transfers or advances are made.

12.14.  The Debtors shall continue to maintain current records with respect to all transfers of cash so that all transactions, including the Intercompany Transactions, may be readily ascertained, traced, and recorded properly on applicable intercompany accounts. and distinguished between prepetition and postpetition transfers.  All Intercompany Claims arising after the Petition Date shall be accorded administrative expense status in accordance with sections 503(b) and 364(b) of the Bankruptcy Code.  Notwithstanding the foregoing, the Canadian Intercompany Superiority Administrative Claims (as defined in the DIP Orders) shall be treated in accordance with the DIP Orders.

15.    The Debtors shall provide to the Committee reports on a monthly basis (no later than the last day of the month following the previous month's end) that set forth (a) journal entries

7

of all Intercompany Transactions between the Debtor entities and non-Debtor affiliates and between the Debtor entities and Hollander Canada and (b) a schedule of all intercompany cash settlements between the Debtor entities and non-Debtor affiliates and between the Debtor entities and Hollander Canada.  The first such monthly report shall be for June 2019 and shall include activity retroactive to the Petition Date.  In addition, on a monthly basis (no later than the last day of the month following the previous month's end), the Debtors shall provide the Committee with month-end postpetition intercompany balances between and among all Debtor entities and non-Debtor affiliates, and as soon as practicable after month's end, Debtors shall provide to the Committee month-end cash bank balances for all Debtor entities and non-Debtor affiliates.

16.     No later than seven days following the Debtors' filing of Schedules of Assets and Liabilities, the Debtors shall provide to the Committee the cash bank balances for all Debtor entities and non-Debtor affiliates, as of the Petition Date, and information on all prepetition intercompany balances that have been set off against one another since the Petition Date, including: (a) the amount of each prepetition intercompany balance against which a setoff was effectuated; (b) the identity of each entity (i.e., the name of the Debtor entity and/or non-Debtor affiliate to the setoff); and (c) whether the set off was a cash setoff or non-cash setoff.

13.17.  The Debtors are authorized to open new bank accounts or close any existing Bank Accounts as they may deem necessary and appropriate in their reasonable business judgment, *provided* that any new bank account shall be at a bank that is an authorized depository or at a bank that is willing to execute a Uniform Depository Agreement with the U.S. Trustee, and, to the extent the Debtors close a Bank Account or open a new bank account, they shall provide notice of such closing or opening within fifteen days thereafter to the U.S. Trustee and counsel to the Committee.

8

14.18.  Except as otherwise provided herein, in the event that a Bank Account does not comply or ceases to comply with the requirements of section 345(b) of the Bankruptcy Code, the Debtors shall have forty-five days thereafter, without prejudice to seeking an additional extension, to come into compliance with section 345(b) of the Bankruptcy Code or sufficient time, in the Debtors' sole discretion, to close such Bank Account or to seek appropriate relief from the Court.

15.19.  Nothing in this InterimNotwithstanding the relief granted in this Final Order and any actions taken pursuant to such relief, nothing in this Final Order shall be deemed:  (a) an admission as to the validity of any prepetition claim against a Debtor entity; (b) a waiver of the Debtors' or any other party in interest's right to dispute any prepetition claim on any grounds; (c) a promise or requirement to pay any prepetition claim; (d) an implication or admission that any particular claim is of a type specified or defined in this InterimFinal Order or the Motion or a finding that any particular claim is an administrative expense or other priority claim; (e) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the rights of any party in interest under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to the Motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens.

16.20.  Nothing contained in this InterimFinal Order or any action taken by the Debtors in implementing this InterimFinal Order shall be deemed a waiver of the rights of any party-in-interest to dispute the amount of, basis for, validity, or treatment of any Intercompany Claim or the allocation of expenses or other costs between any Debtor entities.

9

17.21.  Notwithstanding the relief granted in this ~~Interim~~Final Order, any payment made or to be made by the Debtors pursuant to the authority granted herein shall be subject to and in compliance with any orders entered by the Court approving the ~~Debtors'~~ entry into any postpetition debtor-in-possession financing facility and any budget in connection therewith and/or authorizing the Debtors' use of cash collateral and any budget in connection therewith.

~~18.    The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).~~

19.22.  Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

20.23.  Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this ~~Interim~~ Final Order are immediately effective and enforceable upon its entry.

21.24.  The Debtors are authorized to take all actions necessary to effectuate the relief granted in this ~~Interim~~Final Order in accordance with the Motion.

22.25.  The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this ~~Interim~~Final Order.

New York, New York
Dated: _____, 2019

_____
THE HONORABLE MICHAEL E. WILES
~~UNITED STATES BANKRUPTCY JUDGE~~
UNITED STATES BANKRUPTCY JUDGE

KE ~~6179426~~061794259

**Exhibit 1**

**Cash Management System Diagram**



**Exhibit 2**

**Debtor and Non-Debtor Affiliate Bank Accounts**

|  | Entity | Bank Name | Account Number | Account Type |
|---|---|---|---|---|
| 1 | Hollander Sleep Products, LLC | Wells Fargo | x4226 | Operating |
| 2 | Hollander Sleep Products, LLC | Wells Fargo | x4234 | Depository |
| 3 | Hollander Sleep Products, LLC | Wells Fargo | x1471 | Checking |
| 4 | Hollander Sleep Products, LLC | Wells Fargo | x6169 | Checking |
| 5 | Dream II Holdings, LLC<br>Pacific Coast Feather Cushion, LLC | Wells Fargo | x2581 | Depository |
| 6 | Dream II Holdings, LLC<br>Pacific Coast Feather, LLC | Wells Fargo | x2851 | Depository |
| 7 | Dream II Holdings, LLC<br>Pacific Coast Feather, LLC | Wells Fargo | x0451 | Checking |
| 8 | Dream II Holdings, LLC<br>Pacific Coast Feather, LLC | Wells Fargo | x8006 | Depository |
| 9 | Dream II Holdings, LLC<br>Pacific Coast Feather Cushion, LLC | Wells Fargo | x2005 | Checking |
| 10 | Dream II Holdings, LLC<br>Pacific Coast Feather Cushion, LLC | Wells Fargo | x7339 | Depository |
| 11 | Hollander Sleep Products Canada Limited | Wells Fargo | x7425 | Checking |
| 12 | Hollander Sleep Products Canada Limited | Royal Bank of Canada | x7471 | Checking |
| 13 | Hollander Sleep Products Canada Limited | Royal Bank of Canada | x7455 | Checking |
| 14 | Hollander Sleep Products Canada Limited | Wells Fargo | x7433 | Depository |
| 15 | Hollander Sleep Products Canada Limited | Royal Bank of Canada | x7463 | Depository |
| 16 | Hollander Sleep Products Canada Limited | Wells Fargo | x8373 | Operating |
| 17 | Hollander Sleep Products Canada Limited | Royal Bank of Canada | x3216 | Operating |
| 18 | Hollander Sleep Products Canada Limited | Royal Bank of Canada | x2580 | Depository |

| | Entity | Bank Name | Account Number | Account Type |
|---|---|---|---|---|
| 19 | Hollander Sleep Products Trading (Shanghai) Co., LTD. | Shanghai Pudong Development | x0327 | Operating |
| 20 | Hollander Sleep Products Trading (Shanghai) Co., LTD. | Shanghai Pudong Development | x0875 | Operating |

2