| | |
|---|---|
| Joshua A. Sussberg, P.C.<br>Christopher T. Greco, P.C.<br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>601 Lexington Avenue<br>New York, New York 10022<br>Telephone:   (212) 446-4800<br>Facsimile:    (212) 446-4900 | Joseph M. Graham (admitted *pro hac vice*)<br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>300 North LaSalle<br>Chicago, Illinois 60654<br>Telephone:   (312) 862-2000<br>Facsimile:    (312) 862-2200 |

*Proposed Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| HOLLANDER SLEEP PRODUCTS, LLC, *et al.*,[1] | ) | Case No. 19-11608 (MEW) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**CERTIFICATE OF NO OBJECTION REGARDING SECOND**
**INTERIM ORDER (A) AUTHORIZING THE DEBTORS TO OBTAIN POSTPETITION**
**FINANCING, (B) AUTHORIZING THE DEBTORS TO USE CASH COLLATERAL,**
**(C) GRANTING LIENS AND PROVIDING SUPERPRIORITY ADMINISTRATIVE**
**EXPENSE STATUS, (D) GRANTING ADEQUATE PROTECTION TO THE**
**PREPETITION TERM LOAN LENDERS, (E) MODIFYING THE AUTOMATIC STAY,**
**(F) SCHEDULING A FINAL HEARING, AND (G) GRANTING RELATED RELIEF**

Pursuant to 28 U.S.C. § 1746, Rule 9075-2 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules"), the undersigned proposed counsel for the above-captioned debtors and debtors in possession (the "Debtors") hereby certifies as follows:

1.  On May 19, 2019, the Debtors filed the *Debtors' Motion for Entry of Interim and Final Orders (A) Authorizing the Debtors to Obtain Postpetition Financing, (B) Authorizing the*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Dream II Holdings, LLC (7915); Hollander Home Fashions Holdings, LLC (2063); Hollander Sleep Products, LLC (2143); Pacific Coast Feather, LLC (1445); Hollander Sleep Products Kentucky, LLC (4119); Pacific Coast Feather Cushion, LLC (3119); and Hollander Sleep Products Canada Limited (3477). The location of the Debtors' service address is: 901 Yamato Road, Suite 250, Boca Raton, Florida 33431.

*Debtors to use Cash Collateral, (C) Granting Liens and Providing Superpriority Administrative Expense Status, (D) Granting Adequate Protection to the Prepetition Lenders, (E) Modifying the Automatic Stay, (F) Scheduling a Final Hearing, and (G) Granting Related Relief* [Docket No. 13] (the "Motion") with the United States Bankruptcy Court for the Southern District of New York (the "Court").

2. The deadline for parties to object or file responses to the Motion was set for June 6, 2019, at 4:00 p.m., prevailing Eastern Time (the "Objection Deadline"). The Local Rules provide that a Motion may be granted without a hearing, provided that, after the passage of the Objection Deadline, the movant submits a proposed order granting the Motion to the Court along with a certificate that no objection or other response has been filed or served.

3. More than forty-eight hours since the Objection Deadline has now passed and, to the best of my knowledge, no objections to the Motion have been filed with the Court on the docket of these chapter 11 cases or served on proposed counsel to the Debtors.

4. On June 26, 2019, the Court held a telephonic hearing regarding certain financing fees negotiated with the lenders under the Debtors' proposed debtor in possession financing facilities and exit term loan facility. Following that hearing and as disclosed in a separately filed notice [Docket No. 150], the Debtors and the DIP Lenders[2] agreed to bifurcate final approval of the DIP Term Loan Credit Facility and the DIP ABL Credit Facility.

5. Accordingly, at the hearing scheduled for July 1, 2019, at 2:00 p.m., prevailing Eastern Time, the Debtors will seek final approval of the DIP ABL Credit Facility and a second interim DIP order with respect to the DIP Term Loan Credit Facility.

---

[2] Capitalized term used but not defined herein shall have the meaning ascribed to such terms in the DIP Motion.

6. A proposed second interim order approving the DIP Term Loan Credit Facility is attached hereto as **Exhibit A** (the "Proposed Order").[3] The Proposed Order has been negotiated by and between the Debtors, the Official Committee of Unsecured Creditors, and the DIP Lenders.

