**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Chapter 11 |
| HOLLANDER SLEEP PRODUCTS, LLC., *et al.*,[1] | ) Case No. 19-11608 (MEW) |
| Debtors. | ) (Jointly Administered) |
| | ) **Re: Docket No. 67** |

**ORDER (A) AUTHORIZING THE RETENTION AND COMPENSATION OF PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS AND (B) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order") (a) authorizing the Debtors to retain and compensate professionals utilized in the ordinary course of business and (b) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated January 31, 2012; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Dream II Holdings, LLC (7915); Hollander Home Fashions Holdings, LLC (2063); Hollander Sleep Products, LLC (2143); Pacific Coast Feather, LLC (1445); Hollander Sleep Products Kentucky, LLC (4119); Pacific Coast Feather Cushion, LLC (3119); and Hollander Sleep Products Canada Limited (3477). The location of the Debtors' service address is: 901 Yamato Road, Suite 250, Boca Raton, Florida 33431.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. The Debtors are authorized to retain and compensate the professionals identified on the OCP List (collectively, the "OCPs"), attached as **Exhibit 2A** and **Exhibit 2B** to this Order, in the ordinary course of business, pursuant to the following OCP Procedures:[3]

    a. ***Declaration of Disinterestedness***. Within 30 days of the date on which an OCP commences work for the Debtors, such OCP shall cause a declaration of disinterestedness, substantially in the form annexed as **Exhibit 1** hereto (each, a "Declaration of Disinterestedness"), to be filed with the Court and served upon: (i) Hollander Sleep Products, LLC, 901 Yamato Road, Suite 250, Boca Raton, Florida, 33431, Attn: Marc Pfefferle; (ii) proposed counsel to the Debtors, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn: Derek I. Hunter, and 300 North LaSalle Street, Chicago, Illinois 60654, Attn: Joseph M. Graham and Laura E. Krucks; (iii) the Office of the United States Trustee for the Southern District of New York, 201 Varick Street, Room 1006, New York, New York, 10014, Attn: Shannon A. Scott and Paul K. Schwartzberg; (iv) counsel to the administrative agent for the Debtors' prepetition and debtor-in-possession term loan facilities, King & Spalding LLP, Attn: Austin Jowers and Stephen M. Blank; (v) counsel to the administrative agent for the Debtors' prepetition and debtor-in-possession asset-based lending credit facilities, Goldberg Kohn Ltd., Attn: Randall Klein; (vi) counsel to any statutory committee appointed in these chapter 11 cases; and (vii) to the extent not listed herein those parties requesting notice pursuant to Bankruptcy Rule 2002 (collectively, the "Notice Parties").

    b. ***Objection Procedures***. The Notice Parties shall have until 12:00 p.m., prevailing Eastern Time, on the date that is 14 days after

---

[3] For the avoidance of doubt, and notwithstanding anything to the contrary in the Motion, the Debtors may only retain and compensate as OCPs, and the OCP List shall exclusively include, law firms and attorneys acting in their capacities as such.

      the date of filing of each OCP's Declaration of Disinterestedness (the "Objection Deadline") to object to the retention of such OCP. The objecting party shall file any such objection and serve such objection upon the Notice Parties and the respective OCP on or before the Objection Deadline. If any such objection cannot be resolved within 14 days of its receipt, the matter shall be scheduled for hearing before the Court at the next regularly scheduled omnibus hearing date that is no less than 14 days from that date or on a date otherwise agreeable to the parties. The Debtors shall not be authorized to retain and compensate such OCP until all outstanding objections have been withdrawn, resolved, or overruled by order of the Court.

c.    *No Objection*. If no objection is received from any of the Notice Parties by the Objection Deadline with respect to any particular OCP, the Debtors shall be authorized to (i) retain such OCP as of the date such OCP commenced providing services to the Debtors, and (ii) compensate such OCP as set forth below.

d.    *OCP Monthly and Case Caps*. The Debtors shall be authorized to pay, without formal application to the Court by any OCP, 100% of fees and disbursements to each of the OCPs retained by the Debtors pursuant to the OCP Procedures upon submission to the Debtors of an appropriate invoice setting forth in reasonable detail the nature of the services rendered after the Petition Date; *provided*, *however*, that the following limitations, exclusive of costs and disbursements, shall apply to the compensation:

- for each OCP set forth on **Exhibit 2A** attached to this Order (collectively, the "Tier 1 OCPs"), $70,000 per month on average over a rolling three month period (the "Tier 1 OCP Cap,") with an overall case cap of $350,000 (the "Tier 1 Case Cap"); and

- for each OCP set forth on **Exhibit 2B** attached to this Order (collectively, the "Tier 2 OCPs"), $25,000 per month on average over a rolling three month period (the "Tier 2 OCP Cap," and together with the Tier 1 OCP Cap, the "OCP Monthly Caps") with an overall case cap of $400,000 (the "Tier 2 Case Cap," and together with the Tier 1 Case Cap, the "OCP Case Caps").

