UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| HOLLANDER SLEEP PRODUCTS, LLC., *et al.*,[1] | ) ) ) | Case No. 19-11608 (MEW) |
| Debtors. | ) ) ) | (Jointly Administered) |
|  | ) | **Re: Docket No.** 65 |

**ORDER ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION
AND REIMBURSEMENT OF EXPENSES FOR RETAINED PROFESSIONALS**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"), (a) authorizing the Debtors to establish procedures for interim compensation and reimbursement of expenses for Professionals and (b) granting related relief, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated January 31, 2012; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Dream II Holdings, LLC (7915); Hollander Home Fashions Holdings, LLC (2063); Hollander Sleep Products, LLC (2143); Pacific Coast Feather, LLC (1445); Hollander Sleep Products Kentucky, LLC (4119); Pacific Coast Feather Cushion, LLC (3119); and Hollander Sleep Products Canada Limited (3477). The location of the Debtors' service address is: 901 Yamato Road, Suite 250, Boca Raton, Florida 33431.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. Except as may otherwise be provided by orders of this Court authorizing the retention of specific professionals, all Professionals may seek interim compensation and reimbursement of expenses, and members of a Committee may seek reimbursement of expenses, in accordance with the following procedures (collectively, the "Compensation Procedures"):

   a. On or before the 20th day of each month following the month for which compensation is sought (or as soon thereafter as reasonably practicable), each Professional seeking compensation shall serve a monthly statement (the "Monthly Fee Statement"), on: (i) Hollander Sleep Products, LLC, 901 Yamato Road, Suite 250, Boca Raton, Florida 33431, Attn: Marc Pfefferle; (ii) proposed counsel to the Debtors, Kirkland & Ellis LLP, 601 Lexington Avenue, New York City, New York 10022, Attn: Joshua A. Sussberg, P.C. and Christopher T. Greco, P.C. and 300 North LaSalle, Chicago, Illinois 60654, Attn: Joseph M. Graham; (iii) the United States Trustee for the Southern District of New York (the "U.S. Trustee"), U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, New York 10014, Attn: Shannon A. Scott and Paul K. Schwartzberg; (iv) counsel to the administrative agent for the Debtors' prepetition and debtor-in-possession term loan facilities, King & Spalding LLP, 1185 6th Ave., New York City, New York 10036, Attn: Austin Jowers and Stephen M. Blank; (v) counsel to the administrative agent for the Debtors' prepetition and debtor-in-possession asset-based lending credit facility, Goldberg Kohn Ltd., 55 East Monroe Street, Suite 3300, Chicago, IL 60603, Attn: Randall Klein; (vi) proposed counsel to the Official Committee of Unsecured Creditors, Pachulski Stang Ziehl & Jones, LLP, 780 Third Avenue, Suite 3400, New York, New York 10027, Attn: Bradford J. Sandler, Robert J. Feinstein, and Jeffrey Pomerantz; and (vii) to the extent not listed herein, those parties requesting notice pursuant to Bankruptcy Rule 2002 (collectively, the "Application Recipients"). All Professionals shall file their first Monthly Fee Statement for the period from the effective date of their retention through the end of the first full month following the effective date of their retention and otherwise in accordance with the procedures set forth in this Order.

   b. On or before the 20th day of each month following the month for which compensation is sought (or as soon thereafter as reasonably practicable), each Professional shall file a Monthly Fee Statement with the Court; *provided* that

2

    a courtesy copy need not be delivered to Chambers because this Order is not intended to alter the fee application requirements outlined in sections 330 and 331 of the Bankruptcy Code. Professionals shall still be required to serve and file interim and final applications for approval of fees and expenses in accordance with the relevant provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

c. Each Monthly Fee Statement must contain a list of the individuals who provided services during the period covered by the Monthly Fee Statement, their respective titles (*e.g.*, attorney, accountant, paralegal, etc.), their respective billing rates, the aggregate hours spent by each individual, a reasonably detailed breakdown of the disbursements incurred (no Professional should seek reimbursement of an expense that would otherwise not be allowed pursuant to the Court's *Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases*, effective February 5, 2013, or the *U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, effective November 1, 2013 (collectively, the "Fee Guidelines")), and contemporaneously maintained time entries (redacted or modified to protect any privileged) for each individual in increments of tenths (1/10) of an hour or as close thereto as practicable unless otherwise ordered by the Court.

d. Any party in interest shall have at least 14 days after the filing of a Monthly Fee Statement to review it and, if such party has an objection to the compensation or reimbursement sought in a particular Monthly Fee Statement (an "Objection"), such party shall, by no later than 12:00 p.m. (prevailing Eastern Time) on the date that is 14 days following the filing of the particular Monthly Fee Statement (the "Objection Deadline"), serve via electronic mail upon the Professional whose Monthly Fee Statement is the subject of an Objection, a written "Notice of Objection to Fee Statement" setting forth the nature of the Objection and the amount of fees or expenses at issue.

e. At the expiration of the Objection Deadline, the Debtors shall promptly pay 80% of the fees and 100% of the expenses identified in each Monthly Fee Statement to which no Objection has been served in accordance with paragraph (d) above.

f. If a Notice of Objection to Fee Statement with respect to a particular Monthly Fee Statement is served, the Debtors shall withhold payment of only that portion of the Monthly Fee Statement to which the Objection is directed and promptly pay the remainder of the fees and disbursements in the percentages set forth in paragraph (e) above.

