**Presentment Date: July 17, 2019 at 12:00 p.m. Eastern Time**
**Objection Date: July 16, 2019 at 4:00 p.m. Eastern**

Robert J. Feinstein, Esq.
Bradford J. Sandler, Esq.
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 34th Floor
New York, NY 10017
Telephone: (212) 561-7700
Facsimile: (212) 561-7777
Email:    rfeinstein@pszjlaw.com
              bsandler@pszjlaw.com

Jeffrey N. Pomerantz, Esq. (admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760
Email:    jpomerantz@pszjlaw.com

*Proposed Counsel to the Official Committee of Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
                                                   :
In re                                              :          **Chapter 11**
                                                   :
**HOLLANDER SLEEP PRODUCTS, LLC *et al.*,[1]**:     **Case No. 19-11608 (MEW)**
                                                   :
                                                   :          **(Jointly Administered)**
              Debtors.                             :
---------------------------------------------------------------x

### NOTICE OF PRESENTMENT OF APPLICATION PURSUANT TO SECTIONS 1103(A) AND 328(A) OF THE BANKRUPTCY CODE, RULE 2014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, AND LOCAL RULE 2014-1 FOR AUTHORIZATION TO EMPLOY AND RETAIN GOWLING WLG AS CANADIAN COUNSEL FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS EFFECTIVE JUNE 13, 2019

**PLEASE TAKE NOTICE** that upon the *Application Pursuant to Sections 1103(a) and 328(a) of the Bankruptcy Code, Rule 2014 of the Federal Rules of bankruptcy Procedure, and Local Rule 2014-1 for Authorization to Employ and Retain Gowling WLG as Canadian Counsel for the Official Committee of Unsecured Creditors Effective June 13, 2019* (the "Application"), the Official Committee of Unsecured Creditors appointed in the above-

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Dream II Holdings, LLC (7915); Hollander Home Fashions Holdings, LLC (2063); Hollander Sleep Products, LLC (2143); Pacific Coast Feather, LLC (1445); Hollander Sleep Products Kentucky, LLC (4119); Pacific Coast Feather Cushion, LLC (3119); and Hollander Sleep Products Canada Limited (3477). The location of the Debtors' service address is: 901 Yamato Road, Suite 250, Boca Raton, Florida 33431.

19-11608-mew    Doc 198    Filed 07/09/19    Entered 07/09/19 19:34:14    Main Document
Pg 2 of 26

captioned chapter 11 cases will present to the Honorable Michael E. Wiles, United States Bankruptcy Judge, for signature, on **July 17, 2019 at 12:00 p.m. (Eastern Time)**, the proposed *Order Approving and Authorizing the Retention of Gowling WLG as Canadian Counsel for the Official Committee of Unsecured Creditors Effective June 13, 2019* attached to the Application as **<u>Exhibit A</u>**.

    **PLEASE TAKE FURTHER NOTICE** that any responses or objections ("<u>Objections</u>") to the Application shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York, shall be filed with the Bankruptcy Court (a) by attorneys practicing in the Bankruptcy Court, including attorneys admitted *pro hac vice*, electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov), and (b) by all other parties in interest, on a CD-ROM, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable, and shall be served in accordance with General Order M-399, so as to be filed and received no later than **July 16, 2019 at 4:00 p.m. (Eastern Time)** (the "<u>Objection Deadline</u>").

**PLEASE TAKE FURTHER NOTICE** that if an Objection to the Application is

not received by the Objection Deadline, the relief requested shall be deemed unopposed, and the

Bankruptcy Court may enter an order granting the relief sought without a hearing.

