**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| HOLLANDER SLEEP PRODUCTS, LLC., *et al.*,[1] | ) | Case No. 19-11608 (MEW) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Re: Docket No. 107** |

---

### ORDER (I) APPROVING (A) THE ADEQUACY OF INFORMATION IN THE DISCLOSURE STATEMENT, (B) SOLICITATION AND NOTICE PROCEDURES, AND (C) CERTAIN DATES WITH RESPECT TO PLAN CONFIRMATION, AND (II) GRANTING RELATED RELIEF

---

Upon the motion (the "Motion")[2] of the Debtors for entry of an order (this "Order") pursuant to sections 105, 1125 and 1126 of the Bankruptcy Code, Bankruptcy Rules 2002, 3016, 3017, 3018, 3020, and Local Rules 3017-1, 3018-1, and 3020-1, (a) approving the adequacy of information in the Disclosure Statement, (b) approving Solicitation and Voting Procedures, (c) approving the confirmation schedule, and (d) granting related relief; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated January 31, 2012; and this Court having the power to enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Dream II Holdings, LLC (7915); Hollander Home Fashions Holdings, LLC (2063); Hollander Sleep Products, LLC (2143); Pacific Coast Feather, LLC (1445); Hollander Sleep Products Kentucky, LLC (4119); Pacific Coast Feather Cushion, LLC (3119); and Hollander Sleep Products Canada Limited (3477). The location of the Debtors' service address is: 901 Yamato Road, Suite 250, Boca Raton, Florida 33431.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is granted as set forth herein.

2.      The Disclosure Statement is hereby approved as providing Holders of Claims entitled to vote on the Plan with adequate information to make an informed decision as to whether to vote to accept or reject the Plan in accordance with section 1125(a)(1) of the Bankruptcy Code.

3.      The Disclosure Statement (including all applicable exhibits thereto) provides Holders of Claims, Holders of Interests, and other parties in interest with sufficient notice of the injunction, exculpation, and release provisions contained in Article VIII of the Plan, in satisfaction of the requirements of Bankruptcy Rule 3016(c).

4.      The mechanism set forth in the Ballots, Non-Voting Status Notices, and Confirmation Hearing Notice for opting into the Third-Party Release contained in Article VIII of the Plan are hereby approved.

5.      The Debtors provided adequate and sufficient notice of the hearing to consider approval of the Disclosure Statement, the manner in which a copy of the Disclosure Statement (and exhibits thereto, including the Plan) could be obtained, and the time fixed for filing objections thereto, in satisfaction of the requirements of the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

KE 62601702

6.    The following dates are hereby established (subject to modification as necessary) with respect to the solicitation of votes to accept or reject the Plan and confirmation of the Plan:

    a.    **Voting Record Date**:    July 29, 2019, as the date for determining: (i) Holders of Claims that are entitled to vote on the Plan and (ii) whether Claims have been properly transferred, including pursuant to Bankruptcy Rule 3001(e), such that the assignee may vote on the Plan;

    b.    **Solicitation Deadline**:    July 31, 2019, as the deadline for distributing Solicitation Packages, including Ballots, to Holders of Claims entitled to vote to accept or reject the Plan;

    c.    **Plan Objection Deadline**:    August 28, 2019, at 4:00 p.m., prevailing Eastern Time, is the deadline by which objections to the Plan must be filed with the Court and served as to be actually received by the appropriate notice parties;

    d.    **Voting Deadline**:    August 28, 2019, at 4:00 p.m., prevailing Eastern Time, as the deadline by which all Ballots must be properly executed, completed, and delivered so that they are actually received by the Debtors' Solicitation Agent, Omni Management Group;

    e.    **Confirmation Brief and Reply Deadline**:    September 3, 2019 at 9:00 a.m., prevailing Eastern Time, as the deadline to file a brief in support of confirmation of the Plan and/or a reply to any objections to confirmation of the Plan;

    f.    **Deadline to File Voting Report**:    September 3, 2019, at 9:00 a.m., prevailing Eastern Time, is established as the date by which the Voting Report must be filed, and the Court hereby waives the timing requirement set forth in Local Rule 3018-1(a); and

    g.    **Confirmation Hearing**:    September 4, 2019, at 11:00 a.m., prevailing Eastern Time, is the date and time for the hearing for the Court to consider confirmation of the Plan.

7.    The Debtors are authorized to solicit, receive, and tabulate votes to accept the Plan in accordance with the Solicitation and Voting Procedures attached hereto as **Exhibit 1**, which are hereby approved in their entirety.

8.    In addition to the Disclosure Statement and exhibits thereto, including the Plan and this Order (without exhibits), the Solicitation Packages to be transmitted on or before the

Solicitation Deadline to those Holders of Claims in the Voting Classes entitled to vote on the Plan as of the Voting Record Date shall include the following, the form of each of which is hereby approved:

a.    a copy of the Solicitation and Voting Procedures;

b.    an appropriate form of Ballot attached hereto as **Exhibits 2A–2B**, respectively;[3]

c.    the cover letter attached hereto as **Exhibit 6**;

d.    the Confirmation Hearing Notice attached hereto as **Exhibit 7**; and

e.    the official committee of unsecured creditors' support letter attached hereto as **Exhibit 10** (the "Committee Support Letter").

9.    The Solicitation Packages provide the Holders of Claims entitled to vote on the Plan with adequate information to make informed decisions with respect to voting on the Plan in accordance with Bankruptcy Rules 2002(b) and 3017(d), the Bankruptcy Code, and the Local Rules.

10.    The Debtors shall distribute Solicitation Packages to all Holders of Claims entitled to vote on the Plan on or before the Solicitation Deadline.  Such service shall satisfy the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

11.    The Debtors are authorized, but not directed or required, to distribute the Plan, the Disclosure Statement, and this Order to Holders of Claims entitled to vote on the Plan in electronic format.  The Ballots, the Solicitation and Voting Procedures, the cover letter, the Committee Support Letter, and the Confirmation Hearing Notice will be provided in paper form.  On or before the Solicitation Deadline, the Debtors (through their Solicitation Agent) shall provide complete

---

[3]    The Debtors will make every reasonable effort to ensure that any Holder of a Claim who has filed duplicate Claims against the Debtors (whether against the same or multiple Debtors) that are classified under the Plan in the same Voting Class, receives no more than one Solicitation Package (and, therefore, one Ballot) on account of such Claim and with respect to that Class.

KE 62601702

Solicitation Packages to the U.S. Trustee and to all parties on the 2002 List as of the Voting Record Date.

12.     Any party that receives the materials in electronic format but would prefer to receive materials in paper format may contact the Solicitation Agent and request paper copies of the corresponding materials previously received in electronic format (to be provided at the Debtors' expense).

13.     The Solicitation Agent is authorized to assist the Debtors in:  (a) distributing the Solicitation Package; (b) receiving, tabulating, and reporting on Ballots cast to accept or reject the Plan by Holders of Claims against the Debtors; (c) responding to inquiries from Holders of Claims and Interests and other parties in interest relating to the Disclosure Statement, the Plan, the Ballots, the Solicitation Packages, and all other related documents and matters related thereto, including the procedures and requirements for voting to accept or reject the Plan and for objecting to the Plan; (d) soliciting votes on the Plan; and (e) if necessary, contacting creditors regarding the Plan.

14.     The Solicitation Agent is also authorized to accept Ballots via electronic online transmission solely through a customized section on the Debtors' case administration website or by email.

15.     The Confirmation Hearing Notice, in the form attached hereto as **Exhibit 7**, which shall be filed by the Debtors and served upon all known Holders of Claims and Interests and the 2002 List (regardless of whether such parties are entitled to vote on the Plan) on or before **July 31, 2019**, constitutes adequate and sufficient notice of the hearing to consider approval of the Plan, the manner in which a copy of the Plan could be obtained, and the time fixed for filing objections thereto, in satisfaction of the requirements of the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.  The Debtors shall publish the

KE 62601702

Confirmation Hearing Notice (in a format modified for publication) one time on or before **July 31, 2019**, in the *The New York Times* (national edition), *USA TODAY* (national edition), and *The Globe and Mail* (national edition in Canada).

16.    Except to the extent the Debtors determine otherwise, the Debtors are not required to provide Solicitation Packages to Holders of Claims or Interests in Non-Voting Classes, as such Holders are not entitled to vote on the Plan.  Instead, on or before the Solicitation Deadline, the Solicitation Agent shall mail (first-class postage pre-paid) a Non-Voting Status Notice in lieu of Solicitation Packages, the form of each of which is hereby approved, to those parties, outlined below, who are not entitled to vote on the Plan:

a.    ***Unimpaired Claims—Conclusively Presumed to Accept***.  Holders of Claims in Classes 1, 2, and 3 are not impaired under the Plan and, therefore, are conclusively presumed to have accepted the Plan.  As such, Holders of such Claims will receive a notice, substantially in the form attached hereto as **Exhibit 3**, in lieu of a Solicitation Package.

b.    ***Other Interests and Claims—Deemed to Reject***.  Holders of Interests in Classes 8 and 9 are receiving no distribution under the Plan and, therefore, are deemed to reject the Plan and will receive a notice, substantially in the form attached hereto as **Exhibit 4**, in lieu of a Solicitation Package.

c.    ***Disputed Claims***.  Holders of Claims that are subject to a pending objection by the Debtors are not entitled to vote the disputed portion of their Claim. As such, Holders of such Claims will receive a notice, substantially in the form attached hereto as **Exhibit 5**.

17.    The Debtors are not required to mail Solicitation Packages or other solicitation materials to (a) Holders of Claims that have already been paid in full during these chapter 11 cases or that are authorized to be paid in full in the ordinary course of business pursuant to an order previously entered by this Court, (b) any party to whom notice of the Disclosure Statement Hearing was sent but was subsequently returned as undeliverable and after commercially reasonable efforts to locate such party prove unsuccessful, or (c) Holders in Class 6 (Intercompany Claims) and Class 7 (Intercompany Interests).

6

KE 62601702

18.     The notice of Assumed Executory Contracts and Unexpired Leases (including the schedules), substantially in the form attached hereto as **Exhibit 8**, is approved.

19.     The notice of Rejected Executory Contracts and Unexpired Leases (including the schedules), substantially in the form attached hereto as **Exhibit 9**, is approved.

20.     The Debtors will mail to non-debtor counterparties to the Debtors' Executory Contracts or Unexpired Leases at least 14 days before the first day of the Confirmation Hearing the Executory Contracts and Unexpired Leases notices, substantially in the forms attached hereto as **Exhibit 8** and **Exhibit 9**, notifying them of the forthcoming assumption or rejection of their Executory Contract or Unexpired Lease.  Counterparties to Executory Contracts and Unexpired Leases shall have 28 days from the date the notice of assumed Executory Contracts and Unexpired Leases is sent to file and serve an objection to the Debtors' proposed cure Claim in accordance with the procedures set forth in such notice.

21.     Nothing in this Order shall be construed as a waiver of the right of the Debtors or any other party in interest, as applicable, to object to a proof of claim after the Voting Record Date.

22.     All time periods set forth in this order shall be calculated in accordance with Bankruptcy Rule 9006(a).

23.     The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

24.     The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

New York, New York
Dated: July 25, 2019

s/Michael E. Wiles
THE HONORABLE MICHAEL E. WILES
UNITED STATES BANKRUPTCY JUDGE

7

KE 62601702

## Exhibit 1

**Solicitation and Voting Procedures**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| HOLLANDER SLEEP PRODUCTS, LLC, *et al.*,[1] | ) | Case No. 19-11608 (MEW) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

---

## SOLICITATION AND VOTING PROCEDURES

**PLEASE TAKE NOTICE** that on [●] 2019, the United States Bankruptcy Court for the Southern District of New York (the "Court") entered an order [Docket No. ●] (the "Disclosure Statement Order"), (a) authorizing Hollander Sleep Products, LLC and its affiliated debtors and debtors in possession (collectively, the "Debtors"), to solicit acceptances for the *Debtors' First Amended Joint Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. [●]] (as modified, amended, or supplemented from time to time, the "Plan");[2] (b) approving the *Disclosure Statement for the Debtors' First Amended Joint Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. [●]] (as modified, amended, or supplemented from time to time, the "Disclosure Statement") as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) approving the solicitation materials and documents to be included in the solicitation packages (the "Solicitation Packages"); and (d) approving procedures for soliciting, receiving, and tabulating votes on the Plan and for filing objections to the Plan.

### A.    The Voting Record Date.

The Court has approved **July 29, 2019**, as the record date for purposes of determining which Holders of Claims in Class 4 (Term Loan Claims) and Class 5 (General Unsecured Claims), are entitled to vote on the Plan (the "Voting Record Date").

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Dream II Holdings, LLC (7915); Hollander Home Fashions Holdings, LLC (2063); Hollander Sleep Products, LLC (2143); Pacific Coast Feather, LLC (1445); Hollander Sleep Products Kentucky, LLC (4119); Pacific Coast Feather Cushion, LLC (3119); and Hollander Sleep Products Canada Limited (3477).  The location of the Debtors' service address is:  901 Yamato Road, Suite 250, Boca Raton, Florida 33431.

[2]    Capitalized terms not otherwise defined herein shall have the same meanings set forth in the Plan or in the *Debtors' Motion for Entry of an Order (I) Approving (A) the Adequacy of Information in the Disclosure Statement, (B) Solicitation and Notice Procedures, and (C) Certain Dates With Respect To Plan Confirmation, and (II) Granting Related Relief* [Docket No. 107], as applicable.

**B.**     **The Voting Deadline.**

The Court has approved **August 28, 2019, at 4:00 p.m., prevailing Eastern Time**, as the voting deadline (the "Voting Deadline") for the Plan.  The Debtors may extend the Voting Deadline, in their discretion, without further order of the Court.  To be counted as votes to accept or reject the Plan, all votes must be incorporated on a ballot (a "Ballot") that is properly executed, completed, and returned in the pre-paid, pre-addressed return envelope included in the Solicitation Package or delivered by  (1) first class mail, (2) overnight courier, (3) personal delivery, (4) the customized section on the Debtors' case administration website (in accordance with the instructions accompanying the Ballot), or (5) email, so that they are **actually received**, in any case, no later than the Voting Deadline by Omni Management Group (the "Solicitation Agent"). All Ballots returned by mail or personal delivery should be sent to:  Hollander Sleep Products, LLC, Ballot Processing, c/o Omni Management Group, 5955 DeSoto Avenue, Suite #100, Woodland  Hills,  CA 91367.    All Ballots  returned  by  email  should  be  sent  to: hollanderballots@omnimgt.com.  Delivery of a Ballot to the Solicitation Agent by facsimile or any other electronic means other than by using the customized section on the Debtors' case administration website or by email will not be valid.

**C.**     **Form, Content, and Manner of Notices.**

1.     **The Solicitation Package.**

The  following  materials  shall  constitute  the  solicitation  package  (the  "Solicitation Package"):

      a.     a copy of these Solicitation and Voting Procedures;

      b.     the *Notice of Hearing to Consider Confirmation of the Chapter 11 Plan Filed by the Debtors and Related Voting and Objection Deadlines*, in substantially the form attached as **Exhibit 7** to the Disclosure Statement Order (the "Confirmation Hearing Notice");

      c.     a cover letter, in substantially the form attached as **Exhibit 6** to the Disclosure Statement Order, describing the contents of the Solicitation Package and urging the Holders of Claims in each of the Voting Classes to vote to accept the Plan;

      d.     the applicable form of Ballot, in substantially the form of Ballots attached as **Exhibits 2A–2B** to the Disclosure Statement Order, as applicable, including a pre-paid, pre-addressed return envelope;

      e.     the approved Disclosure Statement (and exhibits thereto, including the Plan);

      f.     the Disclosure Statement Order (without exhibits);

g.    the official committee of unsecured creditors' support letter, in substantially the form attached as **Exhibit 10** to the Disclosure Statement Order (the "<u>Committee Support Letter</u>"); and

h.    any additional documents that the Court has ordered to be made available.

2.    **Distribution of the Solicitation Package.**

The Solicitation Package shall provide the Plan, the Disclosure Statement, and the Disclosure Statement Order (without exhibits in electronic format (flash drive or CD-ROM), and all other contents of the Solicitation Package, including Ballots and these Solicitation and Voting Procedures, shall be provided in paper format. Any party that receives the materials in electronic format but would prefer paper format (to be provided at the Debtors' expense) may contact the Solicitation Agent by: (a) calling the Debtors' restructuring hotline at (844) 212-9942 within the United States or Canada or, outside of the United States or Canada, by calling +1 (818) 906-8300; (b) visiting the Debtors' restructuring website at: www.omnimgt.com/hollander; (c) writing to Hollander Sleep Products, LLC, Ballot Processing, c/o Omni Management Group, 5955 DeSoto Avenue, Suite #100, Woodland Hills, CA 91367; and/or (d) emailing hollanderballots@omnimgt.com and requesting paper copies of the corresponding materials previously received in electronic format.

