Bradford J. Sandler, Esq.
Shirley S. Cho, Esq.
Beth E. Levine, Esq.
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 34th Floor
New York, NY 10017
Telephone: (212) 561-7700
Facsimile: (212) 561-7777
Email: bsandler@pszjlaw.com
         scho@pszjlaw.com
         blevine@pszjlaw.com

*Counsel to the Plan Administrator*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
                                   :

In re                                 :         Chapter 11

**HSP LIQUIDATION, LLC, et al.,**[1]    :         Case No. 19-11608 (MEW)
                                   :
                                   :         **Jointly Administered**
           **Debtors.**                  :
---------------------------------------------------------------x

**CERTIFICATION OF NO OBJECTION REGARDING ORDER EXTENDING
THE PERIOD TO FILE OBJECTIONS TO ADMINISTRATIVE CLAIMS**

        Pursuant to 28 U.S.C. § 1746 and Rule 9075-2 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules") the undersigned hereby certifies as follows:

        1.     On November 5, 2019, counsel to Drivetrain, LLC, in its capacity as the plan administrator ("Plan Administrator") filed the *Plan Administrator's Motion for Entry of an Order Extending the Period to File Objections to Administrative Claims* [Docket No. 430] (the

---

[1] The Post-Effective Date Debtors in these chapter 11 cases, along with the last four digits of each Post-Effective Date Debtor's federal tax identification number are: Dream II Holdings, LLC (7915); HHFH Liquidation, LLC (2063); HSP Liquidation, LLC (2143); PCF Liquidation, LLC (1445); HSPK Liquidation, LLC (4119); PCFC Liquidation, LLC (3119); and HSPC Liquidation Limited (3477).

DOCS_SF:102381.1

"Motion") with the United States Bankruptcy Court for the Southern District of New York (the "Court").

2. The deadline for parties to object or file responses to the Motion was set for December 9, 2019, at 4:00 p.m., prevailing Eastern Time (the "Objection Deadline"). The Local Rules provide that a motion may be granted without a hearing, provided that, after the passage of the objection deadline, the movant submits a proposed order granting the motion to the Court along with a certificate that no objection or other response has been filed or served.

3. More than forty-eight hours since the Objection Deadline has now passed and, to the best of my knowledge, no objections to the Motion have been filed with the Court on the docket of these chapter 11 cases or served on counsel to the Plan Administrator.

4. Accordingly, the Plan Administrator respectfully requests entry of the order, attached hereto as **Exhibit A**, at the Court's earliest convenience. If not entered prior to the hearing, the Plan Administrator will seek entry of the order at the hearing scheduled for December 16, 2019, at 11:00 a.m., prevailing Eastern Time, before the Honorable Michael E. Wiles, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Courtroom No. 617, New York, New York 10004-1408.

Dated: December 11, 2019

*/s/ Beth E. Levine*
Bradford J. Sandler, Esq.
Shirley S. Cho, Esq.
Beth E. Levine, Esq.
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 34th Floor
New York, NY  10017
Telephone:  (212) 561-7700
Facsimile:  (212) 561-7777

*Counsel to the Plan Administrator*

1

# **EXHIBIT A**

**Order**

DOCS_SF:102381.1

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
: 
In re : Chapter 11
: 
HSP LIQUIDATION, LLC, et al.,[1] : Case No. 19-11608 (MEW)
: 
: Jointly Administered
Debtors. :
------------------------------------------------------------x

### ORDER EXTENDING THE PERIOD
### TO FILE OBJECTIONS TO ADMINISTRATIVE CLAIMS

Upon the motion (the "Motion")[2] of the Plan Administrator, acting on behalf of the Post-Effective Date Debtors, for entry of an order (this "Order"), pursuant to sections 105(a) and 1142(b) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9006(b) of the Federal Rules of Bankruptcy Procedure to extend the Administrative Claims Objection Bar Date, as more fully described in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated January 31, 2012; and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that the venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Plan Administrator's notice of the Motion and opportunity for a hearing thereon were appropriate under the circumstances and no other notice need be provided; and this Court having

---

[1] The Post-Effective Date Debtors in these chapter 11 cases, along with the last four digits of each Post-Effective Date Debtor's federal tax identification number are: Dream II Holdings, LLC (7915); HHFH Liquidation, LLC (2063); HSP Liquidation, LLC (2143); PCF Liquidation, LLC (1445); HSPK Liquidation, LLC (4119); PCFC Liquidation, LLC (3119); and HSPC Liquidation Limited (3477).

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

reviewed the Motion; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is

HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. The Administrative Claims Objection Bar Date is extended to and including January 30, 2020.

3. This Order is without prejudice to the Plan Administrator's right to request further extension(s) of the Administrative Claims Objection Bar Date.

4. The Plan Administrator is authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

5. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: _____

THE HONORABLE MICHAEL E. WILES
UNITED STATES BANKRUPTCY JUDGE