Bradford J. Sandler, Esq.
Shirley S. Cho, Esq.
Beth E. Levine, Esq.
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 34th Floor
New York, NY  10017
Telephone:  (212) 561-7700
Facsimile:  (212) 561-7777
Email:    bsandler@pszjlaw.com
          scho@pszjlaw.com
          blevine@pszjlaw.com

*Counsel to the Plan Administrator*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------------------x

| | | |
|---|---|---|
| **In re** | : | **Chapter 11** |
| | : | |
| **HSP LIQUIDATION, LLC, et al.,**[1] | : | **Case No. 19-11608 (MEW)** |
| | : | |
| | : | **Jointly Administered** |
| **Debtors.** | : | |

--------------------------------------------------------------x

**CERTIFICATION OF NO OBJECTION REGARDING ORDER**
**(I) APPROVING (A) OMNIBUS CLAIMS OBJECTION PROCEDURES**
**AND (B) OMNIBUS CLAIMS SATISFACTION PROCEDURES, AND (II)**
**AUTHORIZING THE PLAN ADMINISTRATOR TO FILE SUBSTANTIVE OMNIBUS**
<u>**OBJECTIONS TO CLAIMS PURSUANT TO BANKRUPTCY RULE 3007(c) AND (d)**</u>

Pursuant to 28 U.S.C. § 1746 and Rule 9075-2 of the Local Bankruptcy Rules for

the Southern District of New York (the "<u>Local Rules</u>") the undersigned hereby certifies as

follows:

---

[1] The Post-Effective Date Debtors in these chapter 11 cases, along with the last four digits of each Post-Effective Date Debtor's federal tax identification number are:  Dream II Holdings, LLC (7915); HHFH Liquidation, LLC (2063); HSP Liquidation, LLC (2143); PCF Liquidation, LLC (1445); HSPK Liquidation, LLC (4119); PCFC Liquidation, LLC (3119); and HSPC Liquidation Limited (3477).

1.      On November 5, 2019, counsel to Drivetrain, LLC, in its capacity as the

plan administrator ("Plan Administrator") filed the *Plan Administrator's Motion for Entry of an*

*Order (I) Approving (A) Omnibus Claims Objection Procedures and (B) Omnibus Claims*

*Satisfaction Procedures and (II) Authorizing the Plan Administrator to File Substantive Omnibus*

*Objections to Claims Pursuant to Bankruptcy Rule 3007(c) and (d)* [Docket No. 429] (the

"Motion") with the United States Bankruptcy Court for the Southern District of New York (the

"Court").

2.      The deadline for parties to object or file responses to the Motion was set

for December 9, 2019, at 4:00 p.m., prevailing Eastern Time (the "Objection Deadline").  The

Local Rules provide that a motion may be granted without a hearing, provided that, after the

passage of the objection deadline, the movant submits a proposed order granting the motion to

the Court along with a certificate that no objection or other response has been filed or served.

3.      More than forty-eight hours since the Objection Deadline has now passed

and, to the best of my knowledge, no objections to the Motion have been filed with the Court on

the docket of these chapter 11 cases or served on counsel to the Plan Administrator.

4.      Accordingly, the Plan Administrator respectfully requests entry of the

order, attached hereto as **Exhibit A**, at the Court's earliest convenience.  If not entered prior to

the hearing, the Plan Administrator will seek entry of the order at the hearing scheduled for

December 16, 2019, at 11:00 a.m., prevailing Eastern Time, before the Honorable Michael E.

Wiles, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District

of New York, One Bowling Green, Courtroom No. 617, New York, New York 10004-1408.

Dated:   December 11, 2019

*/s/ Beth E. Levine*

Bradford J. Sandler, Esq.
Shirley S. Cho, Esq.
Beth E. Levine, Esq.
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 34th Floor
New York, NY  10017
Telephone:  (212) 561-7700
Facsimile:  (212) 561-7777

*Counsel to the Plan Administrator*

## Exhibit A

**(Order)**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
                                          :
In re                                     :          **Chapter 11**
                                          :
**HSP LIQUIDATION, LLC, et al.,[1]**      :          **Case No. 19-11608 (MEW)**
                                          :
                                          :          **Jointly Administered**
                    **Debtors.**          :
------------------------------------------------------------------x

### ORDER (I) APPROVING (A) OMNIBUS CLAIMS OBJECTION PROCEDURES AND (B) OMNIBUS CLAIMS SATISFACTION PROCEDURES AND (II) AUTHORIZING THE PLAN ADMINISTRATOR TO FILE SUBSTANTIVE OMNIBUS OBJECTIONS TO CLAIMS PURSUANT TO BANKRUPTCY RULE 3007(c) AND (d)

Upon the motion (the "Motion")[2] of the Plan Administrator, on behalf of the Post-

Effective Date Debtors, for entry of an order (this "Order"), (I) approving (a) the Objection

Procedures attached hereto, (b) the Satisfaction Procedures attached hereto, and (II) authorizing

the Plan Administrator to assert substantive objections to Claims (including administrative

expense requests) in an omnibus format pursuant to Bankruptcy Rule 3007(c) and (d), all as

more fully described in the Motion; and this Court having jurisdiction over this matter pursuant

to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United

States District Court for the Southern District of New York*, dated January 31, 2012; and that this

Court may enter a final order consistent with Article III of the United States Constitution; and

this Court having found that the venue of this proceeding and the Motion in this district is proper

pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Plan

Administrator's notice of the Motion and opportunity for a hearing thereon were appropriate

---

[1] The Post-Effective Date Debtors in these chapter 11 cases, along with the last four digits of each Post-Effective Date Debtor's federal tax identification number are:  Dream II Holdings, LLC (7915); HHFH Liquidation, LLC (2063); HSP Liquidation, LLC (2143); PCF Liquidation, LLC (1445); HSPK Liquidation, LLC (4119); PCFC Liquidation, LLC (3119); and HSPC Liquidation Limited (3477).

