Bradford J. Sandler, Esq.
Shirley S. Cho, Esq.
Beth E. Levine, Esq.
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 34th Floor
New York, NY  10017
Telephone:  (212) 561-7700
Facsimile:  (212) 561-7777
Email:    bsandler@pszjlaw.com
          scho@pszjlaw.com
          blevine@pszjlaw.com

*Counsel to the Plan Administrator*


**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------x
                                                    :
**In re**                                           :          **Chapter 11**
                                                    :
**HSP LIQUIDATION, LLC, et al.,[1]**                :          **Case No. 19-11608 (MEW)**
                                                    :
                                                    :          **Jointly Administered**
              **Debtors.**                          :
----------------------------------------------------------------x


### NOTICE OF OBJECTION TO FILED PROOFS OF CLAIM AND DEADLINE BY WHICH A RESPONSE MUST BE FILED WITH THE BANKRUPTCY COURT

**PLEASE TAKE NOTICE THAT** Drivetrain, LLC, in its capacity as Plan Administrator (the "Plan Administrator") acting on behalf of HSP Liquidation, LLC and its affiliated post-effective date debtors (collectively, the "Post-Effective Date Debtors" and before the Effective Date of the Plan, the "Debtors"),[2] is objecting to your Claim(s) by the attached objection (the "Objection").

**YOU SHOULD LOCATE YOUR NAME AND YOUR CLAIM(S) ON THE SCHEDULES ATTACHED HERETO. PLEASE TAKE NOTICE THAT, AS A RESULT OF THE OBJECTION, YOUR CLAIM(S) MAY BE DISALLOWED, EXPUNGED, OR OTHERWISE AFFECTED. THEREFORE, PLEASE READ THIS NOTICE AND THE ACCOMPANYING OBJECTION VERY**

---

[1] The Post-Effective Date Debtors in these chapter 11 cases, along with the last four digits of each Post-Effective Date Debtor's federal tax identification number are:  Dream II Holdings, LLC (7915); HHFH Liquidation, LLC (2063); HSP Liquidation, LLC (2143); PCF Liquidation, LLC (1445); HSPK Liquidation, LLC (4119); PCFC Liquidation, LLC (3119); and HSPC Liquidation Limited (3477).

[2] All capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Objection.

**CAREFULLY AND DISCUSS THEM WITH YOUR ATTORNEY.  IF YOU DO
NOT HAVE AN ATTORNEY, YOU MAY WISH TO CONSULT ONE.**

## Important Information Regarding the Objection

<u>Grounds for the Objection</u>.  By the Objection, the Plan Administrator is seeking to disallow and expunge your Claim(s) listed in the schedules attached to the Objection, a copy of which has been provided with this notice.

<u>Objection Procedures</u>.  On December 16, 2019, the United States Bankruptcy Court for the Southern District of New York (the "<u>Court</u>") entered an order [Docket No. 445] (the "<u>Procedures Order</u>") approving procedures for filing and resolving objections to Claims asserted against the Debtors in the chapter 11 cases (the "<u>Objection Procedures</u>").  Please review the Objection Procedures to ensure your response to the Objection, if any, is timely and correctly filed and served.

## Resolving the Objection

<u>Resolving the Objections</u>.  To facilitate the consensual resolution of the Objection, certain of the Plan Administrator's personnel and advisors will be available to discuss and potentially resolve the Objection to disputed Claims without the need for filing a formal response or attending a hearing.  To facilitate such a discussion, please contact Beth E. Levine, Esq. of Pachulski Stang Ziehl & Jones LLP, counsel to the Plan Administrator, by (i) emailing blevine@pszjlaw.com or (ii) calling (212) 561-7700 within twenty (20) calendar days after the date of this notice.  Please have your Proof(s) of Claim and any related material available for such discussions.

<u>Parties Required to File a Response</u>.  If you are <u>not</u> able to consensually resolve the Objection filed with respect to your Claim as set forth above, you must file a response (each, a "<u>Response</u>") with the Court in accordance with the procedures described below.

<u>Response Contents</u>.  Each Response must contain the following (at a minimum):

    a.    a caption stating the name of the Court, the name of the Debtors, the case number, the title of the Omnibus Objection to which the Response is directed, and, if applicable, the Proof of Claim number(s) related thereto from the Claims Register;

    b.    a concise statement setting forth the reasons why the Court should not grant the Omnibus Objection with respect to such Claim, including the factual and legal bases upon which the claimant will rely in opposing the Omnibus Objection;

    c.    a copy of any other documentation or other evidence of the Claim, to the extent not already included with the Claim, upon which the claimant will rely in opposing the Omnibus Objection; *provided, however*, that the claimant need not disclose confidential, proprietary, or otherwise protected information in the Response; *provided further, however*, that the claimant

shall disclose to the Plan Administrator all information and provide copies of all documents that the claimant believes to be confidential, proprietary, or otherwise protected and upon which the claimant intends to rely in support of its Claim, subject to appropriate confidentiality constraints; and

d.      the following contact information for the responding party:

i.      the name, address, telephone number, and email address of the responding claimant or the name, address, telephone number, and email address of the claimant's attorney or designated representative to whom the attorneys for the Plan Administrator should serve a reply to the Response, if any; or

ii.      the name, address, telephone number, and email address of the party with authority to reconcile, settle, or otherwise resolve the Omnibus Objection on the claimant's behalf.

