19-11608-mew    Doc 466    Filed 03/12/20    Entered 03/12/20 15:20:41    Main Document
                                    Pg 1 of 6

Bradford J. Sandler, Esq.
Shirley S. Cho, Esq.
Beth E. Levine, Esq.
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 34th Floor
New York, NY  10017
Telephone:  (212) 561-7700
Facsimile:   (212) 561-7777
Email:    bsandler@pszjlaw.com
          scho@pszjlaw.com
          blevine@pszjlaw.com

*Counsel to the Plan Administrator*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------x

| | | |
|---|---|---|
| **In re** | : | **Chapter 11** |
| | : | |
| **HSP LIQUIDATION, LLC, et al.,**[1] | : | **Case No. 19-11608 (MEW)** |
| | : | |
| | : | **Jointly Administered** |
| **Debtors.** | : | |

-----------------------------------------------------------x

### *AMENDED* INTERIM REPORT OF PLAN ADMINISTRATOR

Drivetrain, LLC, in its capacity as Plan Administrator (the "Plan Administrator") for the Wind-Down Trust (the "Wind-Down Trust") of HSP Liquidation, LLC and its affiliated post-effective date debtors (collectively, the "Post-Effective Date Debtors"), hereby files this interim report (the "Interim Report") pursuant to Section 4.3 of the Wind-Down Trust Agreement among the Plan Administrator and the Post-Effective Date Debtors.

---

[1] The Post-Effective Date Debtors in these chapter 11 cases, along with the last four digits of each Post-Effective Date Debtor's federal tax identification number are:  Dream II Holdings, LLC (7915); HHFH Liquidation, LLC (2063); HSP Liquidation, LLC (2143); PCF Liquidation, LLC (1445); HSPK Liquidation, LLC (4119); PCFC Liquidation, LLC (3119); and HSPC Liquidation Limited (3477).

**Background**

1. On May 19, 2019 (the "Petition Date"), each of the above-referenced debtors (collectively, the "Debtors") filed a voluntary petition with this Court under chapter 11 of the Bankruptcy Code.

2. On September 5, 2019, the Court entered its *Findings of Fact, Conclusions of Law, and Order Confirming Debtors' Modified First Amended Joint Plan Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 356] (the "Confirmation Order") confirming the Plan.

3. On September 13, 2019, the Effective Date of the Plan occurred. *See Notice of (I) Entry Confirmation Order, (II) Occurrence of Effective Date, and (III) Related Bar Dates* [Docket No. 371] (the "Effective Date Notice").

4. Pursuant to the Plan, the Plan Administrator was appointed on the Effective Date "to implement the Plan and to make distributions thereunder and wind down the businesses and affairs of the Debtors and Post-Effective Date Debtors," among other things. *See* Plan at Article IV.D.

5. On the Effective Date, the Wind-Down Trust was funded, with the Wind-Down Trust Assets, as provided for in the Plan and in the Confirmation Order, including cash in the amount of $11,980,845.46. To date, the Plan Administrator has recovered $1,642,936.14 from a variety of sources, including miscellaneous asset sales and the return of unused expense holdbacks and professional fee escrows. The Plan Administrator has paid out $501,113.00[2] in

---

[2] A portion of such fees will be reimbursed by the Purchaser pursuant to a certain Transition Services Agreement entered into in connection with the sale.

U.S. Trustee Fees, $1,662,338.00 in Administrative Claim payments and $509,549.17 in professional fees, leaving a cash balance of $10,950,782.00 as of March 13, 2020.

## Case Status

**A.      Post-Closing Background**

6.      Since the Effective Date, the Plan Administrator has assumed all responsibilities for the administration of the Post-Effective Date Debtors' affairs that were undertaken by the Debtors prior to the Effective Date and has dedicated considerable time and effort to a multitude of tasks, including, without limitation, (a) familiarizing itself with the assets, liabilities and unfinished business of the estates; (b) overseeing closings of remaining operations; (c) coordinating case administration with the Canadian Information Officer in respect of the CCAA proceedings; (d) analyzing claims, including claims covered by insurance policies and surety bonds; and (e) engaging in related sale transition, plan implementation and wind-down activities.

7.      Pursuant to the Asset Purchase Agreement by and between Dream II Holdings, LLC, its subsidiaries and Bedding Acquisition, LLC (the "Asset Purchase Agreement"), attached as Exhibit D to the *Plan Supplement for the Debtors First Amended Joint Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 308], the Post-Effective Date Debtors, by and through the Plan Administrator, were required to change their corporate names within ninety (90) days after closing, or December 11, 2019. *See* Asset Purchase Agreement, at § 6.9.

