Hearing Date and Time: **November 3, 2021, at 10:00 a.m.** (prevailing Eastern Time)
Response Deadline: **October 27, 2021, at 4:00 p.m.** (prevailing Eastern Time)

Bradford J. Sandler, Esq.
Shirley S. Cho, Esq.
Beth E. Levine, Esq.
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 34th Floor
New York, NY 10017
Telephone: (212) 561-7700
Facsimile: (212) 561-7777
Email:    bsandler@pszjlaw.com
          scho@pszjlaw.com
          blevine@pszjlaw.com

*Counsel to the Plan Administrator*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x

| | | |
|---|---|---|
| **In re** | : | Chapter 11 |
| | : | |
| **HSP LIQUIDATION, LLC, et al.,**[1] | : | Case No. 19-11608 (MEW) |
| | : | |
| | : | Jointly Administered |
| **Debtors.** | : | |

---------------------------------------------------------------x

**NOTICE OF PLAN ADMINISTRATOR'S MOTION FOR ENTRY OF AN
ORDER FURTHER EXTENDING THE PERIOD TO FILE OBJECTIONS TO CLAIMS**

**PLEASE TAKE NOTICE** that a hearing on the annexed motion (the "Motion") of Drivetrain, LLC, in its capacity as Plan Administrator (the "Plan Administrator") acting on behalf of HSP Liquidation, LLC and its affiliated post-effective date debtors (collectively, the "Post-Effective Date Debtors"), for a further extension of the deadline to file objections to administrative expense claims and non-priority general unsecured claims, as more fully described in the Motion,

---

[1] The Post-Effective Date Debtors in these chapter 11 cases, along with the last four digits of each Post-Effective Date Debtor's federal tax identification number are: Dream II Holdings, LLC (7915); HHFH Liquidation, LLC (2063); HSP Liquidation, LLC (2143); PCF Liquidation, LLC (1445); HSPK Liquidation, LLC (4119); PCFC Liquidation, LLC (3119); and HSPC Liquidation Limited (3477).

DOCS_LA:339889.2

will be held before the Honorable Michael E. Wiles of the United States Bankruptcy Court for the Southern District of New York (the "Court"), in Room 617, One Bowling Green, New York, New York 10004-1408 on **November 3, 2021 at 10:00 a.m.(Eastern Prevailing Time)** (the "Hearing").

**PLEASE TAKE FURTHER NOTICE** that any responses or objections (each, an "Objection") to the Motion shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York, shall set forth the basis for the Objection and the specific grounds therefore, and shall be filed with the Court electronically in accordance with General Order M-399 by registered users of the Court's case filing system (the User's Manual for the Electronic Case Filing System can be found at http://www.nysb.uscourts.gov, the official website for the Court), and served so as to be actually received no later than **October 27, 2021 at 4:00 p.m. (Eastern Prevailing Time)** (the "Objection Deadline"), upon the parties on the Master Service List.

**PLEASE TAKE FURTHER NOTICE** that if no Objections are timely filed and served with respect to the Motion, the relief requested shall be deemed unopposed, and the Court may enter an order granting the relief sought without a hearing.

**PLEASE TAKE FURTHER NOTICE** that the Bankruptcy Court has entered General Order M-543 in order to protect public health, and in recognition of the national emergency that was declared by the President of the United States on March 13, 2020, the Bankruptcy Court has ordered all hearings to be conducted telephonically. If you wish to appear at, or attend, the hearing, please refer to the Bankruptcy Judge's guidelines for telephonic appearances at www.nysb.uscourts.gov and make arrangements with Court Solutions LLC at (646)-760-4600 or https://www.court-solutions.com.

**PLEASE TAKE FURTHER NOTICE** that copies of the Motion and Case Management Order may be obtained free of charge by visiting the website of Omni Agent Solutions at http://www.omniagentsolutions.com. You may also obtain copies of any pleadings by visiting the Court's website at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.

