Bradford J. Sandler, Esq.
Shirley S. Cho, Esq.
Beth E. Levine, Esq.
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 34th Floor
New York, NY  10017
Telephone:  (212) 561-7700
Facsimile:  (212) 561-7777
Email:    bsandler@pszjlaw.com
          scho@pszjlaw.com
          blevine@pszjlaw.com

*Counsel to the Plan Administrator*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
                                                            :
**In re**                                                   :    **Chapter 11**
                                                            :
**HSP LIQUIDATION, LLC, et al.,**[1]                        :    **Case No. 19-11608 (MEW)**
                                                            :
                                                            :    **Jointly Administered**
         **Debtors.**                                       :
------------------------------------------------------------x

**STIPULATION AND AGREED ORDER RESOLVING
ORACLE AMERICA, INC.'S REQUEST FOR ALLOWANCE AND
PAYMENT OF CHAPTER 11 ADMINISTRATIVE EXPENSES, AS AMENDED**

This stipulation (the "Stipulation") is made between Drivetrain, LLC, in its capacity as the trustee and administrator of the Wind-Down Trust[2] (the "Plan Administrator"), acting on behalf of HSP Liquidation, LLC (f/k/a Hollander Sleep Products, LLC), and its affiliated post-effective date debtors (collectively, the "Post-Effective Date Debtors" and before the Effective Date of the Plan, the "Debtors") on the one hand and Oracle America, Inc. and Oracle Credit Corporation ("Oracle") on

---

[1] The Post-Effective Date Debtors in these chapter 11 cases, along with the last four digits of each Post-Effective Date Debtor's federal tax identification number are:  Dream II Holdings, LLC (7915); HHFH Liquidation, LLC (2063); HSP Liquidation, LLC (2143); PCF Liquidation, LLC (1445); HSPK Liquidation, LLC (4119); PCFC Liquidation, LLC (3119); and HSPC Liquidation Limited (3477).

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Plan.

the other hand (the Plan Administrator and Oracle, collectively, the "Parties"), by and through the undersigned counsel.

## RECITALS

**WHEREAS**, on May 19, 2019, Hollander Sleep Products, LLC and its affiliated Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Cases") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"); and

**WHEREAS**, on September 3, 2019, the Debtors filed the *Debtors' Modified First Amended Joint Plan Pursuant to Chapter 11 of the Bankruptcy Code* (the "Plan") [Docket No. 346]; and

**WHEREAS**, on September 5, 2019, the Court entered the *Findings of Fact, Conclusions of Law, and Order Confirming the Debtors' Modified First Amended Joint Plan Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 356]; and

**WHEREAS**, on September 13, 2019, the Effective Date occurred; and

**WHEREAS**, on September 13, 2019, the Debtors filed the *Fourth Amended Plan Supplement for the Debtors' Modified First Amended Joint Plan Pursuant to Chapter 11 of the Bankruptcy Code*, which included the Wind-Down Trust Agreement at Exhibit G (the "Wind-Down Trust") [Docket No. 370]; and

**WHEREAS,** pursuant to the Wind-Down Trust Agreement, Drivetrain, LLC was appointed as the trustee and administrator of the Wind-Down Trust in its capacity as the Plan Administrator; and

**WHEREAS**, pursuant to Article IV.D of the Plan, the Plan Administrator is responsible for resolving Claims; and

2

**WHEREAS**, on July 26, 2019, Oracle filed a proof of claim identified as claim number 313 ("Claim 313") on the Claims Register asserting a non-priority general unsecured claim in the amount of $725,377.25 against Debtor Hollander Sleep Products, LLC on account of prepetition services.

**WHEREAS**, on October 8, 2019, Oracle filed a proof of claim identified as claim number 407 ("Claim 407") on the Claims Register, which superseded and amended Claim 313, asserting a non-priority general unsecured claim in the amount of $1,011,626.97 against Debtor Hollander Sleep Products, LLC on account of rejection damages.

**WHEREAS**, on October 15, 2019, Oracle filed a *Request for Allowance and Payment of Chapter 11 Administrative Expenses* [Docket No. 407], as amended on February 17, 2021 [Docket No. 523] (the "Administrative Expense Request"), seeking payment of an administrative expense claim in the amount of $155,570.20.

