Bradford J. Sandler, Esq.
Shirley S. Cho, Esq.
Beth E. Levine, Esq.
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 34th Floor
New York, NY  10017
Telephone:  (212) 561-7700
Facsimile:  (212) 561-7777
Email:      bsandler@pszjlaw.com
            scho@pszjlaw.com
            blevine@pszjlaw.com

*Counsel to the Plan Administrator*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
                                    :
**In re**                           :          **Chapter 11**
                                    :
**HSP LIQUIDATION, LLC, et al.,[1]** :          **Case No. 19-11608 (MEW)**
                                    :
                                    :          **Jointly Administered**
              **Debtors.**          :
------------------------------------------------------------x

## NOTICE OF OBJECTION TO FILED PROOFS OF CLAIM AND DEADLINE BY WHICH A RESPONSE MUST BE FILED WITH THE BANKRUPTCY COURT

**PLEASE TAKE NOTICE THAT** Drivetrain, LLC, in its capacity as Plan Administrator (the "Plan Administrator") acting on behalf of HSP Liquidation, LLC and its affiliated post-effective date debtors (collectively, the "Post-Effective Date Debtors" and before the Effective Date of the Plan, the "Debtors"),[2] is objecting to your Claim(s) by the attached objection (the "Objection").

**YOU SHOULD LOCATE YOUR NAME AND YOUR CLAIM(S) ON THE SCHEDULES ATTACHED HERETO. PLEASE TAKE NOTICE THAT, AS A RESULT OF THE OBJECTION, YOUR CLAIM(S) MAY BE DISALLOWED, EXPUNGED, OR OTHERWISE AFFECTED. THEREFORE, PLEASE READ THIS NOTICE AND THE ACCOMPANYING OBJECTION VERY**

---

[1] The Post-Effective Date Debtors in these chapter 11 cases, along with the last four digits of each Post-Effective Date Debtor's federal tax identification number are:  Dream II Holdings, LLC (7915); HHFH Liquidation, LLC (2063); HSP Liquidation, LLC (2143); PCF Liquidation, LLC (1445); HSPK Liquidation, LLC (4119); PCFC Liquidation, LLC (3119); and HSPC Liquidation Limited (3477).

[2] All capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Objection.

**CAREFULLY AND DISCUSS THEM WITH YOUR ATTORNEY.  IF YOU DO
NOT HAVE AN ATTORNEY, YOU MAY WISH TO CONSULT ONE.**

## Important Information Regarding the Objection

Grounds for the Objection.  By the Objection, the Plan Administrator is seeking to disallow or modify your Claim(s) listed in the schedules attached to the accompanying Objection on the grounds that your Claim(s): (i) has/have been amended and superseded by one or more claims subsequently filed by, or on behalf of, the same claimant in respect of the same liabilities; (ii) (a) is/are substantively duplicative of other claims filed on account of the same liability, (b) is/are duplicative but have certain differences that do not ultimately affect the relief sought, and/or (c) assert the same liability against multiple Debtors based upon joint and several liabilities and/or guarantees; (iii) either (a) failed to provide sufficient documentation to support the amount of the claim, (b) showed a record of indebtedness that is not reflected on the Debtors' books and records, and/or (c) seek(s) recovery of amounts for which the Debtors are not liable; and/or (iv) failed to provide sufficient documentation to support the asserted priority or asserted a priority not supported under the Bankruptcy Code.  The Claims subject to the Objection may be found on the schedules attached to the Objection, copies of which have been provided with this notice.

Objection Procedures.  On December 16, 2019, the United States Bankruptcy Court for the Southern District of New York (the "Court") entered an order [Docket No. 445] (the "Procedures Order") approving procedures for filing and resolving objections to Claims asserted against the Debtors in the chapter 11 cases (the "Objection Procedures").  Please review the Objection Procedures to ensure your response to the Objection, if any, is timely and correctly filed and served.

## Resolving the Objection

Resolving the Objections.  To facilitate the consensual resolution of the Objection, certain of the Plan Administrator's personnel and advisors will be available to discuss and potentially resolve the Objection to disputed Claims without the need for filing a formal response or attending a hearing.  To facilitate such a discussion, please contact Beth E. Levine, Esq. of Pachulski Stang Ziehl & Jones LLP, counsel to the Plan Administrator, by (i) emailing blevine@pszjlaw.com or (ii) calling (212) 561-7700 within twenty-one (21) calendar days after the date of this notice. Please have your Proof(s) of Claim and any related material available for such discussions.

Parties Required to File a Response.  If you are not able to consensually resolve the Objection filed with respect to your Claim as set forth above, you must file a response (each, a "Response") with the Court in accordance with the procedures described below.

Response Contents.  Each Response must contain the following (at a minimum):

a.    a caption stating the name of the Court, the name of the Debtors, the case number, the title of the Objection to which the Response is directed, and, if applicable, the Proof of Claim number(s) related thereto from the Claims Register;

b.       a concise statement setting forth the reasons why the Court should not grant the Objection with respect to such Claim, including the factual and legal bases upon which the claimant will rely in opposing the Objection;

c.       a copy of any other documentation or other evidence of the Claim, to the extent not already included with the Claim, upon which the claimant will rely in opposing the Objection; *provided, however*, that the claimant need not disclose confidential, proprietary, or otherwise protected information in the Response; *provided further, however*, that the claimant shall disclose to the Plan Administrator all information and provide copies of all documents that the claimant believes to be confidential, proprietary, or otherwise protected and upon which the claimant intends to rely in support of its Claim, subject to appropriate confidentiality constraints; and

d.       the following contact information for the responding party:

    i.       the name, address, telephone number, and email address of the responding claimant or the name, address, telephone number, and email address of the claimant's attorney or designated representative to whom the attorneys for the Plan Administrator should serve a reply to the Response, if any; or

    ii.       the name, address, telephone number, and email address of the party with authority to reconcile, settle, or otherwise resolve the Objection on the claimant's behalf.

    <u>Notice and Service</u>.  Your Response must be filed with the Court and served so as to be *actually received* **by 4:00 p.m. (prevailing Eastern Time) on April 5, 2022** (the "<u>Response Deadline</u>") by the following parties:

| Plan Administrator | Counsel to the Plan Administrator | United States Trustee |
|---|---|---|
| Drivetrain, LLC<br>410 Park Avenue, Suite 900<br>New York, NY 10022<br>Attn: Marc D. Rosenberg | Pachulski Stang Ziehl & Jones LLP<br>780 Third Avenue, 34th Floor<br>New York, NY 10017<br>Attn: Beth E. Levine<br><br>-and-<br><br>Pachulski Stang Ziehl & Jones LLP<br>10100 Santa Monica Blvd.<br>13th Floor<br>Los Angeles, CA 90067<br>Attn: Shirley S. Cho | Office of the United States<br>Trustee for the Southern<br>District of New York<br>201 Varick Street, Suite 1006<br>New York, NY 10014<br>Attn: Shannon Scott, Esq. |

<u>Failure to Respond</u>.  A Response that is not filed and served by the Response Deadline in accordance with the procedures set forth herein may not be considered by the Court at the Hearing. **Absent reaching an agreement with the Plan Administrator resolving the Objection to a Claim, failure to timely file and serve a Response as set forth herein may result in the Court granting the Objection without further notice or hearing.**  Upon entry of an order, affected creditors will be served with a notice of entry, and a copy, of the order.

## Hearing on the Objection

<u>Date, Time, and Location</u>.  A hearing (the "<u>Hearing</u>") on the Objection will be held on **April 26, 2022 at 10:00 a.m.** prevailing Eastern Time, before the Honorable Michael E. Wiles, United States Bankruptcy Judge for the Southern District of New York, in Courtroom 617 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, NY 10014.  The hearing may be adjourned to a subsequent date in these cases in the Court's or Plan Administrator's discretion.  **You must attend the Hearing if you disagree with the Objection and have filed a Response.**  If such Claims cannot be resolved and a hearing is determined to be necessary, the Plan Administrator shall file with the Court and serve on the affected claimants a notice of the hearing, to the extent the Plan Administrator did not file a notice of hearing previously.

