Hearing Date and Time: April 26, 2022 at 10:00 a.m. (prevailing Eastern Time)
Response Deadline: April 5, 2022 at 4:00 p.m. (prevailing Eastern Time)

Bradford J. Sandler, Esq.
Shirley S. Cho, Esq.
Beth E. Levine, Esq.
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 34th Floor
New York, NY  10017
Telephone:  (212) 561-7700
Facsimile:  (212) 561-7777
Email:     bsandler@pszjlaw.com
           scho@pszjlaw.com
           blevine@pszjlaw.com

*Counsel to the Plan Administrator*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| **HSP LIQUIDATION, LLC, et al.,**[1] | : | Case No. 19-11608 (MEW) |
| | : | |
| | : | Jointly Administered |
| **Debtors.** | : | |

-----------------------------------------------------------x

**NOTICE OF PLAN ADMINISTRATOR'S MOTION FOR ENTRY OF AN
ORDER EXTENDING THE TERM OF THE HOLLANDER WIND-DOWN TRUST**

**PLEASE TAKE NOTICE** that a hearing on the annexed motion (the "Motion") of Drivetrain, LLC, in its capacity as Plan Administrator (the "Plan Administrator") acting on behalf of HSP Liquidation, LLC and its affiliated post-effective date debtors (collectively, the "Post-Effective Date Debtors"), for an extension of the term of the Hollander Wind-Down Trust (the "Trust"), as more fully described in the Motion, will be held before the Honorable Michael E. Wiles of the United States Bankruptcy Court for the Southern District of New York (the "Court"),

---

[1] The Post-Effective Date Debtors in these chapter 11 cases, along with the last four digits of each Post-Effective Date Debtor's federal tax identification number are:  Dream II Holdings, LLC (7915); HHFH Liquidation, LLC (2063); HSP Liquidation, LLC (2143); PCF Liquidation, LLC (1445); HSPK Liquidation, LLC (4119); PCFC Liquidation, LLC (3119); and HSPC Liquidation Limited (3477).

in Room 617, One Bowling Green, New York, New York 10004-1408 on **April 26, 2022 at 10:00 a.m. (Eastern Prevailing Time)** (the "Hearing").

**PLEASE TAKE FURTHER NOTICE** that any responses or objections (each, an "Objection") to the Motion shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York, shall set forth the basis for the Objection and the specific grounds therefore, and shall be filed with the Court electronically in accordance with General Order M-399 by registered users of the Court's case filing system (the User's Manual for the Electronic Case Filing System can be found at http://www.nysb.uscourts.gov, the official website for the Court), and served so as to be actually received no later than **April 5, 2022 at 4:00 p.m. (Eastern Prevailing Time)** (the "Objection Deadline"), upon the parties on the Master Service List.

**PLEASE TAKE FURTHER NOTICE** that if no Objections are timely filed and served with respect to the Motion, the relief requested shall be deemed unopposed, and the Court may enter an order granting the relief sought without a hearing.

**PLEASE TAKE FURTHER NOTICE** that the Bankruptcy Court has entered General Order M-543 in order to protect public health, and in recognition of the national emergency that was declared by the President of the United States on March 13, 2020, the Bankruptcy Court has ordered all hearings to be conducted telephonically. If you wish to appear at, or attend, the hearing, please refer to the Bankruptcy Judge's guidelines for telephonic appearances at www.nysb.uscourts.gov and make arrangements with Court Solutions LLC at (646)-760-4600 or https://www.court-solutions.com.

**PLEASE TAKE FURTHER NOTICE** that copies of the Motion and Case Management Order may be obtained free of charge by visiting the website of Omni Agent Solutions at

1

19-11608-mew    Doc 558    Filed 03/15/22    Entered 03/15/22 20:03:04    Main Document
Pg 3 of 16

http://www.omniagentsolutions.com/Hollander.  You may also obtain copies of any pleadings by visiting the Court's website at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.