7. Accordingly, the Debtors respectfully request entry of the Proposed Order, attached hereto as **Exhibit A**, at the Court's earliest convenience. If not entered prior to the hearing, the Debtors will seek entry of the Proposed Order at the hearing scheduled for **July 1, 2019, at 2:00 p.m., prevailing Eastern Time**, before the Honorable Michael E. Wiles, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Courtroom No. 617, New York, New York 10004-1408.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

---

[3] The budget to be attached to the final order will be submitted with the version of the final order submitted to chambers and will be presented to the Court at the hearing.

| | |
|---|---|
| New York, New York<br>Dated: June 29, 2019 | */s/ Joshua A. Sussberg, P.C.*<br>Joshua A. Sussberg, P.C.<br>Christopher T. Greco, P.C.<br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>601 Lexington Avenue<br>New York, New York 10022<br>Telephone:  (212) 446-4800<br>Facsimile:   (212) 446-4900<br><br>- and -<br><br>Joseph M. Graham (admitted *pro hac vice*)<br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>300 North LaSalle Street<br>Chicago, Illinois 60654<br>Telephone:  (312) 862-2000<br>Facsimile:   (312) 862-2200<br><br>*Proposed Counsel to the Debtors and Debtors in Possession* |

**Exhibit A**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| HOLLANDER SLEEP PRODUCTS, LLC, *et al.*,[1] | Case No. 19-11608 (MEW) |
| Debtors. | (Jointly Administered) |
| | Re: Docket Nos. 13 & 53 |

**SECOND INTERIM ORDER (A) AUTHORIZING THE DEBTORS TO OBTAIN POSTPETITION FINANCING, (B) AUTHORIZING THE DEBTORS TO USE CASH COLLATERAL, (C) GRANTING LIENS AND PROVIDING SUPERPRIORITY ADMINISTRATIVE EXPENSE STATUS, (D) GRANTING ADEQUATE PROTECTION TO THE PREPETITION TERM LOAN LENDERS, (E) MODIFYING THE AUTOMATIC STAY, (F) SCHEDULING A FINAL HEARING, AND (G) GRANTING RELATED RELIEF**

Upon the motion, dated May 19, 2019 (the "DIP Motion") of Hollander Sleep Products, LLC (the "DIP Term Loan Borrower") and Hollander Home Fashions Holdings, LLC, Hollander Sleep Products Kentucky, LLC, Hollander Sleep Products Canada Limited, Pacific Coast Feather, LLC and Pacific Coast Feather Cushion, LLC (collectively the "DIP ABL Borrowers" and together with the DIP Term Loan Borrower, the "Borrowers") on behalf of themselves and their affiliated debtors and debtors-in possession (together with Dream II Holdings, LLC ("Parent"), collectively, the "Debtors") in the above-captioned chapter 11 cases (collectively, the "Cases"), seeking entry of an order and a Final Order pursuant to sections 105, 361, 362, 363, 364(c)(l), 364(c)(2), 364(c)(3), 364(d), 364(e), 507 and 552 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002, 4001, 6004, and 9014 of the Federal

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Dream II Holdings, LLC (7915); Hollander Home Fashions Holdings, LLC (2063); Hollander Sleep Products, LLC (2143); Pacific Coast Feather, LLC (1445); Hollander Sleep Products Kentucky, LLC (4119); Pacific Coast Feather Cushion, LLC (3119); and Hollander Sleep Products Canada Limited (3477). The location of the Debtors' service address is: 901 Yamato Road, Suite 250, Boca Raton, Florida 33431.

Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Local Rule 4001-2, *inter alia* authorizing the Debtors to obtain postpetition financing [Docket No. 13] (the "DIP Motion") and the Court having considered the DIP Motion, the exhibits attached thereto, the *Declaration of Saul Burian in Support of the Debtors' Motion for Entry of Interim and Final Orders (A) Authorizing the Debtors to Obtain Postpetition Financing, (B) Authorizing the Debtors to Use Cash Collateral, (C) Granting Liens and Providing Superpriority Administrative Expense Status, (D) Granting Adequate Protection to the Prepetition Lenders, (E) Modifying the Automatic Stay, (F) Scheduling a Final Hearing, and (G) Granting Related Relief*, the DIP Documents, the *Declaration of Marc Pfefferle, Chief Executive Officer of Hollander Sleep Products, LLC, in Support of Debtors' Chapter 11 Petitions and First Day Motions* [Docket No. 19], and the evidence submitted and argument made at the interim hearing on May 21, 2019 (the "First Interim Hearing"); and notice of the First Interim Hearing having been given in accordance with Bankruptcy Rules 2002, 4001(b), (c) and (d), and all applicable Local Rules; and the First Interim Hearing having been held and concluded; and certain modifications to the proposed interim order having been made at the direction of the Court, as reflected therein; and the Court having entered an Interim Order on May 23, 2019 [Docket No. 53] (the "First Interim Order");[2] and the Court having conducted an additional interim hearing on July 1, 2019 (the "Second Interim Hearing"); and the Debtors having requested entry of a second interim order (this "Second Interim Order"); and it appearing that approval of the interim relief requested in the DIP Motion and this Second Interim Order is necessary to avoid immediate and irreparable harm to the Debtors and their estates pending the Final Hearing, and otherwise is reasonable and in the best interests of the Debtors, their estates and all parties-in-interest, and is essential for the