The OCP Monthly Caps and/or the OCP Case Caps may be increased by mutual agreement between the Debtors, the United States Trustee, counsel to any statutory committee appointed in these chapter 11 cases (the "Excess Fees"); *provided* that the Debtors shall file a notice with the Court of any such increase

3

    (the "Notice of Excess Fees") and an invoice setting forth, in reasonable detail, the nature of the services rendered and disbursements actually incurred. Interested parties shall have 15 days to file an objection to the Notice of Excess Fees with the Court. If after 15 days no objection is filed, the Excess Fees shall be deemed approved, and the OCP may be paid 100% of its fees and 100% of its expenses without the need to file a fee application.

   e. ***Exceeding OCP Monthly Caps***. To the extent there is no agreement with respect to the OCP Monthly Caps as indicated in subparagraph (d), the OCP shall file with the Court a fee application for the amount in excess of the applicable OCP Monthly Cap in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules, unless the U.S. Trustee agrees otherwise.

   f. ***Exceeding OCP Case Caps***. To the extent there is no agreement with respect to the OCP Case Caps as indicated in subparagraph (d), the OCP shall file with the Court a retention application in accordance with section 327 of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules, unless the U.S. Trustee agrees otherwise.

   g. ***OCP Statements***. Beginning on the quarter ending June 30, 2019, and for each quarter thereafter during which these chapter 11 cases are pending, the Debtors shall within 30 days thereof file with the Court and serve on the Notice Parties a statement with respect to each OCP paid during the immediately preceding quarterly period (the "Quarterly Statement"). Each Quarterly Statement shall include (i) the name of the OCP, (ii) the aggregate amounts paid as compensation for services rendered and reimbursement of expenses incurred by that OCP during the reported quarter, and (iii) a general description of the services rendered by that OCP.

   h. ***Additional OCPs***. The Debtors reserve the right to retain additional OCPs from time to time during these chapter 11 cases by (i) including such OCPs on an amended version of the OCP List that is filed with the Court and served on the Notice Parties, and (ii) having such OCPs comply with the OCP Procedures.

3.     The Debtors are authorized to supplement the OCP List as necessary to add or remove OCPs, from time to time in their sole discretion, without the need for any further hearing and without the need to file individual retention applications for newly added OCPs. In such event, the Debtors shall file the amended OCP List with this Court and serve such list on the Notice

4

Parties. Each additional OCP listed in the OCP List shall file with this Court and serve a Declaration of Disinterestedness on the Notice Parties as provided in the OCP Procedures. If no objections are filed within 14 days to any such additional OCP's Declaration of Disinterestedness, then retention of such OCPs shall be deemed approved by this Court pursuant to this Order without a hearing or further order.

4. Nothing contained herein shall affect the Debtors' or any appropriate party in interest's ability to dispute any invoice submitted by an OCP, and nothing contained herein shall preclude the Debtors from seeking authority to pay any OCP in an amount greater than the applicable OCP Monthly Cap, subject to the rights of any party in interest to oppose any such request.

5. This Order shall not apply to any professional retained by the Debtors pursuant to a separate order of the Court.

6. Notwithstanding the relief granted in this Order, any payment made by the Debtors pursuant to the authority granted herein shall be subject to and in compliance with any orders entered by the Court approving the Debtors' entry into any postpetition debtor-in-possession financing facility and any budget in connection therewith and/or authorizing the Debtors' use of cash collateral and any budget in connection therewith.

7. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

8. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

5

9. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

10. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

New York, New York
Dated: July 2, 2019

                                    **s/Michael E. Wiles**
                                    THE HONORABLE MICHAEL E. WILES
                                    UNITED STATES BANKRUPTCY JUDGE

# Exhibit 1

**Declaration of Disinterestedness**

KE 62013018

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| HOLLANDER SLEEP PRODUCTS, LLC, *et al.*,[1] | ) Case No. 19-11608 (MEW) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

**DECLARATION OF DISINTERESTEDNESS OF [ENTITY]
PURSUANT TO THE ORDER AUTHORIZING HOLLANDER SLEEP
PRODUCTS, LLC, *ET AL.*, FOR THE RETENTION AND COMPENSATION
OF PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS**

I, [NAME], declare under penalty of perjury:

1. I am a [POSITION] of [ENTITY], located at [STREET, CITY, STATE, ZIP CODE] (the "Firm").

2. The above-captioned debtors and debtors in possession (collectively, the "Debtors"), have requested that the Firm provide [SPECIFIC DESCRIPTION] services to the Debtors, and the Firm has consented to provide such services.