g. If an Objection is resolved and if the party whose Monthly Fee Statement was the subject of the Objection serves on all Application Recipients a statement indicating that the Objection has been withdrawn and describing the terms of

3

      the resolution, then the Debtors shall promptly pay, in accordance with paragraph (e) above, the portion of the Monthly Fee Statement that is no longer subject to the Objection.

h. All Objections that are not resolved by the parties shall be preserved and presented to the Court at the next Interim Fee Hearing (as defined herein) to be heard by the Court in accordance with paragraph (k) below.

i. The service of a Notice of Objection to Fee Statement in accordance with paragraph (d) above shall not prejudice the objecting party's right to object to any fee application made to the Court in accordance with the Bankruptcy Code on any ground, whether raised in the Objection or not. Furthermore, the decision by any party not to object to a Monthly Fee Statement shall not be a waiver of any kind or prejudice that party's right to object to any fee application subsequently made to the Court in accordance with the Bankruptcy Code. For the avoidance of doubt, any approval of an Interim Fee Application, as defined below, or any payment made on account of a Monthly Fee Statement shall be without prejudice to any parties' ability to object to any other such fee applications or a final fee application or to their ability to request changes to a final fee application.

j. Commencing with the period ending August 31, 2019, and for each four-month interval thereafter (each, an "Interim Fee Period"), each of the Professionals shall file with the Court an application (an "Interim Fee Application") for interim Court approval and allowance, pursuant to sections 330 and 331 of the Bankruptcy Code (as the case may be), of the compensation and reimbursement of expenses requested in the Monthly Fee Statements served during such Interim Fee Period. Each Professional shall file its Interim Fee Application no later than 45 days after the end of the Interim Fee Period. Each Professional shall file its first Interim Fee Application on or before October 15, 2019, and the first Interim Fee Application shall cover the Interim Fee Period from the Petition Date (or the effective date of the Professional's retention) through and including August 31, 2019. Each Professional shall attach all time records for the respective Interim Fee Period to each Interim Fee Application and all time records from each Monthly Fee Statement to the final fee application.

k. The Debtors' attorneys shall obtain a date from the Court for the hearing to consider Interim Fee Applications for all Professionals (the "Interim Fee Hearing"), which shall be scheduled no earlier than 45 days after the expiration of the 45-day period set forth in paragraph (j) above, unless otherwise agreed to by the Debtors, any Committee, and the U.S. Trustee. At least 30 days prior to the Interim Fee Hearing, the Debtors' attorneys shall file a notice with the Court, with service upon the U.S. Trustee and all Professionals, setting forth the time, date, and location of the Interim Fee Hearing, the period covered by the Interim Fee Applications, and the objection deadline. Any Professional unable to file its own Interim Fee Application with the Court shall deliver to the Debtors' attorneys a fully executed copy with original signatures, along with

service copies, three business days before the filing deadline. The Debtors' attorneys shall file and serve such Interim Fee Application.

l. Any Professional who fails to timely file an Interim Fee Application seeking approval of compensation and expenses previously paid pursuant to a Monthly Fee Statement shall (i) be ineligible to receive further monthly payments of fees or reimbursement of expenses as provided herein until such Interim Fee Application is filed, and (ii) may be required to disgorge any fees paid since retention or the last fee application, whichever is later.

m. The pendency of an Interim Fee Application or a Court order that payment of compensation or reimbursement of expenses was improper as to a particular Monthly Fee Statement shall not disqualify a Professional from the future payment of compensation or reimbursement of expenses as set forth above, unless otherwise ordered by the Court.

n. Neither the payment of, nor the failure to pay, in whole or in part, monthly compensation and reimbursement as provided herein shall have any effect on this Court's interim or final allowance of compensation and reimbursement of expenses of any Professionals. Upon allowance by this Court of a Professional's Interim Fee Application, the Debtors shall be authorized to promptly pay such Professional all allowed requested fees and expenses not previously paid (including any requested 20% "holdback") to the extent provided in the Order approving the Interim Fee Application.

o. The attorneys for any Committee may, in accordance with the Compensation Procedures, collect and submit statements of expenses, with supporting documentation, from the Committee's members; *provided* that these reimbursement requests must comply with the Fee Guidelines.

3. The Debtors shall include all payments to Professionals on their monthly operating reports, detailed so as to state the amount paid to each Professional; *provided* that amounts paid to any professionals retained in the ordinary course of business in accordance with procedures approved by this Court may be stated in the aggregate on any monthly operating reports.

4. Notice of hearings to consider Interim Fee Applications and final fee applications shall be limited to the Application Recipients, the U.S. Trustee and any party who files a Notice of Objection to Fee Statement or a notice of appearance and requests notice in these chapter 11 cases.

5.     Notwithstanding the relief granted in this Order, any payment made by the Debtors pursuant to the authority granted herein shall be subject to and in compliance with any orders entered by the Court approving the Debtors' entry into any postpetition debtor-in-possession financing facility and any budget in connection therewith and/or authorizing the Debtors' use of cash collateral and any budget in connection therewith.

6.     All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

7.     The Debtors shall serve a copy of this Order on each of the Professionals.

8.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

9.     Notwithstanding anything to the contrary, the terms and conditions of this Order are immediately effective and enforceable upon its entry.

10.    The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

11.    The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

New York, New York
Dated: July 3, 2019

                                                                                                           s/Michael E. Wiles
                                                THE HONORABLE MICHAEL E. WILES
                                                UNITED STATES BANKRUPTCY JUDGE