Dated:   July 9, 2019

*/s/ Robert J. Feinstein*

Robert J. Feinstein, Esq.
Bradford J. Sandler, Esq.
Jeffrey N. Pomerantz, Esq.
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 34th Floor
New York, NY  10017
Telephone:  (212) 561-7700
Facsimile:  (212) 561-7777

*Proposed Counsel to the Official Committee of
Unsecured Creditors*

Presentment Date:  July 17, 2019 at 12:00 p.m. Eastern Time
Objection Date:  July 16, 2019 at 4:00 p.m. Eastern

Robert J. Feinstein, Esq.
Bradford J. Sandler, Esq.
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 34th Floor
New York, NY  10017
Telephone:  (212) 561-7700
Facsimile:  (212) 561-7777
Email:    rfeinstein@pszjlaw.com
              bsandler@pszjlaw.com

Jeffrey N. Pomerantz, Esq. (admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone:  (310) 277-6910
Facsimile:  (310) 201-0760
Email:    jpomerantz@pszjlaw.com

*Proposed Counsel to the Official Committee of Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
:
**In re**                                                      :            **Chapter 11**
:
**HOLLANDER SLEEP PRODUCTS, LLC, *et al.*,[1]**:            **Case No. 19-11608 (MEW)**
:
:            **(Jointly Administered)**
            **Debtors.**                              :
---------------------------------------------------------------x

**APPLICATION PURSUANT TO SECTIONS 1103(a) AND 328(a) OF THE
BANKRUPTCY CODE, RULE 2014 OF THE FEDERAL RULES OF BANKRUPTCY
PROCEDURE, AND LOCAL RULE 2014-1 FOR AUTHORIZATION TO
EMPLOY AND RETAIN GOWLING WLG AS CANADIAN COUNSEL FOR THE
OFFICIAL COMMITTEE OF UNSECURED CREDITORS EFFECTIVE JUNE 13, 2019**

The Official Committee of Unsecured Creditors (the "Committee") of Hollander

Sleep Products, *et al.* (collectively, the "Debtors") in the above-captioned cases hereby submits

its application (the "Application") for entry of an order, pursuant to sections 1103(a) and 328(a)

of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014(a) of the Federal Rules

of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Bankruptcy

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Dream II Holdings, LLC (7915); Hollander Home Fashions Holdings, LLC (2063); Hollander Sleep Products, LLC (2143); Pacific Coast Feather, LLC (1445); Hollander Sleep Products Kentucky, LLC (4119); Pacific Coast Feather Cushion, LLC (3119); and Hollander Sleep Products Canada Limited (3477). The location of the Debtors' service address is: 901 Yamato Road, Suite 250, Boca Raton, Florida 33431.

Rules for the Southern District of New York (the "Local Bankruptcy Rules"), authorizing the

retention of Gowling WLG ("Gowling") as Canadian counsel.  In support of the Application, the

Committee submits the Declaration of E. Patrick Shea, LSM (the "Shea Declaration"), attached

hereto as **Exhibit A** and the declaration of Committee Co-Chairs attached hereto as **Exhibit B**

and incorporated herein by reference.  In further support of the Application, the Committee

respectfully represents:

### JURISDICTION AND VENUE

1.      This Court has jurisdiction to consider the Application pursuant to 28 U.S.C.

§§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2). Venue of this case and

the Application in this District is proper under 28 U.S.C. §§ 1408 and 1409.

2.      The statutory bases for the relief requested herein are Bankruptcy Code sections

1103(a) and 328(a), Bankruptcy Rule 2014(a), and Local Bankruptcy Rule 2014.

### STATEMENT OF FACTS

**A.**      **Background**

3.      On May 19, 2019 (the "Petition Date"), each of the Debtors filed a voluntary

petition with this Court under chapter 11 of the Bankruptcy Code.  The Debtors are operating

their businesses and managing their properties as debtors in possession pursuant to sections

1107(a) and 1108 of the Bankruptcy Code.  No trustee or examiner has been appointed in these

cases.

4.      On May 30, 2019, the Office of the United States Trustee (the "U.S. Trustee")

appointed the Committee pursuant to section 1102 of the Bankruptcy Code.  The Committee

consists of: (i) Roind Hometex Co., Ltd.; (ii) Hangzhou Chuangyuan Feather Co., Ltd.;

(iii) Hollander NC IA LLC; (iv) Nap Industries, Inc.; and (v) Packaging Corporation of America.