The Debtors shall serve, or cause to be served, all of the materials in the Solicitation Package (excluding the Ballots) on the U.S. Trustee and all parties who have requested service of papers in this case pursuant to Bankruptcy Rule 2002 as of the Voting Record Date. In addition, the Debtors shall mail, or cause to be mailed, the Solicitation Package to all Holders of Claims in the Voting Classes who are permitted to vote on or before July 31, 2019.

To avoid duplication and reduce expenses, the Debtors will make every reasonable effort to ensure that any Holder of a Claim who has filed duplicative Claims against a Debtor (whether against the same or multiple Debtors) that are classified under the Plan in the same Voting Class receives no more than one Solicitation Package (and, therefore, one Ballot) on account of such Claim and with respect to that Class as against that Debtor.

3.    **Resolution of Disputed Claims for Voting Purposes; Resolution Event.**

a.    Absent a further order of the Court, the Holder of a Claim in a Voting Class that is the subject of a pending objection on a "reduce and allow" basis filed prior to the Voting Deadline shall be entitled to vote such Claim in the reduced amount contained in such objection.

b.    If a Claim in a Voting Class is subject to an objection other than a "reduce and allow" objection that is filed with the Court on or prior to 14 days before the Voting Deadline: (i) the Debtors shall cause the applicable Holder to be served with a Disputed Claim Notice substantially in the form attached as **Exhibit 5** to the Disclosure Statement Order, and (ii) the applicable Holder shall not be entitled to vote to accept or reject the Plan on account of such claim unless a Resolution Event (as defined herein) occurs as provided herein.

3

    c.      If a Claim in a Voting Class is subject to an objection other than a "reduce and allow" objection that is filed with the Court less than 14 days prior to the Voting Deadline, the applicable Claim shall be deemed temporarily allowed for voting purposes only, without further action by the Holder of such Claim and without further order of the Court, unless the Court orders otherwise.

    d.      A "Resolution Event" means the occurrence of one or more of the following events no later than two (2) business days prior to the Voting Deadline:

        i.      an order of the Court is entered allowing such Claim pursuant to section 502(b) of the Bankruptcy Code, after notice and a hearing;

        ii.      an order of the Court is entered temporarily allowing such Claim for voting purposes only pursuant to Bankruptcy Rule 3018(a), after notice and a hearing;

        iii.      a stipulation or other agreement is executed between the Holder of such Claim and the Debtors resolving the objection and allowing such Claim in an agreed upon amount; or

        iv.      the pending objection is voluntarily withdrawn by the objecting party.

    e.      No later than one (1) business day following the occurrence of a Resolution Event, the Debtors shall cause the Solicitation Agent to distribute via email, hand delivery, or overnight courier service a Solicitation Package and a pre-addressed, postage pre-paid envelope to the relevant Holder.

### 4.    Non-Voting Status Notices for Unimpaired Classes and Classes Deemed to Reject the Plan.

Certain Holders of Claims and Interests that are not classified in accordance with section 1123(a)(1) of the Bankruptcy Code or who are not entitled to vote because they are Unimpaired or otherwise presumed to accept the Plan under section 1126(f) of the Bankruptcy Code will receive only the *Notice of Non-Voting Status to Holders of Unimpaired Claims Conclusively Presumed to Accept the Plan*, substantially in the form attached as **Exhibit 3** to the Disclosure Statement Order.  Such notice will instruct these Holders as to how they may obtain copies of the documents contained in the Solicitation Package (excluding Ballots).  Certain Holders of Claims and Interests who are not entitled to vote because they are deemed to reject the Plan under section 1126(g) of the Bankruptcy Code will receive the *Notice of Non-Voting Status to Holders of Impaired Claims and Equity Interests Deemed to Reject the Plan*, substantially in the form attached as **Exhibit 4** to the Disclosure Statement Order.  Such notice will instruct these Holders as to how they may obtain copies of the documents contained in the Solicitation Package (excluding Ballots).

4

D.    **Voting and Tabulation Procedures.**

1.    **Holders of Claims Entitled to Vote.**

Only the following Holders of Claims in the Voting Classes shall be entitled to vote with regard to such Claims:

a.    Holders of Claims who, on or before the Voting Record Date, have timely filed a Proof of Claim (or an untimely Proof of Claim that has been Allowed as timely by the Court under applicable law on or before the Voting Record Date) that  (i) has not been expunged, disallowed, disqualified, withdrawn, or superseded prior to the Voting Record Date, and (ii) is not the subject of a pending objection, other than a "reduce and allow" objection, filed with the Court at least 14 days prior to the Voting Deadline, pending a Resolution Event as provided herein; *provided* that a Holder of a Claim that is the subject of a pending objection on a "reduce and allow" basis shall receive a Solicitation Package and be entitled to vote such Claim in the reduced amount contained in such objection absent a further order of the Court; *provided*, *further*, that Holders of Claims in the Voting Classes are entitled to vote such Claims without filing Proofs of Claim if such Holders are authorized by any order of this Court not to submit Proofs of Claim (including, pursuant to the DIP Orders and the Bar Date Order, the Holders of the DIP Claims, and the Class 4 Claims);

b.    Holders of Claims that are listed in the Schedules unless such Claim is scheduled as contingent, unliquidated, or disputed and not otherwise paid or superseded by a timely filed Proof of Claim, *provided* that a Claim scheduled as contingent, unliquidated, or disputed that has not been superseded by a timely filed Proof of Claim will be allowed to vote only in the amounts set forth in section 2(d) of these Solicitation and Voting Procedures;

c.    Holders whose Claims arise (i) pursuant to an agreement or settlement with the Debtors, as reflected in a document filed with the Court (or otherwise), (ii) in an order entered by the Court, or (iii) in a document executed by the Debtors pursuant to authority granted by the Court, in each case regardless of whether a Proof of Claim has been filed;

d.    Holders of any Disputed Claim that has been temporarily allowed to vote on the Plan pursuant to Bankruptcy Rule 3018; and

e.    with respect to any Entity described in subparagraphs (a) through (d) above, who, on or before the Voting Record Date, has transferred such Entity's Claim to another Entity, to the assignee of such Claim; *provided* that such transfer or assignment has been fully effectuated pursuant to the procedures set forth in Bankruptcy Rule 3001(e) and such transfer is reflected on the Claims Register on the Voting Record Date.

KE 62601702

2.    **Establishing Claim Amounts for Voting Purposes**.

**Class 4 Term Loan Claims**.  The voting amounts for Class 4 Claims will be established based on the amount of the applicable positions held by such Class 4 Claim Holder, as of the Voting Record Date, as evidenced by the list of record holders maintained by the Term Loan Agent and dated as of the Voting Record Date.

**Class 5 General Unsecured Claims**.  In tabulating votes, the following hierarchy shall be used to determine the amount of the Class 5 Claims associated with each claimant's vote:

a.    the Claim amount (i) settled and/or agreed upon by the Debtors, as reflected in a document filed with the Court (or otherwise), (ii) set forth in an order of the Court, or (iii) set forth in a document executed by the Debtors pursuant to authority granted by the Court;

b.    the Claim amount Allowed (temporarily or otherwise) pursuant to a Resolution Event under Section C.3(d) of these Solicitation and Voting Procedures;

c.    the Claim amount contained in a Proof of Claim that has been timely filed by the applicable Bar Date (or deemed timely filed by the Court under applicable law), except for any amounts asserted on account of any interest accrued after the Petition Date; *provided*, *however*, that (i) any Ballot cast by a Holder of a Claim who timely files a Proof of Claim in respect of a contingent Claim or a Claim in a wholly-unliquidated or unknown amount (based on a reasonable review by the Debtors and/or the Solicitation Agent) that is not the subject of an objection will count toward satisfying the numerosity requirement of section 1126(c) of the Bankruptcy Code and will count as a Ballot for a Claim in the amount of $1.00 solely for the purposes of satisfying the dollar amount provisions of section 1126(c) of the Bankruptcy Code, and (ii) if a Proof of Claim is filed as partially liquidated and partially unliquidated, such Claim will be Allowed for voting purposes only in the liquidated amount; *provided*, *further*, *however*, that to the extent the Claim amount contained in the Proof of Claim is different from the Claim amount set forth in a document filed with the Court as referenced in subparagraph (a) above, the Claim amount in the document filed with the Court shall supersede the Claim amount set forth on the respective Proof of Claim for voting purposes;

d.    the Claim amount listed in the Schedules (to the extent such Claim is not superseded by a timely filed Proof of Claim) that is not scheduled as contingent, disputed, or unliquidated and/or has not been paid; *provided*, *however*, that if the applicable Bar Date has not expired prior to the Voting Record Date, a Claim listed in the Schedules as contingent, disputed, or unliquidated will count as a vote towards satisfying the numerosity requirement of section 1126(c) of the Bankruptcy Code and as a vote in the amount of $1.00 solely for the purposes of satisfying the dollar amount provisions of section 1126(c) of the Bankruptcy Code; *provided*, *further*,

6

that if the applicable Bar Date has expired, a Claim listed in the Schedules as contingent, disputed, or unliquidated shall not be entitled to vote; and

e.      Claims that have been paid or otherwise satisfied are disallowed for voting purposes.

Notwithstanding anything to the contrary contained herein: (x) any creditor who has filed or purchased duplicate Claims against the same Debtor within the same Class may be provided with only one Solicitation Package and one ballot for voting a single Claim in such Class, regardless of whether the Debtors have objected to such duplicate Claims; (y) Holders of Claims filed for $0.00 are not entitled to vote; and (z) if a Proof of Claim has been amended by a later timely filed Proof of Claim, only the later filed amending Claim will be counted for voting purposes, regardless of whether the Debtors have objected to such earlier filed Claim

### 3.    <u>Voting and Ballot Tabulation Procedures.</u>

The following voting procedures and standard assumptions shall be used in tabulating Ballots, subject to the Debtors' right to waive any of the below specified requirements for completion and submission of Ballots so long as such requirement is not otherwise required by the Bankruptcy Code, Bankruptcy Rules, or Local Rules:

a.      except as otherwise provided in the Solicitation and Voting Procedures, unless the Ballot being furnished is timely submitted on or prior to the Voting Deadline (as the same may be extended by the Debtors as set forth herein), the Debtors shall reject such Ballot as invalid and, therefore, shall not count it in connection with Confirmation of the Plan;

b.      the Solicitation Agent will date-stamp all Ballots when received. The Solicitation Agent shall retain the original Ballots and an electronic copy of the same for a period of one year after the Effective Date of the Plan, unless otherwise ordered by the Court.  The Solicitation Agent shall tabulate Ballots on a Debtor-by-Debtor basis;

c.      the Debtors will file with the Court a certification of votes (the "<u>Voting Report</u>") on September 3, 2019, at 9:00 a.m., prevailing Eastern Time. The Voting Report shall, among other things, certify to the Court in writing the amount and number of Allowed Claims or Allowed Interests of each Class accepting or rejecting the Plan, and delineate every Ballot that does not conform to the voting instructions or that contains any form of irregularity including, but not limited to, those Ballots that are late or (in whole or in material part) illegible, unidentifiable, lacking signatures or lacking necessary information, received via facsimile or any other electronic means other than by using the customized section on the Debtors' case administration website or by email, or damaged ("<u>Irregular Ballots</u>"). The Voting Report shall indicate the Debtors' intentions with regard to each such Irregular Ballot.  The Voting Report shall be served upon the Committee and the U.S. Trustee;

7

d.    the method of delivery of Ballots to be sent to the Solicitation Agent is at the election and risk of each Holder, and except as otherwise provided, a Ballot will be deemed delivered only when the Solicitation Agent actually receives the executed Ballot;

e.    an executed Ballot is required to be submitted by the Entity submitting such Ballot.  Delivery of a Ballot to the Solicitation Agent by facsimile, or any electronic means other than expressly provided in the Solicitation and Voting Procedures will not be valid;

f.    no Ballot should be sent to the Debtors, the Debtors' agents (other than the Solicitation Agent), or the Debtors' financial or legal advisors, and if so sent will not be counted;

g.    if multiple Ballots are received from the same Holder with respect to the same Claim prior to the Voting Deadline, the last properly executed Ballot timely received will be deemed to reflect that voter's intent and will supersede and revoke any prior Ballot;

h.    Holders must vote all of their Claims within a particular Class either to accept or reject the Plan and may not split any votes.  Accordingly, a Ballot that partially rejects and partially accepts the Plan will not be counted. Further, to the extent there are multiple Claims within the same Class, the Debtor may, in its discretion, aggregate the Claims of any particular Holder within a Class for the purpose of counting votes;

i.    a person signing a Ballot in its capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity of a Holder of Claims must indicate such capacity when signing;

j.    the Debtors, subject to a contrary order of the Court, may waive any defects or irregularities as to any particular Irregular Ballot at any time, either before or after the close of voting, and any such waivers will be documented in the Voting Report;

k.    the Debtors shall notify any Holder submitting a Ballot not in proper form of any such defects and their intent to reject such Ballot if the alleged defects are not remedied within 7 days after receipt of notice of such alleged defect; *provided*, *further*, that any Holder to which the Debtors provide notice of their intent to reject such Ballot may submit an objection within 7 days of receipt of such notice.  Any dispute regarding the form of any Ballot shall be determined by the Bankruptcy Court;

l.    unless waived or as ordered by the Court, any defects or irregularities in connection with deliveries of Ballots must be cured prior to the Voting Deadline or such Ballots will not be counted;

8

m.    in the event a designation of lack of good faith is requested by a party in interest under section 1126(e) of the Bankruptcy Code, the Court will determine whether any vote to accept and/or reject the Plan cast with respect to that Claim will be counted for purposes of determining whether the Plan has been accepted and/or rejected;

n.    subject to any order of the Court, the Debtors reserve the right to reject any and all Ballots not in proper form, the acceptance of which, in the opinion of the Debtors, would not be in accordance with the provisions of the Bankruptcy Code or the Bankruptcy Rules; *provided* that any such rejections will be documented in the Voting Report;

o.    if a Claim has been estimated or otherwise Allowed for voting purposes only by order of the Court, such Claim shall be temporarily Allowed in the amount so estimated or Allowed by the Court for voting purposes only, and not for purposes of allowance or distribution;

p.    if an objection to a Claim is filed, such Claim shall be treated in accordance with the procedures set forth herein;

a.    the following Ballots shall not be counted in determining the acceptance or rejection of the Plan: (i) any Ballot that is illegible or contains insufficient information to permit the identification of the Holder of such Claim; (ii) any Ballot cast by any Entity that does not hold a Claim in a Voting Class; (iii) any Ballot cast for a Claim scheduled as unliquidated, contingent, or disputed for which no Proof of Claim was timely filed; (iv) any unsigned Ballot or Ballot lacking an original signature; (v) any Ballot not marked to accept or reject the Plan or marked both to accept and reject the Plan; and (vi) any Ballot submitted by any Entity not entitled to vote pursuant to the procedures described herein;

q.    after the Voting Deadline, no Ballot may be withdrawn or modified without the prior written consent of the Debtors;

r.    the Debtors are authorized to enter into stipulations with the Holder of any Claim agreeing to the amount of a Claim for voting purposes; and

s.    where any portion of a single Claim has been transferred to a transferee, all Holders of any portion of such single Claim will be: (i) treated as a single creditor for purposes of the numerosity requirements in section 1126(c) of the Bankruptcy Code (and for the other voting and solicitation procedures set forth herein), and (ii) required to vote every portion of such Claim collectively to accept or reject the Plan. In the event that: (x) a Ballot, (y) a group of Ballots within a Voting Class received from a single creditor, or (z) a group of Ballots received from the various Holders of multiple portions of a single Claim partially reject and partially accept the Plan, such Ballots shall not be counted.

9

**E.      Amendments to the Plan and Solicitation and Voting Procedures.**

The Debtors reserve the right to make non-substantive or immaterial changes to the Disclosure Statement, the Plan, these Solicitation and Voting Procedures, the Confirmation Hearing Notice, the Non-Voting Status Notices, the Ballots, the cover letter, the Committee Support Letter, the Assumption and Rejection Notices, and related documents without further order of the Court, including changes to correct typographical and grammatical errors, if any, and to make conforming changes to the Disclosure Statement, the Plan, and any other materials in the Solicitation Packages before distribution.