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

under the circumstances and no other notice need be provided; and this Court having reviewed

the Motion; and this Court having determined that the legal and factual bases set forth in the

Motion establish just cause for the relief granted herein; and upon all of the proceedings had

before this Court; and after due deliberation and sufficient cause appearing therefor, it is

HEREBY ORDERED THAT:

1.      The Motion is GRANTED as set forth herein.

2.      Notwithstanding anything to the contrary in the Bankruptcy Code, the Bankruptcy

Rules, or the Local Bankruptcy Rules, and pursuant to Bankruptcy Rule 3007(c), the Plan

Administrator may file Omnibus Objections that include objections to Claims (including

administrative expense requests) on any basis provided for in Bankruptcy Rule 3007(d) and/or

the Additional Grounds.

3.      The Plan Administrator may file and prosecute any Omnibus Objections in

accordance with the Objection Procedures attached hereto as **Exhibit A**, which are approved,

and the other procedural safeguards set forth in Bankruptcy Rule 3007(e).

4.      The form of Objection Notice attached hereto as **Exhibit B** is approved.

5.      The Plan Administrator may mail Notices of Satisfaction in accordance with the

Satisfaction Procedures attached hereto as **Exhibit C**, which are approved, that notify certain

claimants of the Plan Administrator's belief that those Claims have been satisfied in full and will,

therefore, be expunged from the Claims Register absent a response from the Claim holder.

6.      The form of Notice of Satisfaction attached hereto as **Exhibit D** is approved.  To

the extent no response is received from a recipient of a Notice of Satisfaction, such Claim shall

be expunged from the Claims Register and such recipient shall not be treated as a creditor with

respect to the Claim for purposes of distribution.

7.      Nothing in this Order or in the Motion is, or shall be deemed to constitute, any admission as to the validity, nature, amount, extent, or priority of any Claim asserted against the Debtors and/or Post-Effective Date Debtors, as applicable, in the chapter 11 cases, or as a waiver of any right of the Debtors, Post-Effective Date Debtors, and/or the Plan Administrator, as applicable, to dispute the validity, nature, amount, extent, or priority of, or otherwise object to, either in the same or subsequent objections, on any grounds to any such Claims.

8.      The Plan Administrator is authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

9.      The terms, conditions, and provisions of this Order shall be immediately effective and enforceable upon entry hereof.

10.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: _____

_____
HONOEABLE MICHAEL E. WILES
UNITED STATES BANKRUPTCY JUDGE

## Exhibit A

**(Objection Procedures)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
                                          :
In re                                     :          **Chapter 11**
                                          :
**HSP LIQUIDATION, LLC, et al.,[1]**       :          **Case No. 19-11608 (MEW)**
                                          :
                                          :          **Jointly Administered**
              Debtors.                    :
---------------------------------------------------------------x

### PROCEDURES FOR FILING OMNIBUS CLAIMS OBJECTIONS

On November 5, 2019, Drivetrain, LLC, in its capacity as Plan Administrator (the "Plan Administrator") acting on behalf of Hollander Sleep Products, LLC and its affiliated post-effective date debtors (collectively, the "Post-Effective Date Debtors" and before the Effective Date of the Plan, the "Debtors"),[2] filed the *Plan Administrator's Motion for Entry of an Order (I) Approving (A) Omnibus Claims Objection Procedures and (B) Omnibus Claims Satisfaction Procedures and (II) Authorizing the Plan Administrator to File Substantive Omnibus Objections to Claims Pursuant to Bankruptcy Rule 3007(c) and (d)* [Docket No. 429] (the "Motion") with the United States Bankruptcy Court for the Southern District of New York (the "Court"). On _____, 2019, the Court entered an order [Docket No. ___] (the "Order") approving the Motion, including these omnibus objection procedures.

### Omnibus Objections

1.  Grounds for Omnibus Objections. In addition to those grounds expressly set forth in Bankruptcy Rule 3007(d), the Plan Administrator may file omnibus objections (each, an "Omnibus Objection") to Claims on the grounds that such Claims, in part or in whole:

    a.  are inconsistent with the Debtors' books and records;

    b.  fail to specify the asserted Claim amount (or only list the Claim amount as "unliquidated");

    c.  fail to sufficiently specify the basis for the Claim or provide sufficient supporting documentation in support of such Claim;

---

[1] The Post-Effective Date Debtors in these chapter 11 cases, along with the last four digits of each Post-Effective Date Debtor's federal tax identification number are: Dream II Holdings, LLC (7915); HHFH Liquidation, LLC (2063); HSP Liquidation, LLC (2143); PCF Liquidation, LLC (1445); HSPK Liquidation, LLC (4119); PCFC Liquidation, LLC (3119); and HSPC Liquidation Limited (3477).