Notice and Service.  Your Response must be filed with the Court and served so as to be *actually received* **by 4:00 p.m. (prevailing Eastern Time) on December 30, 2019** (the "Response Deadline") by the following parties:

| Plan Administrator | Counsel to the Plan Administrator | United States Trustee |
|---|---|---|
| Drivetrain, LLC<br>410 Park Avenue, Suite 900<br>New York, NY 10022<br>Attn: Marc D. Rosenberg | Pachulski Stang Ziehl & Jones LLP<br>780 Third Avenue, 34th Floor<br>New York, NY 10017<br>Attn: Beth E. Levine<br><br>-and-<br><br>Pachulski Stang Ziehl & Jones LLP<br>10100 Santa Monica Blvd.<br>13th Floor<br>Los Angeles, CA 90067<br>Attn: Shirley S. Cho | Office of the United States Trustee for the Southern District of New York<br>201 Varick Street, Suite 1006<br>New York, NY 10014<br>Attn: Shannon Scott, Esq. |

Failure to Respond.  A Response that is not filed and served by the Response Deadline in accordance with the procedures set forth herein may not be considered by the Court at the Hearing.  **Absent reaching an agreement with the Plan Administrator resolving the Objection to a Claim, failure to timely file and serve a Response as set forth herein may result in the Court granting the Objection without further notice or hearing.**  Upon entry of an order, affected creditors will be served with a notice of entry, and a copy, of the order.

## Hearing on the Objection

Date, Time, and Location.  A hearing (the "Hearing") on the Objection will be held on February 6, 2020 at 11:00 a.m. prevailing Eastern Time, before the Honorable Michael E. Wiles, United States Bankruptcy Judge for the Southern District of New York, in Courtroom 617 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, NY 10014.  The hearing may be adjourned to a subsequent date in these cases in the Court's or Plan Administrator's discretion. **You must attend the Hearing if you disagree with the Objection and have filed a Response.**  If such Claims cannot be resolved and a hearing is determined to be necessary, the Plan Administrator shall file with the Court and serve on the affected claimants a notice of the hearing, to the extent the Plan Administrator did not file a notice of hearing previously.

Discovery.  If the Plan Administrator determines that discovery is necessary in advance of a hearing on an Omnibus Objection, the Plan Administrator will serve notice on the affected claimant and its counsel of record that the scheduled hearing will be treated as a status conference during which the parties will request that the Court issue a scheduling order to facilitate dismissal or resolution of the litigation.  Such notice may be incorporated into the initial agenda letter for the hearing, or may be provided by separate notice.  In accordance with Local Bankruptcy Rule 9014-2, the first hearing on any Omnibus Objection contested with respect to a particular Claim will not be an evidentiary hearing and there is no need for any witnesses to appear at such a hearing unless otherwise ordered by the Court in accordance with Local Bankruptcy Rule 9014-2.

## Additional Information

Additional Information.  Copies of these procedures, the Objection, or Procedures Order or any other pleadings (the "Pleadings") filed in the chapter 11 cases are available for free online at the website of Omni Agent Solutions at http://www.omniagentsolutions.com/hollander.  You may also obtain copies of any of the Pleadings filed in the chapter 11 cases for a fee via PACER at http://www.nysb.uscourts.gov.

## <u>Reservation of Rights</u>

**NOTHING IN ANY OMNIBUS OBJECTION OR OBJECTION NOTICE IS OR SHALL BE DEEMED TO CONSTITUTE A WAIVER OF ANY RIGHTS OF THE DEBTORS, POST-EFFECTIVE DATE DEBTORS, OR PLAN ADMINSTRATOR, AS APPLICABLE, TO DISPUTE ANY CLAIMS, ASSERT COUNTERCLAIMS, RIGHTS OF OFFSET OR RECOUPMENT, DEFENSES, OBJECT TO CLAIMS (OR OTHER CLAIMS OR CAUSES OF ACTION OF A CLAIMANT) ON ANY GROUNDS NOT PREVIOUSLY RAISED IN AN OBJECTION, UNLESS THE COURT HAS ALLOWED A CLAIM OR ORDERED OTHERWISE, OR SEEK TO ESTIMATE ANY CLAIM AT A LATER DATE. AFFECTED PARTIES WILL BE PROVIDED APPROPRIATE NOTICE THEREOF AT SUCH TIME.**

Dated:  December 18, 2019

*/s/ Beth E. Levine*

Bradford J. Sandler, Esq.
Shirley S. Cho, Esq.
Beth E. Levine, Esq.
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 34th Floor
New York, NY  10017
Telephone:  (212) 561-7700
Facsimile:  (212) 561-7777

*Counsel to the Plan Administrator*

Bradford J. Sandler, Esq.
Shirley S. Cho, Esq.
Beth E. Levine, Esq.
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 34th Floor
New York, NY  10017
Telephone:  (212) 561-7700
Facsimile:  (212) 561-7777
Email:     bsandler@pszjlaw.com
           scho@pszjlaw.com
           blevine@pszjlaw.com

*Counsel to the Plan Administrator*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
                                        :
In re                                   :          **Chapter 11**
                                        :
**HSP LIQUIDATION, LLC, et al.,**[1]     :          **Case No. 19-11608 (MEW)**
                                        :
                                        :          **Jointly Administered**
              **Debtors.**               :
------------------------------------------------------------x

### NOTICE OF HEARING ON PLAN ADMINISTRATOR'S FIRST OMNIBUS OBJECTION TO CERTAIN CLAIMS (AMENDED, DUPLICATE)

**PLEASE TAKE NOTICE** that on December 18, 2019, Drivetrain, LLC, in its capacity

as Plan Administrator (the "Plan Administrator") acting on behalf of HSP Liquidation, LLC and

its affiliated post-effective date debtors (collectively, the "Post-Effective Date Debtors" and

before the Effective Date of the Plan, the "Debtors"), has filed the *Plan Administrator's First*