8.      Consistent with the Plan and the Asset Purchase Agreement, on November 5, 2019, the Plan Administrator filed a *Motion for Entry of an Order Authorizing Change of*

*Certain Debtors' Case Names and for Related Relief* [Docket No. 431]. Pursuant to the Order entered on November 19, 2019 [Docket No. 436], the Plan Administrator caused all of the below Debtors' names to be changed under Delaware law to the new names as reflected below.[3]

| Current Name | New Name | Case No. |
|---|---|---|
| Hollander Sleep Products, LLC | HSP Liquidation, LLC | 19-11608 |
| Hollander Home Fashions Holdings, LLC | HHFH Liquidation, LLC | 19-11609 |
| Hollander Sleep Products Kentucky, LLC | HSPK Liquidation, LLC | 19-11610 |
| Pacific Coast Feather, LLC | PCF Liquidation, LLC | 19-11611 |
| Pacific Coast Feather Cushion, LLC | PCFC Liquidation, LLC | 19-11612 |
| Hollander Sleep Products Canada Limited | HSPC Liquidation Limited | 19-11613 |

**B.    Claims Status**

9.      The Plan Administrator and its professionals are in the process of reviewing and analyzing the merits of the asserted Claims.

10.     On June 21, 2019, the Court entered an order [Docket No. 120] establishing certain dates and deadlines for filing Proofs of Claim in these chapter 11 cases. Specifically, among other things, the Court established July 29, 2019 (the "General Claims Bar Date") as the deadline for all persons and entities asserting a Claim (as defined in section 101(5) of the Bankruptcy Code) against the Debtors that arose on or prior to the Petition Date, including claims pursuant to section 503(b)(9) of the Bankruptcy Code, and November 15, 2019 (the "Governmental Claims Bar Date") as the deadline for all governmental agencies, to file written proof of such claim.  To date, approximately 612 Proofs of Claim have been filed against the Debtors in the aggregate approximate amount of $261.25 million, and 618 claims scheduled by the Debtors, for which no proof of claim was filed, in the aggregate amount of $45.9 million.

---

[3] Dream II Holdings, LLC's name remained the same.

4

11. On October 15, 2019, the Administrative Claims Bar Date occurred. *See* Plan, at Article I.A.10; Effective Date Notice. To date, of the 612 Proofs of Claim that have been filed, approximately 254 are Administrative Claims, including claims pursuant to Section 503(b)(9) of the Bankruptcy Code, in the asserted aggregate amount of approximately $24.3 million.

12. On November 5, 2019, the Plan Administrator filed its *Motion for Entry of an Order (I) Approving (A) Omnibus Claims Objection Procedures and (B) Omnibus Claims Satisfaction Procedures, and (II) Authorizing the Plan Administrator to File Substantive Omnibus Objections to Claims Pursuant to Bankruptcy Rule 3007(c) and (d)* [Docket No. 429], which the Court granted on December 16, 2019 [Docket No. 445].

13. On November 5, 2019, the Plan Administrator filed its *Motion for Entry of an Order Extending the Period to File Objections to Administrative Claims* [Docket No. 430] (the "Administrative Claims Extension Motion"). On December 12, 2019, the Court granted the Administrative Claims Extension Motion, extending the deadline to file objections to Administrative Claims from November 12, 2019 to January 30, 2020.

14. On December 18, 2019, the Plan Administrator filed its *First Omnibus Objection to Certain Claims (Amended, Duplicate)* [Docket No. 447] seeking to disallow and expunge thirteen (13) claims on the basis that such claims were either duplicate in nature, or were amended and superseded by later filed claims. On February 3, 2020 the Court entered an order granting the First Omnibus Objection [Docket No. 462].

15. On January 15, 2020, the Plan Administrator filed its *First Omnibus Notice of Satisfaction* [Docket No. 451] identifying 33 claims that were disallowed and expunged

from the official claims register on the grounds that such claims had been paid or otherwise satisfied.

16. On January 16, 2020, the Plan Administrator filed its *Motion for Entry of an Order Extending the Period to File Objections to Claims* [Docket No. 453] (the "Claims Objection Extension Motion"). On February 3, 2020, the Court granted the Claims Objection Extension Motion, further extending the deadline to file objections to Administrative Claims from January 30, 2020 to May 29, 2020 and extending the deadline to file objections to non-priority, general unsecured claims from March 11, 2020 to November 6, 2020 [Docket No. 461].

17. To date, the Plan Administrator has made distributions in the amount of $1,662,338.00 on account of Administrative Claims and 503(b)(9) claims. The Plan Administrator is continuing its review and analysis of the approximately 210 remaining Administrative Claims and 503(b)(9) claims as well as the remaining unsecured claims.

Dated: March 12, 2020

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Beth E. Levine*
Robert J. Feinstein, Esq.
Bradford J. Sandler, Esq.
Beth E. Levine, Esq.
780 Third Avenue, 34th Floor
New York, New York 10017
Telephone: (212) 561-7700
Facsimile: (212) 561-7777

*Counsel to the Plan Administrator*