Dated: October 7, 2021

*/s/ Beth E. Levine*
Bradford J. Sandler, Esq.
Shirley S. Cho, Esq.
Beth E. Levine, Esq.
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 34th Floor
New York, NY 10017
Telephone: (212) 561-7700
Facsimile: (212) 561-7777

*Counsel to the Plan Administrator*

Hearing Date and Time: November 3, 2021, at 10:00 a.m. (prevailing Eastern Time)
Response Deadline: October 27, 2021, at 4:00 p.m. (prevailing Eastern Time)

Bradford J. Sandler, Esq.
Shirley S. Cho, Esq.
Beth E. Levine, Esq.
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 34th Floor
New York, NY 10017
Telephone: (212) 561-7700
Facsimile: (212) 561-7777
Email:   bsandler@pszjlaw.com
         scho@pszjlaw.com
         blevine@pszjlaw.com

*Counsel to the Plan Administrator*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | Chapter 11 |
| **HSP LIQUIDATION, LLC, et al.,**[1] | Case No. 19-11608 (MEW) |
| | Jointly Administered |
| **Debtors.** | |

**PLAN ADMINISTRATOR'S MOTION FOR ENTRY OF AN ORDER FURTHER EXTENDING THE PERIODS TO FILE OBJECTIONS TO CLAIMS**

Drivetrain, LLC, in its capacity as Plan Administrator (the "Plan Administrator") acting on behalf of HSP Liquidation, LLC and its affiliated post-effective date debtors (collectively, the "Post-Effective Date Debtors"), hereby submits this motion (the "Motion") for entry of an order (i) further extending the Administrative Claims Objection Bar Date (as defined below), and

---

[1] The Post-Effective Date Debtors in these chapter 11 cases, along with the last four digits of each Post-Effective Date Debtor's federal tax identification number are: Dream II Holdings, LLC (7915); HHFH Liquidation, LLC (2063); HSP Liquidation, LLC (2143); PCF Liquidation, LLC (1445); HSPK Liquidation, LLC (4119); PCFC Liquidation, LLC (3119); and HSPC Liquidation Limited (3477).

DOCS_LA:339889.2

(ii) extending the Claims Objection Bar Date (also defined below),[2] and respectfully represents as follows:

### Jurisdiction

1. The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated January 31, 2012. The Plan Administrator confirms its consent, pursuant to rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

### Background

3. On September 5, 2019, the Court entered its Findings of Fact, Conclusions of Law, and Order Confirming Debtors' Modified First Amended Joint Plan Pursuant to Chapter 11 of the Bankruptcy Code [Docket No. 356] (the "Confirmation Order") confirming the Plan.

4. On September 13, 2019, the Effective Date of the Plan occurred. *See Notice of (I) Entry Confirmation Order, (II) Occurrence of Effective Date, and (III) Related Bar Dates* [Docket No. 371] (the "Effective Date Notice").

---

[2] All capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the *Debtors' Modified First Amended Joint Plan Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 356, Exhibit 1] (the "Plan").

2

DOCS_LA:339889.2

5.  Pursuant to the Plan, the Plan Administrator was appointed on the Effective Date and is responsible for, among other things, " . . . wind[ing] down the Debtors' businesses and affairs . . . and administer[ing] the liquidation of the Post-Effective Date Debtors and any assets held by the Wind-Down Trust . . . ." *See* Plan at Article IV.D. This includes the authority "to File, withdraw, or litigate to judgment objections to Claims or Interests." *Id.* at Article VII.B.

6.  On October 15, 2019, the Administrative Claims Bar Date occurred. *See* Plan, at Article I.A.10; Effective Date Notice. As of the date hereof, approximately 190 Administrative Claims in the asserted aggregate amount of approximately $22.5 million have been filed against the Post-Effective Date Debtors.

7.  The Plan provides that the Administrative Claims Objection Bar Date is the later of (a) 60 days after the Effective Date (*i.e.*, November 12, 2019) and (b) 60 days after the filing of the applicable request for payment of the Administrative Claims; provided that the Administrative Claims Objection Bar Date may be extended by the Bankruptcy Court after notice and a hearing. *See* Plan, at Article I.A.10.