**WHEREAS**, the Plan Administrator and Oracle have agreed to resolve all disputes regarding the Administrative Expense Request on the terms and conditions set forth in this Stipulation.

## STIPULATION

**NOW, THEREFORE,** in consideration of the foregoing, the Parties hereby agree and stipulate as follows:

1. The foregoing recitals are hereby fully incorporated into and made an express part of this Stipulation.

2. This Stipulation is made expressly contingent upon approval of and entry by the Bankruptcy Court and, should the Stipulation not be approved and entered, the Parties will be deemed to have returned to their respective positions immediately prior to the execution of this Stipulation with all rights and privileges reserved.

3. In full and complete satisfaction of the Administrative Expense Request, Oracle shall receive an allowed administrative expense claim in the reduced amount of $14,000.00 (the "Allowed Administrative Claim"). Oracle agrees that it shall not be entitled to, and waives the right to, receive any distribution on Administrative Expense Request other than the Allowed Administrative Claim.

4. Claim 407 shall be reduced by $14,000 and allowed in the amount of $997,626.97 (the "Allowed Unsecured Claim").

5. The Allowed Administrative Claim and the Allowed Unsecured Claim shall be paid to Oracle in accordance with the Plan.

6. This Stipulation shall be binding upon, and shall inure to the benefit of each of, the Plan Administrator, the Post-Effective Date Debtors, Oracle, and each of their respective agents, employees, representatives, assigns, successors in interest, and attorneys, and shall be binding and effective.

7. Oracle represents that it has not transferred any claim (or any portion thereof) that is the subject of this Stipulation.

8. Each of the Parties shall be responsible for its respective costs and expenses (including, without limitation, attorneys' fees and expenses) incurred by it in negotiating, drafting, and executing this Stipulation and shall not be responsible for the payment of any such fees or expenses incurred by any other party hereto.

9. This Stipulation constitutes the entire agreement between the Parties and may not be amended or modified in any manner except by a writing signed by both of the Parties or their counsel and approved by the Bankruptcy Court.

10. This Stipulation shall be governed by and construed in accordance with the laws of the State of New York without regard to any law concerning the conflicts of laws.

11. Each Party and signatory to this Stipulation represents and warrants to each other Party that such Party or signatory has full power, authority, and legal right and has obtained all approvals and consents necessary to execute, deliver, and perform all actions required under this Stipulation and, where applicable, has obtained all authority, approvals, and consents necessary to act on behalf of another Party to execute, deliver, and perform all actions required under this Stipulation.

12. The Bankruptcy Court shall retain exclusive jurisdiction to hear and finally determine all disputes arising from or related to this Stipulation, including the performance of the Parties' obligations hereunder and the interpretation of this Stipulation. The Parties each consent to the Bankruptcy Court hearing and finally determining all such disputes. Further, the Parties each agree to waive trial by jury in an action, proceeding, or counterclaim brought by or on behalf of the Parties hereto with respect to any such dispute.

Dated: November 17, 2021

**DRIVETRAIN, LLC**

*/s/ Shirley S. Cho*
Bradford J. Sandler, Esq.
Shirley S. Cho, Esq.
Beth E. Levine, Esq.
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 34th Floor
New York, NY  10017
Telephone:  (212) 561-7700
Email:    bsandler@pszjlaw.com
              scho@pszjlaw.com
              blevine@pszjlaw.com

*Counsel to the Plan Administrator
Drivetrain, LLC*

Dated: November 17, 2021

**ORACLE AMERICA, INC. and ORACLE CREDIT CORPORATION**

*/s/ Amish R. Doshi*

Amish R. Doshi, Esq.
**DOSHI LEGAL GROUP, P.C.**
1979 Marcus Avenue, Suite 210E
Lake Success, New York 11042
Telephone: (516) 622-2335
E-Mail: amish@doshilegal.com

Shawn M. Christianson, Esq.
BUCHALTER, A Professional Corporation
55 Second Street, Suite 1700
San Francisco, CA 94105-3493
Telephone: (415) 227-3575
Email:    schristianson@buchalter.com

*Counsel for Oracle America, Inc. and Oracle Credit Corporation*

**SO ORDERED:**

November 29, 2021

**s/Michael E. Wiles**
HONORABLE MICHAEL E. WILES
UNITED STATES BANKRUPTCY JUDGE

6