<u>Discovery</u>.  If the Plan Administrator determines that discovery is necessary in advance of a hearing on an Objection, the Plan Administrator will serve notice on the affected claimant and its counsel of record that the scheduled hearing will be treated as a status conference during which the parties will request that the Court issue a scheduling order to facilitate dismissal or resolution of the litigation.  Such notice may be incorporated into the initial agenda letter for the hearing, or may be provided by separate notice.  In accordance with Local Bankruptcy Rule 9014-2, the first hearing on any Objection contested with respect to a particular Claim will not be an evidentiary hearing and there is no need for any witnesses to appear at such a hearing unless otherwise ordered by the Court in accordance with Local Bankruptcy Rule 9014-2.

## Additional Information

<u>Additional Information</u>.  Copies of these procedures, the Objection, or Procedures Order or any other pleadings (the "<u>Pleadings</u>") filed in the chapter 11 cases are available for free online at the website of Omni Agent Solutions at http://www.omniagentsolutions.com/hollander.  You may also obtain copies of any of the Pleadings filed in the chapter 11 cases for a fee via PACER at http://www.nysb.uscourts.gov.

## Reservation of Rights

**NOTHING IN ANY OBJECTION OR OBJECTION NOTICE IS OR SHALL BE DEEMED TO CONSTITUTE A WAIVER OF ANY RIGHTS OF THE DEBTORS, POST-EFFECTIVE DATE DEBTORS, OR PLAN ADMINSTRATOR, AS APPLICABLE, TO DISPUTE ANY CLAIMS, ASSERT COUNTERCLAIMS, RIGHTS OF OFFSET OR RECOUPMENT, DEFENSES, OBJECT TO CLAIMS (OR OTHER CLAIMS OR CAUSES OF ACTION OF A CLAIMANT) ON ANY GROUNDS NOT PREVIOUSLY RAISED IN AN OBJECTION, UNLESS THE COURT HAS ALLOWED A CLAIM OR ORDERED OTHERWISE, OR SEEK TO ESTIMATE ANY CLAIM AT A LATER DATE. AFFECTED PARTIES WILL BE PROVIDED APPROPRIATE NOTICE THEREOF AT SUCH TIME.**

Dated:  March 15, 2022

*/s/ Beth E. Levine*
Bradford J. Sandler, Esq.
Shirley S. Cho, Esq.
Beth E. Levine, Esq.
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 34th Floor
New York, NY  10017
Telephone:  (212) 561-7700
Facsimile:  (212) 561-7777

*Counsel to the Plan Administrator*

Bradford J. Sandler, Esq.
Shirley S. Cho, Esq.
Beth E. Levine, Esq.
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 34th Floor
New York, NY 10017
Telephone: (212) 561-7700
Facsimile: (212) 561-7777
Email:    bsandler@pszjlaw.com
              scho@pszjlaw.com
              blevine@pszjlaw.com

*Counsel to the Plan Administrator*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x
                                                  :
In re                                          :          **Chapter 11**
                                                  :
**HSP LIQUIDATION, LLC, et al.,**[1]      :          **Case No. 19-11608 (MEW)**
                                                  :
                                                  :          **Jointly Administered**
              **Debtors.**                  :
-------------------------------------------------------------x

### NOTICE OF HEARING ON PLAN ADMINISTRATOR'S
### FOURTH OMNIBUS OBJECTION TO CERTAIN CLAIMS (AMENDED, DUPLICATE, MULTI-DEBTOR, NO LIABILITY AND MODIFY)

**PLEASE TAKE NOTICE** that on March 15, 2022, Drivetrain, LLC, in its capacity as

Plan Administrator (the "Plan Administrator") acting on behalf of HSP Liquidation, LLC and its

affiliated post-effective date debtors (collectively, the "Post-Effective Date Debtors" and before

the Effective Date of the Plan, the "Debtors"), has filed the *Plan Administrator's Fourth Omnibus*

*Objection to Certain Claims (Amended, Duplicate, Multi-Debtor, No Liability and Modify)* (the

---

[1] The Post-Effective Date Debtors in these chapter 11 cases, along with the last four digits of each Post-Effective Date Debtor's federal tax identification number are: Dream II Holdings, LLC (7915); HHFH Liquidation, LLC (2063); HSP Liquidation, LLC (2143); PCF Liquidation, LLC (1445); HSPK Liquidation, LLC (4119); PCFC Liquidation, LLC (3119); and HSPC Liquidation Limited (3477).

"Objection").  A hearing on the Objection will be held before the Honorable Michael E. Wiles of

the United States Bankruptcy Court for the Southern District of New York (the "Court"), in Room

617, One Bowling Green, New York, New York 10004-1408 on **April 26, 2022 at 10:00 a.m.**

**(prevailing Eastern Time)** (the "Hearing").

 **PLEASE TAKE FURTHER NOTICE** that any responses to the Objection (each, a

"Response") must be made in writing; shall conform to the Federal Rules of Bankruptcy Procedure

(the "Bankruptcy Rules"), the Local Rules of the Bankruptcy Court (the "Local Rules"), and the

omnibus claim objection procedures approved by the Bankruptcy Court in the *Order (I) Approving*

*(A) Omnibus Claims Objection Procedures and (B) Omnibus Claims Satisfaction Procedures and*

*(II) Authorizing the Plan Administrator to File Substantive Omnibus Objections to Claims*

*Pursuant to Bankruptcy Rule 3007(c) and (d)* [Docket No. 445] (the "Objection Procedures");

shall be filed with the Bankruptcy Court with a hard copy delivered to Chambers, and served so

as to be actually received on the day that is twenty-one (21) calendar days from the date the

Objection is served (the "Response Date") by the following parties:

 (a) Plan Administrator, Drivetrain, LLC, 410 Park Avenue, Suite 900, New York, NY 10022, Attn: Marc D. Rosenberg;

 (b) Counsel to the Plan Administrator: (i) Pachulski Stang Ziehl & Jones, LLP, 780 Third Avenue, 34th Floor, New York, New York 10017, Attn: Beth E. Levine and (ii) Pachulski Stang Ziehl & Jones LLP, 10100 Santa Monica Blvd., 13th Floor, Los Angeles, California 90067, Attn: Shirley S. Cho;

 (c) United States Trustee: Office of the United States Trustee for the Southern District of New York, 201 Varick Street, Suite 1006, New York, New York 10014, Attn: Shannon Scott; and

 (d) all parties that have filed a request to receive service of court filings pursuant to Bankruptcy Rule 2002.

 **PLEASE TAKE FURTHER NOTICE** that if no Responses are timely filed and served

with respect to the Objection, the Plan Administrator shall, on or after the Response Date, submit to

the Court an order substantially in the form annexed as **Exhibit A** to the Objection, which order
the Court may enter without further notice or opportunity to be heard.

PLEASE TAKE FURTHER NOTICE that the Hearing may be continued or adjourned
thereafter from time to time without further notice other than an announcement of the adjourned
date or dates in open court at the Hearing.

PLEASE TAKE FURTHER NOTICE that copies of the Objection and Objection
Procedures may be obtained free of charge by visiting the website of Omni Agent Solutions, at
https://www.omniagentsolutions.com/hollander.  You may also obtain copies of any pleadings by
visiting the Court's website at http://www.nysb.uscourts.gov in accordance with the procedures
and fees set forth therein.