Dated:   March 15, 2022

/s/ Beth E. Levine
Bradford J. Sandler, Esq.
Shirley S. Cho, Esq.
Beth E. Levine, Esq.
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 34th Floor
New York, NY  10017
Telephone:  (212) 561-7700
Facsimile:  (212) 561-7777

*Counsel to the Plan Administrator*

2

Hearing Date and Time: April 26, 2022 at 10:00 a.m. (prevailing Eastern Time)
Response Deadline: April 5, 2022 at 4:00 p.m. (prevailing Eastern Time)

Bradford J. Sandler, Esq.
Shirley S. Cho, Esq.
Beth E. Levine, Esq.
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 34th Floor
New York, NY  10017
Telephone:  (212) 561-7700
Facsimile:   (212) 561-7777
Email:    bsandler@pszjlaw.com
              scho@pszjlaw.com
              blevine@pszjlaw.com

*Counsel to the Plan Administrator*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | Chapter 11 |
| **HSP LIQUIDATION, LLC, et al.,**[1] | Case No. 19-11608 (MEW) |
| | Jointly Administered |
| **Debtors.** | |

**PLAN ADMINISTRATOR'S MOTION FOR ENTRY OF AN ORDER
EXTENDING THE TERM OF THE HOLLANDER WIND-DOWN TRUST**

Drivetrain, LLC, in its capacity as Plan Administrator (the "Plan Administrator") acting on behalf of HSP Liquidation, LLC and its affiliated post-effective date debtors (collectively, the "Post-Effective Date Debtors"), hereby submits this motion (the "Motion") for entry of an order pursuant to section 105(a) and 1142 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") extending the term of the Hollander Wind-Down Trust (the "Trust") by eighteen (18) months without

---

[1] The Post-Effective Date Debtors in these chapter 11 cases, along with the last four digits of each Post-Effective Date Debtor's federal tax identification number are:  Dream II Holdings, LLC (7915); HHFH Liquidation, LLC (2063); HSP Liquidation, LLC (2143); PCF Liquidation, LLC (1445); HSPK Liquidation, LLC (4119); PCFC Liquidation, LLC (3119); and HSPC Liquidation Limited (3477).

prejudice to the Plan Administrator's right to seek further extensions. In support of the Motion, the Plan Administrator respectfully states as follows:

**Jurisdiction and Venue**

1. The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated January 31, 2012. The Plan Administrator confirms its consent, pursuant to Bankruptcy Rule 7008, to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

**Background**

3. On September 5, 2019, the Court entered its Findings of Fact, Conclusions of Law, and Order (the "Confirmation Order") Confirming Debtors' Modified First Amended Joint Plan Pursuant to Chapter 11 of the Bankruptcy Code (the "Plan"). *See* Docket No. 356. On September 13, 2019, the Effective Date of the Plan occurred. *See Notice of (I) Entry Confirmation Order, (II) Occurrence of Effective Date, and (III) Related Bar Dates* [Docket No. 371] (the "Effective Date Notice").

4. Pursuant to the Plan, the Plan Administrator was appointed on the Effective Date and is responsible for, among other things, " . . . wind[ing] down the Debtors' businesses and affairs . . . and administer[ing] the liquidation of the Post-Effective Date Debtors and any assets held by the Wind-Down Trust . . . ." *See* Plan at Article IV.D.

1

5. Pursuant to Article VIII Section 8.2 of the Wind-Down Trust Agreement dated September 13, 2019 (the "Trust Agreement") as established by the Plan, the initial termination date of the Trust is three years from the Trust formation date, or September 13, 2022 (the "Termination Date") unless otherwise extended by order of the Bankruptcy Court pursuant to a request filed within six months of the Termination Date.[2] Therefore, this Motion is timely filed.