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the First Interim Order.

continued operation of the Debtors' businesses and the preservation of the value of the Debtors' assets; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the Debtors' entry into the DIP Term Loan Credit Agreement is a sound and prudent exercise of the Debtors' business judgment; and after due deliberation and consideration, and good and sufficient cause appearing therefor, the Court hereby enters this Second Interim Order.

**IT IS HEREBY ORDERED THAT**:

1. The First Interim Order shall continue to govern the DIP Term Loan Secured Parties and Prepetition Term Loan Secured Parties during the Second Interim Period (as defined herein) with respect to the relief sought in the DIP Motion, subject to the modifications set forth herein. As used in this Second Interim Order, "Second Interim Period" shall mean the period beginning with the entry of this Second Interim Order through and including the earliest to occur of (i) entry of the Final Order, (ii) July 19, 2019, or (iii) the Termination Declaration.

2. With respect to the DIP ABL Parties, the DIP ABL Credit Facility, the Prepetition ABL Secured Parties, and the Prepetition ABL Credit Facility, this Second Interim Order shall be superseded in all respects by any Final Order entered by this Court pertaining to the DIP ABL Parties, the DIP ABL Credit Facility, the Prepetition ABL Secured Parties and the Prepetition ABL Credit Facility (the "Final DIP ABL Order"). To the extent of any conflict between this Second Interim Order and any Final Order as to the DIP ABL Parties, the DIP ABL Credit Facility, the Prepetition ABL Secured Parties, and the Prepetition ABL Credit Facility, such Final DIP ABL Order shall control.

3. Paragraph 3 of the First Interim Order, entitled "Authorization to Borrow," is to be replaced in its entirety with the following:

<u>Authorization to Borrow</u>.  From the entry of this Second Interim Order through and including the earliest to occur of (i) entry of the Final Order (with resepct to the DIP Term Loan Credit Facility), (ii) July 19, 2019, or (iii) the Termination Declaration (as defined below) (such date, the "<u>Second Interim Period</u>"), and subject to the terms, conditions, and limitations on availability and reserves set forth in the DIP Term Loan Documents (to the extent not conflicting with this Second Interim Order) and this Second Interim Order, in addition to the $15,000,000 that has been borrowed under the DIP Term Loan Credit Facility by the Debtors pursuant to the First Interim Order, the Debtors are hereby further authorized to forthwith borrow money pursuant to the DIP Term Loan Agreement, and the DIP Term Loan Guarantors are hereby authorized to guaranty the DIP Term Loan Parties' DIP Term Loan Obligations with respect to such borrowings, in each case in an aggregate principal amount of up to $5,000,000 on an interim basis (the "<u>Incremental Interim Financing</u>," and together with the interim financing provided under the DIP Term Loan Credit Facility pursuant to the First Interim Order, the "<u>Interim Financing</u>") together with applicable interest, expenses, fees and other charges payable in connection with the DIP Term Loan Credit Facility, subject to any limitations on borrowing under the DIP Term Loan Documents not in conflict with this Second Interim Order.  In order to access any portion of the $5,000,000 Incremental Interim Financing, the Debtors shall be required to make a written borrowing request of the DIP Term Loan Agent and DIP Term Loan Lenders, who may deny or accept such request (and, if such request is granted, make the requested portion of the Interim Incremental Financing available to the Debtors) in their sole discretion.  The Interim Financing shall be used for all purposes permitted under the DIP Term Loan Documents, including, without limitation, to provide working capital for the DIP Parties and to pay interest, fees, costs, charges and expenses in accordance with this Second Interim Order, the DIP Term Loan Documents, and the Approved Budget (subject to the variances permitted by the DIP Term Loan Agreement).  In connection with obtaining and using funds to enable the Debtors to pay the expenses set forth in the Approved Budget (subject to the variances permitted by the DIP Agreements), the Debtors shall borrow and use (or in the case of amounts already then borrowed under the DIP Term Loan Credit Facility, use), on a weekly and cumulative basis, an approximately equal amount from the DIP ABL Credit Facility (subject to Availability) and the amounts borrowed under the DIP Term Loan Credit Facility.