3. The Firm may have performed services in the past, may currently perform services, and may perform services in the future in matters unrelated to these chapter 11 cases for persons that are parties in interest in the Debtors' chapter 11 cases. The Firm, however, does not perform services for any such person in connection with these chapter 11 cases, or have any relationship with any such person, their attorneys, or accountants that would be adverse to the Debtors or their estates.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Dream II Holdings, LLC (7915); Hollander Home Fashions Holdings, LLC (2063); Hollander Sleep Products, LLC (2143); Pacific Coast Feather, LLC (1445); Hollander Sleep Products Kentucky, LLC (4119); Pacific Coast Feather Cushion, LLC (3119); and Hollander Sleep Products Canada Limited (3477). The location of the Debtors' service address is: 901 Yamato Road, Suite 250, Boca Raton, Florida 33431.

4.      As part of its customary practice, the Firm is retained in cases, proceedings, and transactions involving many different parties, some of whom may represent or be employed by the Debtors, claimants, and parties in interest in these chapter 11 cases.

5.      Neither I nor any principal, partner, director, officer, [etc.] of, or professional employed by, the Firm has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than the principal and regular employees of the Firm.

6.      Neither I nor any principal, partner, director, officer, [etc.] of, or professional employed by, the Firm, insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtors or their estates with respect to the matter(s) upon which the Firm is to be employed.

7.      The Debtors owe the Firm $[___] for prepetition services, the payment of which is subject to limitations contained in title 11 of the United States Code, 11 U.S.C. §§ 101–1532.

8.      As of the Petition Date, which was the date on which the Debtors commenced these chapter 11 cases, the Firm [was/was not] party to an agreement for indemnification with certain of the debtor entities.  [A copy of such agreement is attached as **Exhibit 1** to this Declaration.]

9.      The Firm is conducting further inquiries regarding its retention by any creditors of the Debtors, and upon conclusion of that inquiry, or at any time during the period of its employment, if the Firm should discover any facts bearing on the matters described herein, the Firm will supplement the information contained in this Declaration.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Date: _____, 2019

_____
**[DECLARANT'S NAME]**

# Exhibit 2A

**Tier 1 Ordinary Course Professionals**

## **Tier 1 Ordinary Course Professionals**

| Name | Address | Type of Service |
|---|---|---|
| Frost Brown Todd LLC | One Columbus, Suite 2300<br>10 West Broad Street<br>Columbus, OH 43215 | Legal Services - Labor |

**Exhibit 2B**

**Tier 2 Ordinary Course Professionals**

## **Tier 2 Ordinary Course Professionals**

| Name | Address | Type of Service |
|---|---|---|
| Stikeman Elliott LLP | 5300 Commerce Court West<br>199 Bay Street<br>Toronto, ON M5L 1B9 | Legal Services - Canada Employment |
| K&L Gates RCAC | 1717 Main Street, Suite 2800<br>Dallas, TX 75201 | Legal Services - Corporate |
| Lerner David Littenberg Krumholz & Mentlik LLP | 600 South Avenue West<br>Westfield, NJ 07090 | Legal Services - Intellectual Property |
| Lewis Brisbois Bisgaard & Smith LLP | 633 W. Fifth Street, Suite 4000<br>Los Angeles, CA 90071 | Legal Services - Corporate |
| Aguilar Y Loera S.C. | Guillermo Gonzalez Camarena 1200 Piso 4A<br>Col. Santa Fe 01210<br>Alvaro Obregon, Cuidad De Mexico C.P. 01210<br>Mexico | Legal Services - Mexico |
| Bingham Greenbaum Doll | 3913 Solutions Center<br>Chicago, IL 60677 | Legal Services - Corporate |
| Fox Rothschild LLP | 1250 Constellation Blvd., Suite 900<br>Los Angeles, CA 90067-6209 | Legal Services - Employment |
| Gordon & Rees Scully Mansukhani LLP | 633 West Fifth Street, Suite 5200<br>Los Angeles, CA 90071 | Legal Services - Corporate |
| Sandler, Travis & Rosenberg P.A. | 1000 NW 57th Court, Suite 600<br>Miami, FL 33126 | Legal Services - International Trade |