## RELIEF REQUESTED

5.      By this Application, the Committee seeks to employ and retain Gowling as its

Canadian counsel with regard to assisting the Committee with its review and analysis of the

Canadian Debtors, liens and security interests on their assets, and any other assistance the

Committee may request regarding the Canadian Debtors.  Accordingly, the Committee

respectfully requests that this Court enter an order authorizing them to employ and retain

Gowling as their Canadian counsel to perform the legal services that will be necessary during

these chapter 11 cases pursuant to the terms set forth in the Shea Declaration.

6.      The Committee seeks to retain Gowling as Canadian counsel because of the

Firm's extensive experience and knowledge in the field of debtors' and creditors' rights in

Canada under the *Companies' Creditors Arrangement Act*, R.S.C. 1985, c.C.-36, as amended

(the "CCAA"), and familiarity with the Debtors and their businesses.

7.      The professional services that Gowling will render to the Committee include, but

shall not be limited to, assisting the Committee with its review of the scope of liens and security

interests of the Canadian Debtors' assets.

## PROFESSIONAL COMPENSATION

8.      Subject to Court approval and in accordance with section 330(a) of the

Bankruptcy Code and any applicable orders of this Court, compensation will be payable to

Gowling on an hourly basis, plus reimbursement of actual, necessary expenses and other charges

incurred by Gowling.  The Firm's current standard hourly rates in Canadian dollars are:

- E. Patrick Shea, LSM          $675 CDN
- Partners                              $450-$950 CDN
- Associates                          $400-$550 CDN
- Paralegals/Clerks              $125-$300 CDN

9.      Other attorneys and paralegals at Gowling may serve the Committee in

connection with the matters described herein from time to time.

10.     The hourly rates set forth above are Gowling's 2019 standard hourly rates for

work of this nature.  These rates are set at a level designed to fairly compensate Gowling for the

work of its attorneys and paralegals, to cover fixed and routine overhead expenses, and are

subject to periodic adjustments necessitated by market and other conditions.  Beyond the rates

listed above, it is Gowling's policy to charge for all other expenses incurred in connection with

the clients' cases.  These expenses include, among other things, conference call charges, mail

and express mail charges, special or hand delivery charges, document retrieval charges,

photocopying charges, charges for mailing supplies (including, without limitation, envelopes and

labels) provided by Gowling to outside copying services for use in mass mailings, travel

expenses, expenses for "working meals," computerized research, and transcription costs, as well

as non-ordinary overhead expenses such as secretarial and other overtime.  Gowling will charge

the Committee for these expenses in a manner and at rates consistent with those charged to other

Gowling clients and the rules and requirements of this Court.  Gowling believes that it is fairer to

charge these expenses to the clients incurring them than to increase its hourly rates and spread

the expenses among all clients.

11.     To the best of the Committee's knowledge, except as otherwise disclosed in the

Shea Declaration submitted concurrently herewith, Gowling has not represented the Debtors,

their creditors, equity security holders, or any other parties in interest, or their respective

attorneys, in any matter relating to the Debtors or their estates.  Further, to the best of the

Committee's knowledge, Gowling does not hold or represent any interest adverse to the Debtors'

estates, Gowling is a "disinterested person" as that phrase is defined in section 101(14) of the

Bankruptcy Code, and Gowling's employment is necessary and in the best interests of the

Debtors and their estates.

12.    The Committee understands that Gowling hereafter intends to apply to the Court

for allowances of compensation and reimbursement of expenses in accordance with the

applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and orders

of this Court for all services performed and expenses incurred after the Petition Date.

## NOTICE

13.    Notice of this Motion has been provided to: (i) the Debtors and their counsel; (ii)

holders of the 50 largest unsecured claims against the Debtors (on a consolidated basis); (iii)

counsel to the administrative agent for the Debtors' term loan facility, King & Spalding LLP,

Attn: Austin Jowers and Stephen M. Blank; (iv) counsel to the administrative agent for the

Debtors' revolving loan credit facility, Goldberg Kohn Ltd., Attn: Randall Klein; (v) the Office

of the United States Trustee for the Southern District of New York, 201 Varick Street, Room

1006, New York, New York, 10014, Attn: Shannon Scott; (vi) the United States Attorney's

Office for the Southern District of New York; (vii) the Internal Revenue Service; (viii) the office

of the attorneys general for the states in which the Debtors operate; (ix) the Securities and

Exchange Commission; and (x) any party that has requested notice pursuant to Bankruptcy Rule

2002.  The Committee submits that, in light of the facts and circumstances, such notice is

sufficient and no other or further notice need be provided.