*      *      *      *      *

10

## **Exhibit 2A**

**Form Class 4 Ballot**

KE 62601702

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| HOLLANDER SLEEP PRODUCTS, LLC, *et al.*,[1] | ) | Case No. 19-11608 (MEW) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**BALLOT FOR VOTING TO ACCEPT OR REJECT THE DEBTORS' JOINT**
**PLAN OF REORGANIZATION PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE**

**CLASS 4 CLAIMS**

---

**Please read and follow the enclosed instructions for**
**completing Ballots carefully before completing this Ballot.**

**In order for your vote to be counted, this Ballot must be completed, executed,**
**and returned so as to be <u>actually received</u> by the Solicitation Agent by <u>August 28, 2019,</u>**
**<u>at 4:00 p.m., prevailing Eastern Time</u> (the "<u>Voting Deadline</u>"), in accordance with the following:**

---

The above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>") are soliciting votes with respect to the *Debtors' First Amended Joint Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. [●]] (as amended, supplemented, or modified from time to time, the "<u>Plan</u>") as set forth in the *Disclosure Statement for the Debtors' First Amended Joint Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. [●]] (as amended, supplemented, or modified from time to time, the "<u>Disclosure Statement</u>"). The United States Bankruptcy Court for the Southern District of New York (the "<u>Court</u>") has approved the Disclosure Statement as containing adequate information pursuant to section 1125 of the Bankruptcy Code by entry of an order on [●], 2019 [Docket No. ●] (the "<u>Disclosure Statement Order</u>"). Court approval of the Disclosure Statement does not indicate approval of the Plan by the Court. Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Plan.

You are receiving this ballot (the "<u>Ballot</u>") because you are a Holder of a Class 4 Claim as of <u>July 29, 2019</u> (the "<u>Voting Record Date</u>"). Accordingly, you have a right to vote to accept or reject the Plan. You can cast your vote through this Ballot.

Your rights are described in the Disclosure Statement, which is included in the package (the "<u>Solicitation Package</u>") you are receiving with this Ballot (as well as the Plan, Disclosure Statement Order, and certain other materials). If you received Solicitation Package materials in electronic format and desire paper copies, or if you need to obtain additional Solicitation Packages, you may obtain them (a) from Omni Management Group (the "<u>Solicitation Agent</u>") at no charge by: (i) calling the Debtors' restructuring hotline at (844) 212-9942 within the United States or Canada or, outside of the United States or Canada, by calling +1 (818) 906-8300; (ii) visiting the Debtors' restructuring website at www.omnimgt.com/hollander; (iii) writing to Hollander Sleep Products, LLC, Ballot Processing, c/o Omni

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Dream II Holdings, LLC (7915); Hollander Home Fashions Holdings, LLC (2063); Hollander Sleep Products, LLC (2143); Pacific Coast Feather, LLC (1445); Hollander Sleep Products Kentucky, LLC (4119); Pacific Coast Feather Cushion, LLC (3119); and Hollander Sleep Products Canada Limited (3477). The location of the Debtors' service address is: 901 Yamato Road, Suite 250, Boca Raton, Florida 33431.

Management Group, 5955 DeSoto Avenue, Suite #100, Woodland Hills, CA 91367; or (iv) emailing hollanderballots@omnimgt.com and requesting paper copies of the corresponding materials previously received in electronic format (to be provided at the Debtors' expense); and/or (b) for a fee via PACER at http://www.nysb.uscourts.gov.

This Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan, agreeing to or opting into certain releases described below, and making certain certifications with respect to the Plan. If you believe you have received this Ballot in error, or if you believe that you have received the wrong ballot, please contact the Solicitation Agent immediately at the address, telephone number, or email address set forth above.

You should review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and the Plan's classification and treatment of your Claim. Your Claim has been placed in Class 4 under the Plan. If you hold Claims in more than one Class, you will receive a ballot for each Class in which you are entitled to vote.

The Court may confirm the Plan and thereby bind all Holders of Claims and Interests. **To have your vote count as either an acceptance or rejection of the Plan, you must complete and return this Ballot so that the Solicitation Agent actually receives it on or before the Voting Deadline.**

**The Voting Deadline is on <u>August 28, 2019, at 4:00 p.m., prevailing Eastern Time</u>.**

<u>Item 1</u>. **Amount of Claim.**

The undersigned hereby certifies that as of the Voting Record Date, the undersigned was the holder of Class 4 Claims in the following aggregate amount (insert amount in box below):

> Amount of Claim: $_____

<u>Item 2</u>. **Vote on Plan.**

The Holder of the Class 4 Claim against the Debtors set forth in Item 1 votes to (please check <u>one</u>):

| | |
|---|---|
| **ACCEPT** (vote FOR) the Plan | **REJECT** (vote AGAINST) the Plan |

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

2

**Item 3.** **Important information regarding the Debtor Release, Third-Party Release, Exculpation, and Injunction.**

ARTICLE VIII OF THE PLAN CONTAINS RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS. EXCERPTS OF SUCH PROVISIONS ARE SET FORTH BELOW BUT PARTIES SHOULD RELY ONLY ON THE TERMS OF THE PLAN. PARTIES RECEIVING THIS BALLOT MAY OPT INTO THE THIRD-PARTY RELEASE PROVISIONS BY CHECKING THE BOX BELOW SPECIFICALLY PROVIDING FOR THE ACCEPTANCE OF THE THIRD-PARTY RELEASE PROVISIONS.

IF YOU VOTE TO ACCEPT THE PLAN, YOU SHALL BE DEEMED TO HAVE CONSENTED TO THE PLAN'S THIRD-PARTY RELEASE CONTAINED IN ARTICLE VIII OF THE PLAN, AS DESCRIBED IN THIS ITEM 3.

IF YOU VOTE TO REJECT THE PLAN OR WISH TO ABSTAIN FROM VOTING AND YOU WISH TO RELEASE CLAIMS YOU MAY HAVE AGAINST THE RELEASED PARTIES, YOU MAY CHECK THE BOX BELOW TO OPT INTO THE RELEASES; HOWEVER, YOU ARE NOT REQUIRED TO DO SO.

REGARDLESS OF WHETHER YOU ELECT TO OPT INTO THE PLAN'S THIRD-PARTY RELEASE PROVISIONS, YOUR RECOVERY UNDER THE PLAN REMAINS UNAFFECTED.

The undersigned Holder of the Class 4 Claim against the Debtors set forth in Item 1 elects to:

**Opt Into the Third-Party Release in Article VIII of the Plan**

PARTIES THAT SIGN THE AMENDED & RESTATED RESTRUCTURING SUPPORT AGREEMENT SHALL BE DEEMED TO HAVE GRANTED THE THIRD-PARTY RELEASE REGARDLESS OF WHETHER THEY ELECT TO OPT INTO THE THIRD-PARTY RELEASE ON THEIR BALLOT.

**Article VIII.D of the Plan contains the following Third-Party Release**:

**Effective as of the Effective Date, in exchange for good and valuable consideration, including the obligations of the Debtors under the Plan and the contributions of the Released Parties in facilitating the expeditious reorganization of the Debtors and the implementation of the restructuring contemplated by the Plan, to the fullest extent permissible under applicable law, as such law may be extended or integrated after the Effective Date, on and after the Effective Date each of the Releasing Parties shall be deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever, released and discharged each Debtor, Reorganized Debtor, and Released Party from any and all Claims, interests, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever, whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, including any derivative claims, asserted or assertable on behalf of any of the Debtors, the Reorganized Debtors, or their Estates, that such Entity would have been legally entitled to assert (whether individually or collectively), based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the purchase, sale, or rescission of the purchase or sale of any security of the Debtors or the Reorganized Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the Debtors' in- or out-of-court restructuring efforts, intercompany transactions, the Restructuring Transactions, the Sale Transaction (if applicable), entry into the Exit Facilities, the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation, filing, or consummation of the RSA, the Disclosure Statement, the DIP Facilities, the Sale Transaction (if applicable), the Exit Facilities, the Plan, the Plan Supplement, or any Restructuring Transaction, contract, instrument, release, or other agreement or document created or entered into in connection with the RSA, the Disclosure Statement, the DIP Facilities, or the Plan, the filing of the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the issuance or distribution of securities pursuant to the Plan, or the distribution of property under the Plan or any other related agreement, or upon any other related act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date, other than claims or liabilities arising out of or relating**

3

to any act or omission of a Released Party that constitutes actual fraud, willful misconduct, or gross negligence, each solely to the extent as determined by a Final Order of a court of competent jurisdiction.  Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release any post-Effective Date obligations of any party or Entity under the Plan, any Restructuring Transaction, or any document, instrument, or agreement (including the Exit Facility Documents and any documents set forth in the Plan Supplement) executed to implement the Plan.

*   *   *   *   *

UNDER THE PLAN, "RELEASED PARTY" MEANS, COLLECTIVELY, AND IN EACH CASE IN ITS CAPACITY AS SUCH:  (A) THE DEBTORS; (B) THE REORGANIZED DEBTORS; (C) THE PREPETITION SECURED LENDERS; (D) THE PREPETITION AGENTS; (E) THE DIP LENDERS; (F) THE PUT PURCHASERS; (G) THE DIP AGENTS; (H) THE EXIT FACILITY LENDERS; (I) THE EXIT FACILITY AGENTS; (J) THE WINNING BIDDER; (K) THE SPONSOR; (L) THE PARTIES TO THE RSA; (M) THE COMMITTEE; AND (N) WITH RESPECT TO EACH OF THE FOREGOING IN CLAUSES (A) THROUGH (M), SUCH ENTITY AND ITS CURRENT AND FORMER AFFILIATES, AND SUCH ENTITIES' AND THEIR CURRENT AFFILIATES' DIRECTORS, MANAGERS, OFFICERS, EQUITY HOLDERS (REGARDLESS OF WHETHER SUCH INTERESTS ARE HELD DIRECTLY OR INDIRECTLY), PREDECESSORS, PARTICIPANTS, SUCCESSORS, AND ASSIGNS, SUBSIDIARIES, AFFILIATES, MANAGED ACCOUNTS OR FUNDS, AND EACH OF THEIR RESPECTIVE CURRENT AND FORMER EQUITY HOLDERS, OFFICERS, DIRECTORS, MANAGERS, PRINCIPALS, SHAREHOLDERS, MEMBERS (OTHER THAN MEMBERS OF THE COMMITTEE), MANAGEMENT COMPANIES, FUND ADVISORS, EMPLOYEES, AGENTS, ADVISORY BOARD MEMBERS, FINANCIAL ADVISORS, PARTNERS, ATTORNEYS, ACCOUNTANTS, INVESTMENT BANKERS, CONSULTANTS, REPRESENTATIVES, AND OTHER PROFESSIONALS; *PROVIDED* THAT ANY OF THE FOREGOING THAT DOES NOT CONSENT TO THE RELEASES SHALL NOT BE A "RELEASED PARTY."

**IF YOU VOTE TO ACCEPT THE PLAN YOU WILL BE DEEMED A RELEASING PARTY PROVIDING THE THIRD-PARTY RELEASE CONTAINED IN ARTICLE VIII.D OF THE PLAN.**

*   *   *   *   *

<u>Item 4</u>.  **Certifications.**

By signing this Ballot, the undersigned certifies to the Court and the Debtors that:

(a) as of the Voting Record Date, the entity is either:  (i) the Holder of the Claims being voted on this Ballot; or (ii) an authorized signatory for an entity that is the Holder of the Claims being voted on this Ballot;

(b) the entity (or in the case of an authorized signatory, the Holder) has received a copy of the Disclosure Statement and the Solicitation Package and acknowledges that the solicitation is being made pursuant to the terms and conditions set forth therein;

(c) the entity has reviewed the Plan and the Disclosure Statement with respect to the Third-Party Release and has made an informed decision whether or not to consent to the Third-Party Release;

(d) the entity has cast the same vote with respect to all its Claims in a single Class; and

(e) no other Ballots with respect to the Claims identified in Item 1 have been cast or, if any other Ballots have been cast with respect to such Claims, then any such earlier received Ballots are hereby revoked.

4

| | |
|---|---|
| Name of Holder: | |
| | (Print or Type) |
| Signature: | |
| Name of Signatory: | |
| | (If other than Holder) |
| Title: | |
| Address: | |
| | |
| Telephone Number: | |
| Email: | |
| Date Completed: | |

**Please complete, sign, and date this Ballot and return it (with an original signature)**
**promptly in the envelope provided via first-class mail, overnight courier, or hand-delivery to:**

**Hollander Sleep Products, LLC, Ballot Processing**
**c/o Omni Management Group**
**5955 DeSoto Avenue, Suite #100**
**Woodland Hills, CA 91367**


**OR**


**Complete, sign, and date this Ballot and submit it _promptly_ (with an original signature) via the "Submit E-Ballot" section of the Debtors' case administration website at www.omnimgt.com/hollander, pursuant to the instructions set forth therein, or via email to the Solicitation Agent at hollanderballots@omnimgt.com.**

**The "Submit E-Ballot" section of the Debtors' case administration website and the Solicitation Agent's email address are the sole manners in which Ballots will be accepted via electronic or online transmission. Ballots submitted by facsimile or other means of electronic transmission will <u>not</u> be counted.**

**<u>Creditors who submit a Ballot using the "Submit E-Ballot" section of the Debtors' case administration website or by emailing the Solicitation Agent should NOT also submit a Ballot via first-class mail, overnight courier, or hand-delivery.</u>**

---

**If the Solicitation Agent does not actually receive this Ballot on or before <u>August 28, 2019, at 4:00 p.m., prevailing Eastern Time</u> (and if the Voting Deadline is not extended), your vote transmitted by this Ballot may be counted toward Confirmation of the Plan only in the sole and absolute discretion of the Debtors.**

5

## INSTRUCTIONS FOR COMPLETING THIS BALLOT

1.  The Debtors are soliciting the votes of Holders of Claims with respect to the Plan attached as **Exhibit A** to the Disclosure Statement.  Capitalized terms used in the Ballot or in these instructions (the "Ballot Instructions") but not otherwise defined therein or herein shall have the meanings set forth in the Plan, a copy of which also accompanies the Ballot.  **Please read the Plan and Disclosure Statement carefully before completing this Ballot.**

2.  The Plan can be confirmed by the Court and thereby made binding upon you if it is accepted by the Holders of at least two-thirds in amount and more than one-half in number of Claims in at least one Class of creditors that votes on the Plan and if the Plan otherwise satisfies the requirements for confirmation provided by section 1129(a) of the Bankruptcy Code.  Please review the Disclosure Statement for more information.

3.  To ensure that your Ballot is counted, you **must** complete and submit this hard copy Ballot.

4.  **Use of Ballot**.  To ensure that your hard copy Ballot is counted, you must:  (a) complete your Ballot in accordance with these instructions; (b) clearly indicate your decision either to accept or reject the Plan in the boxes provided in Item 2 of the Ballot; and (c) clearly sign and return your original Ballot (i) in the enclosed pre-addressed envelope or via first-class mail, overnight courier, or hand-delivery to Hollander Sleep Products, LLC, Ballot Processing, c/o Omni Management Group, 5955 DeSoto Avenue, Suite #100, Woodland Hills, CA 91367, in accordance with paragraph 6 below or (ii) by following the instructions on the Debtors' case administration website at www.omnimgt.com/hollander (click "Submit E-Ballot" link) or by emailing the Solicitation Agent at hollanderballots@omnimgt.com.  The Debtors' case administration website and the Solicitation Agent's email address are the sole manner in which Ballots in this class will be accepted via electronic or online transmission. **Ballots will not be accepted by facsimile or electronic means (other than the Debtors' case administration website and the Solicitation Agent's email address)**

5.  Your Ballot **must** be returned to the Solicitation Agent so as to be **actually received** by the Solicitation Agent on or before the Voting Deadline.  **The Voting Deadline is August 28, 2019, at 4:00 p.m., prevailing Eastern Time**.

6.  If a Ballot is received after the Voting Deadline (and if the Voting Deadline is not extended), it may be counted only in the sole and absolute discretion of the Debtors.  Additionally, **the following Ballots will not be counted**:

    (a)  any Ballot that partially rejects and partially accepts the Plan;
    (b)  any Ballot sent to the Debtors, the Debtors' agents (other than the Solicitation Agent), any administrative agent, or the Debtors' financial or legal advisors;
    (c)  any Ballot sent by facsimile or any electronic means other than via the Debtors' case administration website or the Solicitation Agent's email address;
    (d)  any Ballot that is illegible or contains insufficient information to permit the identification of the Holder of the Claim;
    (e)  any Ballot cast by an entity that does not hold a Claim in the Class indicated in Item 1 of the Ballot;
    (f)  any Ballot submitted by a Holder not entitled to vote pursuant to the Plan;
    (g)  any unsigned Ballot;
    (h)  any non-original Ballot; and/or
    (i)  any Ballot not marked to accept or reject the Plan or any Ballot marked both to accept and reject the Plan.

7.  The method of delivery of a Ballot to the Solicitation Agent is at the election and risk of each Holder of a Claim. Except as otherwise provided herein, such delivery will be deemed made only when the Solicitation Agent **actually receives** the original executed Ballot.  In all cases, Holders should allow sufficient time to assure timely delivery.

8.  If multiple Ballots are received from the same Holder of a Claim with respect to the same Claim prior to the Voting Deadline, the latest, timely received, and properly completed Ballot will supersede and revoke any earlier received Ballots; *provided* that a Holder may not change its vote in a previously cast Ballot from acceptance to

KE 62601702

rejection or from rejection to acceptance without first obtaining authority from the Court pursuant to the requirements of and in compliance with Bankruptcy Rule 3018(a). Accordingly, a Ballot changing a vote in a previously submitted Ballot without authority from the Court will not be counted.