[2] All capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the *Debtors' Modified First Amended Joint Plan Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 356, Exhibit 1] (the "Plan").

     d.      seek recovery of amounts for which the Debtors are not liable;

     e.      are satisfied by payment in full on account of such Claim from a party that is not a Debtor or Post-Effective Date Debtor;

     f.      are to be satisfied by one or more of the Debtors' insurers;

     g.      are incorrectly or improperly classified;

     h.      have been formally withdrawn by the claimant through the filing of a pleading or through the entry of a Court order indicating withdrawal of the Claim;

     i.      are filed against non-Debtors or are filed against multiple Debtors; or

     j.      are disallowed pursuant to section 502 of the Bankruptcy Code; or

     k.      are disallowed pursuant to the terms of the Plan.

2.    <u>Form of Omnibus Objections</u>.  Each Omnibus Objection will be numbered consecutively, regardless of basis.

3.    <u>Supporting Documentation</u>.  To the extent appropriate, Omnibus Objections may be accompanied by an affidavit or declaration from someone with personal knowledge of the Post-Effective Date Debtors' books and records and the manner in which they are maintained that states that the affiant or the declarant has reviewed the Claims included therein and applicable supporting information and documentation provided therewith, made reasonable efforts to research the Claim on the Debtors' books and records, and determined that the books and records do not reflect the debt or the amount of debt that is alleged in the Claim.

4.    <u>Claims Exhibits</u>.  An exhibit listing the Claims that are subject to the particular Omnibus Objection will be attached thereto.  Each exhibit will include only the Claims to which there is a common basis for the Omnibus Objection.  Claims for which there is more than one basis for an Omnibus Objection will be referenced on each exhibit applicable thereto.  The exhibits will include, without limitation, the following information, alphabetized by claimant:

     a.      the Claims that are the subject of the Omnibus Objection and, if applicable, the Proof of Claim number(s) related thereto from the Claims Register;

     b.      the asserted amount of the Claim;

     c.      the grounds for the Omnibus Objection;

     d.      a cross-reference to the section of the Omnibus Objection discussing such Claim; and

e.     other information, as applicable, including: (i) the proposed classification of Claims the Plan Administrator seeks to reclassify; (ii) the reduced Claim amounts, of Claims the Plan Administrator seeks to reduce; or (iii) the surviving Claims, if any, of groups of Claims the Plan Administrator seeks to expunge.

5.     <u>Objection Notice</u>.  Each Omnibus Objection will be accompanied by an objection notice, substantially in the form annexed to the Order as **Exhibit B**, (the "<u>Objection Notice</u>"), tailored, as appropriate, to address a particular creditor, Claim, or objection, which will:

a.     describe the basic nature of the Omnibus Objection;

b.     inform creditors that their rights may be affected by the Omnibus Objection;

c.     describe the procedures for filing a written response (each, a "<u>Response</u>") to the objection, including all relevant dates and deadlines related thereto;

d.     identify the hearing date, if applicable, and related information; and

e.     describe how copies of Proofs of Claim, the Omnibus Objection, and other pleadings filed in the chapter 11 cases may be obtained.

6.     <u>Notice and Service</u>.  Each Omnibus Objection will be filed with the Court and served upon (a) the affected claimant party set forth on the Proof of Claim and their respective attorney of record (if any), (b) the U.S. Trustee; and (c) parties that have filed a request for service of papers under Bankruptcy Rule 2002.

7.     <u>Omnibus Hearings</u>.  Each Omnibus Objection shall be set for hearing no less than 30 days after service of the Omnibus Objection (the "<u>Hearing</u>").  In the Plan Administrator's sole discretion, and after notice to the affected claimant, the Plan Administrator may adjourn the Hearing on the Omnibus Objection to a subsequent hearing date.  For Claims subject to an Omnibus Objection and with respect to which either (a) no Response is filed in accordance with the proposed response procedures or (b) a Response is filed in accordance with the proposed response procedures but such Response is resolved prior to the Hearing, the Plan Administrator may request at the Hearing that the Court enter an order granting the Omnibus Objection with respect to such Claim.  If such Claims cannot be resolved and a hearing is determined to be necessary, the Plan Administrator shall file with the Court and serve on the affected claimants a notice of the hearing, to the extent the Plan Administrator did not file a notice of hearing previously.

8.     <u>Claims Paid or Payable by Third Parties</u>.  The Plan Administrator shall provide twenty-one (21) days' notice to the affected claimant party set forth on the Proof of Claim and their respective attorney of record (if any) prior to any disallowance of such Claim on the grounds that such Claims either (a) received payment in full on account of such Claim from a party that is not the Debtors or the Post-Effective Date Debtors or (b) are to be satisfied, in part or in whole, by one or more of the Debtors' insurers.  During this period, the affected claimant

may object to such disallowance, and if the parties cannot reach an agreed resolution, the matter shall be decided by the Court.

9.      **Contested Matter.**  Each Claim subject to an Omnibus Objection, along with any Responses thereto, shall constitute a separate contested matter as contemplated by Bankruptcy Rule 9014, and any order entered by the Court will be deemed a separate order with respect to such Claim.  The Plan Administrator may, in its discretion and in accordance with other orders of the Court, the Plan, or the provisions of the Bankruptcy Code and the Bankruptcy Rules, settle the priority, amount, extent, and validity of such contested Claims without any further notice to or action, order, or approval of the Court.

## Responses to Omnibus Objections

10.     **Parties Required to File a Response.**  Any party who disagrees with an Omnibus Objection is required to file a Response in accordance with the procedures set forth herein.  If a claimant whose Claim is subject to an Omnibus Objection does not file and serve a Response in compliance with the procedures below, the Court may grant the Omnibus Objection with respect to such Claim without further notice to the claimants.