*Omnibus (Non-Substantive) Objection to Certain Claims* (*Amended, Duplicate)* (the

"Objection").  A hearing on the Objection will be held before the Honorable Michael E. Wiles of

---

[1] The Post-Effective Date Debtors in these chapter 11 cases, along with the last four digits of each Post-Effective Date Debtor's federal tax identification number are:  Dream II Holdings, LLC (7915); HHFH Liquidation, LLC (2063); HSP Liquidation, LLC (2143); PCF Liquidation, LLC (1445); HSPK Liquidation, LLC (4119); PCFC Liquidation, LLC (3119); and HSPC Liquidation Limited (3477).

the United States Bankruptcy Court for the Southern District of New York (the "Court"), in

Room 617, One Bowling Green, New York, New York 10004-1408 on **February 6, 2020 at**

**11:00 a.m. (prevailing Eastern Time)** (the "Hearing").

      **PLEASE TAKE FURTHER NOTICE** that any responses to the Objection (each, a

"Response") must be made in writing; shall conform to the Federal Rules of Bankruptcy

Procedure (the "Bankruptcy Rules"), the Local Rules of the Bankruptcy Court (the "Local

Rules"), and the omnibus claim objection procedures approved by the Bankruptcy Court in the

*Order (I) Approving (A) Omnibus Claims Objection Procedures and (B) Omnibus Claims*

*Satisfaction Procedures and (II) Authorizing the Plan Administrator to File Substantive Omnibus*

*Objections to Claims Pursuant to Bankruptcy Rule 3007(c) and (d)* [Docket No. 445] (the

"Objection Procedures"); shall be filed with the Bankruptcy Court with a hard copy delivered to

Chambers, and served so as to be actually received on the day that is twenty (20) calendar days

from the date the Objection is served (the "Response Date") by the following parties:

        (a)    Plan Administrator, Drivetrain, LLC, 410 Park Avenue, Suite 900, New York, NY 10022, Attn: Marc D. Rosenberg;

        (b)    Counsel to the Plan Administrator: (i) Pachulski Stang Ziehl & Jones, LLP, 780 Third Avenue, 34th Floor, New York, New York 10017, Attn: Beth E. Levine and (ii) Pachulski Stang Ziehl & Jones LLP, 10100 Santa Monica Blvd., 13th Floor, Los Angeles, California 90067, Attn: Shirley S. Cho;

        (c)    United States Trustee: Office of the United States Trustee for the Southern District of New York, 201 Varick Street, Suite 1006, New York, New York 10014, Attn: Shannon Scott; and

        (d)    all parties that have filed a request to receive service of court filings pursuant to Bankruptcy Rule 2002.

      **PLEASE TAKE FURTHER NOTICE** that if no Responses are timely filed and served

with respect to the Objection, the Plan Administrator shall, on or after the Response Date, submit

to the Court an order substantially in the form annexed as **Exhibit A** to the Objection, which order the Court may enter without further notice or opportunity to be heard.

      **PLEASE TAKE FURTHER NOTICE** that the Hearing may be continued or adjourned thereafter from time to time without further notice other than an announcement of the adjourned date or dates in open court at the Hearing.

      **PLEASE TAKE FURTHER NOTICE** that copies of the Objection and Objection Procedures may be obtained free of charge by visiting the website of Omni Agent Solutions, at https://www.omniagentsolutions.com/hollander.  You may also obtain copies of any pleadings by visiting the Court's website at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.

Dated:  December 18, 2019           PACHULSKI STANG ZIEHL & JONES LLP

            */s/ Beth E. Levine*
            Bradford J. Sandler, Esq.
            Shirley S. Cho, Esq.
            Beth E. Levine, Esq.
            780 Third Avenue, 34th Floor
            New York, New York 10017
            Telephone: (212) 561-7700
            Facsimile: (212) 561-7777

            *Counsel to the Plan Administrator*

Hearing Date and Time: February 6, 2020, at 11:00 a.m. (prevailing Eastern Time)
Response Deadline: December 30, at 4:00 p.m. (prevailing Eastern Time)

Bradford J. Sandler, Esq.
Shirley S. Cho, Esq.
Beth E. Levine, Esq.
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 34th Floor
New York, NY  10017
Telephone:  (212) 561-7700
Facsimile:  (212) 561-7777
Email:      bsandler@pszjlaw.com
            scho@pszjlaw.com
            blevine@pszjlaw.com

*Counsel to the Plan Administrator*


**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
                                            :
**In re**                                   :          **Chapter 11**
                                            :
**HSP LIQUIDATION, LLC, et al.,**[1]        :          **Case No. 19-11608 (MEW)**
                                            :
                                            :          **Jointly Administered**
            **Debtors.**                    :
---------------------------------------------------------------x


### PLAN ADMINISTRATOR'S FIRST OMNIBUS (NON-SUBSTANTIVE) OBJECTION TO CERTAIN CLAIMS (AMENDED, DUPLICATE)

> **THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM.**
>
> **CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES AND CLAIMS ON SCHEDULE 1 AND/OR SCHEDULE 2 TO EXHIBIT A ATTACHED TO THIS OBJECTION.**

---

[1] The Post-Effective Date Debtors in these chapter 11 cases, along with the last four digits of each Post-Effective Date Debtor's federal tax identification number are:  Dream II Holdings, LLC (7915); HHFH Liquidation, LLC (2063); HSP Liquidation, LLC (2143); PCF Liquidation, LLC (1445); HSPK Liquidation, LLC (4119); PCFC Liquidation, LLC (3119); and HSPC Liquidation Limited (3477).