8.  The Plan further provides that the Claims Objections Bar Date (for all claims other than Administrative Claims or Rejection Claims) (together with the Administrative Claims Objection Bar Date, the "Claims Objection Deadlines") is the later of: (a) the first Business Day following 180 days after the Effective Date (*i.e.*, March 11, 2020); and (b) such later date as may be fixed by the Bankruptcy Court, after notice and a hearing . . . . *See* Plan, at Article I.A.34.

9.  To date, over 590 general unsecured claims in the asserted aggregate amount of approximately $222.2 million have been filed against the Post-Effective Date Debtors.

3

10. The Plan Administrator has filed several motions to extend the Claims Objection Deadlines, the most recent of which was the *Plan Administrator's Motion for Entry of an Order Further Extending the Period to File Objections to Claims* [Docket No. 533] (the "Fifth Extension Motion"). On May 3, 2021, the Court entered an Order granting the Fifth Extension Motion [Docket No. 538], extending the Claims Objection Deadlines from May 5, 2021 to November 1, 2021 (the "Current Claims Objection Deadline").

11. As described in greater detail in paragraph 16 below, since its appointment, the Plan Administrator has made significant progress in reviewing, analyzing, negotiating, and objecting to the asserted Claims. Since the Fifth Extension Motion, the Plan Administrator has negotiated several agreements to resolve claims on a consensual basis which are in process of being memorialized, and is in active negotiations with multiple creditors to resolve additional disputed claims. The Plan Administrator seeks a further extension of the Claims Objection Deadlines so that it will have sufficient time to complete its review of the Claims.

**Relief Requested**

12. The Plan Administrator respectfully requests that the Court further extend the Claims Objection Deadlines by one hundred and eighty (182)[3] days to May 2, 2022, without prejudice to the ability of the Plan Administrator to request further extensions.

**Basis for Relief**

13. The Court has the express authority to extend the Claims Objection Deadlines. *See* Plan, at Article I.A.10 ("[T]he Administrative Claims Objection Bar Date may be extended by the

---

[3] The 180th day falls on a Saturday.

4

DOCS_LA:339889.2

Bankruptcy Court after notice and a hearing."); Plan, at Article I.A.34 ("[T]he Claims Objection Bar Date . . . may be fixed by the Bankruptcy Court, after notice and a hearing . . ."). Further, Bankruptcy Rule 9006(b) provides that the Court may "for cause shown at any time in its discretion" extend a deadline "if the request therefore is made before the expiration" of such deadline. Fed. R. Bankr. P. 9006(b)(1). Additionally, the Court has the inherent power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 96-97 (2d Cir. 2012) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)).

14.     The authority to extend the Claims Objection Deadlines is consistent with the Court's broad authority under sections 1142(b) and 105(a) of the Bankruptcy Code to issue orders necessary for the consummation of the Plan or to carry out the provisions of the Bankruptcy Code. *See Adelphia Bus. Solutions, Inc. v. Abnos*, 482 F.3d 602, 609 (2d Cir. 2007) ("Section 105(a) grants broad equitable power to the bankruptcy courts to carry out the provisions of the Bankruptcy Code so long as that power is exercised within the confines of the Bankruptcy Code."); *In re Oversight & Control Comm'n of Avanzit, S.A.*, 385 B.R. 525, 535 (Bankr. S.D.N.Y. 2008) ("The bankruptcy court retains jurisdiction under 11 U.S.C. § 1142(b) . . . and it has 'continuing responsibilities to satisfy itself that the [p]lan is being properly implemented.'") (internal citations omitted).

15.     Since the Effective Date, the Plan Administrator has assumed all responsibilities for the administration of the Post-Effective Date Debtors' affairs that were previously undertaken by the Debtors in Possession prior to the Effective Date and has dedicated considerable time and

effort to a multitude of tasks, including, without limitation, (a) familiarizing itself with the assets, liabilities and unfinished business of the estates, (b) overseeing closings of remaining operations, (c) coordinating case administration with the Canadian Information Officer in respect of the CCAA proceedings, (d) analyzing claims, and (e) engaging in related sale transition, plan implementation, and wind down activities.