Dated:  March 15, 2022                    PACHULSKI STANG ZIEHL & JONES LLP


                                          */s/ Beth E. Levine*
                                          _____
                                          Bradford J. Sandler, Esq.
                                          Shirley S. Cho, Esq.
                                          Beth E. Levine, Esq.
                                          780 Third Avenue, 34th Floor
                                          New York, New York 10017
                                          Telephone: (212) 561-7700
                                          Facsimile: (212) 561-7777

                                          *Counsel to the Plan Administrator*

Bradford J. Sandler, Esq.
Shirley S. Cho, Esq.
Beth E. Levine, Esq.
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 34th Floor
New York, NY  10017
Telephone:  (212) 561-7700
Facsimile:  (212) 561-7777
Email:     bsandler@pszjlaw.com
           scho@pszjlaw.com
           blevine@pszjlaw.com

*Counsel to the Plan Administrator*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------x

| | | |
|---|---|---|
| | : | |
| **In re** | : | **Chapter 11** |
| | : | |
| **HSP LIQUIDATION, LLC, et al.,**[1] | : | **Case No. 19-11608 (MEW)** |
| | : | |
| | : | **Jointly Administered** |
| **Debtors.** | : | |

----------------------------------------------------------------x

**PLAN ADMINISTRATOR'S**
**FOURTH OMNIBUS OBJECTION TO CERTAIN CLAIMS (AMENDED,**
**DUPLICATE, MULTI-DEBTOR, NO LIABILITY AND MODIFY)**

---

> **THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE OR**
> **MODIFY IN AMOUNT AND/OR CLASS CERTAIN FILED PROOFS**
> **OF CLAIM.**
>
> **CLAIMANTS RECEIVING THIS OBJECTION SHOULD**
> **LOCATE THEIR NAMES AND CLAIMS ON SCHEDULE 1**
> **THROUGH SCHEDULE 5 TO**
> **EXHIBIT A ATTACHED TO THIS OBJECTION.**

---

[1] The Post-Effective Date Debtors in these chapter 11 cases, along with the last four digits of each Post-Effective Date Debtor's federal tax identification number are:  Dream II Holdings, LLC (7915); HHFH Liquidation, LLC (2063); HSP Liquidation, LLC (2143); PCF Liquidation, LLC (1445); HSPK Liquidation, LLC (4119); PCFC Liquidation, LLC (3119); and HSPC Liquidation Limited (3477).

Drivetrain, LLC, in its capacity as plan administrator (the "Plan Administrator") acting on behalf of HSP Liquidation, LLC, and its affiliated post-effective date debtors (collectively, the "Post-Effective Date Debtors" and before the Effective Date of the Plan, the "Debtors"), files this omnibus objection (the "Objection") to certain claims identified on **Schedule 1**, **Schedule 2**, **Schedule 3**, **Schedule 4**, and **Schedule 5** to **Exhibit A** attached hereto (collectively, the "Disputed Claims") and seeks entry of an order (the "Proposed Order"), substantially in the form annexed hereto as **Exhibit A**, (1) disallowing and expunging the claims listed on **Schedule 1** to **Exhibit A** (the "Amended Claims") that have been amended and superseded by one or more subsequently filed claims by, or on behalf of, the same claimant in respect of the same liabilities; (2) disallowing and expunging the claims listed on **Schedule 2** to **Exhibit A** (the "Duplicate Claims") because such claims are duplicative of other Proofs of Claim filed by or on behalf of the same claimant (or a successor thereto) in respect of the same liabilities, or that are duplicative but have certain differences; (3) disallowing and expunging the claims listed on **Schedule 3** to **Exhibit A** (the "Multi-Debtor Claims") because such claims assert the same liability against multiple Debtors based upon joint and several liabilities and/or guarantees; (4) disallowing and expunging the claims listed on **Schedule 4** to **Exhibit A** (the "No Liability Claims") that (i) failed to provide sufficient documentation to support the amount of the claim, and/or (ii) showed a record of indebtedness that is not reflected on the Debtors' books and records, and/or (iii) seek(s) recovery of amounts for which the Debtors are not liable; and (5) reclassifying and modifying the claims listed on **Schedule 5** to **Exhibit A** (the "Modified Claims") because such claims either: (i) failed to provide sufficient documentation to support the asserted priority or asserted a priority not supported under the Bankruptcy Code; or (ii) either failed to provide sufficient documentation to support the amount of the claim, or showed a record of indebtedness that is not reflected on the Debtors' books

and records; in each case pursuant to section 502(b) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the objection procedures (the "Objection Procedures") approved pursuant to the *Order (I) Approving (A) Omnibus Claims Objection Procedures and (B) Omnibus Claims Satisfaction Procedures and (II) Authorizing the Plan Administrator to File Substantive Omnibus Objections to Claims Pursuant to Bankruptcy Rule 3007(c) and (d)* [Docket No. 445] (the "Objection Procedures Order").  In support of this Objection, the Plan Administrator submits the Declaration of Marc D. Rosenberg (the "Rosenberg Declaration"), attached hereto as **Exhibit B**.  In further support of this Objection, the Plan Administrator respectfully states as follows:

### Jurisdiction

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2) and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated December 1, 2016.  The Plan Administrator confirms its consent, pursuant to Bankruptcy Rule 7008, to the entry of a final order by the Court in connection with this Objection to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.      Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The bases for the relief requested herein are sections 105(a) and 502 of the Bankruptcy Code, Bankruptcy Rule 3007, Rule 9013-1 of the Local Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local Bankruptcy Rules"), and the Objection Procedures Order.

**Background**

4.      On September 5, 2019, the Court entered its *Findings of Fact, Conclusions of Law, and Order Confirming Debtors' Modified First Amended Joint Plan Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 356] confirming the Plan.

5.      On September 13, 2019, the Effective Date of the Plan occurred.  *See Notice of (I) Entry Confirmation order, (II) Occurrence of Effective Date, and (III) Related Bar Dates* [Docket No. 371].

6.      Pursuant to the Plan, the Plan Administrator was appointed on the Effective Date and was authorized "to implement the Plan and to make distributions thereunder and wind down the businesses and affairs of the Debtors and Post-Effective Date Debtors."  *See* Plan at Article IV.D.  This includes the authority "to file, withdraw, or litigate to judgment objections to Claims or Interests."  *Id.* At Article VII.B.

7.      On December 16, 2019, the Court entered the Objection Procedures Order.

**Relief Requested**

8.      By this Objection, the Plan Administrator seeks entry of the Proposed Order pursuant to section 502(b) of the Bankruptcy Code, Bankruptcy Rule 3007, and the Objection Procedures: (1) disallowing and expunging the Amended Claims listed on **Schedule 1** to **Exhibit A** because such claims have been amended and superseded by one or more subsequently filed claims by, or on behalf of, the same claimant in respect of the same liabilities; (2)  disallowing and expunging the Duplicate Claims listed on **Schedule 2** to **Exhibit A** because such claims are (i) substantively duplicative of other claims filed on account of the same liability or (ii) duplicative but have certain differences that do not ultimately affect the relief sought; (3) disallowing and expunging the Multi-Debtor Claims listed on **Schedule 3** to **Exhibit A** because such claims assert the same liability against multiple Debtors based upon joint and several liabilities and/or

guarantees; (4) disallowing and expunging the No Liability Claims listed on **Schedule 4** to

**Exhibit A** because such claims seek recovery of amounts that have either (i) failed to provide

sufficient documentation to support the amount of the claim or (ii) showed a record of indebtedness

that is not reflected on the Debtors' books and records; (5) reclassifying and modifying the

Modified Claims listed on **Schedule 5** to **Exhibit A** because such claims either: (i) failed to provide

sufficient documentation to support the asserted priority and/or asserted a priority not supported

under the Bankruptcy Code; or (ii) either failed to provide sufficient documentation to support the

amount of the claim or showed a record of indebtedness that is not reflected on the Debtors' books

and records.

### The Claims Reconciliation Process

9.      On June 21, 2019, each of the Debtors filed their respective schedules of

assets and liabilities (as amended from time to time, the "Schedules") pursuant to Bankruptcy Rule

1007 and the *Order (I) Extending Time to File Schedules of Assets and Liabilities, Schedules of

Current Income and Expenditures, Schedules of Executory Contracts and Unexpired Leases,

Statements of Financial Affairs, and Rule 2015.3 Financial Reports* [Docket No. 52].

10.      On June 21, 2019, the Court entered an order [Docket No. 120] establishing

certain dates and deadlines for filing proofs of claim (each, a "Proof of Claim" and collectively,

"Proofs of Claim") in these chapter 11 cases.   Specifically, among other things, the Court

established the following dates (the "Bar Dates"):   (a) July 29, 2019, at 5:00 p.m.  prevailing

Eastern Time as the deadline for all persons and entities, other than governmental units, asserting

a Claim (as defined in section 101(5) of the Bankruptcy Code) against the Debtors that arose on

or prior to the Petition Date, including claims pursuant to section 503(b)(9) of the Bankruptcy

Code, to file written proof of such claim (the "Claims Bar Date"); and (b) November 15, 2019, at

5:00 p.m. prevailing Eastern Time, as the last date and time for each such governmental unit to

file Proofs of Claims against any Debtor (the "<u>Governmental Claims Bar Date</u>").  To date, over 693 Proofs of Claim have been filed against the Debtors in the aggregate approximate amount of $302 million.