6. *Wind Down of Operations Generally*. Since the Effective Date, the Plan Administrator has assumed all responsibilities for the administration of the Post-Effective Date Debtors' affairs that were undertaken by the Debtors prior to the Effective Date and has dedicated considerable time and effort to a multitude of tasks, including, without limitation, (a) familiarizing itself with the assets, liabilities, and unfinished business of the estates; (b) overseeing closings of remaining operations; (c) analyzing and reconciling general unsecured, secured, administrative, and priority claims including section 503(b)(9) claims and claims covered by insurance policies and surety bonds; and (d) engaging in related sale transition, plan implementation and wind-down activities.

7. Consistent with the Plan, the Plan Administrator has generally engaged in the following activities since the Effective Date:

    a. Engaged professionals, including in Canada, to assist with wind-down activities;

    b. Engaged with the purchaser under that Asset Purchase Agreement by and between Dream II Holdings, LLC, its subsidiaries and Bedding Acquisition, LLC, attached as Exhibit D to the *Plan Supplement for the Debtors First Amended Joint Plan of*

---

[2] A copy of the Trust Agreement can be found at Docket No. 370 (Exhibit G).

*Reorganization Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 308] (the "APA") with respect to post confirmation accounts and reconciliation, which activities are still ongoing;

    c. Wound-down the Debtors' operating plants located in Thompson, Georgia and Munfordville, Kentucky, including liquidating equipment therein;

    d. Filed pleadings to ease post confirmation administration of these cases including changing the Debtors' case names [Docket No. 436] and establishing claims objection procedures [Docket No. 445].

    8. **_Asset Recovery_**.  There were several unliquidated and contingent claims filed by the U.S. Customs and Border Protection ("CBP") and related surety bonding companies. The Plan Administrator has successfully resolved claims asserted by two surety companies, including the return of approximately $400,000 of cash held as collateral.  The Plan Administrator is in the process of resolving the final surety bond company claim that will result in additional collateral being released and cash returned to the estates in the estimated amount of $800,000, which is anticipated to be received during the second quarter of 2022.  In connection therewith, the Plan Administrator consensually resolved contingent claims asserted by CBP, resulting in the withdrawal of CBP claims in December 2021 [Docket No. 533].  The Trust is also owed over $428,000 from the Purchaser under the APA regarding CBP refunds of the Debtors' estates cashed by the Purchaser and the Trust is in discussion with the Purchaser regarding return of the same.

    9. In addition, the Plan Administrator has recovered funds in the amount of $2,442,110.49 from a variety of sources, including miscellaneous asset sales, the return of unused

3

expense holdbacks and professional fee escrows, and the release of excess collateral held by certain secured creditors.

10. The Trust is also in the process of working through various matters relating to final Canadian income tax filings, as well as pursuing a tax refund from the Canada Revenue Agency ("CRA") in the approximate amount of $965,000. CRA disputes that the Trust is entitled to the refund and has asserted a setoff claim for alleged past due sales taxes arising out of an audit. While the Plan Administrator has attempted to resolve the dispute in good faith outside of Court for the past year and a half, the dispute has caused uncertainty as to the amount and timing of any related distribution to creditors of the Trust. The Plan Administrator continues to work closely with its Canadian legal and tax advisors towards a resolution of the outstanding Canadian tax matters. If the matter cannot be resolved by the parties, the Plan Administrator may seek judicial intervention.

11. *Claims Reconciliation*. Over 700 proofs of claim have been filed against the Debtors in the aggregate approximate amount of $303.3 million, which amount does not included scheduled claims. Of these filed proofs of claim, approximately $99.5 million in the aggregate were asserted as secured, administrative, or priority and approximately $203.8 million in the aggregate were asserted as non-priority general unsecured claim. To date, the Plan Administrator has filed three omnibus claims objections and two notices of satisfaction of claims, expunging, reducing or reclassifying claim in the aggregate amount of $254.4 million. Furthermore, the Plan Administrator has concurrently filed the fourth omnibus claims objection,

4

seeking to disallow 41 general unsecured claims aggregating approximately $17.1 million and four administrative priority claims aggregating approximately $68,000.00.