4.    Paragraph 9 of the First Interim Order, entitled "Use of Proceeds of DIP Facilities," shall be renamed "Use of Proceeds of DIP Term Loan Credit Facility" and shall be replaced in its entirety with the following and the <u>Exhibit A</u> referenced therein is attached hereto as **<u>Exhibit A</u>**:

4

<u>Use of Proceeds of DIP Term Loan Credit Facility</u>. From and after the Petition Date, the Debtors shall use advances of credit under the DIP Term Loan Credit Facility, in accordance with the Approved Budget (subject to such variances as permitted in the DIP Agreements), only for the purposes specifically set forth in this Second Interim Order and the DIP Term Loan Documents, and in compliance with the terms and conditions in this Second Interim Order and the DIP Term Loan Documents, *provided*, *however*, that the Approved Budget attached hereto as **Exhibit A** will expire and cease to be an Approved Budget upon expiration of this Second Interim Period. Any subsequent Approved Budget (including, without limitation, any Approved Budget attached to the Final Order (with respect to the DIP Term Loan Credit Facility)) must be reasonably acceptable to the DIP Term Loan Agent and the Required DIP Term Loan Lenders.

5.  It shall be an Event of Default if the Final Order (with respect to the DIP Term Loan Credit Facility) is not entered within two business days of July 17, 2019, and section (a)(ii) of Paragraph 31 of the First Interim Order (entitled "Events of Default") shall be replaced with the following: "failure of the Debtors to obtain, within two business days of July 17, 2019, the entry of the Final Order (with respect to the DIP Term Loan Credit Facility), on the terms and conditions contemplated by the DIP Term Loan Documents and otherwise in form and substance satisfactory to the DIP Term Loan Agent."

6.  Paragraph 60 of the First Interim Order, entitled "Final Hearing," shall be replaced in its entirety with the following:

<u>Final Hearing</u>. The Final Hearing to consider entry of the Final Order (with respect to the DIP Term Loan Credit Facility) and final, approval of the DIP Term Loan Credit Facility is scheduled for July 17, 2019, at 2:00 p.m., prevailing Eastern Time, before the Honorable United States Bankruptcy Judge Michael E. Wiles, in Courtroom 617, at the United States Bankruptcy Court for the Southern District of New York. On or before July 3, 2019, the Debtors shall serve, by United States mail, first-class postage prepaid, notice of the entry of this Second Interim Order and of the Final Hearing (the "<u>Final Hearing Notice</u>") on: (a) the parties having been given notice of the Second Interim Hearing; (b) any party which has filed prior to such date a request for notices with this Court; (c) the Office of the United States Trustee for the Southern District of New York; (d) counsel for the Creditors' Committee; (e) the Securities and Exchange Commission; and (f) the Internal Revenue Service. The Final Hearing Notice shall state that the Creditors' Committee shall file written objections with the Clerk of the Court no later than 4:00 p.m., on July 10, 2019, which objections

shall be served so as to be received on or before such date by: (i) counsel to the Debtors, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn: Joshua A. Sussberg, P.C. and Christopher T. Greco, P.C., and Kirkland & Ellis LLP, 300 North LaSalle, Chicago, IL 60654, Attn: Joe Graham and Laura Krucks; (ii) counsel to the DIP ABL Agent and Prepetition ABL Agent, Goldberg Kohn Ltd. 55 East Monroe, Suite 3300, Chicago, Illinois 60603, Attn: Randall Klein and Prisca Kim, and Orrick, 51 W. 52nd Street, New York, New York, 10019, Attn: Laura Metzger and Peter Amend; and (iii) counsel to the DIP Term Loan Agent and Prepetition Term Loan Agent, King & Spalding LLP, 1185 Avenue of the Americas, New York, NY 10036, Attn: W. Austin Jowers, Christopher Boies, and Stephen M. Blank.

Dated: New York, New York
_____, 2019

_____
THE HONORABLE MICHAEL E. WILES
UNITED STATES BANKRUPTCY JUDGE

# Exhibit A

## Budget