## **NO PRIOR REQUEST**

14.    No prior request for the relief sought in this Application has been made to this

Court or any other court.

WHEREFORE, the Committee requests entry of an order, pursuant to section

327(a) of the Bankruptcy Code, authorizing the Committee to retain Gowling as Canadian

counsel effective as of June 13, 2019 and grant such other and further relief it deems just and

proper.

[*remainder of page intentionally left blank*]

Date: July 9, 2019

**THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS OF HOLLANDER
SLEEP PRODUCTS, LLC,** *et al.*

Roind Hometex Co., Ltd.
By:  Eric Feng Huang

Solely in its capacity as Co-Chair of the Official
Committee of Unsecured Creditors of Hollander
Sleep products, LLC, *et al.*, and not in any other
capacity

Hollander NC IA LLC
By:  R. Stan Holland

Solely in its capacity as Co-Chair of the Official
Committee of Unsecured Creditors of Hollander
Sleep Products, LLC, *et al.*, and not in any other
capacity

Filed By:

**PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ Robert J. Feinstein*
Robert J. Feinstein
Bradford J. Sandler
Jeffrey N. Pomerantz, Esq.
780 Third Avenue, 34th Floor
New York, NY  10017
Telephone:  (212) 561-7700
Facsimile:  (212) 561-7777
Email:    rfeinstein@pszjlaw.com
          bsandler@pszjlaw.com
          jpomerantz@pszjlaw.com

*Proposed Counsel to the Official Committee of Unsecured Creditors*

# EXHIBIT A

## Declaration of E. Patrick Shea, LSM

Robert J. Feinstein, Esq.
Bradford J. Sandler, Esq.
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 34th Floor
New York, NY 10017
Telephone: (212) 561-7700
Facsimile: (212) 561-7777
Email:    rfeinstein@pszjlaw.com
          bsandler@pszjlaw.com

Jeffrey N. Pomerantz, Esq. (admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760
Email:    jpomerantz@pszjlaw.com

*Proposed Counsel to the Official Committee of Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x
                          :

**In re**                       :            **Chapter 11**
                          :

**HOLLANDER SLEEP PRODUCTS, LLC, et al.,[1]**:    **Case No. 19-11608 (MEW)**
                          :
                          :            **(Jointly Administered)**
        **Debtors.**             :
-------------------------------------------------------------x

**DECLARATION OF E. PATRICK SHEA IN SUPPORT OF APPLICATION
PURSUANT TO SECTIONS 1103(a) AND 328(a) OF THE BANKRUPTCY CODE,
RULE 2014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, AND
LOCAL BANKRUPTCY RULE 2014-1 FOR AUTHORIZATION TO EMPLOY
AND RETAIN GOWLING WLG AS CANADIAN COUNSEL FOR THE OFFICIAL
COMMITTEE OF UNSECURED CREDITORS EFFECTIVE JUNE 13, 2019**

        I, E. Patrick Shea, LSM, declare under penalty of perjury pursuant to 28 U.S.C.

§ 1746, and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

Rules"), and Rule 2014-1 of the Local Bankruptcy Rules for the Southern District of New York

(the "Local Bankruptcy Rules"), that the following is true and correct:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Dream II Holdings, LLC (7915); Hollander Home Fashions Holdings, LLC (2063); Hollander Sleep Products, LLC (2143); Pacific Coast Feather, LLC (1445); Hollander Sleep Products Kentucky, LLC (4119); Pacific Coast Feather Cushion, LLC (3119); and Hollander Sleep Products Canada Limited (3477). The location of the Debtors' service address is: 901 Yamato Road, Suite 250, Boca Raton, Florida 33431.