9.  You must vote all of your Claims within a Class either to accept or reject the Plan and may not split your vote. Further, if a Holder has multiple Claims within a Class, the Debtors may, in their discretion, aggregate the Claims of any particular Holder with multiple Claims within such Class for the purpose of counting votes.

10. This Ballot does not constitute, and shall not be deemed to be, (a) a Proof of Claim or (b) an assertion or admission of a Claim.

11. **Please be sure to sign and date your Ballot**.

12. If you hold Claims in more than one Class under the Plan you may receive more than one Ballot coded for each different Class. Each Ballot votes only your Claims indicated on that Ballot, so please complete and return each Ballot that you receive.

**Please return your Ballot promptly**.

**If you have any questions regarding this Ballot, these Voting Instructions, or the Solicitation and Voting Procedures, please call the Debtors' restructuring hotline at (844) 212-9942 (toll free) in the United States or Canada, or, if outside of the United States or Canada, +1 (818) 906-8300, or email hollanderballots@omnimgt.com.**

---

**If the Solicitation Agent does not <u>actually receive</u> this Ballot on or before the Voting Deadline, which is on <u>August 28, 2019, at 4:00 p.m., prevailing Eastern Time</u> (and if the Voting Deadline is not extended), your vote transmitted hereby may be counted only in the sole and absolute discretion of the Debtors.**

---

7

## Exhibit 2B

**Form Class 5 Ballot**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| HOLLANDER SLEEP PRODUCTS, LLC, *et al.*,[1] | ) | Case No. 19-11608 (MEW) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**BALLOT FOR VOTING TO ACCEPT OR REJECT THE DEBTORS' JOINT**
**PLAN OF REORGANIZATION PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE**

**CLASS 5 CLAIMS**

---

**Please read and follow the enclosed instructions for**
**completing Ballots carefully before completing this Ballot.**

**In order for your vote to be counted, this Ballot must be completed, executed,**
**and returned so as to be actually received by the Solicitation Agent by August 28, 2019,**
**at 4:00 p.m., prevailing Eastern Time (the "Voting Deadline"), in accordance with the following:**

---

The above-captioned debtors and debtors in possession (collectively, the "Debtors") are soliciting votes with respect to the *Debtors' First Amended Joint Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. [●]] (as amended, supplemented, or modified from time to time, the "Plan") as set forth in the *Disclosure Statement for the Debtors' First Amended Joint Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. [●]] (as amended, supplemented, or modified from time to time, the "Disclosure Statement"). The United States Bankruptcy Court for the Southern District of New York (the "Court") has approved the Disclosure Statement as containing adequate information pursuant to section 1125 of the Bankruptcy Code by entry of an order on [●], 2019 [Docket No. ●] (the "Disclosure Statement Order"). Court approval of the Disclosure Statement does not indicate approval of the Plan by the Court. Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Plan.

You are receiving this ballot (the "Ballot") because you are a Holder of a Class 5 Claim as of **July 29, 2019** (the "Voting Record Date"). Accordingly, you have a right to vote to accept or reject the Plan. You can cast your vote through this Ballot.

Your rights are described in the Disclosure Statement, which is included in the package (the "Solicitation Package") you are receiving with this Ballot (as well as the Plan, Disclosure Statement Order, and certain other materials). If you received Solicitation Package materials in electronic format and desire paper copies, or if you need to obtain additional Solicitation Packages, you may obtain them (a) from Omni Management Group (the "Solicitation Agent") at no charge by: (i) calling the Debtors' restructuring hotline at (844) 212-9942 within the United States or Canada or, outside of the United States or Canada, by calling +1 (818) 906-8300; (ii) visiting the Debtors' restructuring website at www.omnimgt.com/hollander; (iii) writing to Hollander Sleep Products, LLC, Ballot Processing, c/o Omni

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Dream II Holdings, LLC (7915); Hollander Home Fashions Holdings, LLC (2063); Hollander Sleep Products, LLC (2143); Pacific Coast Feather, LLC (1445); Hollander Sleep Products Kentucky, LLC (4119); Pacific Coast Feather Cushion, LLC (3119); and Hollander Sleep Products Canada Limited (3477). The location of the Debtors' service address is: 901 Yamato Road, Suite 250, Boca Raton, Florida 33431.

Management Group, 5955 DeSoto Avenue, Suite #100, Woodland Hills, CA 91367; or (iv) emailing hollanderballots@omnimgt.com and requesting paper copies of the corresponding materials previously received in electronic format (to be provided at the Debtors' expense); and/or (b) for a fee via PACER at http://www.nysb.uscourts.gov.

This Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan, agreeing to or opting into certain releases described below, and making certain certifications with respect to the Plan. If you believe you have received this Ballot in error, or if you believe that you have received the wrong ballot, please contact the Solicitation Agent immediately at the address, telephone number, or email address set forth above.

You should review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and the Plan's classification and treatment of your Claim. Your Claim has been placed in Class 5 under the Plan. If you hold Claims in more than one Class, you will receive a ballot for each Class in which you are entitled to vote.

The Court may confirm the Plan and thereby bind all Holders of Claims and Interests. **To have your vote count as either an acceptance or rejection of the Plan, you must complete and return this Ballot so that the Solicitation Agent actually receives it on or before the Voting Deadline.**

**The Voting Deadline is on <u>August 28, 2019, at 4:00 p.m., prevailing Eastern Time</u>.**

**Item 1. Amount of Claim.**

The undersigned hereby certifies that as of the Voting Record Date, the undersigned was the holder of Class 5 Claims in the following aggregate amount (insert amount in box below):

| |
|---|
| Amount of Claim: $_____ |

**Item 2. Vote on Plan.**

The Holder of the Class 5 Claim against the Debtors set forth in Item 1 votes to (please check <u>one</u>):

| **ACCEPT** (vote FOR) the Plan | **REJECT** (vote AGAINST) the Plan |
|---|---|

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

KE 62601702

<u>Item 3</u>.   **Important information regarding the Debtor Release, Third-Party Release, Exculpation, and Injunction.**

ARTICLE VIII OF THE PLAN CONTAINS RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS.  EXCERPTS OF SUCH PROVISIONS ARE SET FORTH BELOW BUT PARTIES SHOULD RELY ONLY ON THE TERMS OF THE PLAN.  PARTIES RECEIVING THIS BALLOT MAY OPT INTO THE THIRD-PARTY RELEASE PROVISIONS BY CHECKING THE BOX BELOW SPECIFICALLY PROVIDING FOR THE ACCEPTANCE OF THE THIRD-PARTY RELEASE PROVISIONS.

IF YOU VOTE TO ACCEPT THE PLAN, YOU SHALL BE DEEMED TO HAVE CONSENTED TO THE PLAN'S THIRD-PARTY RELEASE CONTAINED IN ARTICLE VIII OF THE PLAN, AS DESCRIBED IN THIS ITEM 3.

IF YOU VOTE TO REJECT THE PLAN OR WISH TO ABSTAIN FROM VOTING AND YOU WISH TO RELEASE CLAIMS YOU MAY HAVE AGAINST THE RELEASED PARTIES, YOU MAY CHECK THE BOX BELOW TO OPT INTO THE RELEASES; HOWEVER, YOU ARE NOT REQUIRED TO DO SO.

REGARDLESS OF WHETHER YOU ELECT TO OPT INTO THE PLAN'S THIRD-PARTY RELEASE PROVISIONS, YOUR RECOVERY UNDER THE PLAN REMAINS UNAFFECTED.

The undersigned Holder of the Class 5 Claim against the Debtors set forth in Item 1 elects to:

**Opt Into the Third-Party Release in Article VIII of the Plan**

PARTIES THAT SIGN THE AMENDED & RESTATED RESTRUCTURING SUPPORT AGREEMENT SHALL BE DEEMED TO HAVE GRANTED THE THIRD-PARTY RELEASE REGARDLESS OF WHETHER THEY ELECT TO OPT INTO THE THIRD-PARTY RELEASE ON THEIR BALLOT.

<u>Article VIII.D of the Plan contains the following Third-Party Release</u>:

**Effective as of the Effective Date, in exchange for good and valuable consideration, including the obligations of the Debtors under the Plan and the contributions of the Released Parties in facilitating the expeditious reorganization of the Debtors and the implementation of the restructuring contemplated by the Plan, to the fullest extent permissible under applicable law, as such law may be extended or integrated after the Effective Date, on and after the Effective Date each of the Releasing Parties shall be deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever, released and discharged each Debtor, Reorganized Debtor, and Released Party from any and all Claims, interests, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever, whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, including any derivative claims, asserted or assertable on behalf of any of the Debtors, the Reorganized Debtors, or their Estates, that such Entity would have been legally entitled to assert (whether individually or collectively), based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the purchase, sale, or rescission of the purchase or sale of any security of the Debtors or the Reorganized Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the Debtors' in- or out-of-court restructuring efforts, intercompany transactions, the Restructuring Transactions, the Sale Transaction (if applicable), entry into the Exit Facilities, the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation, filing, or consummation of the RSA, the Disclosure Statement, the DIP Facilities, the Sale Transaction (if applicable), the Exit Facilities, the Plan, the Plan Supplement, or any Restructuring Transaction, contract, instrument, release, or other agreement or document created or entered into in connection with the RSA, the Disclosure Statement, the DIP Facilities, or the Plan, the filing of the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the issuance or distribution of securities pursuant to the Plan, or the distribution of property under the Plan or any other related agreement, or upon any other related act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date, other than claims or liabilities arising out of or relating**

3

**to any act or omission of a Released Party that constitutes actual fraud, willful misconduct, or gross negligence, each solely to the extent as determined by a Final Order of a court of competent jurisdiction.  Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release any post-Effective Date obligations of any party or Entity under the Plan, any Restructuring Transaction, or any document, instrument, or agreement (including the Exit Facility Documents and any documents set forth in the Plan Supplement) executed to implement the Plan.**

*         *         *         *         *

UNDER THE PLAN, "RELEASED PARTY" MEANS, COLLECTIVELY, AND IN EACH CASE IN ITS CAPACITY AS SUCH:  (A) THE DEBTORS; (B) THE REORGANIZED DEBTORS; (C) THE PREPETITION SECURED LENDERS; (D) THE PREPETITION AGENTS; (E) THE DIP LENDERS; (F) THE PUT PURCHASERS; (G) THE DIP AGENTS; (H) THE EXIT FACILITY LENDERS; (I) THE EXIT FACILITY AGENTS; (J) THE WINNING BIDDER; (K) THE SPONSOR; (L) THE PARTIES TO THE RSA; (M) THE COMMITTEE; AND (N) WITH RESPECT TO EACH OF THE FOREGOING IN CLAUSES (A) THROUGH (M), SUCH ENTITY AND ITS CURRENT AND FORMER AFFILIATES, AND SUCH ENTITIES' AND THEIR CURRENT AFFILIATES' DIRECTORS, MANAGERS, OFFICERS, EQUITY HOLDERS (REGARDLESS OF WHETHER SUCH INTERESTS ARE HELD DIRECTLY OR INDIRECTLY), PREDECESSORS, PARTICIPANTS, SUCCESSORS, AND ASSIGNS, SUBSIDIARIES, AFFILIATES, MANAGED ACCOUNTS OR FUNDS, AND EACH OF THEIR RESPECTIVE CURRENT AND FORMER EQUITY HOLDERS, OFFICERS, DIRECTORS, MANAGERS, PRINCIPALS, SHAREHOLDERS, MEMBERS (OTHER THAN MEMBERS OF THE COMMITTEE), MANAGEMENT COMPANIES, FUND ADVISORS, EMPLOYEES, AGENTS, ADVISORY BOARD MEMBERS, FINANCIAL ADVISORS, PARTNERS, ATTORNEYS, ACCOUNTANTS, INVESTMENT BANKERS, CONSULTANTS, REPRESENTATIVES, AND OTHER PROFESSIONALS; *PROVIDED* THAT ANY OF THE FOREGOING THAT DOES NOT CONSENT TO THE RELEASES SHALL NOT BE A "RELEASED PARTY."

**IF YOU VOTE TO ACCEPT THE PLAN YOU WILL BE DEEMED A RELEASING PARTY PROVIDING THE THIRD-PARTY RELEASE CONTAINED IN ARTICLE VIII.D OF THE PLAN.**

*         *         *         *         *

<u>Item 4</u>.  **Certifications.**

By signing this Ballot, the undersigned certifies to the Court and the Debtors that:

(a) as of the Voting Record Date, the entity is either:  (i) the Holder of the Claims being voted on this Ballot; or (ii) an authorized signatory for an entity that is the Holder of the Claims being voted on this Ballot;

(b) the entity (or in the case of an authorized signatory, the Holder) has received a copy of the Disclosure Statement and the Solicitation Package and acknowledges that the solicitation is being made pursuant to the terms and conditions set forth therein;

(c) the entity has reviewed the Plan and the Disclosure Statement with respect to the Third-Party Release and has made an informed decision whether or not to consent to the Third-Party Release;

(d) the entity has cast the same vote with respect to all its Claims in a single Class; and

(e) no other Ballots with respect to the Claims identified in Item 1 have been cast or, if any other Ballots have been cast with respect to such Claims, then any such earlier received Ballots are hereby revoked.

4

| | |
|---|---|
| Name of Holder: | |
| | (Print or Type) |
| Signature: | |
| Name of Signatory: | |
| | (If other than Holder) |
| Title: | |
| Address: | |
| | |
| Telephone Number: | |
| Email: | |
| Date Completed: | |

**Please complete, sign, and date this Ballot and return it (with an original signature)**
**promptly in the envelope provided via first-class mail, overnight courier, or hand-delivery to:**

**Hollander Sleep Products, LLC, Ballot Processing**
**c/o Omni Management Group**
**5955 DeSoto Avenue, Suite #100**
**Woodland Hills, CA 91367**

**OR**

**Complete, sign, and date this Ballot and submit it *promptly* (with an original signature) via the "Submit E-Ballot" section of the Debtors' case administration website at www.omnimgt.com/hollander, pursuant to the instructions set forth therein, or via email to the Solicitation Agent at hollanderballots@omnimgt.com.**

**The "Submit E-Ballot" section of the Debtors' case administration website and the Solicitation Agent's email address are the sole manners in which Ballots will be accepted via electronic or online transmission. Ballots submitted by facsimile or other means of electronic transmission will <u>not</u> be counted.**

**<u>Creditors who submit a Ballot using the "Submit E-Ballot" section of the Debtors' case administration website or by emailing the Solicitation Agent should NOT also submit a Ballot via first-class mail, overnight courier, or hand-delivery.</u>**

**If the Solicitation Agent does not actually receive this Ballot on or before <u>August 28, 2019, at 4:00 p.m., prevailing Eastern Time</u> (and if the Voting Deadline is not extended), your vote transmitted by this Ballot may be counted toward Confirmation of the Plan only in the sole and absolute discretion of the Debtors.**

5

## INSTRUCTIONS FOR COMPLETING THIS BALLOT

1.  The Debtors are soliciting the votes of Holders of Claims with respect to the Plan attached as **Exhibit A** to the Disclosure Statement.  Capitalized terms used in the Ballot or in these instructions (the "Ballot Instructions") but not otherwise defined therein or herein shall have the meanings set forth in the Plan, a copy of which also accompanies the Ballot.  **Please read the Plan and Disclosure Statement carefully before completing this Ballot.**

2.  The Plan can be confirmed by the Court and thereby made binding upon you if it is accepted by the Holders of at least two-thirds in amount and more than one-half in number of Claims in at least one Class of creditors that votes on the Plan and if the Plan otherwise satisfies the requirements for confirmation provided by section 1129(a) of the Bankruptcy Code.  Please review the Disclosure Statement for more information.

3.  To ensure that your Ballot is counted, you **must** complete and submit this hard copy Ballot.

4.  **Use of Ballot**.  To ensure that your hard copy Ballot is counted, you must:  (a) complete your Ballot in accordance with these instructions; (b) clearly indicate your decision either to accept or reject the Plan in the boxes provided in Item 2 of the Ballot; and (c) clearly sign and return your original Ballot (i) in the enclosed pre-addressed envelope or via first-class mail, overnight courier, or hand-delivery to Hollander Sleep Products, LLC, Ballot Processing, c/o Omni Management Group, 5955 DeSoto Avenue, Suite #100, Woodland Hills, CA 91367, in accordance with paragraph 6 below or (ii) by following the instructions on the Debtors' case administration website at www.omnimgt.com/hollander (click "Submit E-Ballot" link) or by emailing the Solicitation Agent at hollanderballots@omnimgt.com.  The Debtors' case administration website and the Solicitation Agent's email address are the sole manner in which Ballots in this class will be accepted via electronic or online transmission.  **Ballots will not be accepted by facsimile or electronic means (other than the Debtors' case administration website and the Solicitation Agent's email address)**

5.  Your Ballot **must** be returned to the Solicitation Agent so as to be **actually received** by the Solicitation Agent on or before the Voting Deadline.  **The Voting Deadline is August 28, 2019, at 4:00 p.m., prevailing Eastern Time**.