11.     **Response Contents.**  Each Response must contain the following (at a minimum):

    a.      a caption stating the name of the Court, the name of the Debtors, the case number, the title of the Omnibus Objection to which the Response is directed, and, if applicable, the Proof of Claim number(s) related thereto from the Claims Register;

    b.      a concise statement setting forth the reasons why the Court should not grant the Omnibus Objection with respect to such Claim, including the factual and legal bases upon which the claimant will rely in opposing the Omnibus Objection;

    c.      a copy of any other documentation or other evidence of the Claim, to the extent not already included with the Claim, upon which the claimant will rely in opposing the Omnibus Objection; *provided, however*, that the claimant need not disclose confidential, proprietary, or otherwise protected information in the Response; *provided further, however*, that the claimant shall disclose to the Plan Administrator all information and provide copies of all documents that the claimant believes to be confidential, proprietary, or otherwise protected and upon which the claimant intends to rely in support of its Claim, subject to appropriate confidentiality constraints; and

    d.      the following contact information for the responding party:

        i.      the name, address, telephone number, and email address of the responding claimant or the name, address, telephone number, and email address of the claimant's attorney or designated representative to whom the attorneys for the Plan Administrator should serve a reply to the Response, if any; or

ii.  the name, address, telephone number, and email address of the party with authority to reconcile, settle, or otherwise resolve the Omnibus Objection on the claimant's behalf.

12.  <u>Filing and Service of the Response</u>.  A Response will be deemed timely only if it is filed with the Court and *actually received* by 4:00 p.m. (prevailing Eastern Time) on the day that is twenty (20) calendar days from the date the Omnibus Objection is served (the "<u>Response Date</u>") by the following parties:

| Plan Administrator | Counsel to the Plan Administrator | United States Trustee |
|---|---|---|
| Drivetrain, LLC<br>410 Park Avenue, Suite 900<br>New York, NY 10022<br>Attn: Marc D. Rosenberg | Pachulski Stang Ziehl & Jones LLP<br>780 Third Avenue, 34th Floor<br>New York, NY 10017<br>Attn: Beth E. Levine<br><br>-and-<br><br>Pachulski Stang Ziehl & Jones LLP<br>10100 Santa Monica Blvd.<br>13th Floor<br>Los Angeles, CA 90067<br>Attn: Shirley S. Cho | Office of the United States Trustee for the Southern District of New York<br>201 Varick Street, Suite 1006<br>New York, NY 10014<br>Attn: Shannon Scott, Esq. |

13.  <u>Discovery</u>.  If the Plan Administrator determines that discovery is necessary in advance of a hearing on an Omnibus Objection, the Plan Administrator will serve notice on the affected claimant and its counsel of record that the scheduled hearing will be treated as a status conference during which the parties will request that the Court issue a scheduling order to facilitate dismissal or resolution of the litigation.  Such notice may be incorporated into the initial agenda letter for the hearing, or may be provided by separate notice.  In accordance with Local Bankruptcy Rule 9014-2, the first hearing on any Omnibus Objection contested with respect to a particular Claim will not be an evidentiary hearing and there is no need for any witnesses to appear at such a hearing unless otherwise ordered by the Court in accordance with Local Bankruptcy Rule 9014-2.

14.  <u>Failure to Respond</u>.  A Response that is not filed and served by the Response Deadline in accordance with the procedures set forth herein may not be considered by the Court at the Hearing.  **Absent reaching an agreement with the Plan Administrator resolving the Omnibus Objection to a Claim (as described in the Objection Notice), failure to timely file and serve a Response as set forth herein may result in the Court granting the Omnibus Objection without further notice or hearing.**  Upon entry of an order sustaining an Omnibus Objection, affected creditors will be served with such order.

15.  <u>Reply to a Response</u>.  The Plan Administrator shall be permitted to file a reply to any Response no later than two (2) business days before the hearing with respect to the relevant Omnibus Objection.

**Miscellaneous**

16.    <u>Additional Information</u>.  Copies of these procedures, the Motion, or Order or any other pleadings (the "<u>Pleadings</u>") filed in the chapter 11 cases are available for free online at the website of Omnis Agent Solutions at <u>http://www.omniagentsolutions.com/hollander</u>.  You may also obtain copies of any of the Pleadings filed in the chapter 11 cases for a fee via PACER at http://www.nysb.uscourts.gov.

17.    <u>Reservation of Rights</u>.  NOTHING IN ANY OMNIBUS OBJECTION OR OBJECTION NOTICE IS OR SHALL BE DEEMED TO CONSTITUTE A WAIVER OF ANY RIGHTS OF THE DEBTORS, POST-EFFECTIVE DATE DEBTORS, OR PLAN ADMINSTRATOR, AS APPLICABLE, TO DISPUTE ANY CLAIMS, ASSERT COUNTERCLAIMS, RIGHTS OF OFFSET OR RECOUPMENT, DEFENSES, OBJECT TO CLAIMS (OR OTHER CLAIMS OR CAUSES OF ACTION OF A CLAIMANT) ON ANY GROUNDS NOT PREVIOUSLY RAISED IN AN OBJECTION, UNLESS THE COURT HAS ALLOWED A CLAIM OR ORDERED OTHERWISE, OR SEEK TO ESTIMATE ANY CLAIM AT A LATER DATE.  AFFECTED PARTIES WILL BE PROVIDED APPROPRIATE NOTICE THEREOF AT SUCH TIME.