Drivetrain, LLC, in its capacity as plan administrator (the "Plan Administrator") acting on behalf of HSP Liquidation, LLC, and its affiliated post-effective date debtors (collectively, the "Post-Effective Date Debtors" and before the Effective Date of the Plan, the "Debtors"), files this omnibus objection (the "Objection") to certain claims identified on **Schedule 1** and **Schedule 2** to **Exhibit A** attached hereto (collectively, the "Disputed Claims") and seeks entry of an order (the "Proposed Order"), substantially in the form annexed hereto as **Exhibit A**, (1) disallowing and expunging (i) claims listed on **Schedule 1** to **Exhibit A** (the "Amended Claims") that have been amended and superseded by one or more subsequently filed claims by, or on behalf of, the same claimant in respect of the same liabilities; (ii) claims listed on **Schedule 2** to **Exhibit A** (the "Duplicate Claims") that are (a) substantively duplicative of other claims filed on account of the same liability or (b) duplicative but have certain differences that do not ultimately affect the relief sought, in each case pursuant to section 502(b) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the objection procedures (the "Objection Procedures") approved pursuant to the *Order (I) Approving (A) Omnibus Claims Objection Procedures and (B) Omnibus Claims Satisfaction Procedures and (II) Authorizing the Plan Administrator to File Substantive Omnibus Objections to Claims Pursuant to Bankruptcy Rule 3007(c) and (d)* [Docket No. 445] (the "Objection Procedures Order").  In support of this Objection, the Plan Administrator submits the Declaration of Marc D. Rosenberg (the "Rosenberg Declaration"), attached hereto as **Exhibit B**.  In further support of this Objection, the Plan Administrator respectfully states as follows:

**Jurisdiction**

1.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2) and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated December 1, 2016.  The Plan Administrator confirms its consent, pursuant to Bankruptcy Rule 7008, to the entry of a final order by the Court in connection with this Objection to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.     Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.     The bases for the relief requested herein are sections 105(a) and 502 of the Bankruptcy Code, Bankruptcy Rule 3007, Rule 9013-1 of the Local Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local Bankruptcy Rules"), and the Objection Procedures Order.

**Background**

4.     On September 5, 2019, the Court entered its *Findings of Fact, Conclusions of Law, and Order Confirming Debtors' Modified First Amended Joint Plan Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 356] confirming the Plan.

5.     On September 13, 2019, the Effective Date of the Plan occurred.  *See Notice of (I) Entry Confirmation order, (II) Occurrence of Effective Date, and (III) Related Bar Dates* [Docket No. 371].

6.     Pursuant to the Plan, the Plan Administrator was appointed on the Effective Date and "to implement the Plan and to make distributions thereunder and wind down

the businesses and affairs of the Debtors and Post-Effective Date Debtors." *See* Plan at Article

IV.D.  This includes the authority "to file, withdraw, or litigate to judgment objections to Claims

or Interests." *Id.* At Article VII.B.

7.        On December 16, 2019, the Court entered the Objection Procedures Order.

### Relief Requested

8.        By this Objection, the Plan Administrator seeks entry of the Proposed

Order pursuant to section 502(b) of the Bankruptcy Code, Bankruptcy Rule 3007, and the

Objection Procedures: (1) disallowing and expunging the Amended Claims listed on **Schedule 1**

to **Exhibit A** because such claims have been amended and superseded by one or more

subsequently filed claims by, or on behalf of, the same claimant in respect of the same liabilities;

(2) disallowing and expunging the Duplicate Claims listed on **Schedule 2** to **Exhibit A** that are

(a) substantively duplicative of other claims filed on account of the same liability or (b)

duplicative but have certain differences that do not ultimately affect the relief sought.

### The Claims Reconciliation Process

9.        On June 21, 2019, each of the Debtors filed their respective schedules of

assets and liabilities (as amended from time to time, the "Schedules") pursuant to Bankruptcy

Rule 1007 and the *Order (I) Extending Time to File Schedules of Assets and Liabilities,*

*Schedules of Current Income and Expenditures, Schedules of Executory Contracts and*

*Unexpired Leases, Statements of Financial Affairs, and Rule 2015.3 Financial Reports* [Docket

No. 52].

10.       On June 21, 2019, the Court entered an order [Docket No. 120]

establishing certain dates and deadlines for filing proofs of claim (each, a "Proof of Claim" and

collectively, "Proofs of Claim") in these chapter 11 cases.  Specifically, among other things, the

Court established July 29, 2019, at 5:00 p.m. prevailing Eastern Time as the deadline for all

persons and entities, other than governmental units, asserting a Claim (as defined in section

101(5) of the Bankruptcy Code) against the Debtors that arose on or prior to the Petition Date,

including claims pursuant to section 503(b)(9) of the Bankruptcy Code, to file written proof of

such claim; and November 15, 2019, at 5:00 p.m. prevailing Eastern Time, as the last date and

time for each such governmental unit to file Proofs of Claims against any Debtor. To date,

over 693 Proofs of Claim have been filed against the Debtors in the aggregate approximate

amount of $302 million.

### Objection

11.     Pursuant to section 502(a) of the Bankruptcy Code, a filed proof of claim is

deemed allowed unless a party in interest objects thereto.[2] Following a thorough review of the

Proofs of Claim filed by the applicable Bar Date, the Plan Administrator has determined that the

Disputed Claims should be disallowed and expunged for the reasons described below. To ease

the administrative burden on this Court and the Post-Effective Date Debtors during the claims

reconciliation process, the Plan Administrator submits this Objection in an omnibus fashion, in

accordance with the Bankruptcy Rules and the Objection Procedures. If the Disputed Claims are

not disallowed and expunged, the potential exists for the relevant claimants to receive an

unwarranted recovery against the Debtors, to the detriment of other similarly-situated creditors.