16. Although the Plan Administrator and its professionals are in the process of reviewing and analyzing the merits of the asserted Claims, they have not had a sufficient opportunity to complete this comprehensive and time-consuming task. To date, the Plan Administrator has filed three omnibus claims objections and two notices of satisfaction of claims, expunging approximately 105 Claims and reducing or reclassifying 57 others. Furthermore, the Plan Administrator will shortly be filing a fourth omnibus objection seeking to expunge approximately fifty-four claims and to modify four others, and a fifth omnibus objection seeking to reduce certain additional claims. The Plan Administrator and its professionals continue to review and analyze the Claims and the Debtors' books and records to reconcile such claims and determine whether and the extent to which they are valid and are continuing to negotiate settlements with certain claimants. Extending the deadlines will provide the Plan Administrator additional time to complete this review. The Plan Administrator believes that a further extension of the Claims Objection Deadlines is in the best interests of all parties in interest. The extension is not sought for improper dilatory purposes and will not unduly prejudice any claimants who have filed Claims.

**Notice**

17.     The Plan Administrator has provided notice of this Motion upon the parties on the Master Service List.  The Plan Administrator submits that, in light of the nature of the relief requested, no other or further notice need be given.

**No Prior Request**

18.     Except as set forth in Paragraph 10, above, no prior request for the relief sought in this Motion has been made to this or any other Court.

**Conclusion**

WHEREFORE the Plan Administrator respectfully requests the entry of the Order, substantially in the form annexed hereto as **Exhibit 1**, further extending the Administrative Claims Objection Bar Date and the Claims Objection Bar Date to and including May 2, 2022, and for such other and further relief as the Court deems appropriate.

Dated: October 7, 2021

                                   PACHULSKI STANG ZIEHL & JONES LLP

                                   */s/ Beth E. Levine*
                                   Robert J. Feinstein, Esq.
                                   Bradford J. Sandler, Esq.
                                   Beth E. Levine, Esq.
                                   780 Third Avenue, 34th Floor
                                   New York, New York 10017
                                   Telephone:  (212) 561-7700
                                   Facsimile:  (212) 561-7777

                                   *Counsel to the Plan Administrator*

DOCS_LA:339889.2

# **Exhibit 1**

(Proposed Order)

Bradford J. Sandler, Esq.
Shirley S. Cho, Esq.
Beth E. Levine, Esq.
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 34th Floor
New York, NY  10017
Telephone:  (212) 561-7700
Facsimile:   (212) 561-7777
Email:     bsandler@pszjlaw.com
           scho@pszjlaw.com
           blevine@pszjlaw.com

*Counsel to the Plan Administrator*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| HSP LIQUIDATION, LLC, et al.,[1] | : | Case No. 19-11608 (MEW) |
| | : | Jointly Administered |
| Debtors. | : | |

**ORDER FURTHER EXTENDING**
**THE PERIODS TO FILE OBJECTIONS TO CLAIMS**

Upon the motion (the "Motion")[2] of the Plan Administrator, on behalf of the Post-Effective Date Debtors, for entry of an order (this "Order"), pursuant to sections 105(a) and 1142(b) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9006(b) of the Federal Rules of Bankruptcy Procedure to further extend the Administrative Claims Objection Bar Date and extend the Claims Objection Bar Date, as more fully described in the Motion; and this Court having

---

[1] The Post-Effective Date Debtors in these chapter 11 cases, along with the last four digits of each Post-Effective Date Debtor's federal tax identification number are:  Dream II Holdings, LLC (7915); HHFH Liquidation, LLC (2063); HSP Liquidation, LLC (2143); PCF Liquidation, LLC (1445); HSPK Liquidation, LLC (4119); PCFC Liquidation, LLC (3119); and HSPC Liquidation Limited (3477).

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated January 31, 2012; and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that the venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Plan Administrator's notice of the Motion and opportunity for a hearing thereon were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. The Claims Objection Deadlines are extended to and including May 2, 2022.

3. This Order is without prejudice to the Plan Administrator's right to request further extension(s) of the Claims Objection Deadlines.

4. The Plan Administrator is authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

5. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

New York, New York
Dated: _____, 2021

                                                THE HONORABLE MICHAEL E. WILES
                                                UNITED STATES BANKRUPTCY JUDGE