11.     Pursuant to the Plan, "on or after the Claims Bar Date or the Administrative Claims Bar Date,[2] as appropriate, a Claim may not be filed or amended without the prior authorization of the Bankruptcy Court or the Plan Administrator.  Absent such authorization, any new or amended Claim Filed shall be deemed disallowed in full and expunged without any further notice to or action, order, or approval of the Bankruptcy Court to the maximum extent provided by applicable law".  *See* Plan VII.G.

## **Objection**

12.     Pursuant to section 502(a) of the Bankruptcy Code, a filed proof of claim is deemed allowed unless a party in interest objects thereto.[3]  Following a thorough review of the Proofs of Claim filed by the applicable Bar Date, the Plan Administrator has determined that the Disputed Claims should be disallowed and expunged for the reasons described below.  To ease the administrative burden on this Court and the Post-Effective Date Debtors during the claims reconciliation process, the Plan Administrator submits this Objection in an omnibus fashion, in accordance with the Bankruptcy Rules and the Objection Procedures.  If the Disputed Claims are not disallowed and expunged or modified, the potential exists for the relevant claimants to receive an unwarranted recovery against the Debtors, to the detriment of other similarly-situated creditors.  Accordingly, the Plan Administrator seeks the entry of the Proposed Order attached hereto as **Exhibit A**.

---

[2] October 15, 2019, as defined in the *Notice of (I) Entry of Confirmation Order, (II) Occurrence of Effective Date, and (III) Related bar Dates* [Docket No. 371]

[3] *See* 11 U.S.C. § 502(a).

A.    **Amended Claims**

13.    As set forth in more detail on **Schedule 1** to the Proposed Order, the Plan Administrator objects to the Amended Claims because the Plan Administrator has determined that the Amended Claims have been amended and superseded by subsequently filed Proofs of Claim by the same claimant on account of the same liability reflected in the column labeled "Surviving Claim Number" (the "Surviving Claims").  Any disallowance or expungement of the Amended Claims will not affect the Surviving Claims, which will remain on the Debtors' register of claims (the "Claims Register") unless withdrawn by the applicable claimants or disallowed by the Court, subject to the Plan Administrator's right to object to such claims in the future on any grounds permitted by applicable law.  Accordingly, the Plan Administrator requests that the Court disallow and expunge the Amended Claims from the Claims Register.

14.    Disallowance of these Claims will enable the Claims Register to reflect more accurately the Claims asserted against the Post-Effective Date Debtors.  Accordingly, out of an abundance of caution, the Plan Administrator requests that the Court disallow and expunge the Amended Claims from the Debtors' Claims Register.

B.    **Duplicate Claims**

15.    As set forth in more detail on **Schedule 2** to the Proposed Order, the Plan Administrator objects to the Duplicate Claims because the Plan Administrator has determined that the Duplicate Claims are duplicative of other Proofs of Claim filed by or on behalf of the same claimant (or a successor thereto) in respect of the same liabilities from the Proofs of Claim reflected in the column labeled Duplicate Surviving Claim Number (the "Duplicate Surviving Claims") on **Schedule 2**.  Any disallowance or expungement of the Duplicate Claims will not affect the Duplicate Surviving Claims, which will remain on the Claims Register unless withdrawn by the

applicable claimants or disallowed by the Court, subject to the Plan Administrator's right to object to such claims in the future on any grounds permitted by applicable law. Failure to disallow the Duplicate Claims may result in a double recovery to the claimants. Moreover, disallowance of these Claims will enable the Claims Register to reflect more accurately the Claims asserted against the Post-Effective Date Debtors.

## C.    **Multi-Debtor Claims**

16.    As set forth in more detail on **Schedule 3** to the Proposed Order, the Plan Administrator objects to the Multi-Debtor Claims because the Plan Administrator has determined that the Multi-Debtor Claims are duplicative of other Proofs of Claim filed by or on behalf of the same claimant (or a successor thereto) in respect of the same liabilities, and are identical in nature but asserted against multiple Debtors, as the Proofs of Claim reflected in the column labeled Surviving Debtor Claim Number (the "Surviving Debtor Claims") on **Schedule 3**.

17.    Furthermore, pursuant to Article VI B. of the Plan, ". . . all guarantees by any Debtor of the obligations of any other Debtor, as well as any joint and several liability of any Debtor with respect to any other Debtor, shall be deemed eliminated so that any obligation that could otherwise be asserted against more than one Debtor shall result in a single distribution under the Plan . .". *See* Plan VI.B.

18.    Any disallowance or expungement of the Multi-Debtor Claims will not affect the Surviving Debtor Claims, which will remain on the Claims Register unless withdrawn by the applicable claimants or disallowed by the Court, subject to the Plan Administrator's right to object to such claims in the future on any grounds permitted by applicable law. Failure to disallow the Multi-Debtor Claims may result in a double recovery to the claimants. Moreover,

disallowance of these Claims will enable the Claims Register to reflect more accurately the Claims asserted against the Post-Effective Date Debtors.

**D.    No Liability Claims**

19.    As set forth in more detail on **Schedule 4** to the Proposed Order, the Plan Administrator objects to the No Liability Claims because the Plan Administrator has determined that the obligations asserted in the No Liability Claims are claims that seek recovery of amounts that have been satisfied and paid, or either (i) failed to provide sufficient documentation to support the amount of the claim or showed a record of indebtedness that is not reflected on the Debtors' books and records, and/or (ii) seek(s) recovery of amounts for which the Debtors are not liable

20.    Accordingly, to prevent an unwarranted recovery by the claimants asserting the No Liability Claims to the detriment of other creditors, the Plan Administrator requests that the Court disallow and expunge the No Liability Claims from the Claims Register.

**E.    Claims to Be Modified in Class and/or Amount**

21.    As set forth in more detail on **Schedule 5** to the Proposed Order, the Plan Administrator objects to the Modified Claims because the Plan Administrator has determined that each Modified Claim: (i) failed to provide sufficient documentation to support the asserted priority of the claim, or asserted a priority that is not supported under the Bankruptcy Code, and/or (ii) either failed to provide sufficient documentation to support the amount of the claim or showed a record of indebtedness that is not reflected on the Debtors' books and records.  Failure to reclassify and or modify the amount of the Modified Claims could result in the relevant claimant receiving an unwarranted recovery against the Debtors.  Accordingly, the Plan Administrator respectfully requests entry of an order reclassifying and modifying the amount of each Modified

Claim as a Claim with the modified priority and/or modified amount as identified in the column labeled "Modified Total" on **Schedule 5** to the Proposed Order.

**Compliance with the Objection Procedures and the Bankruptcy Rules**

22.     The Plan Administrator respectfully states that the content of this Objection is in compliance with the Bankruptcy Rules and the Objection Procedures for the following reasons:

a.     This Objection conspicuously states on the first page the following (emphasis original): "**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE AND/OR MODIFY CERTAIN FILED PROOFS OF CLAIM. CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES AND CLAIMS ON SCHEDULE 1, SCHEDULE 2, SCHEDULE 3, SCHEDULE 4, AND/OR SCHEDULE 5, TO EXHIBIT A ATTACHED TO THIS OBJECTION.**"[4]

b.     This Objection states the title and identity of the objecting party (the Plan Administrator) and states the grounds for the Objection;[5]

c.     Pursuant to the Bankruptcy Rules and the Objection Procedures, the Plan Administrator is authorized to file this Objection on the grounds that the Disputed Claims: (i) have been amended by subsequently filed proofs of claim; (ii) duplicate other claims; (iii) are inconsistent with the Debtors' books and records; (iv) fail to sufficiently specify the basis for the Claim; (v) fail to provide sufficient documentation in support of such Claim or are incorrectly or improperly classified; or (vi) were filed after the Bar Dates;[6]

d.     Each schedule to the Proposed Order includes only the claims to which there is a common basis for the Objection;[7] and

e.     Claimants subject to this Objection are listed in alphabetical order by claimant name.[7]