12. In addition to the claim objections, the Plan Administrator negotiated and filed four stipulations and obtained orders thereon consensually expunging $23,373,000 in non-priority general unsecured claims, $72,590 in secured claims, $12,822.91 in postpetition administrative claims, and reducing priority claims by $66,884.16.

13. The Plan Administrator has also negotiated an additional 37 informal settlement agreements resulting in the disallowance and expungement of 27 claims totaling $25.4 million and the reduction of 20 claims in the total amount of $4.5 million.

14. The Plan Administrator continues to negotiate the disallowance or resolution of 58 additional unliquidated indemnification claims and five disputed claims.

15. Finally, over 660 claims were scheduled by the Debtors as contingent, unliquidated or disputed for which no proof of claim was filed in the aggregate amount of $1.385 billion, and these scheduled claims have been deemed disallowed by operation of the bar date order entered in these cases and the Plan.

16. ***Distributions to Date***. The Plan Administrator has distributed $514,617.04 in fees owed to the Office of the United States Trustee, $2,100,000.00 in respect of DIP Term Loan Claims, $5,009,299.07 in Administrative Claim payments, $151,215.69 in Priority Claim payments and $1,984,744.96 in professional fees, leaving a cash balance of $5,866,179.66 as of February 28, 2022.

5

**Relief Requested**

17.     By this Motion, the Plan Administrator requires an additional eighteen months in order to resolve open disputed claims, gather remaining assets into the Trust, solicit tax information, make distributions to creditors holding claims, and allow the requisite time period under the Plan to lapse prior to closing the Trust.[3]

**Basis for Relief**

18.     Absent an extension granted by the Court, the Trust is scheduled to terminate on September 13, 2022. As described above, the Plan Administrator is pursuing affirmative asset recoveries that will not be completed so as to permit the Trust to distribute all of its assets and seek a Court order closing these cases prior to the current September 13, 2022 termination date. As a result, the Plan Administrator submits that it is necessary and warranted to extend the term of the Trust for an additional eighteen months, with an option to seek a further extension upon proof of need therefor. The Plan Administrator requests that the Trust term be extended through and including March 13, 2024.

19.     Further extension of the Trust term is consistent with the terms of the Plan, the Confirmation Order, the Trust Agreement, and applicable bankruptcy law. The Plan Administrator has the power and authority to perform such functions as are provided in the Plan and the Trust Agreement and any powers reasonably incidental thereto, including seeking Court authority to extend the term of the Trust. More specifically, the Trust Agreement provides that the term of the Trust may be extended by an order of this Court. *See* Trust Agreement Art. VIII § 8.2.

---

[3] As further set forth in the Trust Agreement, any distributions made to claimants must be held open for 90 days after the distribution date before any such distribution may be declared undeliverable and revert to the Trust. *See* Trust Agreement at § 6.7.

6

20. Section 105(a) of the Bankruptcy Code provides that "the court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Furthermore, nothing in the Bankruptcy Code may be construed to preclude the Court from "taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process." *Id.*

21. Although Bankruptcy Rule 9006 does not define "cause," it has been noted that "courts should be liberal in granting extensions of time sought before the period to act has elapsed, as long as the moving party has not been guilty of negligence or bad faith and the privilege of extensions has not been abused . . . ." 10 *Collier on Bankruptcy* (Alan N. Resnick & Henry J. Sommer, eds., 15th ed. rev. 2009) at 9006-14.

22. In the context of determining whether "cause" exists regarding requests for extension of time, courts have considered such factors as the size and complexity of the issues involved, the debtors' good faith progress in resolving issues, the amount of time elapsed in the case, and whether any prejudice will result to the creditors. *See*, *e.g.*, *In re Express One Int'l, Inc.*, 194 B.R. 98, 100 (Bankr. E.D. Tex. 1996).