1.      I am a partner with the law firm of Gowling WLG ("Gowling" or the

"Firm"), with offices located at 1 First Canadian Place, 100 King Street West, Suite 1600,

Toronto, Ontario, M5X 1G5, Canada.  I am duly admitted to practice law in Ontario, Canada.

2.      I am authorized to submit this declaration (the "Declaration") in support of

the *Application Pursuant to Sections 1103(a) and 328(a) of the Bankruptcy Code, Rule 2014 of*

*the Federal Rules of Bankruptcy Procedure, and Local Rule 2014-1 for Authorization to Employ*

*and Retain Gowling WLG as Canadian Counsel for the Official Committee of Unsecured*

*Creditors Effective June 13, 2019* (the "Application").

3.      Gowling in an international law firm with over 1400 legal professionals.

Gowling's restructuring and insolvency group specializes in complex, high-profile and

confidential restructurings and advisory work, using the talents and skills of its most senior and

experienced team members.

4.      With legal professionals in Canada, UK, Europe, Asia and the Middle

East, Gowling has developed a broad practice with a high level of expertise in multi-

jurisdictional, cross-border insolvencies and restructurings, and act for lenders and other

creditors, debtors, court appointed officers, interim lenders (DIP financing) and purchasers

(distressed M&A transactions).

5.      Neither I, the Firm, nor any partner, of counsel or associate thereof,

insofar as I have been able to ascertain, has any connection with the Debtors, their creditors, or

any other parties in interest herein, or their respective attorneys and accountants, the U.S.

Trustee, or any person employed in the Office of the United States Trustee (the "U.S. Trustee")

or any Bankruptcy Judge currently serving on the United States Bankruptcy Court for the Eastern

District of Missouri, except as set forth herein.

        6.      The Debtors have retained various professionals, including Kirkland &

Ellis LLP and Kirkland & Ellis International LLP, Proskauer Rose LLP, Houlihan Lokey

Capital, Inc., and Carl Marks Advisory Group LLC.  The Committee has retained various

professionals, including Pachulski Stang Ziehl & Jones LLP and Alvarez and Marsal.  The Firm

has previously worked with and will continue to work with these referenced professionals on

various representations, at times representing the same parties and at other times representing

parties with similar interests or parties with adverse interests.

        7.      Section 1103(b) of the Bankruptcy Code does not incorporate the general

"disinterestedness" standard of section 327(a) on proposed counsel to an official committee of

unsecured creditors.  However, Bankruptcy Rule 2014 requires that an application for

employment under section 1103 disclose all connections with the Debtors, their estates,

professionals, and the U.S. Trustee.

        8.      The Firm has made the following investigation of its connections prior to

submitting this Declaration.  The Firm has undertaken a full and thorough review of its computer

database, which contains the names of clients and other parties in interest in particular matters.

The Firm requires all of its professionals, before accepting the representation of a new client, or

the representation of an existing client in a new matter, to perform a conflicts check through the

Firm's database and to enter conflict information regarding new clients or new matters into that

database.  Thus, a review of said computerized database should reveal any and all actual or

potential conflicts of interest with respect to any given representation.  In particular, an employee

of the Firm, under my supervision, entered the names of parties provided by the Debtors through the Firm's database. The categories of the parties entered in the Firm's database with respect to the Firm's conflicts check in these cases include: the Debtors, their affiliates, their directors and officers, counterparties to significant executory contracts, customers, landlords, lenders and sponsor, professionals, shareholders, taxing authorities, 50 largest unsecured creditors, and the U.S. Trustee, Judges and Court contacts for the Southern District of New York.

9.      Based on the Firm's conflict check within its database, the Firm has not encountered any creditors of the Debtors in which an actual conflict exists between the Firm and such creditors. If, at any time during the course of these cases, the Firm learns of any representation which may give rise to a conflict, the Firm will promptly file with the Court an amended declaration identifying and specifying such involvement.

10.     Gowling and certain of its attorneys currently represent, have represented and in the future will likely represent secured and unsecured creditors, shareholders, customers and counterparties to significant executory contracts of the Debtors in connection with matters unrelated to the Debtors and these cases.