6.  If a Ballot is received after the Voting Deadline (and if the Voting Deadline is not extended), it may be counted only in the sole and absolute discretion of the Debtors.  Additionally, **the following Ballots will not be counted**:

    (a)  any Ballot that partially rejects and partially accepts the Plan;
    (b)  any Ballot sent to the Debtors, the Debtors' agents (other than the Solicitation Agent), any administrative agent, or the Debtors' financial or legal advisors;
    (c)  any Ballot sent by facsimile or any electronic means other than via the Debtors' case administration website or the Solicitation Agent's email address;
    (d)  any Ballot that is illegible or contains insufficient information to permit the identification of the Holder of the Claim;
    (e)  any Ballot cast by an entity that does not hold a Claim in the Class indicated in Item 1 of the Ballot;
    (f)  any Ballot submitted by a Holder not entitled to vote pursuant to the Plan;
    (g)  any unsigned Ballot;
    (h)  any non-original Ballot; and/or
    (i)  any Ballot not marked to accept or reject the Plan or any Ballot marked both to accept and reject the Plan.

7.  The method of delivery of a Ballot to the Solicitation Agent is at the election and risk of each Holder of a Claim.  Except as otherwise provided herein, such delivery will be deemed made only when the Solicitation Agent **actually receives** the original executed Ballot.  In all cases, Holders should allow sufficient time to assure timely delivery.

8.  If multiple Ballots are received from the same Holder of a Claim with respect to the same Claim prior to the Voting Deadline, the latest, timely received, and properly completed Ballot will supersede and revoke any earlier received Ballots; *provided* that a Holder may not change its vote in a previously cast Ballot from acceptance to

KE 62601702

rejection or from rejection to acceptance without first obtaining authority from the Court pursuant to the requirements of and in compliance with Bankruptcy Rule 3018(a). Accordingly, a Ballot changing a vote in a previously submitted Ballot without authority from the Court will not be counted.

9.   You must vote all of your Claims within a Class either to accept or reject the Plan and may not split your vote. Further, if a Holder has multiple Claims within a Class, the Debtors may, in their discretion, aggregate the Claims of any particular Holder with multiple Claims within such Class for the purpose of counting votes.

10.  This Ballot does not constitute, and shall not be deemed to be, (a) a Proof of Claim or (b) an assertion or admission of a Claim.

11.  **Please be sure to sign and date your Ballot**.

12.  If you hold Claims in more than one Class under the Plan you may receive more than one Ballot coded for each different Class. Each Ballot votes only your Claims indicated on that Ballot, so please complete and return each Ballot that you receive.

**Please return your Ballot promptly**.

**If you have any questions regarding this Ballot, these Voting Instructions, or the Solicitation and Voting Procedures, please call the Debtors' restructuring hotline at (844) 212-9942 (toll free) in the United States or Canada, or, if outside of the United States or Canada, +1 (818) 906-8300, or email hollanderballots@omnimgt.com.**

---

**If the Solicitation Agent does not <u>actually receive</u> this Ballot on or before the Voting Deadline, which is on <u>August 28, 2019, at 4:00 p.m., prevailing Eastern Time</u> (and if the Voting Deadline is not extended), your vote transmitted hereby may be counted only in the sole and absolute discretion of the Debtors.**

---

KE 62601702

## __Exhibit 3__

**Non-Impaired Non-Voting Status Notice**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| HOLLANDER SLEEP PRODUCTS, LLC, *et al.*,[1] | ) | Case No. 19-11608 (MEW) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## NOTICE OF NON-VOTING STATUS TO HOLDERS OF
## UNIMPAIRED CLAIMS CONCLUSIVELY PRESUMED TO ACCEPT THE PLAN

**PLEASE TAKE NOTICE** that on [●], 2019, the United States Bankruptcy Court for the Southern District of New York (the "Court") entered an order [Docket No. ●] (the "Disclosure Statement Order"), (a) authorizing Hollander Sleep Products, LLC and its affiliated debtors and debtors in possession (collectively, the "Debtors"), to solicit acceptances for the *Debtors' First Amended Joint Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. [●]] (as modified, amended, or supplemented from time to time, the "Plan"); (b) approving the *Disclosure Statement for the Debtors' First Amended Joint Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. [●]] (as modified, amended, or supplemented from time to time, the "Disclosure Statement")[2] as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) approving the solicitation materials and documents to be included in the solicitation packages; and (d) approving procedures for soliciting, receiving, and tabulating votes on the Plan and for filing objections to the Plan.

**PLEASE TAKE FURTHER NOTICE** that because of the nature and treatment of your Claim under the Plan, **you are not entitled to vote on the Plan**. Specifically, under the terms of the Plan, as a Holder of a Claim (as currently asserted against the Debtors) that is not impaired and conclusively presumed to have accepted the Plan pursuant to section 1126(f) of the Bankruptcy Code, you are not entitled to vote on the Plan.

**PLEASE TAKE FURTHER NOTICE** that the hearing at which the Court will consider Confirmation of the Plan (the "Confirmation Hearing") will commence on **September 4, 2019, at 11:00 a.m., prevailing Eastern Time**, before the Honorable Michael E. Wiles, in the United

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Dream II Holdings, LLC (7915); Hollander Home Fashions Holdings, LLC (2063); Hollander Sleep Products, LLC (2143); Pacific Coast Feather, LLC (1445); Hollander Sleep Products Kentucky, LLC (4119); Pacific Coast Feather Cushion, LLC (3119); and Hollander Sleep Products Canada Limited (3477).  The location of the Debtors' service address is:  901 Yamato Road, Suite 250, Boca Raton, Florida 33431.

[2]    Capitalized terms not otherwise defined herein shall have the same meanings set forth in the Plan or Disclosure Statement, as applicable.

States Bankruptcy Court for the Southern District of New York, located at One Bowling Green, New York, New York 10004-1408.

**PLEASE TAKE FURTHER NOTICE** that the deadline for filing objections to the Plan is **August 28, 2019, at 4:00 p.m., prevailing Eastern Time** (the "Plan Objection Deadline"). Any objection to the Plan must: (a) be in writing; (b) conform to the Bankruptcy Rules, the Local Rules, and any orders of the Court; (c) state, with particularity, the basis and nature of any objection to the Plan and, if practicable, a proposed modification to the Plan that would resolve such objection; (d) be filed with the Court (contemporaneously with a proof of service) so as to be actually received on or before **August 28, 2019, at 4:00 p.m., prevailing Eastern Time**; and (e) be served so that it is actually received by the Plan Objection Deadline by each of the entities on the Master Service List (as defined in the case management order in these chapter 11 cases [Docket No. 184] and available on the Debtors' case website at www.omnimgt.com/hollander).

**PLEASE TAKE FURTHER NOTICE** that if you would like to obtain a copy of the Disclosure Statement, the Plan, the Plan Supplement, or related documents, you should contact Omni Management Group, the Solicitation Agent retained by the Debtors in these chapter 11 cases, by: (a) calling the Debtors' restructuring hotline at (844) 212-9942 within the United States or Canada or, outside of the United States or Canada, by calling +1 (818) 906-8300; (b) visiting the Debtors' restructuring website at: www.omnimgt.com/hollander; and/or (c) writing to Hollander Sleep Products, LLC, Ballot Processing, c/o Omni Management Group, 5955 DeSoto Avenue, Suite #100, Woodland Hills, CA 91367. You may also obtain copies of any pleadings filed in these chapter 11 cases for a fee via PACER at: http://www.nysb.uscourts.gov.

**PLEASE TAKE FURTHER NOTICE** that Article VIII of the Plan contains certain release, injunction, and exculpation provisions, including the Third-Party Releases set forth below. You are advised to carefully review and consider the Plan, including the release, injunction, and exculpation provisions, as your rights may be affected.

**Article VIII.D of the Plan contains the following Third-Party Release**:[3]

**Effective as of the Effective Date, in exchange for good and valuable consideration, including the obligations of the Debtors under the Plan and the contributions of the Released Parties in facilitating the expeditious reorganization of the Debtors and the implementation of the restructuring contemplated by the Plan, to the fullest extent permissible under applicable law, as such law may be extended or integrated after the Effective Date, on and**

---

[3]    The Released Parties are: (a) the Debtors; (b) the Reorganized Debtors; (c) the Prepetition Secured Lenders; (d) the Prepetition Agents; (e) the DIP Lenders; (f) the Put Purchasers; (g) the DIP Agents; (h) the Exit Facility Lenders; (i) the Exit Facility Agents; (j) the Winning Bidder; (k) the Sponsor; (l) the parties to the RSA; (m) the Committee; and (n) with respect to each of the foregoing in clauses (a) through (m), such Entity and its current and former Affiliates, and such Entities' and their current Affiliates' directors, managers, officers, equity holders (regardless of whether such interests are held directly or indirectly), predecessors, participants, successors, and assigns, subsidiaries, affiliates, managed accounts or funds, and each of their respective current and former equity holders, officers, directors, managers, principals, shareholders, members (other than members of the Committee), management companies, fund advisors, employees, agents, advisory board members, financial advisors, partners, attorneys, accountants, investment bankers, consultants, representatives, and other professionals; *provided* that any of the foregoing that does not consent to the releases shall not be a "Released Party."

after the Effective Date each of the Releasing Parties shall be deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever, released and discharged each Debtor, Reorganized Debtor, and Released Party from any and all Claims, interests, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever, whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, including any derivative claims, asserted or assertable on behalf of any of the Debtors, the Reorganized Debtors, or their Estates, that such Entity would have been legally entitled to assert (whether individually or collectively), based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the purchase, sale, or rescission of the purchase or sale of any security of the Debtors or the Reorganized Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the Debtors' in- or out-of-court restructuring efforts, intercompany transactions, the Restructuring Transactions, the Sale Transaction (if applicable), entry into the Exit Facilities, the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation, filing, or consummation of the RSA, the Disclosure Statement, the DIP Facilities, the Sale Transaction (if applicable), the Exit Facilities, the Plan, the Plan Supplement, or any Restructuring Transaction, contract, instrument, release, or other agreement or document created or entered into in connection with the RSA, the Disclosure Statement, the DIP Facilities, or the Plan, the filing of the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the issuance or distribution of securities pursuant to the Plan, or the distribution of property under the Plan or any other related agreement, or upon any other related act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date, other than claims or liabilities arising out of or relating to any act or omission of a Released Party that constitutes actual fraud, willful misconduct, or gross negligence, each solely to the extent as determined by a Final Order of a court of competent jurisdiction. Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release any post-Effective Date obligations of any party or Entity under the Plan, any Restructuring Transaction, or any document, instrument, or agreement (including the Exit Facility Documents and any documents set forth in the Plan Supplement) executed to implement the Plan.

*    *    *    *    *

This Notice of Non-Voting Status may be returned by mail or by electronic, online transmission solely by emailing the Debtors' Solicitation Agent following the directions described below.  Please choose only one method of return of your Notice of Non-Voting Status.

---

### HOW TO OPT INTO THE RELEASES.

1. If you wish to make an election to opt into the release provisions contained in Article VIII.D of the Plan set forth above check the box in Item 1.

2. Review the certifications contained in Item 2.

---

3.      Sign and date this notice of non-voting status and fill out the other required information in the applicable area below.

4.      For your election to opt into the release provisions to be counted, your Notice of Non-Voting Status and Opt-In Form must be properly completed and actually received by the solicitation agent no later than **August 28, 2019, at 4:00 p.m., prevailing Eastern Time**.  To opt into the release provisions, you may use the postage-paid envelope provided or send your notice of non-voting status to the following address:

Hollander Sleep Products, LLC, Ballot Processing
c/o Omni Management Group
5955 DeSoto Avenue, Suite #100
Woodland Hills, CA 91367

You may also opt into the release provision by emailing your notice of non-voting status to the Debtors' Solicitation Agent at hollanderballots@omnimgt.com.  If you choose to submit your Notice of Non-Voting Status and Opt-In Form via email, you should not return a hard copy of your Notice of Non-Voting Status and Opt-In Form by mail.

EMAILING THE DEBTORS' SOLICITATION AGENT IS THE SOLE MANNER IN WHICH NOTICE OF NON-VOTING STATUS MAY BE DELIVERED VIA ELECTRONIC TRANSMISSION.

NOTICES OF NON-VOTING STATUS AND OPT-IN FORM SUBMITTED BY FACSIMILE OR OTHER ELECTRONIC MEANS WILL NOT BE COUNTED.

**Item 1**. **Release.**

**PLEASE TAKE NOTICE** that you may check the box below to opt into the release provisions contained in Article VIII.D of the Plan and set forth above.

**IF YOU OPT INTO THE RELEASE PROVISIONS BY CHECKING THE BOX BELOW AND PROPERLY AND TIMELY SUBMITTING THIS NOTICE OF NON-VOTING STATUS, YOU WILL BE DEEMED TO HAVE UNCONDITIONALLY, IRREVOCABLY, AND FOREVER RELEASED AND DISCHARGED THE RELEASED PARTIES (AS DEFINED IN THE PLAN) FROM, AMONG OTHER THINGS, ANY AND ALL CAUSES OF ACTION (AS DEFINED IN THE PLAN) EXCEPT AS OTHERWISE SPECIFICALLY PROVIDED IN THE PLAN.  IF YOU WOULD OTHERWISE BE ENTITLED TO A RELEASE UNDER ARTICLE VIII.D OF THE PLAN, BUT YOU DO NOT GRANT THE RELEASES CONTAINED IN ARTICLE VIII.D OF THE PLAN, THEN YOU SHALL NOT RECEIVE THE BENEFIT OF THE RELEASES SET FORTH IN ARTICLE VIII.D OF THE PLAN.**

**Opt Into** the Third-Party Release.

KE 62601702

**Item 2. Certification.**

By returning this Notice of Non-Voting Status and Opt-In Form, the holder of the Unimpaired Claim(s) or Interest(s) identified below certifies that (a) it was the holder of Unimpaired Claim(s) or Interest(s) as of the Record Date and/or it has full power and authority to opt into the Third-Party Release for the Unimpaired Claim(s) or Interest(s) identified below with respect to such Unimpaired Claim(s) or Interest(s) and (b) it understands the scope of the releases.

YOUR RECEIPT OF THIS NOTICE OF NON-VOTING STATUS DOES NOT SIGNIFY THAT YOUR CLAIM OR INTEREST HAS BEEN OR WILL BE ALLOWED.

| | |
|---|---|
| Name of Holder: | |
| | (Print or Type) |
| Signature: | |
| Name of Signatory: | |
| | (If other than Holder) |
| Title: | |
| Address: | |
| | |
| | |
| | |
| Telephone Number: | |
| Email: | |
| Date Completed: | |

KE 62601702

**<u>Exhibit 4</u>**

**Impaired Non-Voting Status Notice**

1

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| HOLLANDER SLEEP PRODUCTS, LLC, *et al.*,[1] | ) | Case No. 19-11608 (MEW) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## NOTICE OF NON-VOTING STATUS TO HOLDERS OF
## IMPAIRED CLAIMS AND EQUITY INTERESTS DEEMED TO REJECT THE PLAN

**PLEASE TAKE NOTICE** that on [●], 2019, the United States Bankruptcy Court for the Southern District of New York (the "Court") entered an order [Docket No. ●] (the "Disclosure Statement Order"), (a) authorizing Hollander Sleep Products, LLC and its affiliated debtors and debtors in possession (collectively, the "Debtors"), to solicit acceptances for the *Debtors' First Amended Joint Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. [●]] (as modified, amended, or supplemented from time to time, the "Plan"); (b) approving the *Disclosure Statement for the Debtors' First Amended Joint Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. [●]] (as modified, amended, or supplemented from time to time, the "Disclosure Statement")[2] as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) approving the solicitation materials and documents to be included in the solicitation packages; and (d) approving procedures for soliciting, receiving, and tabulating votes on the Plan and for filing objections to the Plan.

**PLEASE TAKE FURTHER NOTICE** that because of the nature and treatment of your Claim or Interest under the Plan, **you are not entitled to vote on the Plan**. Specifically, under the terms of the Plan, as a Holder of a Claim or Interest (as currently asserted against the Debtors) that is receiving no distribution under the Plan, you are deemed to reject the Plan pursuant to section 1126(f) of the Bankruptcy Code and are not entitled to vote on the Plan.

**PLEASE TAKE FURTHER NOTICE** that the hearing at which the Court will consider Confirmation of the Plan (the "Confirmation Hearing") will commence on **September 4, 2019, at 11:00 a.m., prevailing Eastern Time**, before the Honorable Michael E. Wiles, in the United

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Dream II Holdings, LLC (7915); Hollander Home Fashions Holdings, LLC (2063); Hollander Sleep Products, LLC (2143); Pacific Coast Feather, LLC (1445); Hollander Sleep Products Kentucky, LLC (4119); Pacific Coast Feather Cushion, LLC (3119); and Hollander Sleep Products Canada Limited (3477).  The location of the Debtors' service address is:  901 Yamato Road, Suite 250, Boca Raton, Florida 33431.