## **Exhibit B**

**(Objection Notice)**

Bradford J. Sandler, Esq.
Shirley S. Cho, Esq.
Beth E. Levine, Esq.
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 34th Floor
New York, NY  10017
Telephone:  (212) 561-7700
Facsimile:  (212) 561-7777
Email:    bsandler@pszjlaw.com
             scho@pszjlaw.cocm
             blevine@pszjlaw.com

*Counsel to the Plan Administrator*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
                                                    :
**In re**                                           :          **Chapter 11**
                                                    :
**HSP LIQUIDATION, LLC, et al.,[1]**                :          **Case No. 19-11608 (MEW)**
                                                    :
                                                    :          **Jointly Administered**
               **Debtors.**                         :
-----------------------------------------------------------------x

**NOTICE OF OBJECTION TO FILED PROOFS OF CLAIM AND DEADLINE**
**BY WHICH A RESPONSE MUST BE FILED WITH THE BANKRUPTCY COURT**

   **PLEASE TAKE NOTICE THAT** Drivetrain, LLC, in its capacity as Plan
Administrator (the "Plan Administrator") acting on behalf of Hollander Sleep Products, LLC and
its affiliated post-effective date debtors (collectively, the "Post-Effective Date Debtors" and
before the Effective Date of the Plan, the "Debtors"),[2] is objecting to your Claim(s) by the
attached objection (the "Objection").

   **YOU SHOULD LOCATE YOUR NAME AND YOUR CLAIM(S) ON THE**
**SCHEDULES ATTACHED HERETO.  PLEASE TAKE NOTICE THAT, AS**
**A RESULT OF THE OBJECTION, YOUR CLAIM(S) MAY BE**
**DISALLOWED, EXPUNGED, RECLASSIFIED, REDUCED, OR**
**OTHERWISE AFFECTED.  THEREFORE, PLEASE READ THIS NOTICE**
**AND THE ACCOMPANYING OBJECTION VERY CAREFULLY AND**

---

[1] The Post-Effective Date Debtors in these chapter 11 cases, along with the last four digits of each Post-Effective
Date Debtor's federal tax identification number are:  Dream II Holdings, LLC (7915); HHFH Liquidation, LLC
(2063); HSP Liquidation, LLC (2143); PCF Liquidation, LLC (1445); HSPK Liquidation, LLC (4119); PCFC
Liquidation, LLC (3119); and HSPC Liquidation Limited (3477).

[2] All capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Objection.

**DISCUSS THEM WITH YOUR ATTORNEY.  IF YOU DO NOT HAVE AN ATTORNEY, YOU MAY WISH TO CONSULT ONE.**

## Important Information Regarding the Objection

Grounds for the Objection.  By the Objection, the Plan Administrator is seeking to [disallow/expunge/reclassify/reduce] your Claim(s) listed in the schedules attached to the Objection, a copy of which has been provided with this notice.

Objection Procedures.  On _____, 2019, the United States Bankruptcy Court for the Southern District of New York (the "Court") entered an order [Docket No. ___] approving procedures for filing and resolving objection to Claims asserted against the Debtors in the chapter 11 cases (the "Objection Procedures").  *Please review the Objection Procedures to ensure your response to the Objection, if any, is timely and correctly filed and served*.

## Resolving the Objection

Resolving the Objections.  To facilitate the consensual resolution of the Objection, certain of the Plan Administrator's personnel and advisors will be available to discuss and potentially resolve the Objection to disputed Claims without the need for filing a formal response or attending a hearing.  To facilitate such a discussion, please contact Shirley S. Cho of Pachulski Stang Ziehl & Jones LLP, counsel to the Plan Administrator, by (i) emailing scho@pszjlaw.com or (ii) calling (310) 277-6910 within twenty (20) calendar days after the date of this notice.  Please have your Proof(s) of Claim and any related material available for such discussions.

Parties Required to File a Response.  If you are not able to consensually resolve the Objection filed with respect to your Claim as set forth above, you must file a response (each, a "Response") with the Court in accordance with the procedures described below.

Response Contents.  Each Response must contain the following (at a minimum):

a.    a caption stating the name of the Court, the name of the Debtors, the case number, the title of the Omnibus Objection to which the Response is directed, and, if applicable, the Proof of Claim number(s) related thereto from the Claims Register;

b.    a concise statement setting forth the reasons why the Court should not grant the Omnibus Objection with respect to such Claim, including the factual and legal bases upon which the claimant will rely in opposing the Omnibus Objection;

c.    a copy of any other documentation or other evidence of the Claim, to the extent not already included with the Claim, upon which the claimant will rely in opposing the Omnibus Objection; *provided, however*, that the claimant need not disclose confidential, proprietary, or otherwise protected information in the Response; *provided further, however*, that the claimant shall disclose to the Plan Administrator all information and provide copies

of all documents that the claimant believes to be confidential, proprietary, or otherwise protected and upon which the claimant intends to rely in support of its Claim, subject to appropriate confidentiality constraints; and

d.      the following contact information for the responding party:

i.      the name, address, telephone number, and email address of the responding claimant or the name, address, telephone number, and email address of the claimant's attorney or designated representative to whom the attorneys for the Plan Administrator should serve a reply to the Response, if any; or

ii.      the name, address, telephone number, and email address of the party with authority to reconcile, settle, or otherwise resolve the Omnibus Objection on the claimant's behalf.