Accordingly, the Plan Administrator seeks the entry of the Proposed Order attached hereto as

**Exhibit A**.

---

[2] *See* 11 U.S.C. § 502(a).

A.    **Amended Claims**

12.    As set forth in more detail on **Schedule 1** to the Proposed Order, the Plan Administrator objects to the Amended Claims because the Plan Administrator has determined that the Amended Claims have been amended and superseded by subsequently filed Proofs of Claim by the same claimant on account of the same liability reflected in the column labeled "Surviving Claim Number" (the "Surviving Claims").  Any disallowance or expungement of the Amended Claims will not affect the Surviving Claims, which will remain on the Debtors' register of claims (the "Claims Register") unless withdrawn by the applicable claimants or disallowed by the Court, subject to the Plan Administrator's right to object to such claims in the future on any grounds permitted by applicable law.  Accordingly, the Plan Administrator requests that the Court disallow and expunge the Amended Claims from the Claims Register.

B.    **Duplicate Claims**

13.    As set forth in more detail on **Schedule 2** to the Proposed Order, the Plan Administrator objects to the Duplicate Claims because the Plan Administrator has determined that the Duplicate Claims are duplicative of other Proofs of Claim filed by or on behalf of the same claimant (or a successor thereto) in respect of the same liabilities, or that are duplicative but have certain differences (*e.g.*, a different asserted priority classification, or a claim for a single invoice reasserted in a subsequently-filed Proof of Claim that was not denoted as amending the initial Proof of Claim),  as the Proofs of Claim reflected in the column labeled "Surviving Claim Number" (the "Surviving Claims") on **Schedule 2**.  Any disallowance or expungement of the Duplicate Claims will not affect the Surviving Claims, which will remain on the Claims Register unless withdrawn by the applicable claimants or disallowed by the Court, subject to the Plan Administrator's right to object to such claims in the future on any grounds permitted by

applicable law.  Failure to disallow the Duplicate Claims may result in a double recovery to the claimants. Moreover, disallowance of these Claims will enable the Claims Register to reflect more accurately the Claims asserted against the Post-Effective Date Debtors.

### Compliance with the Objection Procedures and the Bankruptcy Rules

14.    The Plan Administrator respectfully states that the content of this Objection is in compliance with the Bankruptcy Rules and the Objection Procedures for the following reasons:

a.    This Objection conspicuously states on the first page the following (emphasis original): "**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM. CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES AND CLAIMS ON SCHEDULE 1 AND/OR SCHEDULE 2 TO EXHIBIT A ATTACHED TO THIS OBJECTION**."[3]

b.    This Objection states the title and identity of the objecting party (the Plan Administrator) and states the grounds for the Objection;[4]

c.    Pursuant to the Bankruptcy Rules and the Objection Procedures, the Plan Administrator is authorized to file this Objection on the grounds that the Disputed Claims: (i) have been amended by subsequently filed proofs of claim or; (ii) duplicate other claims.[5]

d.    Each schedule to the Proposed Order includes only the claims to which there is a common basis for the Objection;[6] and

e.    Claimants subject to this Objection are listed in alphabetical order by claimant name.[6]

15.    The Plan Administrator further respectfully states that notice and service of this Objection will be in compliance with the Bankruptcy Rules for the following reasons:

a.    The Objection will be filed with the Court and served upon (i) the affected claimant party set forth on each Proof of Claim subject to this Objection or

---

[3] *See* Fed. R. Bankr. P. 3007(e)(1).
[4] *See* Fed. R. Bankr. P. 3007(e)(4).
[5] *See* Fed. R. Bankr. P. 3007(d)(1)-(6); Objection Procedures ¶¶ (1)(a) – (k).
[6] *See* Fed. R. Bankr. P. 3007(e)(2); Objection Procedures ¶ 4.

its attorney of record, (ii) the U.S. Trustee, and (iii) parties that have filed a request for service of papers under Bankruptcy Rule 2002;[7]

b.  With respect to service on claimants affected by this Objection, the Plan Administrator will also serve each such claimant with a customized objection notice tailored, as appropriate, to address the particular creditor, claim, and objection;[8] and

c.  This Objection will be set for hearing at least 30 days after the filing of this Objection.[9]

**<u>Reservation of Rights</u>**

16.  This Objection is limited to the grounds stated herein. Accordingly, it is without prejudice to the rights of the Plan Administrator or any other party in interest to object to any of the Disputed Claims (to the extent not disallowed and expunged pursuant to this Objection) on any grounds whatsoever, and the Plan Administrator expressly reserves all further substantive or procedural objections he may have.

**<u>Notice</u>**

17.  The Plan Administrator has provided notice of this Objection to: (a) the affected claimant party set forth on the Proof of Claim and its respective attorney of record, if any; (b) the Office of the United States Trustee for the Southern District of New York, 201 Varick Street, Suite 1006, New York, New York 10014, Attn: Shannon Scott; and (c) all parties that have filed a request to receive service of court filings pursuant to Bankruptcy Rule 2002.

---

[7] *See* Fed. R. Bankr. P. 2002, 3007(a).
[8] *See* Objection Procedures ¶ 5; Fed. R. Bankr. P. 3007(e).
[9] *See* Fed. R. Bankr. P. 3007(a).

WHEREFORE, for the reasons stated in the Objection, the Plan Administrator respectfully requests that the Court sustain the Objection and grant such other relief as the Court deems just and proper.