23.     The Plan Administrator further respectfully states that notice and service of this Objection will be in compliance with the Bankruptcy Rules for the following reasons:

a.     The Objection will be filed with the Court and served upon (i) the affected claimant party set forth on each Proof of Claim subject to this Objection or

---

[4] *See* Fed. R. Bankr. P. 3007(e)(1).
[5] *See* Fed. R. Bankr. P. 3007(e)(4).
[6] *See* Fed. R. Bankr. P. 3007(d)(1)-(6); Objection Procedures ¶¶ (1)(a) – (k).
[7] *See* Fed. R. Bankr. P. 3007(e)(2); Objection Procedures ¶ 4.

its attorney of record, (ii) the U.S. Trustee, and (iii) parties that have filed a request for service of papers under Bankruptcy Rule 2002;[8]

b.    With respect to service on claimants affected by this Objection, the Plan Administrator will also serve each such claimant with an objection notice to address the particular creditor, claim, and objection;[9] and

c.    This Objection will be set for hearing at least 30 days after the filing of this Objection.[10]

### **Reservation of Rights**

24.    This Objection is limited to the grounds stated herein.  Accordingly, it is without prejudice to the rights of the Plan Administrator or any other party in interest to object to any of the Disputed Claims (to the extent not disallowed and expunged pursuant to this Objection) on any grounds whatsoever, and the Plan Administrator expressly reserves all further substantive or procedural objections he may have.

### **Notice**

25.    The Plan Administrator has provided notice of this Objection to: (a) each affected claimant party set forth on the Proofs of Claim and their respective attorneys of record, if any; (b) the Office of the United States Trustee for the Southern District of New York, 201 Varick Street, Suite 1006, New York, New York 10014, Attn: Shannon Scott; and (c) all parties that have filed a request to receive service of court filings pursuant to Bankruptcy Rule 2002.

---

[8] *See* Fed. R. Bankr. P. 2002, 3007(a).
[9] *See* Objection Procedures ¶ 5; Fed. R. Bankr. P. 3007(e).
[10] *See* Fed. R. Bankr. P. 3007(a).

WHEREFORE, for the reasons stated in the Objection, the Plan Administrator respectfully requests that the Court sustain the Objection and grant such other relief as the Court deems just and proper.

Dated:  March 15, 2022

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Beth E. Levine*

Bradford J. Sandler, Esq.
Shirley S. Cho, Esq.
Beth E. Levine, Esq.
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 34th Floor
New York, NY  10017
Telephone:  (212) 561-7700
Facsimile:  (212) 561-7777

*Counsel to the Plan Administrator*

## EXHIBIT A

### Proposed Order

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
                                  :

In re                         :          **Chapter 11**

                                  :

**HSP LIQUIDATION, LLC, et al.,**[1]    :          **Case No. 19-11608 (MEW)**

                                  :

                                  :          **Jointly Administered**

             **Debtors.**          :

---------------------------------------------------------------x

**ORDER GRANTING PLAN ADMINISTRATOR'S
FOURTH OMNIBUS OBJECTION TO CERTAIN CLAIMS (AMENDED,
DUPLICATE, MULTI-DEBTOR, NO LIABILITY AND MODIFY)**

Upon the objection (the "Objection")[2] of the Plan Administrator for entry of an order (this

"Order") modifying the claims identified on **Schedule 1**, **Schedule 2**, **Schedule 3**, **Schedule 4** and

**Schedule 5** hereto (collectively, the "Disputed Claims") in each case pursuant to section 502(b) of

the Bankruptcy Code, Bankruptcy Rule 3007, and the Objection Procedures, all as more fully set

forth in the Objection; and upon the Rosenberg Declaration; and the Court having found that it has

jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing*

*Order of Reference from the United States District Court for the Southern District of New York*,

dated December 1, 2016, and the Court having found that this is a core proceeding pursuant to 28

U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Objection in

this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the

relief requested in the Objection is in the best interests of the Post-Effective Date Debtors,

creditors, and other parties in interest; and the Court having found that the Plan Administrator

---

[1] The Post-Effective Date Debtors in these chapter 11 cases, along with the last four digits of each Post-Effective Date Debtor's federal tax identification number are:  Dream II Holdings, LLC (7915); HHFH Liquidation, LLC (2063); HSP Liquidation, LLC (2143); PCF Liquidation, LLC (1445); HSPK Liquidation, LLC (4119); PCFC Liquidation, LLC (3119); and HSPC Liquidation Limited (3477).

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Objection.

provided appropriate notice of the Objection and the opportunity for a hearing on the Objection under the circumstances; and the Court having reviewed the Objection; and the Court having determined that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.    The Objection is sustained to the extent set forth herein.

2.    Each Amended Claim identified on **Schedule 1** attached hereto is hereby disallowed and expunged in its entirety.  The Surviving Claims identified on **Schedule 1** will remain on the Claims Register and such Claims are neither allowed nor disallowed at this time, subject, however, to any future objection on any basis.  Nothing contained herein shall constitute, nor shall it be deemed to constitute, the allowance of any of the Surviving Claims.

3.    Each Duplicate Claim identified on **Schedule 2** attached hereto is hereby disallowed and expunged in its entirety.  The Duplicate Surviving Claims identified on **Schedule 2** will remain on the Claims Register and such Claims are neither allowed nor disallowed at this time, subject, however, to any future objection on any basis.  Nothing contained herein shall constitute, nor shall it be deemed to constitute, the allowance of any of the Duplicate Surviving Claims.

4.    Each Multi-Debtor Claims identified on **Schedule 3** attached hereto is hereby disallowed and expunged in its entirety.  The Surviving Debtor Claims identified on **Schedule 3** will remain on the Claims Register and such Claims are neither allowed nor disallowed at this time, subject, however, to any future objection on any basis.  Nothing contained herein shall constitute, nor shall it be deemed to constitute, the allowance of any of the Surviving Debtor Claims.

5.      Each No Liability Claim identified on **Schedule 4** attached hereto is hereby disallowed and expunged in its entirety.

6.      Each Modified Claim identified on **Schedule 5** attached hereto is hereby modified in class and amount as identified in the column entitled "Modified Total" on **Schedule 5** attached hereto.

7.      Omni Agent Solutions, the Debtors' noticing and claims agent, is authorized to update the Claims Register to reflect the relief granted in this Order.

8.      Entry of this Order is without prejudice to the Plan Administrator's right to object to any other Claims in these chapter 11 cases or to further object to the Disputed Claims (to the extent they are not disallowed and expunged pursuant to this Order) on any grounds whatsoever, at a later date.

9.      Each Disputed Claim and the Objection by the Plan Administrator to each Disputed Claim as addressed in the Objection and as identified in **Schedule 1**, **Schedule 2**, **Schedule 3**, **Schedule 4**, and **Schedule 5** attached hereto constitutes a separate contested matter as contemplated by Bankruptcy Rule 9014.  This Order shall be deemed a separate order with respect to each Disputed Claim.  Any stay of this Order shall apply only to the contested matter which involves such creditor and shall not act to stay the applicability or finality of this Order with respect to the other contested matters covered hereby.

10.     The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

11.     The Plan Administrator is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Objection.

        12.     This Court retains jurisdiction with respect to all matters arising from or

related to the implementation of this Order.