23. An extension of the Trust term is also supported by governing bankruptcy law. Bankruptcy Rule 9006(b) provides that "when an act is required or allowed to be done at or within a specified period . . . by order of [the] court, the court for cause shown may at any time in its discretion . . . order the period enlarged . . . ." Fed. R. Bankr. P. 9006(b). While it would be unusual to find a published decision granting an extension of the term of a post-confirmation liquidating trust where the authority to do so is express in the trust agreement, at least one court has extended the term of a liquidating trust past the authority granted in the trust agreement, where unlike here, a plan modification was required. *In re Boylan Intern., Ltd.*, 452 B.R. 43, 51 (Bankr.

7

S.D.N.Y. 2001) (holding that the duration of the trust may be extended for an additional two years to permit the trustee an opportunity to continue its prosecution of a malpractice claim, the estate's "primary asset").

24. The further extension of the term of the Trust is necessary to complete the recovery and liquidation of the Trust Assets, including without limitation, resolution of the CRA matter.

25. A further extension of the term of the Trust will benefit, not harm creditors, because (a) the Plan Administrator actions during the extended period should serve to increase the potential distribution to creditors.

26. Based on these facts, the Plan Administrator submits that a further extension of the Trust termination date is warranted under the circumstances and is necessary to facilitate the administration of the Trust so as to maximize the recovery for creditors of the estates. Accordingly, the Plan Administrator respectfully requests that the term of the Trust be extended through and including March 13, 2024, reserving the Plan Administrator rights to seek a further extension upon notice and hearing.

**Notice**

27. The Plan Administrator has provided notice of this Motion to (i) the Office of the United States Trustee; (ii) counsel to the Reorganized Debtors; and (ii) any persons who have filed a request to receive documents pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, the Plan Administrator respectfully submits that no further notice is necessary.

## **Conclusion**

WHEREFORE, for the reasons stated, the Plan Administrator requests the Court enter the proposed order granting the Motion, substantially in the form attached hereto as **Exhibit A**, and grant such other and further relief as is just and proper.

Dated: March 15, 2022                                PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Beth E. Levine*
Bradford J. Sandler
Shirley S. Cho, Esq.
Beth E. Levine, Esq.
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 34th Floor
New York, NY  10017
Telephone:  (212) 561-7700
Facsimile:  (212) 561-7777

*Counsel to the Plan Administrator*

## Exhibit A

**Proposed Order**

DOCS_SF:106829.7 36869/003

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
: 
In re                                                       :        Chapter 11
                                                            :
HSP LIQUIDATION, LLC, et al.,[1]                            :        Case No. 19-11608 (MEW)
                                                            :
                                                            :        Jointly Administered
                    Debtors.                                :
------------------------------------------------------------x

### ORDER EXTENDING THE TERM OF THE HOLLANDER WIND-DOWN TRUST

Upon consideration of the motion (the "Motion")[2] of the Plan Administrator, on behalf of the Post-Effective Date Debtors, for entry of an order (this "Order"), pursuant to sections 105(a) and 1142(b) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9006(b) of the Federal Rules of Bankruptcy Procedure to extend the term of the Trust, as more fully described in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated January 31, 2012; and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that the venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Plan Administrator's notice of the Motion and opportunity for a hearing thereon were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted

---

[1] The Post-Effective Date Debtors in these chapter 11 cases, along with the last four digits of each Post-Effective Date Debtor's federal tax identification number are: Dream II Holdings, LLC (7915); HHFH Liquidation, LLC (2063); HSP Liquidation, LLC (2143); PCF Liquidation, LLC (1445); HSPK Liquidation, LLC (4119); PCFC Liquidation, LLC (3119); and HSPC Liquidation Limited (3477).

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is GRANTED.

2.      The Wind-Down Trust Agreement is extended through and including March 13, 2024.

3.      This Order is without prejudice to the Plan Administrator's right to request further extensions for cause upon notice and hearing, is hereby preserved, provided that any further extension of the term of the Wind-Down Trust Agreement is filed within the six (6) month period prior to the termination of the extended term of the Trust.

4.      The Plan Administrator is authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

5.      This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

New York, New York
Dated: _____, 2022

                                                        THE HONORABLE MICHAEL E. WILES
                                                        UNITED STATES BANKRUPTCY JUDGE