11.     Gowling makes the following disclosures with respect to certain parties:

a.              Gowling acts as agent in Canada for the New Jersey law firm Lerner, David, Littenberg Krumholz & Mentlik to register certain of the Debtors' intellectual property in Canada. As agent, Gowling acts for Lerner, David, Littenberg Krumholz & Mentlik. No past due amounts are owed to Gowling for such services.

12.     The Firm has not received any retainer or payment from the Debtors or the Committee. Nor has the Firm received any promise of payment in connection with these cases

during the one-year period prior to the filing of the Debtors' petitions.  No compensation has

been paid or promised to be paid from a source other than the Debtors' estates in these cases.  No

promises have been received by the Firm nor by any attorneys thereof as to compensation in

connection with these chapter 11 cases, other than in accordance with the provisions of the

Bankruptcy Code.  The Firm has no agreement with any other entity to share with such entity

any compensation received by the Firm in connection with these cases, except among the

partners, of counsel, and associates of the Firm.  Neither the Committee nor its members (or any

of their representatives) are or will be liable for fees or costs incurred by the Firm in its

representation of the Committee.

13.    The Firm intends to apply for compensation for professional services

rendered in connection with these cases subject to approval of this Court as stated in the

Application, and in compliance with applicable provisions of the Bankruptcy Code, on an hourly

basis, plus reimbursement of actual, necessary expenses and other charges incurred by the Firm.

No compensation will be paid to the Firm except upon compliance with the Bankruptcy Code,

Bankruptcy Rules, Local Bankruptcy Rules, and any other applicable procedures and orders of

this Court.  The Firm's current standard hourly rates are:

|     |                      |                |
| --- | -------------------- | -------------- |
| a.  | E. Patrick Shea, LSM | $675 CDN       |
| b.  | Partners             | $450-$950 CDN  |
| c.  | Associates           | $400-$550 CDN  |
| d.  | Paralegals/Clerks    | $125-$300 CDN  |

14.    The hourly rates set forth above are Gowling's standard hourly rates for work of

this nature.  These rates are set at a level designed to fairly compensate Gowling for the work of

its attorneys and paralegals and to cover fixed and routine overhead expenses.  It is the Firm's

policy to charge its clients in all areas of practice for all other expenses incurred in connection

with the client's case.  The expenses charged to clients include, among other things, telephone

and telecopier toll and other charges, mail charges, document retrieval, photocopying charges,

charges for mailing supplies (including, without limitation, envelopes and labels) provided by the

Firm to outside copying services for use in mass mailings, expenses for "working meals" and

transcription costs.  The Firm will charge the Committee for these expenses in a manner and at

rates consistent with charges made generally to the Firm's other clients.  Gowling believes that it

is more appropriate to charge these expenses to the clients incurring them than to increase the

hourly rates and spread the expenses among all clients.

15.    Subject to Court approval, the Committee may seek to retain various professionals

during the pendency of these cases.  Gowling intends to work closely with any such

professionals retained by the Committee, to ensure that there is no unnecessary duplication of

services performed on behalf of the Committee or charged to the Debtors' estates.

16.    Gowling intends to make a reasonable effort to comply with the UST's

requests for information and additional disclosures as set forth in the Revised UST Guidelines,

both in connection with the Application and the interim and final fee applications to be filed by

Gowling in these chapter 11 cases.

*[remainder of page intentionally left blank]*

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: July 9, 2019

_____

E. Patrick Shea

# EXHIBIT B

**Declaration of Committee Co-Chairs**

DOCS_SF:101318.5 36869/002

Robert J. Feinstein, Esq.
Bradford J. Sandler, Esq.
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 34th Floor
New York, NY 10017
Telephone: (212) 561-7700
Facsimile: (212) 561-7777
Email:    rfeinstein@pszjlaw.com
              bsandler@pszjlaw.com

Jeffrey N. Pomerantz, Esq. (admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760
Email:    jpomerantz@pszjlaw.com