[2]    Capitalized terms not otherwise defined herein shall have the same meanings set forth in the Plan or Disclosure Statement, as applicable.

States Bankruptcy Court for the Southern District of New York, located at One Bowling Green, New York, New York 10004-1408.

**PLEASE TAKE FURTHER NOTICE** that the deadline for filing objections to the Plan is **August 28, 2019, at 4:00 p.m., prevailing Eastern Time** (the "Plan Objection Deadline"). Any objection to the Plan must: (a) be in writing; (b) conform to the Bankruptcy Rules, the Local Rules, and any orders of the Court; (c) state, with particularity, the basis and nature of any objection to the Plan and, if practicable, a proposed modification to the Plan that would resolve such objection; (d) be filed with the Court (contemporaneously with a proof of service) so as to be actually received on or before **August 28, 2019, at 4:00 p.m., prevailing Eastern Time**; and (e) be served so that it is actually received by the Plan Objection Deadline by each of the entities on the Master Service List (as defined in the case management order in these chapter 11 cases [Docket No. 184] and available on the Debtors' case website at www.omnimgt.com/hollander).

**PLEASE TAKE FURTHER NOTICE** that if you would like to obtain a copy of the Disclosure Statement, the Plan, the Plan Supplement, or related documents, you should contact Omni Management Group, the Solicitation Agent retained by the Debtors in these chapter 11 cases, by: (a) calling the Debtors' restructuring hotline at (844) 212-9942 within the United States or Canada or, outside of the United States or Canada, by calling +1 (818) 906-8300; (b) visiting the Debtors' restructuring website at: www.omnimgt.com/hollander; and/or (c) writing to Hollander Sleep Products, LLC, Ballot Processing, c/o Omni Management Group, 5955 DeSoto Avenue, Suite #100, Woodland Hills, CA 91367. You may also obtain copies of any pleadings filed in these chapter 11 cases for a fee via PACER at: http://www.nysb.uscourts.gov.

**PLEASE TAKE FURTHER NOTICE** that Article VIII of the Plan contains certain release, injunction, and exculpation provisions, including the Third-Party Releases set forth below. You are advised to carefully review and consider the Plan, including the release, injunction, and exculpation provisions, as your rights may be affected.

**Article VIII.D of the Plan contains the following Third-Party Release**:[3]

**Effective as of the Effective Date, in exchange for good and valuable consideration, including the obligations of the Debtors under the Plan and the contributions of the Released Parties in facilitating the expeditious reorganization of the Debtors and the implementation of the restructuring contemplated by the Plan, to the fullest extent permissible under applicable law, as such law may be extended or integrated after the Effective Date, on and**

---

[3] The Released Parties are: (a) the Debtors; (b) the Reorganized Debtors; (c) the Prepetition Secured Lenders; (d) the Prepetition Agents; (e) the DIP Lenders; (f) the Put Purchasers; (g) the DIP Agents; (h) the Exit Facility Lenders; (i) the Exit Facility Agents; (j) the Winning Bidder; (k) the Sponsor; (l) the parties to the RSA; (m) the Committee; and (n) with respect to each of the foregoing in clauses (a) through (m), such Entity and its current and former Affiliates, and such Entities' and their current Affiliates' directors, managers, officers, equity holders (regardless of whether such interests are held directly or indirectly), predecessors, participants, successors, and assigns, subsidiaries, affiliates, managed accounts or funds, and each of their respective current and former equity holders, officers, directors, managers, principals, shareholders, members (other than members of the Committee), management companies, fund advisors, employees, agents, advisory board members, financial advisors, partners, attorneys, accountants, investment bankers, consultants, representatives, and other professionals; *provided* that any of the foregoing that does not consent to the releases shall not be a "Released Party."

after the Effective Date each of the Releasing Parties shall be deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever, released and discharged each Debtor, Reorganized Debtor, and Released Party from any and all Claims, interests, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever, whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, including any derivative claims, asserted or assertable on behalf of any of the Debtors, the Reorganized Debtors, or their Estates, that such Entity would have been legally entitled to assert (whether individually or collectively), based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the purchase, sale, or rescission of the purchase or sale of any security of the Debtors or the Reorganized Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the Debtors' in- or out-of-court restructuring efforts, intercompany transactions, the Restructuring Transactions, the Sale Transaction (if applicable), entry into the Exit Facilities, the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation, filing, or consummation of the RSA, the Disclosure Statement, the DIP Facilities, the Sale Transaction (if applicable), the Exit Facilities, the Plan, the Plan Supplement, or any Restructuring Transaction, contract, instrument, release, or other agreement or document created or entered into in connection with the RSA, the Disclosure Statement, the DIP Facilities, or the Plan, the filing of the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the issuance or distribution of securities pursuant to the Plan, or the distribution of property under the Plan or any other related agreement, or upon any other related act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date, other than claims or liabilities arising out of or relating to any act or omission of a Released Party that constitutes actual fraud, willful misconduct, or gross negligence, each solely to the extent as determined by a Final Order of a court of competent jurisdiction. Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release any post-Effective Date obligations of any party or Entity under the Plan, any Restructuring Transaction, or any document, instrument, or agreement (including the Exit Facility Documents and any documents set forth in the Plan Supplement) executed to implement the Plan.

*    *    *    *    *

This Notice of Non-Voting Status may be returned by mail or by electronic, online transmission solely by emailing the Debtors' Solicitation Agent following the directions described below. Please choose only one method of return of your Notice of Non-Voting Status.

### HOW TO OPT INTO THE RELEASES.

1.    If you wish to make an election to opt into the release provisions contained in Article VIII.D of the Plan set forth above check the box in Item 1.

2.    Review the certifications contained in Item 2.

3.      Sign and date this notice of non-voting status and fill out the other required information in the applicable area below.

4.      For your election to opt into the release provisions to be counted, your Notice of Non-Voting Status and Opt-In Form must be properly completed and actually received by the solicitation agent no later than **August 28, 2019, at 4:00 p.m., prevailing Eastern Time**.  To opt into the release provisions, you may use the postage-paid envelope provided or send your notice of non-voting status to the following address:

Hollander Sleep Products, LLC, Ballot Processing
c/o Omni Management Group
5955 DeSoto Avenue, Suite #100
Woodland Hills, CA 91367

You may also opt into the release provision by emailing your notice of non-voting status to the Debtors' Solicitation Agent at hollanderballots@omnimgt.com.  If you choose to submit your Notice of Non-Voting Status and Opt-In Form via email, you should not return a hard copy of your Notice of Non-Voting Status and Opt-In Form by mail.

EMAILING THE DEBTORS' SOLICITATION AGENT IS THE SOLE MANNER IN WHICH NOTICE OF NON-VOTING STATUS MAY BE DELIVERED VIA ELECTRONIC TRANSMISSION.

NOTICES OF NON-VOTING STATUS AND OPT-IN FORM SUBMITTED BY FACSIMILE OR OTHER ELECTRONIC MEANS WILL NOT BE COUNTED.

**Item 1**. **Release.**

      **PLEASE TAKE NOTICE** that you may check the box below to opt into the release provisions contained in Article VIII.D of the Plan and set forth above.

      **IF YOU OPT INTO THE RELEASE PROVISIONS BY CHECKING THE BOX BELOW AND PROPERLY AND TIMELY SUBMITTING THIS NOTICE OF NON-VOTING STATUS, YOU WILL BE DEEMED TO HAVE UNCONDITIONALLY, IRREVOCABLY, AND FOREVER RELEASED AND DISCHARGED THE RELEASED PARTIES (AS DEFINED IN THE PLAN) FROM, AMONG OTHER THINGS, ANY AND ALL CAUSES OF ACTION (AS DEFINED IN THE PLAN) EXCEPT AS OTHERWISE SPECIFICALLY PROVIDED IN THE PLAN.  IF YOU WOULD OTHERWISE BE ENTITLED TO A RELEASE UNDER ARTICLE VIII.D OF THE PLAN, BUT YOU DO NOT GRANT THE RELEASES CONTAINED IN ARTICLE VIII.D OF THE PLAN, THEN YOU SHALL NOT RECEIVE THE BENEFIT OF THE RELEASES SET FORTH IN ARTICLE VIII.D OF THE PLAN.**

      **Opt Into** the Third-Party Release.

**Item 2. Certification.**

By returning this Notice of Non-Voting Status and Opt-In Form, the holder of the Impaired Claim(s) or Interest(s) identified below certifies that (a) it was the holder of Impaired Claim(s) or Interest(s) as of the Record Date and/or it has full power and authority to opt into the Third-Party Release for the Impaired Claim(s) or Interest(s) identified below with respect to such Impaired Claim(s) or Interest(s) and (b) it understands the scope of the releases.

YOUR RECEIPT OF THIS NOTICE OF NON-VOTING STATUS DOES NOT SIGNIFY THAT YOUR CLAIM OR INTEREST HAS BEEN OR WILL BE ALLOWED.

| | |
|---|---|
| Name of Holder: | |
| | (Print or Type) |
| Signature: | |
| Name of Signatory: | |
| | (If other than Holder) |
| Title: | |
| Address: | |
| | |
| | |
| Telephone Number: | |
| Email: | |
| Date Completed: | |
| | |

## __Exhibit 5__

**Notice to Disputed Claim Holders**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| HOLLANDER SLEEP PRODUCTS, LLC, *et al.*,[1] | ) | Case No. 19-11608 (MEW) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**NOTICE OF NON-VOTING STATUS WITH RESPECT TO DISPUTED CLAIMS**

 **PLEASE TAKE NOTICE** that on [●], 2019, the United States Bankruptcy Court for the Southern District of New York (the "Court") entered an order [Docket No. [●]] (the "Disclosure Statement Order"), (a) authorizing Hollander Sleep Products, LLC and its affiliated debtors and debtors in possession (collectively, the "Debtors"), to solicit acceptances for the *Debtors' First Amended Joint Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code* (as modified, amended, or supplemented from time to time, the "Plan") [Docket No. [●]]; (b) approving the *Disclosure Statement for the Debtors' First Amended Joint Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. [●]] (as modified, amended, or supplemented from time to time, the "Disclosure Statement")[2] as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) approving the solicitation materials and documents to be included in the solicitation packages; and (d) approving procedures for soliciting, receiving, and tabulating votes on the Plan and for filing objections to the Plan.

 **PLEASE TAKE FURTHER NOTICE** that the Disclosure Statement, Disclosure Statement Order, the Plan, and other documents and materials included in the Solicitation Package, except ballots, may be obtained at no charge from Omni Management Group, the Solicitation Agent retained by the Debtors in these chapter 11 cases (the "Solicitation Agent") by: (a) calling the Debtors' restructuring hotline at (844) 212-9942 within the United States or Canada, or outside of the United States or Canada, by calling +1 (818) 906-8300 (international); (b) visiting the Debtors' restructuring website at: www.omnimgt.com/hollander; and/or (c) writing to Hollander Sleep Products, LLC, Ballot Processing, c/o Omni Management Group, 5955 DeSoto Avenue, Suite #100, Woodland Hills, CA 91367. You may also obtain copies of any pleadings filed in these chapter 11 cases for a fee via PACER at: http://www.nysb.uscourts.gov.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Dream II Holdings, LLC (7915); Hollander Home Fashions Holdings, LLC (2063); Hollander Sleep Products, LLC (2143); Pacific Coast Feather, LLC (1445); Hollander Sleep Products Kentucky, LLC (4119); Pacific Coast Feather Cushion, LLC (3119); and Hollander Sleep Products Canada Limited (3477). The location of the Debtors' service address is: 901 Yamato Road, Suite 250, Boca Raton, Florida 33431.

[2] Capitalized terms not otherwise defined herein shall have the same meanings set forth in the Plan or Disclosure Statement, as applicable.

**PLEASE TAKE FURTHER NOTICE** that you are receiving this notice because you are the Holder of a Claim that is subject to a pending objection by the Debtors. **You are not entitled to vote any disputed portion of your Claim on the Plan unless one or more of the following events have taken place before a date that is three business days before the Voting Deadline** (each, a "Resolution Event"):

1.    an order of the Court is entered allowing such Claim pursuant to section 502(b) of the Bankruptcy Code, after notice and a hearing;

2.    an order of the Court is entered temporarily allowing such Claim for voting purposes only pursuant to Bankruptcy Rule 3018(a), after notice and a hearing;

3.    a stipulation or other agreement is executed between the Holder of such Claim and the Debtors temporarily allowing the Holder of such Claim to vote its Claim in an agreed upon amount; or

4.    the pending objection to such Claim is voluntarily withdrawn by the objecting party.

Accordingly, this notice and the Disclosure Statement Order are being sent to you for informational purposes only.

**PLEASE TAKE FURTHER NOTICE** that if a Resolution Event occurs, then no later than one (1) business day thereafter, the Solicitation Agent shall distribute a ballot, and a pre-addressed, postage pre-paid envelope to you, which must be returned to the Solicitation Agent no later than the Voting Deadline, which is on **August 28, 2019, at 4:00 p.m., prevailing Eastern Time**.

**PLEASE TAKE FURTHER NOTICE** that if you have any questions about the status of any of your Claims, you should contact the Solicitation Agent in accordance with the instructions provided above.

*    *    *    *    *

2

New York, New York
Dated: _____, 2019

Joshua A. Sussberg, P.C.
Christopher T. Greco, P.C.
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

- and -

Joseph M. Graham (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200

*Counsel to the Debtors and Debtors in Possession*

## **Exhibit 6**

**Cover Letter**

KE 62601702

# H O L L A N D E R
### S L E E P   P R O D U C T S

**[DATE]**

<u>Via First Class Mail</u>

RE:     *In re Hollander Sleep Products, LLC, et al.*, Chapter 11 Case No. 19-11608 (MEW)
(Bankr. S.D.N.Y.)

TO ALL HOLDERS OF CLAIMS ENTITLED TO VOTE ON THE PLAN:

Hollander Sleep Products, LLC and its affiliated debtors and debtors in possession (collectively, the "<u>Debtors</u>")[1] each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of New York (the "<u>Court</u>") on May 19, 2019.

You have received this letter and the enclosed materials because you are entitled to vote on the *Debtors' First Amended Joint Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. [●]] (as modified, amended, or supplemented from time to time, the "<u>Plan</u>"). On [●], 2019, the Court entered an order [Docket No. [●]] (the "<u>Disclosure Statement Order</u>"), (a) authorizing the Debtors to solicit acceptances for the Plan; (b) approving the *Disclosure Statement for the Debtors' First Amended Joint Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. [●]] (as modified, amended, or supplemented from time to time, the "<u>Disclosure Statement</u>")[2] as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) approving the solicitation materials and documents to be included in the solicitation packages (the "<u>Solicitation Package</u>"); and (d) approving procedures for soliciting, receiving, and tabulating votes on the Plan, and for filing objections to the Plan.

---

> **You are receiving this letter because you are entitled to vote on the Plan.  Therefore, you should read this letter carefully and discuss it with your attorney.  If you do not have an attorney, you may wish to consult one.**

---

In addition to this cover letter, the enclosed materials comprise your Solicitation Package, and were approved by the Court for distribution to Holders of Claims in connection with the solicitation of votes to accept the Plan.  The Solicitation Package consists of the following:

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Dream II Holdings, LLC (7915); Hollander Home Fashions Holdings, LLC (2063); Hollander Sleep Products, LLC (2143); Pacific Coast Feather, LLC (1445); Hollander Sleep Products Kentucky, LLC (4119); Pacific Coast Feather Cushion, LLC (3119); and Hollander Sleep Products Canada Limited (3477).  The location of the Debtors' service address is:  901 Yamato Road, Suite 250, Boca Raton, Florida 33431.

[2]   Capitalized terms not otherwise defined herein shall have the same meanings set forth in the Plan or Disclosure Statement, as applicable.

a.   a copy of the solicitation and voting procedures attached as **Exhibit 1** to the Disclosure Statement Order;

b.   a Ballot, together with detailed voting instructions and a pre-addressed, postage pre-paid return envelope;

c.   this letter;

d.   the Disclosure Statement, as approved by the Court (and exhibits thereto, including the Plan);

e.   the Disclosure Statement Order (excluding the exhibits thereto);

f.   the notice of the hearing to consider confirmation of the Plan; and

g.   such other materials as the Court may direct.

Hollander Sleep Products, LLC (on behalf of itself and each of the other Debtors) has approved the filing of the Plan and the solicitation of votes to accept the Plan.  The Debtors believe that the acceptance of the Plan is in the best interests of their estates, Holders of Claims and Interests, and all other parties in interest.  Moreover, the Debtors believe that any alternative other than Confirmation of the Plan could result in extensive delays and increased administrative expenses, which, in turn, likely would result in smaller distributions (or no distributions) on account of Claims asserted in these chapter 11 cases.