    Notice and Service. Your Response must be filed with the Court and served so as to be *actually received* **by 4:00 p.m. (prevailing Eastern Time) on [ ___ ], 2020** (the "Response Deadline") by the following parties (the "Notice Parties"):

| Plan Administrator | Counsel to the Plan Administrator | United States Trustee |
|---|---|---|
| Drivetrain, LLC<br>410 Park Avenue, Suite 900<br>New York, NY 10022<br>Attn: Marc D. Rosenberg | Pachulski Stang Ziehl & Jones LLP<br>780 Third Avenue, 34th Floor<br>New York, NY 10017<br>Attn: Beth E. Levine<br><br>-and-<br><br>Pachulski Stang Ziehl & Jones LLP<br>10100 Santa Monica Blvd.<br>13th Floor<br>Los Angeles, CA 90067<br>Attn: Shirley S. Cho | Office of the United States Trustee for the Southern District of New York<br>201 Varick Street, Suite 1006<br>New York, NY 10014<br>Attn: Shannon Scott, Esq. |

    Failure to Respond. A Response that is not filed a served by the Response Deadline in accordance with the procedures set forth herein may not be considered by the Court at the Hearing. **Absent reaching an agreement with the Plan Administrator resolving the Objection to a Claim, failure to timely file and serve a Response as set forth herein may result in the Court granting the Objection without further notice or hearing.** Upon entry of an order, affected creditors will be served with a notice of entry, and a copy, of the order.

## Hearing on the Objection

    Date, Time, and Location. A hearing (the "Hearing") on the Objection will be held on _____, 2020 [ ___] prevailing Eastern Time, before the Honorable Michael E. Wiles,

United States Bankruptcy Judge for the Southern District of New York, in Courtroom 617 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, NY 10014.  The hearing may be adjourned to a subsequent date in these cases in the Court's or Plan Administrator's discretion.  **You must attend the Hearing if you disagree with the Objection and have filed a Response.**  If such Claims cannot be resolved and a hearing is determined to be necessary, the Plan Administrator shall file with the Court and serve on the affected claimants a notice of the hearing, to the extent the Plan Administrator did not file a notice of hearing previously.

Discovery.  If the Plan Administrator determines that discovery is necessary in advance of a hearing on an Omnibus Objection, the Plan Administrator will serve notice on the affected claimant and its counsel of record that the scheduled hearing will be treated as a status conference during which the parties will request that the Court issue a scheduling order to facilitate dismissal or resolution of the litigation.  Such notice may be incorporated into the initial agenda letter for the hearing, or may be provided by separate notice.  In accordance with Local Bankruptcy Rule 9014-2, the first hearing on any Omnibus Objection contested with respect to a particular Claim will not be an evidentiary hearing and there is no need for any witnesses to appear at such a hearing unless otherwise ordered by the Court in accordance with Local Bankruptcy Rule 9014-2.

## **Additional Information**

Additional Information.  Copies of these procedures, the Motion, or Order or any other pleadings (the "Pleadings") filed in the chapter 11 cases are available for free online at the website of Omni Agent Solutions at http://www.omniagentsolutions.com/hollander.  You may also obtain copies of any of the Pleadings filed in the chapter 11 cases for a fee via PACER at http://www.nysb.uscourts.gov.

## **Reservation of Rights**

**NOTHING IN ANY OMNIBUS OBJECTION OR OBJECTION NOTICE IS OR SHALL BE DEEMED TO CONSTITUTE A WAIVER OF ANY RIGHTS OF THE DEBTORS, POST-EFFECTIVE DATE DEBTORS, OR PLAN ADMINSTRATOR, AS APPLICABLE, TO DISPUTE ANY CLAIMS, ASSERT COUNTERCLAIMS, RIGHTS OF OFFSET OR RECOUPMENT, DEFENSES, OBJECT TO CLAIMS (OR OTHER CLAIMS OR CAUSES OF ACTION OF A CLAIMANT) ON ANY GROUNDS NOT PREVIOUSLY RAISED IN AN OBJECTION, UNLESS THE COURT HAS ALLOWED A CLAIM OR ORDERED OTHERWISE, OR SEEK TO ESTIMATE ANY CLAIM AT A LATER DATE.    AFFECTED PARTIES WILL BE PROVIDED APPROPRIATE NOTICE THEREOF AT SUCH TIME.**

Dated:

Bradford J. Sandler, Esq.
Shirley S. Cho, Esq.
Beth E. Levine, Esq.
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 34th Floor
New York, NY  10017
Telephone:  (212) 561-7700
Facsimile:  (212) 561-7777

*Counsel to the Plan Administrator*

**<u>EXHIBIT C</u>**

**(Satisfaction Procedures)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------x
                                    :

| | | |
|---|---|---|
| **In re** | : | **Chapter 11** |
| | : | |
| **HSP LIQUIDATION, LLC, et al.,**[1] | : | **Case No. 19-11608 (MEW)** |
| | : | |
| | : | **Jointly Administered** |
|           **Debtors.** | : | |

----------------------------------------------------------------x

## PROCEDURES FOR SERVING NOTICES OF SATISFACTION

On November 5, 2019, Drivetrain, LLC, in its capacity as Plan Administrator (the "<u>Plan Administrator</u>") acting on behalf of Hollander Sleep Products, LLC and its affiliated post-effective date debtors (collectively, the "<u>Post-Effective Date Debtors</u>" and before the Effective Date of the Plan, the "<u>Debtors</u>"),[2] filed the *Plan Administrator's Motion for Entry of an Order (I) Approving (A) Omnibus Claims Objection Procedures and (B) Omnibus Claims Satisfaction Procedures and (II) Authorizing the Plan Administrator to File Substantive Omnibus Objections to Claims Pursuant to Bankruptcy Rule 3007(c) and (d)* [Docket No. 429] (the "<u>Motion</u>") with the United States Bankruptcy Court for the Southern District of New York (the "<u>Court</u>"). On _____, 2019, the Court entered an order [Docket No. __] (the "<u>Order</u>") approving the Motion, including these procedures for serving notices of satisfaction (the "<u>Satisfaction Procedures</u>").