Dated: December 18, 2019    PACHULSKI STANG ZIEHL & JONES LLP

              */s/ Beth E. Levine*

              Bradford J. Sandler, Esq.
              Shirley S. Cho, Esq.
              Beth E. Levine, Esq.
              PACHULSKI STANG ZIEHL & JONES LLP
              780 Third Avenue, 34th Floor
              New York, NY  10017
              Telephone:  (212) 561-7700
              Facsimile:  (212) 561-7777

              *Counsel to the Plan Administrator*

## EXHIBIT A

## Proposed Order

Bradford J. Sandler, Esq.
Shirley S. Cho, Esq.
Beth E. Levine, Esq.
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 34th Floor
New York, NY  10017
Telephone:  (212) 561-7700
Facsimile:  (212) 561-7777
Email:    bsandler@pszjlaw.com
          scho@pszjlaw.com
          blevine@pszjlaw.com

*Counsel to the Plan Administrator*


**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
                                            :
**In re**                                   :          **Chapter 11**
                                            :
**HSP LIQUIDATION, LLC, et al.,**[1]        :          **Case No. 19-11608 (MEW)**
                                            :
                                            :          **Jointly Administered**
            **Debtors.**                    :
-------------------------------------------------------------x


### ORDER GRANTING PLAN ADMINISTRATOR'S FIRST OMNIBUS (NON-SUBSTANTIVE) OBJECTION TO CERTAIN CLAIMS (AMENDED, DUPLICATE)

Upon the objection (the "Objection")[2] of the Plan Administrator for entry of an order

(this "Order") disallowing and expunging the claims identified on **Schedule 1**, and **Schedule 2**

hereto (collectively, the "Disputed Claims") in each case pursuant to section 502(b) of the

Bankruptcy Code, Bankruptcy Rule 3007, and the Objection Procedures, all as more fully set

forth in the Objection; and upon the Rosenberg Declaration; and the Court having found that it

---

[1] The Post-Effective Date Debtors in these chapter 11 cases, along with the last four digits of each Post-Effective Date Debtor's federal tax identification number are:  Dream II Holdings, LLC (7915); HHFH Liquidation, LLC (2063); HSP Liquidation, LLC (2143); PCF Liquidation, LLC (1445); HSPK Liquidation, LLC (4119); PCFC Liquidation, LLC (3119); and HSPC Liquidation Limited (3477).

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Objection.

has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated December 1, 2016, and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Objection in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Objection is in the best interests of the Post-Effective Date Debtors, creditors, and other parties in interest; and the Court having found that the Plan Administrator provided appropriate notice of the Objection and the opportunity for a hearing on the Objection under the circumstances; and the Court having reviewed the Objection; and the Court having determined that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Objection is sustained to the extent set forth herein.

2.      Each Amended Claim identified on **Schedule 1** attached hereto is hereby disallowed and expunged in its entirety. The Surviving Claims identified on **Schedule 1** will remain on the Claims Register and such Claims are neither allowed nor disallowed at this time, subject, however, to any future objection on any basis. Nothing contained herein shall constitute, nor shall it be deemed to constitute, the allowance of any of the Surviving Claims.

3.      Each Duplicate Claim identified on **Schedule 2** attached hereto is hereby disallowed and expunged in its entirety. The Surviving Claims identified on **Schedule 2** will remain on the Claims Register and such Claims are neither allowed nor disallowed at this time, subject, however, to any future objection on any basis. Nothing contained herein shall constitute, nor shall it be deemed to constitute, the allowance of any of the Surviving Claims.

4.      Omni Agent Solutions, the Debtors' noticing and claims agent, is authorized to update the Claims Register to reflect the relief granted in this Order.

5.      Entry of this Order is without prejudice to the Plan Administrator's right to object to any other Claims in these chapter 11 cases or to further object to the Disputed Claims (to the extent they are not disallowed and expunged pursuant to this Order) on any grounds whatsoever, at a later date.

6.      Each Disputed Claim and the Objection by the Plan Administrator to each Disputed Claim as addressed in the Objection and as identified in **Schedule 1** and **Schedule 2**, attached hereto constitutes a separate contested matter as contemplated by Bankruptcy Rule 9014.  This Order shall be deemed a separate order with respect to each Disputed Claim.  Any stay of this Order shall apply only to the contested matter which involves such creditor and shall not act to stay the applicability or finality of this Order with respect to the other contested matters covered hereby.

7.      The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

8.      The Plan Administrator is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Objection.

9.      This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____, 2019

                                            _____
                                            THE HONORABLE MICHAEL E. WILES
                                            UNITED STATES BANKRUPTCY JUDGE

# SCHEDULE 1

**Schedule 1**
FIRST OMNIBUS OBJECTION - AMENDED CLAIMS
THE BASIS FOR PROPOSED DISALLOWANCE IS FURTHER DISCUSSED IN PARAGRAPH OF THE OBJECTION