Dated: _____, 2022

                                      _____
                                        THE HONORABLE MICHAEL E. WILES
                                        UNITED STATES BANKRUPTCY JUDGE

**SCHEDULE 1**

**(Amended Claims)**

## Schedule 1

*Amended & Superseded Claims*
*The Basis for Proposed Disallowance is Further Discussed in Paragraph 13 of the Objection*

| Name of Claimant | Debtor | Date Claim Filed | Claim Number | Asserted Claim Amount | | | Basis for Proposed Disallowance | Surviving Claim Number | Date Surviving Claim Filed | Surviving Claim Amount | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | Administrative | Unsecured | Total | | | | Administrative | Unsecured | Total |
| 660 National Turnpike, LLC c/o Nelson Mullins Riley & Scarborough LLP Attn: Lee B. Hart 201 17th St. NW, Suite 1700 Atlanta, GA 30363 | Hollander Sleep Products, LLC | 07/26/2019 | 307 | | $48,409.02 | **$48,409.02** | Claim has been amended and superseded by Claim No. 417. | 417[1] | 12/7/2019 | | $3,929,987.75 | **$3,929,987.75** |
| 660 National Turnpike, LLC c/o Nelson Mullins Riley & Scarborough LLP Attn: Lee B. Hart 201 17th St. NW, Suite 1700 Atlanta, GA 30363 | Dream II Holdings, LLC | 7/26/2019 | 20 | | $48,409.02 | **$48,409.02** | Claim has been amended and superseded by Claim No. 417. | 28[1] | 12/27/2019 | | $3,929,987.75 | **$3,929,987.75** |
| Be Be Jan Colours Limited Attn: Muhammad Rashid Square No. 07, Chak No. 204 Rb City: Faisalabad Pakistan | Hollander Sleep Products, LLC | 06/01/2019 | 21 | | $1,153,102.13 | **$1,153,102.13** | Claim has been amended and superseded by Claim No. 22. | 224 | 7/18/2019 | | $171,752.30 | **$171,752.30** |
| Be Be Jan Colours Limited Attn: Usman Ehsan Ellahi Square No. 07, Chak No. 204 Rb, City: Faisalabad Pakistan | Hollander Sleep Products, LLC | 06/03/2019 | 22 | | $1,153,102.13 | **$1,153,102.13** | Claim has been amended and superseded by Claim No. 224 | 224 | 7/18/2019 | | $171,752.30 | **$171,752.30** |
| USTeleCenters Attn: James Mullins 140 Wood Rd, Ste 200 Braintree, MA 02184 | Hollander Sleep Products, LLC | 07/16/2019 | 213 | | $205,043.50 | **$205,043.50** | Claim has been amended and superseded by Claim No. 217. | 217 | 7/17/2019 | $24,252.70 | $180,790.80 | **$205,043.50** |
| Waste Management of Pennsylvania, Inc. Attn: Bankruptcy Dept / Jacquolyn Hatfield-Mills 1001 Fannin St Houston, TX 77002 | Hollander Home Fashions Holdings, LLC | 07/24/2019 | 8 | | $24,371.17 | **$24,371.17** | Claim has been amended and superseded by Claim No. 16. | 16 | 7/25/2019 | | $25,926.75 | **$25,926.75** |

[1] This claim is also included on Schedule 3 - Multiple Debtor Claims

**SCHEDULE 2**

**(Duplicate Claims)**

## Schedule 2

*Duplicate Claims*
*The Basis for Proposed Disallowance is Further Discussed in Paragraph 15 of the Objection*

| Name of Claimant | Debtor | Date Claim Filed | Claim Number | Asserted Claim Amount | | Basis for Proposed Disallowance | Duplicate Surviving Claim Number | Surviving Claim Amount | |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| | | | | Unsecured | Total | | | Unsecured | Total |
| ABM International, Inc.<br>Attn: Amber Riley<br>P.O. Box 1820<br>Montgomery, TX 77356 | Hollander Sleep Products, LLC | 06/03/2019 | 27 | $6,141.40 | **$6,141.40** | Claim is duplicative of Surviving Claim. | 157 | $6,141.40 | **$6,141.40** |
| DemandPDX, LLC<br>Attn: Chris Bergemann<br>10335 SE Quail Ridge Dr<br>Happy Valley, OR 97086 | Hollander Sleep Products, LLC | 06/05/2019 | 35 | $27,144.60 | **$27,144.60** | Claim is duplicative of Surviving Claim. | 39 | $27,144.60 | **$27,144.60** |
| Discount Two Way Radio Corporation<br>Attn: Rosangela Rocha<br>555 W Victoria St<br>Rancho Dominguez, CA 90220 | Hollander Sleep Products, LLC | 06/19/2019 | 108 | $283.47 | **$283.47** | Claim is duplicative of Surviving Claim. | 110 | $283.47 | **$283.47** |
| Dusobox Corporation<br>Attn: Rebecca Irish<br>2501 Investors Row Ste. 500<br>Orlando, FL 32837 | Hollander Sleep Products, LLC | 08/20/2019 | 391 | $207,381.94 | **$207,381.94** | Claim is duplicative of Surviving Claim. | 392 | $207,381.94 | **$207,381.94** |
| Exim Engineering, Inc.<br>c/o Coface North America Insurance Company<br>Attn: Amy Schmidt<br>650 College Rd E, Ste 2005<br>Princeton, NJ 08540 | Hollander Sleep Products, LLC | 07/01/2019 | 152 | $13,904.40 | **$13,904.40** | Claim is duplicative of Surviving Claim. | 154 | $13,904.40 | **$13,904.40** |
| Graf Metallic of America, LLC<br>Attn: David Erickson<br>104 Belton Dr<br>Spartanburg, SC 29301 | Hollander Sleep Products, LLC | 06/07/2019 | 69 | $47,190.52 | **$47,190.52** | Claim is duplicative of Surviving Claim. | 378 | $47,190.52 | **$47,190.52** |
| Gupton Services Inc<br>Attn: Thomas A. Gupton<br>134 Horner St<br>Henderson, NC 27536 | Hollander Sleep Products, LLC | 06/13/2019 | 97 | $7,396.26 | **$7,396.26** | Claim is duplicative of Surviving Claim. | 179 | $7,396.26 | **$7,396.26** |
| OPOL, LLC<br>Attn: Matthew Mays<br>10821 Plantside Dr, Ste 102<br>Louisville, KY 40299 | Hollander Sleep Products, LLC | 06/07/2019 | 48 | $4,505.00 | **$4,505.00** | Claim is duplicative of Surviving Claim. | 215 | $4,505.00 | **$4,505.00** |

## Schedule 2

*Duplicate Claims*
*The Basis for Proposed Disallowance is Further Discussed in Paragraph 15 of the Objection*

| Name of Claimant | Debtor | Date Claim Filed | Claim Number | Asserted Claim Amount | | Basis for Proposed Disallowance | Duplicate Surviving Claim Number | Surviving Claim Amount | |
|---|---|---|---|---|---|---|---|---|---|
| | | | | Unsecured | Total | | | Unsecured | Total |
| ROSENTHAL & ROSENTHAL Attn: Anthony Ditirro 1370 Broadway New York, NY 10018 | Pacific Coast Feather Cushion, LLC | 07/22/2019 | 20 | $81,714.76 | **$81,714.76** | Claim is duplicative of Surviving Claim. | 64 | $81,714.76 | **$81,714.76** |
| Stewardship Ontario c/o Canadian Stewardship Services Alliance 1 St Clair Ave W 7th Fl Toronto, ON  M4V lk6 Canada | Hollander Sleep Products, LLC | 07/12/2019 | 197 | $18,930.12 | **$18,930.12** | Claim is duplicative of Surviving Claim. | 237 | $18,930.12 | **$18,930.12** |
| Waste Management Attn: Jacqudyn Mills 1001 Jannin Houston, TX 77002 | Hollander Home Fashions Holdings, L | 07/25/2019 | 16 | $25,976.75 | **$25,976.75** | Claim is duplicative of Surviving Claim. | 17 | $25,976.75 | **$25,976.75** |

**SCHEDULE 3**

**(Multi-Debtor Claims)**

**Schedule 3**

*Multiple Debtor Claims*
*The Basis for Proposed Disallowance is Further Discussed in Paragraphs 16 and 17 of the Objection*

| Name of Claimant | Debtor | Date Claim Filed | Claim Number | Asserted Claim Amount | | Basis for Proposed Disallowance | Surviving Debtor Claim Number | Surviving Debtor | Surviving Claim Amount | |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | Unsecured | Total | | | | Unsecured | Total |
| 660 National Turnpike, LLC c/o Nelson Mullins Riley & Scarborough LLP Attn: Lee B. Hart 201 17th St. NW, Suite 1700 Atlanta, GA 30363 | Dream II Holdings, LLC | 07/26/2019 | 28[1] | $3,929,987.75 | **$3,929,987.75** | Pursuant to Article VI B. of the Plan, ". . . all guarantees by any Debtor of the obligations of any other Debtor, as well as any joint and several liability of any Debtor with respect to any other Debtor, shall be deemed eliminated so that any obligation that could otherwise be asserted against more than one Debtor shall result in a single distribution under the Plan . . ". | 417 | Hollander Sleep Products, LLC | $3,929,987.75 | **$3,929,987.75** |