*Proposed Counsel to the Official Committee of Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
                                                            :
**In re**                                                   :          **Chapter 11**
                                                            :
**HOLLANDER SLEEP PRODUCTS, LLC,** *et al.,*[1]:              **Case No. 19-11608 (MEW)**
                                                            :
                                                            :          **(Jointly Administered)**
                      **Debtors.**                          :
---------------------------------------------------------------x


**DECLARATION OF COMMITTEE CO-CHAIRS IN SUPPORT OF APPLICATION
PURSUANT TO SECTIONS 1103(A) AND 328(A) OF THE BANKRUPTCY CODE,
RULE 2014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, AND
LOCAL RULE 2014-1 FOR AUTHORIZATION TO EMPLOY AND RETAIN
GOWLING WLG AS CANADIAN COUNSEL FOR THE OFFICIAL
COMMITTEE OF UNSECURED CREDITORS EFFECTIVE JUNE 13, 2019**


ERIC FENG HUANG and R. STAN HOLLAND, as authorized representatives of the

Committee, declare under penalty of perjury as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Dream II Holdings, LLC (7915); Hollander Home Fashions Holdings, LLC (2063); Hollander Sleep Products, LLC (2143); Pacific Coast Feather, LLC (1445); Hollander Sleep Products Kentucky, LLC (4119); Pacific Coast Feather Cushion, LLC (3119); and Hollander Sleep Products Canada Limited (3477). The location of the Debtors' service address is: 901 Yamato Road, Suite 250, Boca Raton, Florida 33431.

1.      I, Eric Feng Huang, am the General Manager of Roind Hometex Co., Ltd.

("RHC").  RHC was elected Co-Chair of the Official Committee of Unsecured Creditors (the

"Committee") appointed in the bankruptcy cases (the "Cases") of the above-captioned debtors

(collectively the "Debtors").  I am authorized to submit this declaration (the "Declaration") in

support of the *Application Pursuant to Sections 1103(a) and 328(a) of the Bankruptcy Code,*

*Rule 2014 of the Federal Rules of bankruptcy Procedure, and Local Rule 2014-1 for*

*Authorization to Employ and Retain Gowling WLG as Canadian Counsel for the Official*

*Committee of Unsecured Creditors Effective June 13, 2019* (the "Application") on behalf of the

Committee.[2]

2.      I, R. Stan Holland, am the Vice President of Operations Hollander NC IA

LLC ("HNI").  HNI was elected Co-Chair of the Committee.  I am authorized to submit this

Declaration in support of the Application on behalf of the Committee.

### The Committee's Selection of Gowling WLG

3.      Gowling WLG ("Gowling" or the "Firm") is proposed to serve as

Canadian counsel to the Committee.  The Committee recognizes that a review process is

necessary in managing counsel to ensure that bankruptcy professionals are subject to the same

scrutiny and accountability as professionals in non-bankruptcy engagements.  The review

process utilized by the Committee here assessed potential Canadian counsel based on their

extensive experience and knowledge in the field of debtors' and creditors' rights in Canada under

the *Companies' Creditors Arrangement Act*, R.S.C. 1985, c.C.-36, as amended (the "CCAA").

4.      On May 30, 2019, the Office of the United States Trustee (the "U.S.

Trustee") appointed the Committee pursuant to section 1102 of the Bankruptcy Code.  The

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Application.

2

Committee consists of: (i) Roind Hometex Co., Ltd.; (ii) Hangzhou Chuangyuan Feather Co., Ltd.; (iii) Hollander NC IA LLC; (iv) Nap Industries, Inc.; and (v) Packaging Corporation of America.

### Rate Structure

5.    In our capacities as Committee Co-Chairs, we are responsible for supervising counsel.  Gowling has informed the Committee that its rates are consistent between bankruptcy representations, including related transactional and litigation services.  Gowling has informed the Committee that its current hourly rates apply to non-bankruptcy services, if any, provided by the Firm, unless a contingent fee, mixed contingent fee, flat fee, or blended rate arrangement is agreed upon.  The Firm does not maintain separate departments devoted to other legal practices different from the bankruptcy and insolvency areas.  The Firm therefore does not have different billing rates and terms for non-bankruptcy engagements that can be compared to the billing rates and terms for the Committee's engagement of Gowling.