> **The Debtors strongly urge you to properly and timely submit your Ballot casting a vote to accept the Plan in accordance with the instructions in your Ballot.**
>
> **The Voting Deadline is <u>August 28, 2019, at 4:00 p.m., prevailing Eastern Time</u>.**

The materials in the Solicitation Package are intended to be self-explanatory.  If you should have any questions, however, please feel free to contact Omni Management Group, the Solicitation Agent retained by the Debtors in these chapter 11 cases (the "Solicitation Agent"), by:  (a) calling the Debtors' restructuring hotline at (844) 212-9942 in the United States or Canada, or, outside of the United States or Canada by calling +1 (818) 906-8300; (b) visiting the Debtors' restructuring website at:  www.omnimgt.com/hollander; and/or (c) writing to Hollander Sleep Products, LLC, Ballot Processing, c/o Omni Management Group, 5955 DeSoto Avenue, Suite #100, Woodland Hills, CA 91367.  You may also obtain copies of any pleadings filed in these chapter 11 cases for a fee via PACER at:  http://www.nysb.uscourts.gov.  Please be advised that the Solicitation Agent is authorized to answer questions about the Plan solicitation process, and provide additional copies of solicitation materials, but may not advise you as to whether you should vote to accept or reject the Plan.

Sincerely,

_____
Marc. L. Pfefferle
Chief Executive Officer

2

## **Exhibit 7**

**Confirmation Hearing Notice**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| HOLLANDER SLEEP PRODUCTS, LLC, *et al.*,[1] | ) | Case No. 19-11608 (MEW) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**NOTICE OF HEARING TO CONSIDER**
**CONFIRMATION OF THE CHAPTER 11 PLAN FILED BY THE**
**DEBTORS AND RELATED VOTING AND OBJECTION DEADLINES**

       **PLEASE TAKE NOTICE** that on [●], 2019, the United States Bankruptcy Court for the Southern District of New York (the "Court") entered an order [Docket No. [●]] (the "Disclosure Statement Order"), (a) authorizing Hollander Sleep Products, LLC and its affiliated debtors and debtors in possession (collectively, the "Debtors"), to solicit acceptances for the *Debtors' First Amended Joint Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. [●]] (as modified, amended, or supplemented from time to time, the "Plan"); (b) approving the *Disclosure Statement for the Debtors' First Amended Joint Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. [●]] (as modified, amended, or supplemented from time to time, the "Disclosure Statement")[2] as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) approving the solicitation materials and documents to be included in the solicitation packages; and (d) approving procedures for soliciting, receiving, and tabulating votes on the Plan and for filing objections to the Plan.

       **PLEASE TAKE FURTHER NOTICE** that the hearing at which the Court will consider Confirmation of the Plan (the "Confirmation Hearing") will commence on **September 4, 2019, at 11:00 a.m., prevailing Eastern Time**, before the Honorable Michael E. Wiles, in the United States Bankruptcy Court for the Southern District of New York, located at One Bowling Green, New York, New York 10004-1408.

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Dream II Holdings, LLC (7915); Hollander Home Fashions Holdings, LLC (2063); Hollander Sleep Products, LLC (2143); Pacific Coast Feather, LLC (1445); Hollander Sleep Products Kentucky, LLC (4119); Pacific Coast Feather Cushion, LLC (3119); and Hollander Sleep Products Canada Limited (3477).  The location of the Debtors' service address is:  901 Yamato Road, Suite 250, Boca Raton, Florida 33431.

[2]    Capitalized terms not otherwise defined herein shall have the same meanings set forth in the Plan or Disclosure Statement, as applicable.

> **Please be advised**:  The Confirmation Hearing may be continued from time to time by the Court or the Debtors <u>without further notice</u> other than by such adjournment being announced in open court, by agenda filed with the Court, or by a notice of adjournment filed with the Court and served on all parties entitled to notice.

## CRITICAL INFORMATION REGARDING VOTING ON THE PLAN

**Voting Record Date**.  The voting record date is <u>**July 29, 2019**</u> (the "<u>Voting Record Date</u>"), which is the date for determining which Holders of Claims in Classes 4 and 5 are entitled to vote on the Plan.

**Voting Deadline**.  The deadline for voting on the Plan is on **August 28, 2019, at 4:00 p.m., prevailing Eastern Time** (the "<u>Voting Deadline</u>").  If you received a Solicitation Package, including a Ballot, and intend to vote on the Plan, you must:  (a) follow the instructions carefully; (b) complete all of the required information on the Ballot; and (c) execute and return your completed Ballot according to and as set forth in detail in the voting instructions so that it is actually received by the Debtors' solicitation agent, Omni Management Group (the "<u>Solicitation Agent</u>") on or before the Voting Deadline.  **A failure to follow such instructions may disqualify your vote**.

## CRITICAL INFORMATION REGARDING OBJECTING TO THE PLAN

> **Article VIII of the Plan contains Release, Exculpation, and Injunction provisions, and Article VIII.D contains a Third-Party Release.  Thus, you are advised to review and consider the Plan carefully because your rights might be affected thereunder.**

**Plan Objection Deadline**.    The deadline for filing objections to the Plan is **August 28, 2019, at 4:00 p.m., prevailing Eastern Time** (the "<u>Plan Objection Deadline</u>"). All objections to the relief sought at the Confirmation Hearing must:  (a) be in writing; (b) conform to the Bankruptcy Rules, the Local Rules, and any orders of the Court; (c) state, with particularity, the legal and factual basis for the objection and, if practicable, a proposed modification to the Plan (or related materials) that would resolve such objection; (d) be filed with the Court (contemporaneously with a proof of service) and so as to be actually received on or before **August 28, 2019, at 4:00 p.m., prevailing Eastern Time**; and (e) be served so that it is actually received by the Plan Objection Deadline by each of the entities on the Master Service List (as defined in the case management order in these chapter 11 cases [Docket No. 184] and available on the Debtors' case website at www.omnimgt.com/hollander).

## ADDITIONAL INFORMATION

**Obtaining Solicitation Materials**.  The materials in the Solicitation Package are intended to be self-explanatory.  If you should have any questions or if you would like to obtain additional solicitation materials (or paper copies of solicitation materials if you received a flash drive or CD-ROM), please feel free to contact the Debtors' Solicitation Agent, by:  (a) calling the Debtors' restructuring hotline at (844) 212-9942 within the United States or Canada or, outside of the United States or Canada, by calling +1 (818) 906-8300; (b) visiting the Debtors' restructuring website at:  www.omnimgt.com/hollander; and/or (c) writing to Hollander Sleep Products, LLC, Ballot

Processing, c/o Omni Management Group, 5955 DeSoto Avenue, Suite #100, Woodland Hills, CA 91367.  You may also obtain copies of any pleadings filed in these Chapter 11 Cases for a fee via PACER at:  http://www.nysb.uscourts.gov.  Please be advised that the Solicitation Agent is authorized to answer questions about, and provide additional copies of, solicitation materials, but may not advise you as to whether you should vote to accept or reject the Plan.

**Filing the Plan Supplement**.  The Debtors will file the Plan Supplement (as defined in the Plan) 14 days before the first day of the Confirmation Hearing.  Once filed, the Plan Supplement may be obtained from the Solicitation Agent for free or for a fee via PACER, each as set forth above.

---

**<u>Binding Nature of the Plan</u>**:

**If confirmed, the Plan shall bind all Holders of Claims and Interests to the maximum extent permitted by applicable law, whether or not such Holder will receive or retain any property or interest in property under the Plan, has filed a Proof of Claim in these chapter 11 cases, or failed to vote to accept or reject the Plan or voted to reject the Plan.**

---

## <u>HOW TO OPT INTO THE RELEASES</u>

---

Any Holder of a Claim or Interest that wants to grant the Third-Party Release set forth in Article VIII.D of the Plan must return its Ballot or Non-Voting Status Notice, as applicable, to the Debtors' Solicitation Agent, Omni Management Group, by no later than **<u>August 28, 2019</u>**, by following the instructions for electing to opt into the Third-Party Release set forth in such Ballot or Non-Voting Status Notice, as applicable.[3]

---

## <u>RELEASES</u>

**<u>Article VIII.C of the Plan contains the following Debtor Release</u>**:

**Effective as of the Effective Date, pursuant to section 1123(b) of the Bankruptcy Code, for good and valuable consideration, including the service of the Released Parties in facilitating the expeditious reorganization of the Debtor and implementation of the restructuring contemplated by the Plan, the adequacy of which is hereby confirmed, on and after the Effective Date each Released Party is deemed released and discharged by each and all of the Debtors, the Reorganized Debtors, and their Estates, in each case on behalf of themselves and their respective successors, assigns, and representatives, and any and all other Entities who may purport to assert any Cause of Action, directly or derivatively, by, through, for, or because of the foregoing Entities, from any and all Claims, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever, including any derivative claims, asserted or assertable on behalf of any of the Debtors, the Reorganized Debtors, or their Estates, as applicable, whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, that the Debtors, the Reorganized**

---

[3]    Voting stakeholders who vote to accept the Plan will be deemed to consent to the Third-Party Release whether such voting stakeholders check the box on their respective Ballot to "opt into" the Third-Party Release or not.

KE 62601702

Debtors, or their Estates or Affiliates would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim against, or Interest in, a Debtor or other Entity, based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the purchase, sale, or rescission of the purchase or sale of any security of the Debtors or the Reorganized Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the Debtors' in- or out-of-court restructuring efforts, intercompany transactions, the Restructuring Transactions, the Sale Transaction (if applicable), entry into the Exit Facilities, the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation, filing, or consummation of the RSA, the Disclosure Statement, the Prepetition Facilities, the DIP Facilities, the Sale Transaction (if applicable), the Exit Facilities, the Plan, the Plan Supplement, or any Restructuring Transaction, contract, instrument, release, or other agreement or document created or entered into in connection with the RSA, the Disclosure Statement, the Prepetition Facilities, the DIP Facilities, or the Plan, the filing of the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the issuance or distribution of securities pursuant to the Plan, or the distribution of property under the Plan or any other related agreement, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date, other than claims or liabilities arising out of or relating to any act or omission of a Released Party that constitutes actual fraud, willful misconduct, or gross negligence, each solely to the extent as determined by a Final Order of a court of competent jurisdiction. Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release (1) any post-Effective Date obligations of any party or Entity under the Plan, any Restructuring Transaction, or any document, instrument, or agreement (including the Exit Facility Documents and any documents set forth in the Plan Supplement) executed to implement the Plan and (2) any Causes of Action listed on the Schedule of Retained Causes of Action.

**Article VIII.D of the Plan contains the following Third-Party Release:**

Effective as of the Effective Date, in exchange for good and valuable consideration, including the obligations of the Debtors under the Plan and the contributions of the Released Parties in facilitating the expeditious reorganization of the Debtors and the implementation of the restructuring contemplated by the Plan, to the fullest extent permissible under applicable law, as such law may be extended or integrated after the Effective Date, on and after the Effective Date each of the Releasing Parties shall be deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever, released and discharged each Debtor, Reorganized Debtor, and Released Party from any and all Claims, interests, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever, whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, including any derivative claims, asserted or assertable on behalf of any of the Debtors, the Reorganized Debtors, or their Estates, that such Entity would have been legally entitled to assert (whether individually or collectively), based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the purchase, sale, or rescission of the purchase or sale of any security of the Debtors or the Reorganized Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in

4

the Plan, the business or contractual arrangements between any Debtor and any Released Party, the Debtors' in- or out-of-court restructuring efforts, intercompany transactions, the Restructuring Transactions, the Sale Transaction (if applicable), entry into the Exit Facilities, the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation, filing, or consummation of the RSA, the Disclosure Statement, the DIP Facilities, the Sale Transaction (if applicable), the Exit Facilities, the Plan, the Plan Supplement, or any Restructuring Transaction, contract, instrument, release, or other agreement or document created or entered into in connection with the RSA, the Disclosure Statement, the DIP Facilities, or the Plan, the filing of the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the issuance or distribution of securities pursuant to the Plan, or the distribution of property under the Plan or any other related agreement, or upon any other related act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date, other than claims or liabilities arising out of or relating to any act or omission of a Released Party that constitutes actual fraud, willful misconduct, or gross negligence, each solely to the extent as determined by a Final Order of a court of competent jurisdiction. Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release any post-Effective Date obligations of any party or Entity under the Plan, any Restructuring Transaction, or any document, instrument, or agreement (including the Exit Facility Documents and any documents set forth in the Plan Supplement) executed to implement the Plan.

**Article VIII.E of the Plan provides for the following Exculpation**:

Effective as of the Effective Date, to the fullest extent permissible under applicable law and without affecting or limiting either the Debtor Release or the Third-Party Release, and except as otherwise specifically provided in the Plan, no Exculpated Party shall have or incur, and each Exculpated Party is hereby exculpated from, any Cause of Action for any Claim related to any act or omission based on the negotiation, execution, and implementation of any transactions approved by the Bankruptcy Court in the Chapter 11 Cases, including the RSA, the Disclosure Statement, the Plan, the Plan Supplement, the Confirmation Order, or any Restructuring Transaction, contract, instrument, release, or other agreement or document contemplated by the Plan or the reliance by any Exculpated Party on the Plan or the Confirmation Order, created or entered into in connection with the RSA, the Disclosure Statement, or the Plan, the filing of the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the issuance of any securities pursuant to the Plan or the distribution of property under the Plan or any other related agreement, and the implementation of the Restructuring Transactions contemplated by the Plan, except for Claims related to any act or omission that is determined by Final Order to have constituted actual fraud, willful misconduct, or gross negligence, but in all respects such Entities shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities pursuant to the Plan. The Exculpated Parties have, and upon completion of the Plan shall be deemed to have, participated in good faith and in compliance with the applicable laws with regard to the solicitation of votes on, and distribution of consideration pursuant to, the Plan and, therefore, are not, and on account of such distributions shall not be, liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan or such

distributions made pursuant to the Plan. Notwithstanding the foregoing, the exculpation shall not release any obligation or liability of any Entity for any post-Effective Date obligation under the Plan or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan.

**Article VIII.F of the Plan provides for the following Injunction**:

Effective as of the Effective Date, pursuant to section 524(a) of the Bankruptcy Code, to the fullest extent permissible under applicable law, and except as otherwise expressly provided in the Plan or for obligations issued or required to be paid pursuant to the Plan or the Confirmation Order, all Entities who have held, hold, or may hold Claims or Interests that have been discharged pursuant to Article VIII.A of the Plan, released pursuant to the Debtor Release, the Third-Party Release, or another provision of the Plan (including the release of liens pursuant to Article VIII.B of the Plan), or are subject to exculpation pursuant to Article VIII.E of the Plan, are permanently enjoined, from and after the Effective Date, from taking any of the following actions against, as applicable, the Debtors, the Reorganized Debtors, the Exculpated Parties, or the Released Parties:  (1) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such Claims or Interests; (2) enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree, or order against such Entities on account of or in connection with or with respect to any such Claims or Interests; (3) creating, perfecting, or enforcing any encumbrance of any kind against such Entities or the property or the estates of such Entities on account of or in connection with or with respect to any such Claims or Interests; (4) asserting any right of setoff, subrogation, or recoupment of any kind, against any obligation due from such Entities or against the property of such Entities on account of or in connection with or with respect to any such Claims or Interests unless such Holder has Filed a motion requesting the right to perform such setoff on or before the Effective Date, and notwithstanding an indication of a Claim or Interest or otherwise that such Holder asserts, has, or intends to preserve any right of setoff pursuant to applicable law or otherwise; and (5) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such Claims or Interests released or settled pursuant to the Plan.

6

New York, New York
Dated: _____, 2019

Joshua A. Sussberg, P.C.
Christopher T. Greco, P.C.
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

- and -

Joseph M. Graham (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200

*Counsel to the Debtors and Debtors in Possession*

## **Exhibit 8**

**Notice of Assumption of Executory Contracts and Unexpired Leases**

KE 62601702

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| HOLLANDER SLEEP PRODUCTS, LLC, *et al.*,[1] | ) | Case No. 19-11608 (MEW) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**NOTICE OF (A) EXECUTORY CONTRACTS AND UNEXPIRED LEASES TO BE
ASSUMED BY THE DEBTORS PURSUANT TO THE PLAN, (B) CURE AMOUNTS, IF
ANY, AND (C) RELATED PROCEDURES IN CONNECTION THEREWITH**

**PLEASE TAKE NOTICE** that on [●], 2019, the United States Bankruptcy Court for the Southern District of New York (the "Court") entered an order [Docket No. [●]] (the "Disclosure Statement Order"), (a) authorizing Hollander Sleep Products, LLC and its affiliated debtors and debtors in possession (collectively, the "Debtors"), to solicit acceptances for the *Debtors' First Amended Joint Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. [●]] (as modified, amended, or supplemented from time to time, the "Plan"); (b) approving the *Disclosure Statement for the Debtors' First Amended Joint Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. [●]] (as modified, amended, or supplemented from time to time, the "Disclosure Statement")[2] as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) approving the solicitation materials and documents to be included in the solicitation packages; and (d) approving procedures for soliciting, receiving, and tabulating votes on the Plan and for filing objections to the Plan.