### Satisfaction Procedures

1.      <u>Grounds for Satisfaction Procedures</u>.  The Plan Administrator may serve omnibus notices of satisfaction (each, a "<u>Notice of Satisfaction</u>") with respect to Claims (including administrative expense requests and assumed contracts) on the grounds that such Claims, according to the Post-Effective Date Debtors' books and records, have been satisfied in full pursuant to the Plan or an order of the Court.

### Responses to Notices of Satisfaction

2.      <u>Parties Required to File a Response</u>.  Any party who disagrees with a Notice of Satisfaction is required to file a response (each, a "<u>Response</u>") in accordance with the procedures set forth herein, provided, however, that such party may not object to the Cure Amount or any other amount previously approved by an order of the Court.  If a claimant whose Claim is subject to a Notice of Satisfaction does not file and serve a Response in compliance with the procedures

---

[1] The Post-Effective Date Debtors in these chapter 11 cases, along with the last four digits of each Post-Effective Date Debtor's federal tax identification number are:  Dream II Holdings, LLC (7915); HHFH Liquidation, LLC (2063); HSP Liquidation, LLC (2143); PCF Liquidation, LLC (1445); HSPK Liquidation, LLC (4119); PCFC Liquidation, LLC (3119); and HSPC Liquidation Limited (3477).
[2] All capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the *Debtors' Modified First Amended Joint Plan Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 356, Exhibit 1] (the "<u>Plan</u>").

below, the Plan Administrator is authorized to instruct the Notice and Claims Agent to expunge such Claim from the Claims Register without further notice to the claimant.

       3.    <u>Response Contents</u>.  Each Response to a Notice of Satisfaction must contain the following (at a minimum):

     a.    a caption stating the name of the Court, the name of the Debtors, the case number, the title of the Notice of Satisfaction to which the Response is directed, and, if applicable, the Proof of Claim number(s) related thereto from the Claims Register;

     b.    a concise statement setting forth the reasons why the Court should not grant the Notice of Satisfaction with respect to such Claim, including the factual and legal bases upon which the claimant will rely in opposing the Notice of Satisfaction;

     c.    a copy of any other documentation or other evidence of the Claim, to the extent not already included with the Claim, upon which the claimant will rely in opposing the Notice of Satisfaction; *provided, however*, that the claimant need not disclose confidential, proprietary, or otherwise protected information in the Response; *provided further, however*, that the claimant shall disclose to the Plan Administrator all information and provide copies of all documents that the claimant believes to be confidential, proprietary, or otherwise protected and upon which the claimant intends to rely in support of its Claim, subject to appropriate confidentiality constraints; and

     d.    the following contact information for the responding party:

       iii.    the name, address, telephone number, and email address of the responding claimant or the name, address, telephone number, and email address of the claimant's attorney or designated representative to whom the attorneys for the Plan Administrator should serve a reply to the Response, if any; or

       iv.    the name, address, telephone number, and email address of the party with authority to reconcile, settle, or otherwise resolve the Notice of Satisfaction on the claimant's behalf.

4.      Filing and Service of the Response.  A Response will be deemed timely only if it is filed with the Court and actually received on or before the Response Deadline (as defined in the Notice of Satisfaction) by the following parties (the "Notice Parties"):

| Plan Administrator | Counsel to the Plan Administrator | United States Trustee |
|---|---|---|
| Drivetrain, LLC<br>410 Park Avenue, Suite 900<br>New York, NY 10022<br>Attn: Marc D. Rosenberg | Pachulski Stang Ziehl & Jones LLP<br>780 Third Avenue, 34th Floor<br>New York, NY 10017<br>Attn: Beth E. Levine<br><br>-and-<br><br>Pachulski Stang Ziehl & Jones LLP<br>10100 Santa Monica Blvd.<br>13th Floor<br>Los Angeles, CA 90067<br>Attn: Shirley S. Cho | Office of the United States<br>Trustee for the Southern<br>District of New York<br>201 Varick Street, Suite 1006<br>New York, NY 10014<br>Attn: Shannon Scott, Esq. |

5.      Failure to Respond.  A Response that is not filed and served by the Response Deadline in accordance with the procedures set forth herein may not be considered by the Court at the Hearing.  Absent reaching an agreement with the Plan Administrator resolving the Response to the Notice of Satisfaction, failure to timely file and serve a Response as set forth herein may result in the Plan Administrator causing its Notice and Claims Agent to expunge such Claims from the Claims Register and such claimant shall not be treated as a creditor with respect to the Claim for purposes of distribution.  Upon entry of an order sustaining a Notice of Satisfaction, affected creditors will be served with such order.

## Miscellaneous

6.      Additional Information.  Copies of these procedures, the Motion, or Order or any other pleadings (the "Pleadings") filed in the chapter 11 cases are available for free online at the website of Omni Agent Solutions at http://www.omniagentsolutions.com/hollander.  You may also obtain copies of any of the Pleadings filed in the chapter 11 cases for a fee via PACER at http://www.nysb.uscourts.gov.