| Name of Claimant | Debtor Name | Date Claim Filed | Claim Number | Asserted Claim Amount | | | | | | Basis for Proposed Disallowance | Surviving Claim Number | Surviving Claim Amount | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | Secured | Priority | Admin | 503(b)(9) | GUC | Total | | | Secured | Priority | Admin | 503(b)(9) | GUC | Total |
| DALLAS COUNTY C/O : LINEBARGER GOGGAN BLAIR & SAMPSON LLP ATTN: ELIZABETH WELLER 2777 N STEMMONS FRWY, STE 1000 DALLAS, TX 75027 | Hollander Sleep Products, LLC | 05/28/2019 | 8 | $114,073.90 | | | | | $114,073.90 | Claim Has Been Amended by Surviving Claim Number | 37 | $150,084.22 | | | | | $150,084.22 |
| KAPSTONE CONTAINER CORPORATION ATTN: JONATHAN L. GOLD 1000 MAINE AVE, SW WASHINGTON, DC 20024 | Hollander Sleep Products, LLC | 06/24/2019 | 122 | | | | | $738,507.72 | $738,507.72 | Claim Has Been Amended by Surviving Claim Number | 409 | | | $12,822.91 | $99,829.19 | $638,678.53 | $751,330.63 |
| POLYTECH FIBERS LLC ATTN: DONG YONG LEE 2017 HWY 411 N. CHATSWORTH, GA 30705 | Hollander Sleep Products, LLC | 06/14/2019 | 87 | | | $104,862.66 | $52,343.49 | | $157,206.15 | Claim Has Been Amended by Surviving Claim Number | 114 | | | | $157,206.15 | | $157,206.15 |
| SHANGHAI MAYFT COMPANY LIMITED ATTN: JOHN C. WANG 729 PUJIAN RD, STE 2903 CHINA | Hollander Sleep Products, LLC | 07/14/2019 | 198 | | | $49,531.50 | | | $49,531.50 | Claim Has Been Amended by Surviving Claim Number | 326 | | | | $21,429.50 | $73,700.50 | $95,130.00 |

# SCHEDULE 2

**Schedule 2**
FIRST OMNIBUS OBJECTION - DUPLICATE CLAIMS
THE BASIS FOR PROPOSED DISALLOWANCE IS FURTHER DISCUSSED IN PARAGRAPH OF THE OBJECTION

| Name of Claimant | Debtor Name | Date Claim Filed | Claim Number | Asserted Claim Amount | | | | | | Basis for Proposed Disallowance | Surviving Claim Number | Surviving Debtor | Surviving Claim | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | Secured | Priority | Admin | 503(b)(9) | GUC | Total | | | | Secured | Priority | Admin | 503(b)(9) | GUC | Surviving Claim Total |
| HANGZHOU CHUANGYUAN FEATHER CO., LTD ATTN: MINGFANG FU NO.5 XINDA RD, MIAOJIA VILLAGE HANGZHOU, ZHEJIANG 311203 CHINA | Hollander Sleep Products, LLC | 06/09/2019 | 57 | | | | $1,274,003.87 | $3,595,099.11 | $4,869,102.98 | Duplicate Claim of Surviving Claim | 56 | Hollander Sleep Products, LLC | | | | $1,274,003.87 | $3,595,099.11 | $4,869,102.98 |
| HANGZHOU CHUANGYUAN FEATHER CO., LTD ATTN: MINGFANG FU NO.5 XINDA RD, MIAOJIA VILLAGE HANGZHOU, ZHEJIANG 311203 CHINA | Hollander Sleep Products, LLC | 06/09/2019 | 58 | | | | $1,274,003.87 | $3,595,099.11 | $4,869,102.98 | Duplicate Claim of Surviving Claim | 56 | Hollander Sleep Products, LLC | | | | $1,274,003.87 | $3,595,099.11 | $4,869,102.98 |
| HARTFORD FIRE INSURANCE COMPANY AS ASSIGNEE OF HARTFORD SPEC ATTN: BANKRUPTCY UNIT HO2-R, HOME OFFICE HARTFORD, CT 06155 | Dream II Holdings, LLC | 06/24/2019 | 6 | Unliquidated | | | | | Unliquidated | Duplicate Claim of Surviving Claim | 3 | Dream II Holdings, LLC | Unliquidated | | | | | Unliquidated |
| INNOVATIVE CONTROL SOLUTIONS ATTN: STELLA KEUNG 3115 14TH AVE, UNIT 8-9 MARKHAM, ON L3R-0H1 CANADA | Hollander Sleep Products Canada Limited | 07/12/2019 | 27 | | | | $1,066.57 | $887.27 | $1,953.84 | Duplicate Claim of Surviving Claim | 23 | Hollander Sleep Products Canada Limited | | | | $1,066.57 | $887.27 | $1,953.84 |
| INNOVATIVE CONTROL SOLUTIONS ATTN: STELLA KEUNG 3115 14TH AVE, UNIT 8-9 MARKHAM, ON L3R-0H1 CANADA | Hollander Sleep Products Canada Limited | 08/07/2019 | 69 | | | | $1,066.57 | $887.27 | $1,953.84 | Duplicate Claim of Surviving Claim | 23 | Hollander Sleep Products Canada Limited | | | | $1,066.57 | $887.27 | $1,953.84 |
| LOUDON SHEET METAL CO ATTN: DAVID LEE BIRK 1926, 2218 PLANTSIDE DR JEFFERSONTOWN, KY 40299 | Hollander Sleep Products, LLC | 07/29/2019 | 366 | | | | $1,468.10 | | $1,468.10 | Duplicate Claim of Surviving Claim | 206 | Hollander Sleep Products, LLC | | | | $1,468.10 | | $1,468.10 |
| ROMELA SOLOMON 12760 NE 10TH PL, F304 BELLEVUE, WA 98005 | Hollander Sleep Products, LLC | 07/24/2019 | 342 | | $18,547.12 | | | | $18,889.12 | Duplicate Claim of Surviving Claim | 302 | Hollander Sleep Products, LLC | | $18,547.12 | | | | $18,547.12 |
| SHANGHAI MAYFT COMPANY LIMITED ATTN: JOHN C. WANG 729 PUJIAN RD, STE 2903 CHINA | Hollander Sleep Products, LLC | 06/10/2019 | 60 | | | | | $95,130.00 | $95,130.00 | Duplicate Claim of Surviving Claim | 59 | Hollander Sleep Products, LLC | | | | | | $95,130.00 |
| ZHEJIANG HENGDI BEDDING CO., LTD NO.168 HEBEILOU FULOU VILLAGE XINTANGSTREET XIAOSHAN HANGZHOU ZHEJIANG CHINA | Hollander Sleep Products, LLC | 6/11/2019 | 79 | | | | $1,780.00 | $686,159.99 | Duplicate Claim of Surviving Claim | | 78 | Hollander Sleep Products, LLC | | | | $1,780.00 | $686,159.99 | $687,939.99 |