1  This claim is also included on Schedule 1 - Amended Claims

**SCHEDULE 4**

**(No Liability Claims)**

**Schedule 4**

*No Liability Claims*

*The Basis for Proposed Disallowance is Further Discussed in Paragraph 19 of the Objection*

| Name of Claimant | Asserted Debtor | Date Claim Filed | Claim Number | Asserted Claim Amount | | | | | | Basis for Disallowance |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | Secured | Admin | Priority | 503(b)(9) | Unsecured | Total | |
| Franchise Tax Board<br>Bankruptcy Section MS A340<br>Attn: Anthony Franklin<br>P.O. Box 2952<br>Sacramento, CA 95812-2952 | Pacific Coast Feather, LLC | 9/20/2019 | 92 | | | | | Unliquidated | Unliquidated | No liability pursuant to the Debtors' books and records. No supporting documentation. |
| Franchise Tax Board<br>c/o Bankruptcy Section MS A340<br>Attn: Rebecca Estonilo<br>P.O. Box 2952<br>Sacramento, CA 95812-2952 | Hollander Home Fashions Holdings, LLC | 10/23/2019 | 27 | | | | | Unliquidated | Unliquidated | No liability pursuant to the Debtors' books and records. No supporting documentation. |
| Franchise Tax Board<br>c/o Bankruptcy Section MS A340<br>Attn: Rebecca Estonilo<br>P.O. Box 2952<br>Sacramento, CA 95812-2952 | Pacific Coast Feather Cushion, LLC | 10/23/2019 | 33 | | | | | Unliquidated | Unliquidated | No liability pursuant to the Debtors' books and records. No supporting documentation. |
| Google LLC<br>c/o White and Williams LLP<br>Attn: Amy E Vulpio<br>1650 Market St, Fl 18<br>Philadelphia, PA 19103 | Hollander Sleep Products, LLC | 01/13/2020 | 418 | | | | | $59,885.01 | $59,885.01 | Claimant was to have withdrawn Claim 211 - instead filed identical claim amending Claim 211. No liability pursuant to the Debtors' books and records. |
| Google LLC<br>c/o White and Williams LLP<br>Attn: Amy E Vulpio<br>1650 Market St, Fl 18<br>Philadelphia, PA 19103 | Hollander Sleep Products, LLC | 07/16/2019 | 211 | | | | | $59,885.01 | $59,885.01 | Claim has been satisfied. All cure objections and administrative payment requests have been withdrawn [Docket No. 446] |
| Google LLC<br>c/o White and Williams LLP<br>Attn: Amy E Vulpio, Esq.<br>1650 Market St, Fl 18<br>Philadelphia, PA 19103 | Pacific Coast Feather, LLC | 07/16/2019 | 52 | | | | | $142,947.86 | $142,947.86 | Contract assumed and cure of $0 paid. No liability pursuant to the Debtors' books and records. |
| Joseph T. Crawford as representative of Selling Shareholders<br>c/o Perkins Coie LLP<br>Attn: John S. Kaplan<br>1201 Third Ave, Ste 4900<br>Seattle, WA 98007 | Hollander Sleep Products, LLC | 07/26/2019 | 310 | | | | | Unliquidated | Unliquidated | Claim is for equity. No liability pursuant to the Debtors' books and records. No supporting documentation. |

**Schedule 4**

*No Liability Claims*
*The Basis for Proposed Disallowance is Further Discussed in Paragraph 19 of the Objection*

| Name of Claimant | Asserted Debtor | Date Claim Filed | Claim Number | Asserted Claim Amount | | | | | | Basis for Disallowance |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | Secured | Admin | Priority | 503(b)(9) | Unsecured | Total | |
| RAFAEL RODRIGUEZ<br>10876 King Bay Dr<br>Boca Raton, FL 33498 | Dream II Holdings, LLC | 7/19/2019 | 10 | | | | | $ 100,000.00 | $100,000.00 | Claim is for equity.  No liability pursuant to the Debtors' books and records. No supporting documentation. |
| Safety First Insurance Co.<br>c/o Husch Blackwell<br>Attn: Marshall C. Turner<br>190 Carondelet Plaza, Ste 600<br>St Louis, MO 63105 | Dream II Holdings, LLC | 07/18/2019 | 8 | | | | | Unliquidated | Unliquidated | No liability pursuant to the Debtors' books and records. No supporting documentation. |
| Safety National Casualty Corporation<br>c/o Husch Blackwell<br>Attn: Marshall C. Turner<br>190 Carondelet Plaza, Ste 600<br>St Louis, MO 63105 | Dream II Holdings, LLC | 07/18/2019 | 9 | | | | | Unliquidated | **Unliquidated** | No liability pursuant to the Debtors' books and records. No supporting documentation. |
| Safety National Casualty Corporation<br>c/o Husch Blackwell<br>Attn: Marshall C. Turner<br>190 Carondelet Plaza, Ste 600<br>St Louis, MO 63105 | Dream II Holdings, LLC | 7/18/2019 | 9 | | | | | Unliquidated | Unliquidated | No liability pursuant to the Debtors' books and records. No supporting documentation. |
| State of Connecticut Unclaimed Property Division<br>c/o Pullman & Comley LLC<br>Attn: Elizabeth Austin<br>850 Main St<br>Bridgeport, CT 06604 | Pacific Coast Feather Cushion, LLC | 07/22/2019 | 16 | | | | | Unliquidated | **Unliquidated** | No liability pursuant to the Debtors' books and records. No supporting documentation. |
| State of Connecticut Unclaimed Property Division<br>c/o Pullman & Comley LLC<br>Attn: Elizabeth Austin<br>850 Main St<br>Bridgeport, CT 06604 | Hollander Sleep Products Kentucky, LLC | 07/22/2019 | 3 | | | | | Unliquidated | **Unliquidated** | No liability pursuant to the Debtors' books and records. No supporting documentation. |

**Schedule 4**

*No Liability Claims*
*The Basis for Proposed Disallowance is Further Discussed in Paragraph 19 of the Objection*

| Name of Claimant | Asserted Debtor | Date Claim Filed | Claim Number | Asserted Claim Amount | | | | | | Basis for Disallowance |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | Secured | Admin | Priority | 503(b)(9) | Unsecured | Total | |
| State of Connecticut Unclaimed Property Division c/o Pullman & Comley LLC Attn: Elizabeth Austin 850 Main St Bridgeport, CT 06604 | Pacific Coast Feather, LLC | 07/22/2019 | 60 | | | | | Unliquidated | **Unliquidated** | No liability pursuant to the Debtors' books and records. No supporting documentation. |
| State of Connecticut Unclaimed Property Division c/o Pullman & Comley LLC Attn: Elizabeth J. Austin, Esq. 850 Main St Bridgeport, CT 06604 | Hollander Sleep Products, LLC | 07/22/2019 | 246 | | | | | Unliquidated | **Unliquidated** | No liability pursuant to the Debtors' books and records. No supporting documentation. |
| State of Connecticut Unclaimed Property Division State of Connecticut Unclaimed Property Division c/o Pullman & Comley LLC /Attn: Elizabeth Austin 850 Main St Bridgeport, CT 06604 | Hollander Sleep Products Canada Limited | 07/22/2019 | 39 | | | | | Unliquidated | **Unliquidated** | No liability pursuant to the Debtors' books and records. No supporting documentation. |