### Cost Supervision

6.    We further recognize that it is the Committee's responsibility to closely monitor the billing practices of their professionals to ensure the fees and expenses paid by the estates remain consistent with the Committee's expectations and the exigencies of the Cases. The Committee will continue to review the invoices that Gowling regularly submits.

[*remainder of page intentionally left blank*]

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true

and correct to the best of my knowledge and belief.

Date: July 9, 2019                    **THE OFFICIAL COMMITTEE OF
                                       UNSECURED CREDITORS OF HOLLANDER
                                       SLEEP PRODUCTS, LLC,** *et al.*

_____

Roind Hometex Co., Ltd.
By: Eric Feng Huang

Solely in its capacity as Co-Chair of the Official
Committee of Unsecured Creditors of Hollander
Sleep products, LLC, *et al.*, and not in any other
capacity

_____

Hollander NC IA LLC
By: R. Stan Holland

Solely in its capacity as Co-Chair of the Official
Committee of Unsecured Creditors of Hollander
Sleep Products, LLC, *et al.*, and not in any other
capacity

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                     :

In re                                :         Chapter 11
                                       :

HOLLANDER SLEEP PRODUCTS, LLC, *et al.,*[1]:    Case No. 19-11608 (MEW)
                                     :
                                     :         (Jointly Administered)

           Debtors.          :
------------------------------------------------------------x

**ORDER APPROVING AND AUTHORIZING
THE RETENTION OF GOWLING WLG AS CANADIAN COUNSEL FOR THE
OFFICIAL COMMITTEE OF UNSECURED CREDITORS EFFECTIVE JUNE 13, 2019**

Upon the *Application Pursuant to Sections 1103(a) and 328(a) of the Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure, and Local Bankruptcy Rule 2014 for Authorization to Employ and Retain Gowling WLG as Canadian Counsel for the Official Committee of unsecured Creditors Effective June 13, 2019* (the "Application"),[2] and upon the Declaration of E. Patrick Shea filed in support of the Application, and the Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that the relief requested in the Application is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and it appearing that no other or further notice need be

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Dream II Holdings, LLC (7915); Hollander Home Fashions Holdings, LLC (2063); Hollander Sleep Products, LLC (2143); Pacific Coast Feather, LLC (1445); Hollander Sleep Products Kentucky, LLC (4119); Pacific Coast Feather Cushion, LLC (3119); and Hollander Sleep Products Canada Limited (3477). The location of the Debtors' service address is: 901 Yamato Road, Suite 250, Boca Raton, Florida 33431.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application.

provided; and no objections to the Application having been filed; and after due deliberation and

sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Application is GRANTED.

2.      The Committee is hereby authorized to retain and employ Gowling WLG

("Gowling") pursuant to sections 328(a) and 1103(a) of the Bankruptcy Code, Bankruptcy Rule

2014, and Local Bankruptcy Rule 2014-1, effective as of June 13, 2019.

3.      Gowling shall apply for compensation for professional services rendered and

reimbursement of expenses incurred in connection with the Debtors' cases in compliance with

the applicable provisions of the Bankruptcy Code, including section 330 of the Bankruptcy

Code, the Bankruptcy Rules, and any applicable procedures and orders of this Court.

4.      Gowling is authorized to render professional services to the Committee as

described in the Application.

5.      The Committee will make reasonable efforts to avoid having Gowling perform

work that is duplicative of work being performed by other professionals retained by the

Committee.

6.      The Committee and Gowling are authorized and empowered to take all actions

necessary to implement the relief granted in this Order.

7.      The terms and conditions of this Order shall be immediately effective and

enforceable upon its entry.

8.      This Court shall retain jurisdiction with respect to all matters arising from or

related to the implementation of this Order.

DOCS_SF:101318.5 36869/002

Dated: _____, 2019

_____
THE HONORABLE MICHAEL E. WILES
UNITED STATES BANKRUPTCY JUDGE