**PLEASE TAKE FURTHER NOTICE** that under the terms of Article V of the Plan, each Executory Contract and Unexpired Lease of a Debtor will be deemed automatically assumed pursuant to sections 365 and 1123 of the Bankruptcy Code on the Effective Date of the Plan, other than those that:

    1.       are identified on the Schedule of Rejected Executory Contracts and Unexpired Leases;

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Dream II Holdings, LLC (7915); Hollander Home Fashions Holdings, LLC (2063); Hollander Sleep Products, LLC (2143); Pacific Coast Feather, LLC (1445); Hollander Sleep Products Kentucky, LLC (4119); Pacific Coast Feather Cushion, LLC (3119); and Hollander Sleep Products Canada Limited (3477).  The location of the Debtors' service address is:  901 Yamato Road, Suite 250, Boca Raton, Florida 33431.

[2]   Capitalized terms not otherwise defined herein shall have the same meanings set forth in the Plan or Disclosure Statement, as applicable.

2.    previously expired or terminated pursuant to its own terms;

3.    have been previously assumed or rejected by the Debtors pursuant to a Court order;

4.    are the subject of a motion to reject Executory Contracts or Unexpired Leases that is pending on the Effective Date; or

5.    are subject to a motion to reject an Executory Contract or Unexpired Lease pursuant to which the requested effective date of such rejection is after the Effective Date.

You are receiving this notice because you or one of your affiliates is a counterparty to an Executory Contract or Unexpired Lease[3] with one or more of the Debtors as listed on **Exhibit A**, attached hereto.

**The Debtors intend to assume the Executory Contracts or Unexpired Leases listed on Exhibit A to which you are a counterparty.**    The Debtors have conducted a review of the Debtors' books and records and have determined that the amount to cure unpaid obligations under such contract or lease is as set forth in **Exhibit A** (the "Cure Claim").  Unless otherwise ordered by the Court, any objection by a counterparty to an Executory Contract or Unexpired Lease to a proposed assumption and assignment or related Cure Claim must be filed with the Court and served on **[●], 2019, at 4:00 p.m., prevailing Eastern Time**, the date that is 14 days from the date of this notice, and served so that it is actually received by each of the entities on the Master Service List (as defined in the case management order in these chapter 11 cases [Docket No. 184] and available on the Debtors' case website at www.omnimgt.com/hollander).  If you fail to object in a timely manner to the proposed assumption or Cure Claim with respect to any Executory Contract or Unexpired Lease, you will be deemed to have assented to such assumption and Cure Claim.

**PLEASE TAKE FURTHER NOTICE** that in the event of a dispute regarding: (1) the amount of any Cure Claim, (2) the ability of the Reorganized Debtors or any assignee to provide "adequate assurance of future performance" (within the meaning of section 365 of the Bankruptcy Code) under the Executory Contract or Unexpired Lease to be assumed, or (3) any other matter pertaining to assumption or the cure payments required by section 365(b)(1) of the Bankruptcy Code, the Cure Claim shall only be paid following the entry of a Final Order or Final Orders resolving the dispute and approving the assumption (and, if applicable, assignment).

**PLEASE TAKE FURTHER NOTICE** that the assumption of an Executory Contract or Unexpired Lease pursuant to the Plan or otherwise shall result in the full release and satisfaction of any Claims or defaults, whether monetary or nonmonetary, including defaults of provisions restricting the change in control or ownership interest composition or other bankruptcy-related defaults, arising under any Assumed Executory Contract or Unexpired Lease at any time before the date that the Debtors assume such Executory Contract or Unexpired Lease.  Any Proofs of Claim Filed with respect to an Executory Contract or Unexpired Lease that has been assumed shall

---

[3]    This notice is being sent to counterparties to Executory Contracts and Unexpired Leases.  This notice is not an admission by the Debtors that such contract or lease is executory or unexpired.

KE 62601702

be deemed disallowed and expunged, without further notice to or action, order, or approval of the Court.

**YOUR STATUS AS A COUNTERPARTY TO AN EXECUTORY CONTRACT AND/OR AN UNEXPIRED LEASE DOES NOT IN AND OF ITSELF ENTITLE YOU TO VOTE ON THE PLAN.** Accordingly, this notice is being sent to you for informational purposes only.

**PLEASE TAKE FURTHER NOTICE** that if you would like to obtain a copy of the Disclosure Statement, the Plan, the Plan Supplement, or related documents, you should contact Omni Management Group, the Solicitation Agent retained by the Debtors in these chapter 11 cases, by: (a) calling the Debtors' restructuring hotline at (844) 212-9942 in the United States and Canada or, outside of the United States or Canada, by calling +1 (818) 906-8300; (b) visiting the Debtors' restructuring website at: www.omnimgt.com/hollander; and/or (c) writing to Hollander Sleep Products, LLC, Ballot Processing, c/o Omni Management Group, 5955 DeSoto Avenue, Suite #100, Woodland Hills, CA 91367. You may also obtain copies of any pleadings filed in these chapter 11 cases for a fee via PACER at: http://www.nysb.uscourts.gov.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

KE 62601702

New York, New York
Dated: _____, 2019

Joshua A. Sussberg, P.C.
Christopher T. Greco, P.C.
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

- and -

Joseph M. Graham (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200

*Counsel to the Debtors and Debtors in Possession*

**Exhibit A**

| Debtor Obligor | Counterparty Name | Description of Contract | Amount Required to Cure Default Thereunder, If Any |
|---|---|---|---|
|  |  |  |  |

### Exhibit 9

**Notice of Rejection of Executory Contracts and Unexpired Leases**

KE 62601702

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| HOLLANDER SLEEP PRODUCTS, LLC, *et al.*,[1] | ) | Case No. 19-11608 (MEW) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

### NOTICE REGARDING EXECUTORY CONTRACTS
### AND UNEXPIRED LEASES TO BE REJECTED PURSUANT TO THE PLAN

**PLEASE TAKE NOTICE** that on [●], 2019, the United States Bankruptcy Court for the Southern District of New York (the "Court") entered an order [Docket No. [●]] (the "Disclosure Statement Order"), (a) authorizing Hollander Sleep Products, LLC and its affiliated debtors and debtors in possession (collectively, the "Debtors"), to solicit acceptances for the *Debtors' First Amended Joint Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. [●]] (as modified, amended, or supplemented from time to time, the "Plan"); (b) approving the *Disclosure Statement for the Debtors' First Amended Joint Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. [●]] (as modified, amended, or supplemented from time to time, the "Disclosure Statement")[2] as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) approving the solicitation materials and documents to be included in the solicitation packages; and (d) approving procedures for soliciting, receiving, and tabulating votes on the Plan and for filing objections to the Plan.

**PLEASE TAKE FURTHER NOTICE** that under the terms of Article V of the Plan, each Executory Contract and Unexpired Lease of a Debtor will be deemed automatically assumed pursuant to sections 365 and 1123 of the Bankruptcy Code on the Effective Date of the Plan, other than those that:

1.    are identified on the Schedule of Rejected Executory Contracts and Unexpired Leases;

2.    previously expired or terminated pursuant to its own terms;

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Dream II Holdings, LLC (7915); Hollander Home Fashions Holdings, LLC (2063); Hollander Sleep Products, LLC (2143); Pacific Coast Feather, LLC (1445); Hollander Sleep Products Kentucky, LLC (4119); Pacific Coast Feather Cushion, LLC (3119); and Hollander Sleep Products Canada Limited (3477).  The location of the Debtors' service address is:  901 Yamato Road, Suite 250, Boca Raton, Florida 33431.

[2]    Capitalized terms not otherwise defined herein shall have the same meanings set forth in the Plan or Disclosure Statement, as applicable.

3.  have been previously assumed or rejected by the Debtors pursuant to a Court order;

4.  are the subject of a motion to reject Executory Contracts or Unexpired Leases that is pending on the Effective Date; or

5.  are subject to a motion to reject an Executory Contract or Unexpired Lease pursuant to which the requested effective date of such rejection is after the Effective Date.

You are receiving this notice because you or one of your affiliates is a counterparty to an Executory Contract or an Unexpired Lease[3] with one or more of the Debtors as listed on **Exhibit A**, attached hereto.

**The Debtors intend to reject the Executory Contracts or Unexpired Leases listed on Exhibit A to which you are a counterparty.**

Objections.  If you wish to object to the rejection of an Executory Contract or Unexpired Lease, an objection and notice setting the objection for hearing must be filed with the Court and served by **[●], 2019, at 4:00 p.m., prevailing Eastern Time**, the date that is 14 days from the date of this notice, and served so that it is actually received by each of the entities on the Master Service List (as defined in the case management order in these chapter 11 cases [Docket No. 184] and available on the Debtors' case website at www.omnimgt.com/hollander).

Proofs of Claim.  Additionally, entry of the Confirmation Order will constitute a Court order approving the rejection of your Executory Contracts or Unexpired Leases.  As set forth in the Plan, such rejection will be effective on the Effective Date of the Plan.  As a result of the Executory Contracts or Unexpired Leases to which you are a counterparty being rejected, you may be entitled to an unsecured claim for which a Proof of Claim must be filed.  After entry of the Confirmation Order, you will receive a separate notice of the Effective Date, which notice will contain a proof of claim bar date for rejected claims.  Pursuant to the Plan, if the rejection of your Executory Contracts or Unexpired Leases gives rise to a Claim by you, unless otherwise provided by an order of the Court, any Proofs of Claim based on the rejection of the Debtors' Executory Contracts or Unexpired Leases must be filed with the Court within 30 days after the later of (1) the effective date of such rejection, or (2) the Effective Date.

**Any Claims arising from the rejection of an Executory Contract or Unexpired Lease not Filed with the Court within such time will be automatically disallowed, forever barred from assertion, and shall not be enforceable against the Debtors, the Reorganized Debtors, the Estates, or their property of any of the foregoing parties without the need for any objection by the Reorganized Debtors or further notice to, or action, order, or approval of the Court or any other Entity, and any Claim arising out of the rejection of the Executory Contract or Unexpired Lease shall be deemed fully satisfied, released, and discharged, notwithstanding anything in the Schedules or a Proof of Claim to the contrary.**  Claims arising from the rejection of the Debtors' Executory Contracts or Unexpired Leases shall be classified as General Unsecured Claims and shall be treated in accordance with Article III.B of the Plan and

---

3   This notice is being sent to counterparties to Executory Contracts and Unexpired Leases.  This notice is not an admission by the Debtors that such contract or lease is executory or unexpired.

KE 62601702

may be objected to in accordance with the provisions of Article VII of the Plan and the applicable provisions of the Bankruptcy Code and Bankruptcy Rules.

**YOUR STATUS AS A COUNTERPARTY TO AN EXECUTORY CONTRACT AND/OR AN UNEXPIRED LEASE DOES NOT IN AND OF ITSELF ENTITLE YOU TO VOTE ON THE PLAN.** Accordingly, this notice is being sent to you for informational purposes only.

**PLEASE TAKE FURTHER NOTICE** that if you would like to obtain a copy of the Disclosure Statement, the Plan, the Plan Supplement, or related documents, you should contact Omni Management Group, the Solicitation Agent retained by the Debtors in these chapter 11 cases, by: (a) calling the Debtors' restructuring hotline at (844) 212-9942 in the United States and Canada or, outside of the United States or Canada, by calling +1 (818) 906-8300; (b) visiting the Debtors' restructuring website at: www.omnimgt.com/hollander; and/or (c) writing to Hollander Sleep Products, LLC, Ballot Processing, c/o Omni Management Group, 5955 DeSoto Avenue, Suite #100, Woodland Hills, CA 91367. You may also obtain copies of any pleadings filed in these chapter 11 cases for a fee via PACER at: http://www.nysb.uscourts.gov.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

3

New York, New York
Dated: _____, 2019

Joshua A. Sussberg, P.C.
Christopher T. Greco, P.C.
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

- and -

Joseph M. Graham (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200

*Counsel to the Debtors and Debtors in Possession*

**Exhibit A**

| Debtor Obligor | Counterparty Name | Description of Contract |
|---|---|---|
|  |  |  |

## Exhibit 10

**Committee Support Letter**

TO:   ALL UNSECURED CREDITORS OF HOLLANDER SLEEP PRODUCTS, LLC, ET AL.

**Re:   Hollander Sleep Products, LLC, *et al.*[1]**
**U.S. Bankruptcy Court, Southern District of New York, Case No. 19-11608 (MEW)**

The Official Committee of Unsecured Creditors (the "Committee"), appointed by the United States Trustee in the chapter 11 cases of Hollander Sleep Products, LLC, *et al.* ("Hollander" or the "Debtors"), **recommends that all general unsecured creditors vote to accept the *Debtors' First Amended Joint Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code* (the "Plan")[2] in accordance with the instructions set forth in the ballot being delivered to you by the Debtors.  The Plan is the result of a negotiated resolution by and among the Debtors, the Committee, certain holders of secured claims under the Debtors' Term Loan Credit Agreement and the Sponsor.**  The Committee was formed under the Bankruptcy Code to represent the interests of all general unsecured creditors.  The Committee urges you to carefully review this letter, the enclosed Plan, and Disclosure Statement, and to vote in favor of the Plan by returning your ballot no later than **August 28, 2019**, at 4:00 p.m., prevailing Eastern Time.

The Plan provides for either a sale of the Debtors' assets (a "Sale Transaction") or a reorganization under which the secured claims held by the Term Loan Lenders will be converted to equity of the reorganized Debtors (a "Reorganization Transaction").[3]  The Plan classifies General Unsecured Claims under Class 5.  Under the Plan, each Holder of an Allowed Class 5 General Unsecured Claim will receive a proportionate share of (i) a fund in an amount up to $650,000 (the "Last Out Loans Turnover Amount"), and (ii) proceeds of any Commercial Tort Claims (if any) that may be pursued on behalf of General Unsecured Creditors.

If there is a Sale Transaction, holders of allowed Class 5 General Unsecured Claims will also receive a proportionate share of (iii) no less than $600,000 (the "GUC Sale Transaction Recovery Pool") and (iv) any excess cash after payment of senior creditors and other plan allocated funding (the "Excess Distributable Cash").

In the alternative, under a Reorganization Transaction, holders of allowed Class 5 Claims will also either receive (iv) a proportionate share of a $500,000 fund (the "GUC Reorganization Recovery Pool") or (v) beneficial trade terms from the Reorganized Debtors including a 1% distribution on account of their claims (the "Vendor Support Initiative").  In all events, under a Reorganization Transaction, holders of allowed General Unsecured Claims will receive a

---

[1]   The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number, are: Dream II Holdings, LLC (7915); Hollander Home Fashions Holdings, LLC (2063); Hollander Sleep Products, LLC (2143); Pacific Coast Feather, LLC (1445); Hollander Sleep Products Kentucky, LLC (4119); Pacific Coast Feather Cushion, LLC (3119); and Hollander Sleep Products Canada Limited (3477). The location of the debtors' service address is: 901 Yamato Road, Suite 250, Boca Raton, Florida 33431.

[2]   Defined terms are set forth in the Plan.

[3]   This is a general summary of the Plan terms only.  Please refer to the Plan for the complete treatment of General Unsecured Creditor Claims.

proportionate share of any "Future Sale Consideration" in the event the Reorganized Debtors are sold within 24 months of exiting bankruptcy.

**Importantly, under the Plan, the Debtors and the Reorganized Debtors waive all Avoidance Actions that otherwise may be asserted against, among others, holders of General Unsecured Claims.**

Absent confirmation of the Plan, these cases may be converted to liquidation under chapter 7, in which case holders of unsecured claims would most likely not receive any recovery and a chapter 7 trustee may determine to pursue Avoidance Actions against holders of Claims, including, General Unsecured Claims. The Committee believes, as do the Debtors, that the Plan provides the best possible recoveries to holders of General Unsecured Claims under the circumstances, and that any alternative would result in unnecessary delay, uncertainty, and expense as well as a materially diminished or zero recovery. The recovery under the Plan is the result of efforts by the Committee to negotiate a material increase in the distributions for holders of General Unsecured Claims.

**THE COMMITTEE THEREFORE RECOMMENDS THAT YOU VOTE TO "ACCEPT" THE PLAN AND RETURN YOUR BALLOT AS SPECIFIED IN THE VOTING INSTRUCTIONS YOU RECEIVED.**

July __, 2019                    **THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF HOLLANDER SLEEP PRODUCTS, LLC, ET AL.**

_/s/ R. Stan Holland_
Hollander NC IA LLC
By:  R. Stan Holland

Solely in his capacity as the Chair of the Official Committee of Unsecured Creditors of Hollander Sleep Products, LLC, et al., and not in any other capacity