7.      Reservation of Rights.  NOTHING IN ANY NOTICE OF SATISFACTION IS OR SHALL BE DEEMED TO CONSTITUTE A WAIVER OF ANY RIGHTS OF THE DEBTORS, POST-EFFECTIVE DATE DEBTORS, OR PLAN ADMINISTRATOR, AS APPLICABLE, TO DISPUTE ANY CLAIMS, ASSERT COUNTERCLAIMS, RIGHTS OF OFFSET OR RECOUPMENT, DEFENSES, OBJECT TO CLAIMS (OR OTHER CLAIMS OR CAUSES OF ACTION OF A CLAIMANT) ON ANY GROUNDS NOT PREVIOUSLY RAISED IN AN OBJECTION, UNLESS THE COURT HAS ALLOWED A CLAIM OR ORDERED OTHERWISE, OR SEEK TO ESTIMATE ANY CLAIM AT A LATER DATE. AFFECTED PARTIES WILL BE PROVIDED APPROPRIATE NOTICE THEREOF AT SUCH TIME.

## __EXHIBIT D__

**(Notice of Satisfaction)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x
:
In re                                              :          **Chapter 11**
:
**HSP LIQUIDATION, LLC, et al.,**[1]                :          **Case No. 19-11608 (MEW)**
:
:          **Jointly Administered**
Debtors.                     :
-------------------------------------------------------------x

## NOTICE OF SATISFACTION

    **PLEASE TAKE NOTICE THAT** Drivetrain, LLC, in its capacity as Plan
Administrator (the "Plan Administrator") acting on behalf of Hollander Sleep Products, LLC and
its affiliated post-effective date debtors (collectively, the "Post-Effective Date Debtors" and
before the Effective Date of the Plan, the "Debtors"),[2] has identified you as holding the below
Claim(s) against the Debtors, which according to the Debtors' books and records, have been
satisfied in full as follows:

| Claimant Name | Claim/Schedule No. | Total Claim Value |
|---|---|---|
|  |  |  |

    **PLEASE TAKE FURTHER NOTICE THAT pursuant to the payments under the
Plan and during the Debtors' chapter 11 cases, the Plan Administrator believes you are not
owed any amounts that relate to periods before May 19, 2019.**

    **PLEASE TAKE FURTHER NOTICE THAT** if you wish to contest the Plan
Administrator's position that your Claim(s) has/have been fully satisfied pursuant to the Plan or
an order of the Court you must file a response  in writing (each, a "Response") and file it with
the Clerk of the United States Bankruptcy Court for the Southern District of New York, One
Bowling Green, New York, New York, 10022-1408, Attn: Vito Genna, and served upon the
undersigned and the Notice Parties:

---

[1] The Post-Effective Date Debtors in these chapter 11 cases, along with the last four digits of each Post-Effective
Date Debtor's federal tax identification number are:  Dream II Holdings, LLC (7915); HHFH Liquidation, LLC
(2063); HSP Liquidation, LLC (2143); PCF Liquidation, LLC (1445); HSPK Liquidation, LLC (4119); PCFC
Liquidation, LLC (3119); and HSPC Liquidation Limited (3477).
[2] All capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Objection.

| Plan Administrator | Counsel to the Plan Administrator | United States Trustee |
|---|---|---|
| Drivetrain, LLC<br>410 Park Avenue, Suite 900<br>New York, NY 10022<br>Attn: Marc D. Rosenberg | Pachulski Stang Ziehl & Jones LLP<br>780 Third Avenue, 34th Floor<br>New York, NY 10017<br>Attn: Beth E. Levine<br><br>-and-<br><br>Pachulski Stang Ziehl & Jones LLP<br>10100 Santa Monica Blvd.<br>13th Floor<br>Los Angeles, CA 90067<br>Attn: Shirley S. Cho | Office of the United States<br>Trustee for the Southern<br>District of New York<br>201 Varick Street, Suite 1006<br>New York, NY 10014<br>Attn: Shannon Scott, Esq. |

Responses, if any, must be served so as to be **actually received** on or before **4:00 p.m. prevailing Eastern Time on _____, 2020**, or such shorter time as the Court may hereafter order and of which you may receive subsequent notice (the "Response Deadline"). You may not object to a Cure Amount or any other amount previously approved by an order of the Court.

**PLEASE TAKE FURTHER NOTICE THAT** unless a Response is timely filed, served and received by the Response Deadline, the Plan Administrator will cause its Notice and Claims Agent to expunge such Claim from the Claims Register and such claimant shall not be treated as a creditor with respect to the Claim for purposes of distribution.

**PLEASE TAKE FURTHER NOTICE THAT** copies of these procedures, the Motion, or Order or any other pleadings (the "Pleadings") filed in the chapter 11 cases are available for free online at the website of Omni Agent Solutions at http://www.omniagentsolutions.com/hollander. You may also obtain copies of any of the Pleadings filed in the chapter 11 cases for a fee via PACER at http://www.nysb.uscourts.gov. **Please do not contact the Court to discuss the merits of any Claim or any Objection filed with respect thereto**.

Dated:

_____
Bradford J. Sandler, Esq.
Shirley S. Cho, Esq.
Beth E. Levine, Esq.
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 34th Floor
New York, NY 10017
Telephone: (212) 561-7700
Facsimile: (212) 561-7777

*Counsel to the Plan Administrator*