**EXHIBIT B**

**Rosenberg Declaration**

Bradford J. Sandler, Esq.
Shirley S. Cho, Esq.
Beth E. Levine, Esq.
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 34th Floor
New York, NY  10017
Telephone:  (212) 561-7700
Facsimile:  (212) 561-7777
Email:     bsandler@pszjlaw.com
           scho@pszjlaw.com
           blevine@pszjlaw.com

*Counsel to the Plan Administrator*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x
                                          :
**In re**                                 :          **Chapter 11**
                                          :
**HSP LIQUIDATION, LLC, et al.,**[1]      :          **Case No. 19-11608 (MEW)**
                                          :
                                          :          **Jointly Administered**
            **Debtors.**                  :
-------------------------------------------------------------x

**DECLARATION OF MARC D. ROSENBERG IN SUPPORT OF**
**PLAN ADMINISTRATOR'S FIRST OMNIBUS OBJECTION**
**TO CERTAIN CLAIMS (AMENDED, DUPLICATE)**

I, Marc D. Rosenberg, declare under penalty of perjury as follows, pursuant to the

provisions of 28 U.S.C.  § 1746:

1.     I am an authorized representative at Drivetrain, LLC ("Drivetrain").  My

business address is 410 Park Avenue, Suite 900, New York, NY 10022.

---

[1] The Post-Effective Date Debtors in these chapter 11 cases, along with the last four digits of each Post-Effective Date Debtor's federal tax identification number are:  Dream II Holdings, LLC (7915); HHFH Liquidation, LLC (2063); HSP Liquidation, LLC (2143); PCF Liquidation, LLC (1445); HSPK Liquidation, LLC (4119); PCFC Liquidation, LLC (3119); and HSPC Liquidation Limited (3477).

2.      As part of my current position in assisting with the Plan Administrator's responsibilities under the Plan, I am responsible for certain claims management and reconciliation matters.  I am generally familiar with the Post-Effective Date Debtors' day-to-day operations, cash resources, other assets, business affairs, and books and records that reflect, among other things, the Debtors' liabilities and the amount thereof owed to their creditors as of the Petition Date.

3.      I have read the *First Omnibus (Non-Substantive) Objection to Certain Claims (Amended, Duplicate)* (the "Objection")[2] and am directly, or by and through the Plan Administrators' advisors and former personnel of the Post-Effective Date Debtors who have been available to support the Plan Administrator and the Post-Effective Date Debtors (the "Transitioned Personnel"), familiar with the information contained therein and the exhibits attached thereto.

4.      I am authorized to submit this declaration (the "Declaration") in support of the Objection.  All matters set forth in this Declaration are based on: (a) my personal knowledge; (b) my review of relevant documents; (c) my view, based on my knowledge of the Post-Effective Date Debtors' and Debtors' operations, books and records, and the Transitioned Personnel; (d) information supplied to me by the Post-Effective Date Debtors and by others at the Post-Effective Date Debtors' request; or (e) as to matters involving United States bankruptcy law or rules or other applicable laws, my reliance upon the advice of counsel or other advisors to the Plan Administrator.  If called upon to testify, I could and would testify competently to the facts set forth herein.

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Objection.

5.      To the best of my knowledge, information and belief, insofar as I have

been able to ascertain after reasonable inquiry, considerable time and resources have been

expended to ensure a high level of diligence in reviewing and reconciling the Proofs of Claim

filed against the Debtors in these chapter 11 cases.

6.      Upon a thorough review of the Proofs of Claim filed in these chapter 11

cases and supporting documentation thereto, I have determined that:

a.      the Amended Claims listed on **Schedule 1** to the Proposed Order have
been amended and superseded by subsequently filed Proofs of Claim by
the same claimant and on account of the same liability as reflected in the
column labeled "Surviving Claim Number" on **Schedule 1**.  Accordingly,
I believe the Amended Claims listed on **Schedule 1** should be disallowed
and expunged in their entirety.

b.      the Duplicate Claims listed on **Schedule 2** to the Proposed Order are
duplicative of other Proofs of Claim filed by or on behalf of the same
claimant (or a successor) in respect of the same liabilities, or that are
duplicative but have certain differences (e.g., a different asserted priority
classification, or a Claim for a single invoice reasserted in a subsequently-
filed Proof of Claim that was not denoted as amending the initial Proof of
Claim), as the Proof of Claim reflected in the column labeled "Surviving
Claim Number" (the "Surviving Claims") on **Schedule 2**. Accordingly, I
believe the Duplicate Claims listed on **Schedule 2** should be disallowed
and expunged in their entirety.

7.      Failure to disallow and expunge, reclassify, or modify, as applicable, the

Disputed Claims could result in the relevant claimant receiving an unwarranted recovery against

the Debtors, to the detriment of other creditors.  Accordingly, I believe that the Court should

grant the relief requested in the Objection.

*[Remainder of page intentionally left blank]*

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed on December 18, 2019 at New York, New York.

Marc D. Rosenberg