**SCHEDULE 5**

**(Modified Claims)**

**Schedule 5**

*Modified Claims*
*The Basis for Proposed Disallowance is Further Discussed in Paragraph 21 of the Objection*

| Name of Claimant | Asserted Debtor | Date Claim Filed | Claim Number | Asserted Claim Amount | | | | Basis for Modification | Modified Total | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | Admin | 503(b)(9) | Unsecured | Total | | Admin | 503(b)(9) | Unsecured | Total |
| POLYPACK PACKAGING INC. c/o Locke Lord LLP Attn: Shalom Jacob 200 Vesey St 20th Fl New York, NY 10281 | Hollander Sleep Products Canada Limited | 07/25/2019 | 48 | $2,449.42 | $2,449.42 | $120,063.35 | **$122,512.77** | Admin portion of claim is disallowed as duplicative of 503(b)(9) portion. | $0.00 | $2,449.42 | $120,063.35 | **$122,512.77** |
| POLYPACK PACKAGING INC. Shalom Jacob/Locke Lord LLP 200 Vesey St New York, NY 10281 | Hollander Sleep Products, LLC | 07/25/2019 | 273 | $4,675.00 | $4,675.00 | $30,941.62 | **$35,616.62** | Admin portion of claim is disallowed as duplicative of 503(b)(9) portion. | $0.00 | $4,675.00 | $30,941.62 | **$35,616.62** |
| Printcraft Company, Inc. c/o Robinson, Bradshaw & Hinson, P.A. Attn: David M. Schilli 101 N Tryon St, Ste 1900 Charlotte, NC 28246 | Pacific Coast Feather, LLC | 07/17/2019 | 54 | $16,084.88 | $16,084.88 | $40,585.91 | **$56,670.79** | Admin portion of claim is disallowed as duplicative of 503(b)(9) portion. | $0.00 | $16,084.88 | $40,585.91 | **$56,670.79** |
| Printcraft Company, Inc. c/o Robinson, Bradshaw & Hinson, P.A. Attn: David M. Schilli 101 N Tryon St, Ste 1900 Charlotte, NC 28246 | Hollander Sleep Products, LLC | 07/17/2019 | 218 | $44,800.13 | $44,800.13 | $22,103.05 | **$66,903.18** | Admin portion of claim is disallowed as duplicative of 503(b)(9) portion. | $0.00 | $44,800.13 | $22,103.05 | **$66,903.18** |

**EXHIBIT B**

**Rosenberg Declaration**

Bradford J. Sandler, Esq.
Shirley S. Cho, Esq.
Beth E. Levine, Esq.
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 34th Floor
New York, NY  10017
Telephone:  (212) 561-7700
Facsimile:  (212) 561-7777
Email:    bsandler@pszjlaw.com
          scho@pszjlaw.com
          blevine@pszjlaw.com

*Counsel to the Plan Administrator*


**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------------------x
                                        :
In re                                   :        Chapter 11
                                        :
HSP LIQUIDATION, LLC, et al.,¹          :        Case No. 19-11608 (MEW)
                                        :
                                        :        Jointly Administered
            Debtors.                    :
-------------------------------------------------------------x
```

**DECLARATION OF MARC D. ROSENBERG IN SUPPORT OF PLAN**
**ADMINISTRATOR'S FOURTH OMNIBUS OBJECTION TO CERTAIN CLAIMS**
**(AMENDED, DUPLICATE, MULTI-DEBTOR, NO LIABILITY AND MODIFY)**

I, Marc D. Rosenberg, declare under penalty of perjury as follows, pursuant to the

provisions of 28 U.S.C.  § 1746:

1.      I am an authorized representative of Drivetrain, LLC ("Drivetrain"), the

Plan Administrator, acting on behalf of HSP Liquidation, LLC, and its affiliated post-effective

date debtors.  My business address is 410 Park Avenue, Suite 900, New York, NY 10022.

---

[1] The Post-Effective Date Debtors in these chapter 11 cases, along with the last four digits of each Post-Effective Date Debtor's federal tax identification number are:  Dream II Holdings, LLC (7915); HHFH Liquidation, LLC (2063); HSP Liquidation, LLC (2143); PCF Liquidation, LLC (1445); HSPK Liquidation, LLC (4119); PCFC Liquidation, LLC (3119); and HSPC Liquidation Limited (3477).

2.      As part of my current position in assisting with the Plan Administrator's responsibilities under the Plan, I am responsible for certain claims management and reconciliation matters.  I am generally familiar with the Post-Effective Date Debtors' books and records that reflect, among other things, the Debtors' liabilities and the amount thereof owed to their creditors as of the Petition Date.

3.      I have read the *Fourth Omnibus Objection to Certain Claims (Amended, duplicate, Multi-Debtor, No Liability and Modify)* (the "Objection") [2] and am directly, or by and through the Plan Administrators' advisors and former personnel of the Post-Effective Date Debtors who have been available to support the Plan Administrator and the Post-Effective Date Debtors (the "Transitioned Personnel"), familiar with the information contained therein and the exhibits attached thereto.

4.      I am authorized to submit this declaration (the "Declaration") in support of the Objection.  All matters set forth in this Declaration are based on: (a) my personal knowledge; (b) my review of relevant documents; (c) my view, based on my knowledge of the Post-Effective Date Debtors' books and records, and the Transitioned Personnel; (d) information supplied to me by the Post-Effective Date Debtors and by others at the Post-Effective Date Debtors' request; or (e) as to matters involving United States bankruptcy law or rules or other applicable laws, my reliance upon the advice of counsel or other advisors to the Plan Administrator.  If called upon to testify, I could and would testify competently to the facts set forth herein.

5.      To the best of my knowledge, information and belief, insofar as I have been able to ascertain after reasonable inquiry, considerable time and resources have been expended to

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Objection.

ensure a high level of diligence in reviewing and reconciling the Proofs of Claim filed against the

Debtors in these chapter 11 cases.

6.      Upon a thorough review of the Proofs of Claim filed in these chapter 11

cases and supporting documentation thereto, I have determined that:

a.      the Amended Claims listed on **Schedule 1** to the Proposed Order have been amended and superseded by subsequently filed Proofs of Claim by the same claimant and on account of the same liability as reflected in the column labeled "Surviving Claim Number" on **Schedule 1**.  Accordingly, I believe the Amended Claims listed on **Schedule 1** should be disallowed and expunged in their entirety;

b.      the Duplicate Claims listed on **Schedule 2** to the Proposed Order are duplicative of other Proofs of Claim filed by or on behalf of the same claimant (or a successor) in respect of the same liabilities, or that are duplicative but have certain differences (e.g., a claim identical in nature but asserted against multiple Debtors), as the Proof of Claim reflected in the column labeled "Duplicate Surviving Claim Number" (the "Duplicate Surviving Claims") on **Schedule 2**. Accordingly, I believe the Duplicate Claims listed on **Schedule 2** should be disallowed and expunged in their entirety;

c.      the Multi-Debtor Claims listed on **Schedule 3** to the Proposed Order are duplicative of other Proofs of Claim filed by or on behalf of the same claimant (or a successor) in respect of the same liabilities, and are identical in nature but asserted against multiple Debtors, as the Proof of Claim reflected in the column labeled "Surviving Debtor Claim Number" (the "Surviving Debtor Claims") on **Schedule 3**. Accordingly, I believe the Multi-Debtor Claims listed on **Schedule 3** should be disallowed and expunged in their entirety;

d.      the No Liability Claims listed on **Schedule 4** to the Proposed Order have been satisfied and paid, or either (i) failed to provide sufficient documentation to support the amount of the claim, or (ii) showed a record of indebtedness that is not reflected on the Debtors' books and records, and/or (iii) seek(s) recovery of amounts for which the Debtors are not liable. Accordingly, I believe the No Liability Claims listed on **Schedule 4** should be disallowed and expunged in their entirety;

e.      the Modified Claims listed on Schedule 5 to the Proposed Order (i) failed to provide sufficient documentation to support the asserted priority or (ii) asserted a priority not supported under the Bankruptcy Code.  Accordingly, I believe each Modified Claim should be modified as a Claim with the

modified priority and in the modified amount as identified in the column labeled "Modified Total" on Schedule 5 to the Proposed Order; and

7.      Failure to disallow and expunge or modify, as applicable, the Disputed Claims could result in the relevant claimant receiving an unwarranted recovery against the Debtors, to the detriment of other creditors.  Accordingly, I believe that the Court should grant the relief requested in the Objection.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed on March 15, 2022 at New York, New York.

_/s/ Marc D. Rosenberg_
Marc D. Rosenberg