**Presentment Date: August 29, 2024 at 12:00 p.m. (Eastern time)**
**Objection Deadline: August 26, 2024 at 4:00 p.m. (Eastern time)**

Bradford J. Sandler, Esq.
Shirley S. Cho, Esq.
Beth E. Levine, Esq.
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 34th Floor
New York, NY  10017
Telephone:  (212) 561-7700
Facsimile:  (212) 561-7777
Email:    bsandler@pszjlaw.com
             scho@pszjlaw.com
             blevine@pszjlaw.com

*Counsel to the Plan Administrator*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| **HSP LIQUIDATION, LLC, et al.,**[1] | : | Case No. 19-11608 (MEW) |
| | : | |
| | : | Jointly Administered |
| Debtors. | : | |

----------------------------------------------------------------x

**NOTICE OF PRESENTMENT OF MOTION FOR ENTRY OF AN ORDER DEEMING CERTAIN PROPOSED DISTRIBUTIONS TO BE DEEMED "UNCLAIMED PROPERTY" AND PERMITTING PLAN ADMINISTRATOR TO RE-ALLOCATE FUNDS ASSOCIATED THEREWITH AND OPPORTUNITY FOR HEARING**

**PLEASE TAKE NOTICE** that upon the annexed *Motion for Entry of an Order Deeming Certain Proposed Distributions to be Deemed "Unclaimed Property" and Permitting Plan Administrator to Re-Allocate Funds Associated Therewith* (the "Motion") of Drivetrain, LLC, in its capacity as Plan Administrator (the "Plan Administrator") acting on behalf of HSP Liquidation, LLC and its affiliated post-effective date debtors (collectively, the "Post-Effective Date Debtors"),

---

[1] The Post-Effective Date Debtors in these chapter 11 cases, along with the last four digits of each Post-Effective Date Debtor's federal tax identification number are:  Dream II Holdings, LLC (7915); HHFH Liquidation, LLC (2063); HSP Liquidation, LLC (2143); PCF Liquidation, LLC (1445); HSPK Liquidation, LLC (4119); PCFC Liquidation, LLC (3119); and HSPC Liquidation Limited (3477).

the undersigned will present the attached proposed order to the Honorable Michael E. Wiles, United States Bankruptcy Judge, for signature on **August 29, 2024 at 12:00 p.m.(Eastern Prevailing Time).**[2]

**PLEASE TAKE FURTHER NOTICE** that unless a written objection to the proposed order, with proof of service, is filed with the Clerk of the Court and a courtesy copy is delivered to the Bankruptcy Judge's chambers at least three days before the date of presentment, there will not be a hearing and the order may be signed.

**PLEASE TAKE FURTHER NOTICE** that if a written objection is timely filed, the Court will notify the moving and objecting parties of the date and time of the hearing and of the moving party's obligation to notify all other parties entitled to receive notice. The moving and objecting parties are required to attend the hearing, and failure to attend in person or by counsel may result in relief being granted or denied upon default.

**PLEASE TAKE FURTHER NOTICE** that the ECF docket number to which the filing relates shall be included in the upper right hand corner of the caption of all objections.

Dated:   August 2, 2024

    */s/ Beth E. Levine*
    Bradford J. Sandler, Esq.
    Shirley S. Cho, Esq.
    Beth E. Levine, Esq.
    PACHULSKI STANG ZIEHL & JONES LLP
    780 Third Avenue, 34th Floor
    New York, NY  10017
    Telephone:  (212) 561-7700
    Facsimile:  (212) 561-7777

    *Counsel to the Plan Administrator*

---

[2]  Capitalized termed used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

**Presentment Date: August 29, 2024 at 12:00 p.m. (Eastern time)**
**Objection Deadline: August 26, 2024 at 4:00 p.m. (Eastern time)**

Bradford J. Sandler, Esq.
Shirley S. Cho, Esq.
Beth E. Levine, Esq.
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 34th Floor
New York, NY  10017
Telephone:  (212) 561-7700
Facsimile:   (212) 561-7777
Email:  bsandler@pszjlaw.com
           scho@pszjlaw.com
           blevine@pszjlaw.com

*Counsel to the Plan Administrator*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | Chapter 11 |
| HSP LIQUIDATION, LLC, et al.,[1] | Case No. 19-11608 (MEW) |
| | Jointly Administered |
| Debtors. | |

**MOTION FOR ENTRY OF ORDER DEEMING CERTAIN PROPOSED DISTRIBUTIONS TO BE DEEMED "UNCLAIMED PROPERTY" AND PERMITTING PLAN ADMINISTRATOR TO RE-ALLOCATE FUNDS ASSOCIATED THEREWITH**

Drivetrain, LLC, in its capacity as Plan Administrator (the "Plan Administrator") acting on behalf of HSP Liquidation, LLC and its affiliated post-effective date debtors (collectively, the "Post-Effective Date Debtors"), hereby submits this motion (the "Motion") for entry of an order (the "Proposed Order") substantially in the form annexed hereto as **Exhibit A** designating certain proposed distributions as "unclaimed property" under the *Debtors' Modified First Amended Joint*

---

[1] The Post-Effective Date Debtors in these chapter 11 cases, along with the last four digits of each Post-Effective Date Debtor's federal tax identification number are:  Dream II Holdings, LLC (7915); HHFH Liquidation, LLC (2063); HSP Liquidation, LLC (2143); PCF Liquidation, LLC (1445); HSPK Liquidation, LLC (4119); PCFC Liquidation, LLC (3119); and HSPC Liquidation Limited (3477).

LA:4870-0836-0333.3 36869.001

*Plan Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 356, Exhibit 1] (the "Plan") and permitting the Plan Administrator to reallocate funds associated therewith to all other Holders of Class 5 General Unsecured Claims on a pro rata basis. In support of this Motion, the Plan Administrator respectfully represents as follows:

## Jurisdiction

1. The Court has jurisdiction over this matter under 28 U.S.C. § 1334. This is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2). Venue of this chapter 11 case in this district is proper under 28 U.S.C. §§ 1408 and 1409.

## Background

2. On September 5, 2019, the Court entered its *Findings of Fact, Conclusions of Law, and Order Confirming Debtors' Modified First Amended Joint Plan Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 356] (the "Confirmation Order") confirming the Plan.

3. On September 13, 2019, the Effective Date of the Plan occurred. *See Notice of (I) Entry Confirmation Order, (II) Occurrence of Effective Date, and (III) Related Bar Dates* [Docket No. 371] (the "Effective Date Notice").

4. Pursuant to the Plan, the Plan Administrator was appointed on the Effective Date and is responsible for, among other things, " . . . wind[ing] down the Debtors' businesses and affairs . . . and administer[ing] the liquidation of the Post-Effective Date Debtors and any assets held by the Wind-Down Trust . . . ." *See* Plan at Article IV.D.

5. As set forth in the Declaration of Marc D. Rosenberg (the "Rosenberg Declaration"), annexed hereto as **Exhibit B**, the Plan Administrator has completed its

reconciliation of all Class 5 General Unsecured Claims against the Debtors and is preparing for a single distribution to Holders of Class 5 General Unsecured Claims.

6. The Plan requires that the Plan Administrator comply with tax withholding and reporting requirements in connection with distributions to holders of allowed claims. "In connection with the Plan, to the extent applicable, the Debtors or the Plan Administrator, as applicable, shall comply with all tax withholding and reporting requirements imposed on them by any Governmental Unit, and all distributions pursuant to the Plan shall be subject to such withholding and reporting requirements." Plan at Art. VI.G ("Compliance with Tax Requirements"). Further, the Plan provides the Plan Administrator with the discretion to establish any mechanism reasonable and appropriate to comply with such requirements. *Id.*

7. The Wind-Down Trust Agreement, which was approved under the Confirmation Order, further provides that: "The Plan Administrator may require any Beneficiary to furnish to the Plan Administrator its social security number or employer or taxpayer identification number as assigned by the IRS and the Plan Administrator may condition any distribution to any Beneficiary upon receipt of such identification number." Wind-Down Trust Agrmt. at § 7.5 [Docket No. 370 at 43]. Furthermore, "All Beneficiaries shall, on receipt of any applicable request from the Plan Administrator, be required to provide the Plan Administrator with any information necessary in connection with the withholding of such taxes." Wind-Down Trust Agrmt. at § 6.8.

8. On February 26, 2024, the Plan Administrator, mailed an initial request for the return of W-8 or W-9 forms to holders of allowed general unsecured claims projected to receive a

LA:4870-0836-0333.3 36869.001                          3

distribution. The letter, a copy of which is attached to the Rosenberg Declaration as <u>Exhibit 1</u>, provided that claimants were required to return the requested tax identification not later than April 26, 2024, or 60 days from the date of the letter or else risk forfeiture of their claims.

9.  On April 12, 2024, the Plan Administrator mailed a second letter request substantially in the form of the first letter, to the claimants who did not return forms following the initial request.

10. Attached to the Proposed Order as <u>Schedule 1</u> is a list of the twenty-eight (28) claimants who have not responded to any of the Plan Administrator's written requests for tax identification information (the "<u>Impacted Claimants</u>").

### Relief Requested

11. By this Motion, the Plan Administrator seeks entry of an order designating certain proposed distributions as "Unclaimed Property" under the Plan and permitting the Plan Administrator to reallocate funds associated therewith to all other Holders of Class 5 General Unsecured Claims on a pro rata basis.

### Basis for Relief Requested

12. The Plan requires that the Plan Administrator comply with all tax withholding and reporting requirements, and provides that the "Disbursing Agent shall be authorized to take all actions necessary or appropriate to comply with such withholding and reporting requirements, including . . . withholding distributions pending receipt of information necessary to facilitate such distributions." Plan Art. VI.G. Further, the Wind-Down Trust Agreement requires that Beneficiaries provide necessary tax information to the Plan Administrator upon request.

13. In addition, the Plan provides that undeliverable distributions and unclaimed property reverts to the Post-Effective Date Debtors, as follows:

> <u>Undeliverable Distributions and Unclaimed Property</u>. In the event that any distribution to any Holder is returned as undeliverable, no distribution to such Holder shall be made unless and until the Disbursing Agent has determined the then-current address of such Holder, at which time such distribution shall be made to such Holder without interest; *provided*, *however*, that such distributions shall be deemed unclaimed property under section 347(b) of the Bankruptcy Code at the expiration of six months from the Effective Date. After such date, all unclaimed property or interests in property shall revert to the Wind-Down Trust automatically and without need for a further order by the Bankruptcy Court (notwithstanding any applicable federal, provincial, or state escheat, abandoned, or unclaimed property laws to the contrary), and the Claim of any Holder to such property or Interest in property shall be released and forever barred.
>
> **A distribution shall be deemed unclaimed if a Holder has not:** (a) accepted a particular distribution or, in the case of distributions made by check, negotiated such check; (b) given notice to the Plan Administrator of an intent to accept a particular distribution; **(c) responded to the Debtors' or Plan Administrator's requests for information necessary to facilitate a particular distribution;** or (d) taken any other action necessary to facilitate such distribution.

Plan, Art. VI.E.4 (emphasis added).

14. Twenty-eight (28) claimants, representing an aggregate estimated distribution of $31,637.00 have failed to provide information required for the Plan Administrator to make a distribution to such claimants, despite the Plan Administrator's attempts to contact those claimants. Nearly six months have passed since the Plan Administrator's initial written request for tax identification information. The Plan Administrator seeks a determination that the distributions allocated to the Impacted Claimants be considered unclaimed distributions under the Plan, and that the Plan Administrator be permitted to re-allocate funds associated therewith to all other Holders of Class 5 General Unsecured Claims on a pro rata basis.

LA:4870-0836-0333.3 36869.001         5

**Notice**

15.  The Plan Administrator has provided notice of the relief requested in this Motion to (a) the United States Trustee for the Southern District of New York, (b) all parties that have requested such notice pursuant to Bankruptcy Rule 2002, and (c) all Impacted Claimants at the mailing addresses and email addresses listed in their respective proofs of claim, or if no proof of claim filed, at the address listed in the schedules of assets and liabilities filed by the Debtors.  In light of the nature of the relief requested herein, the Plan Administrator submits that no other or further notice need be given.

WHEREFORE, the Plan Administrator respectfully requests granting this Motion and such other and further relief as this Court deems just and proper.

Dated:   August 5, 2024      **PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ Beth E. Levine*
Robert J. Feinstein, Esq.
Bradford J. Sandler, Esq.
Beth E. Levine, Esq.
780 Third Avenue, 34th Floor
New York, New York 10017
Telephone: (212) 561-7700
Facsimile: (212) 561-7777

*Counsel to the Plan Administrator*

# EXHIBIT A

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
: 
In re : Chapter 11
:
HSP LIQUIDATION, LLC, et al.,[1] : Case No. 19-11608 (MEW)
:
: Jointly Administered
Debtors. :
:
---------------------------------------------------------------x

### ORDER DEEMING CERTAIN PROPOSED DISTRIBUTIONS TO BE DEEMED AS "UNCLAIMED PROPERTY" AND PERMITTING PLAN ADMINISTRATOR TO RE-ALLOCATE FUNDS ASSOCIATED THEREWITH

Upon the motion (the "Motion")[2] of the Plan Administrator and upon the Rosenberg Declaration for entry of an order (this "Order") designating certain proposed distributions as "unclaimed property" under the Plan and permitting the Plan Administrator to reallocate funds associated therewith to all other Holders of Class 5 General Unsecured Claims on a pro rata basis; and after due deliberation and sufficient cause appearing therefore, it is hereby

ORDERED that the Motion is granted; and it is further

ORDERED that the funds associated with the Claims of the Impacted Claimants listed on Schedule 1 hereto are deemed unclaimed distributions or property under Article VI.E.4 of the Plan; and it is further

---

[1] The Post-Effective Date Debtors in these chapter 11 cases, along with the last four digits of each Post-Effective Date Debtor's federal tax identification number are: Dream II Holdings, LLC (7915); HHFH Liquidation, LLC (2063); HSP Liquidation, LLC (2143); PCF Liquidation, LLC (1445); HSPK Liquidation, LLC (4119); PCFC Liquidation, LLC (3119); and HSPC Liquidation Limited (3477).

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

LA:4870-0836-0333.3 36869.001

ORDERED that the Plan Administrator shall be entitled to re-allocate funds associated with the Claims of the Impacted Claimants to other Holders of Class 5 General Unsecured Claims on a pro rata basis; and it is further

ORDERED that the Plan Administrator shall have no obligations with respect to the Impacted Claimants or Claims associated therewith; and it is further

ORDERED that this Order shall be effective and enforceable immediately upon entry hereof; and it is further

ORDERED that the Court shall retain jurisdiction to accord relief to such entity, or for other cause, and pursuant to and to the extent necessary to enforce the provisions of the Plan, the Confirmation Order, or this Order.

Dated: _____, 2022

_____
HONORABLE MICHAEL E. WILES
UNITED STATES BANKRUPTCY JUDGE

## Schedule 1
### (Impacted Claimants)

| Claim No. | Claimant Name | Amount of Allowed Claim |
|---|---|---|
| 93 | ABF Freight System, Inc. | $72,189.09 |
| 123 | Atlas Machine and Supply, Inc. | $16,861.27 |
| 8 | California Supply Inc. | $27,331.51 |
| 236 | Cambridge Catering | $16,409.23 |
| 49 | CED, Inc. | $18,514.05 |
| 2 | City Goat Productions | $27,300.00 |
| 59 | Domfoam Inc. | $386,567.48 |
| 325 | Domfoam Inc. | $189,230.85 |
| 392 | Dusobox Corporation | $207,381.94 |
| 58 | Eurasia Feather, Inc. | $20,766.97 |
| 12 | FuNing JinCheng Home Textile Co., Ltd. DaWei Qian | $650,408.49 |
| 38 | HarVest Consumer Insulation, LLC | $132,377.90 |
| 270 | IBM Corporation | $16,951.29 |
| 269 | IBM Credit LLC | $226,514.58 |
| 15 | J and F Group | $278,039.00 |
| 2 | Karen Sue Naylor, Chapter 7 Trustee for the Bankruptcy Estate of Anna's Linens Inc. | $33,499.99 |
| 231 | Karen Sue Naylor, Chapter 7 Trustee for the Bankruptcy Estate of Anna's Linens Inc. | $116,600.00 |
| 271 | Larry Dean Lambourn | $27,306.93 |
| 1 | McMichael Mills, Inc. | $22,461.69 |
| 15 | McMichael Mills, Inc. | $75,284.09 |
| 83 | Mohan Spintex India Ltd. | $36,456.65 |
| 102 | Motion Industries, Inc. | $13,625.88 |
| 18 | PayScale, Inc. | $14,520.00 |
| 412 | PT Hasil Damai Textile | $18,753.61 |
| 235 | Rafael A. Rodriguez | $230,938.33 |
| 113 | Safeguard Business System, Inc. | $19,070.16 |
| 12 | SHI International Corp | $423,149.45 |
| 237 | Stewardship Ontario | $18,930.12 |
| 225 | Toronto Hydro Electric System Limited | $36,248.73 |
| 16 | Zhe Jiang Liu Qiao Hometextile CO., LTD[1] | $305,155.02 |
| 17 | Zhejiang Liuqiao Industrial Co., Ltd | $541,335.30 |

---

[1] Zhe Jiang Liu Qiao Hometextile Co., Ltd. provided a W8 form via email on June 26, 2024. However, the Plan Administrator was unable to view the W8 form and, therefore, it has not been accepted. The Plan Administrator requested that the claimant provide the W8 form in a format that would be viewable, but the claimant has not yet responded.

# **EXHIBIT B**

**Rosenberg Declaration**

LA:4870-0836-0333.3 36869.001

Bradford J. Sandler, Esq.
Shirley S. Cho, Esq.
Beth E. Levine, Esq.
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 34th Floor
New York, NY  10017
Telephone:  (212) 561-7700
Facsimile:  (212) 561-7777
Email:    bsandler@pszjlaw.com
          scho@pszjlaw.com
          blevine@pszjlaw.com

*Counsel to the Plan Administrator*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| HSP LIQUIDATION, LLC, et al.,[1] | : | Case No. 19-11608 (MEW) |
| | : | Jointly Administered |
| Debtors. | : | |

**DECLARATION OF MARC D. ROSENBERG IN SUPPORT OF MOTION FOR ENTRY OF ORDER DEEMING CERTAIN PROPOSED DISTRIBUTIONS TO BE DEEMED "UNCLAIMED PROPERTY" AND PERMITTING PLAN ADMINISTRATOR TO RE-ALLOCATE FUNDS ASSOCIATED THEREWITH**

I, Marc D. Rosenberg, declare under penalty of perjury as follows, pursuant to the provisions of 28 U.S.C. § 1746:

1.  I am an authorized representative of Drivetrain, LLC ("Drivetrain"), the Plan Administrator, acting on behalf of HSP Liquidation, LLC, and its affiliated Post-Effective Date Debtors.  My business address is 410 Park Avenue, Suite 900, New York, NY 10022.

---

[1] The Post-Effective Date Debtors in these chapter 11 cases, along with the last four digits of each Post-Effective Date Debtor's federal tax identification number are:  Dream II Holdings, LLC (7915); HHFH Liquidation, LLC (2063); HSP Liquidation, LLC (2143); PCF Liquidation, LLC (1445); HSPK Liquidation, LLC (4119); PCFC Liquidation, LLC (3119); and HSPC Liquidation Limited (3477).

2.      As part of my current position in assisting with the Plan Administrator's responsibilities under the Plan, I am responsible for winding down the Post-Effective Date Debtors. I am generally familiar with the Post-Effective Date Debtors' day-to-day operations, cash resources, other assets, business affairs, and books and records.

3.      I have read foregoing Motion[2] and am directly, or by and through the Plan Administrator's advisors and former personnel of the Post-Effective Date Debtors who were available to support the Plan Administrator and the Post-Effective Date Debtors through the terms of the Transition Services Agreement (the "Transitioned Personnel"), familiar with the information contained therein and the exhibit attached thereto.

4.      I am authorized to submit this declaration (the "Declaration") in support of the Motion. All matters set forth in this Declaration are based on: (a) my personal knowledge; (b) my review of relevant documents; (c) my view, based on my knowledge of the Post-Effective Date Debtors' and Debtors' operations, books and records, and knowledge that I have gained from the Transitioned Personnel; (d) information supplied to me by the Post-Effective Date Debtors and by others at the Post-Effective Date Debtors' request; or (e) as to matters involving United States bankruptcy law or rules or other applicable laws, my reliance upon the advice of counsel or other advisors to the Plan Administrator. If called upon to testify, I could and would testify competently to the facts set forth herein.

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

5. The Plan Administrator has completed its reconciliation of all Class 5 General Unsecured Claims against the Debtors and is preparing for a single distribution to Holders of Class 5 General Unsecured Claims.

6. On February 26, 2024, the Plan Administrator, mailed an initial request for the return of W-8 or W-9 forms to holders of allowed general unsecured claims projected to receive a distribution, a true and correct copy of which is attached hereto as **Exhibit 1**.

7. On April 12, 2024, the Plan Administrator mailed a second letter request substantially in the form of the first letter, to the claimants who did not return forms following the initial request.

8. Attached to the Proposed Order as Schedule 1 is a list of the twenty-eight (28) claimants who have not responded to any of the Plan Administrator's requests for tax information.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed on August 5, 2024 at New York, New York.

                                                */s/ Marc D. Rosenberg*
                                                March D. Rosenberg

# **EXHIBIT 1**



February 26, 2024

Re: *In re HSP Liquidation, LLC, et al.*
Case No: *19-11608*

**<u>*Immediate Response Required*</u>**

To certain Holders of General Unsecured Claims of the HSP Liquidation, LLC Debtors (collectively, the **"Post-Effective Date Debtors"**)[1]:

On May 19, 2019, Dream II Holdings, LLC, Hollander Home Fashions Holdings, LLC, Hollander Sleep Products, LLC, Pacific Coast Feather, LLC, Hollander Sleep Products Kentucky, LLC, Pacific Coast Feather Cushion, LLC, and Hollander Sleep Products Canada Limited (collectively, the **"Debtors"**), each filed a voluntary petition with the United States Bankruptcy Court for the Southern District of New York (the **"Bankruptcy Court"**) under chapter 11 of the Bankruptcy Code. Omni Agent Solutions, LLC, is the claims and administrative agent in this case. Further information on the bankruptcy case can be found at http://omniagentsolutions.com/hollander.

On September 5, 2019, the Bankruptcy Court entered its Findings of Fact, Conclusions of Law, and Order Confirming Debtors' Modified First Amended Joint Plan Pursuant to Chapter 11 of the Bankruptcy Code [Docket No. 356] (the **"Confirmation Order"**) confirming the Plan. On September 13, 2019, the Effective Date of the Plan occurred.[2]

Pursuant to the Plan, the Plan Administrator was appointed on the Effective Date "to implement the Plan and to make distributions thereunder and wind down the businesses and affairs of the Debtors and Post-Effective Date Debtors," among other things.

You have been identified as holding a General Unsecured Claim against the Debtors. In order to receive distributions on your claim, each holder of an General Unsecured Claim must provide the Plan Administrator with a completed I.R.S. Form W-9 or W-8BEN (a form W-8BEN is generally intended to be submitted by foreign payees) containing the Claimant's correct taxpayer identification number, which, in the case of an individual, is his or her social security number. A copy of a Form W-9 is provided with this letter. Additional W-9 and W-8BEN forms, including instructions to complete the forms, can be downloaded and printed from the Internal Revenue website at
*http://apps.irs.gov/app/picklist/list/formsInstructions.html?value=w9&criteria=formNumber*.

---

[1] The Plan Administrator has not yet completed its review of potential objections to claims and reserves all rights to object to a claim unless it has previously expressly agreed to its allowance or it has been allowed pursuant to order of the Bankruptcy Court. The timing of any distributions that the Plan Administrator may make to unsecured claim holders has not yet been determined.

[2] Capitalized terms not defined herein are as defined in the Plan.

**Drivetrain, LLC**  410 Park Avenue, Suite 900 New York, NY 10022        212 856 9700 drivetrainllc.com

Any and all distributions to holders of General Unsecured Claims that are scheduled to be made by the Plan Administrator to a claim holder who does NOT have either a Form W-9 or W-8BEN on file with the Plan Administrator within 60 days of the date of this letter, shall be withheld and your claim shall be considered waived. Please complete the appropriate form and send it back to:

**If by First Class Mail:**

> **Drivetrain, LLC**
> **Plan Administrator of**
> **HSP Liquidation, LLC, et al.**
> PO Box 1863
> Concord, NH 03302-1863
> Attn: Stacy Ziegler & Molly Millett

**If by Federal Express Overnight Mail:**

> **Drivetrain, LLC**
> **Plan Administrator of**
> **HSP Liquidation, LLC, et al.**
> 70 Commercial Street, Suite 302
> Concord, NH 03301
> Attn: Stacy Ziegler & Molly Millett

**If by Email: <u>mmillett@drivetrainllc.com</u>**

**Please take notice that this is a final request for the W-9 or W-8BEN. Failure to provide a complete Form W-9 (or, if applicable, a complete Form W-8BEN) that includes your taxpayer identification number or social security number, as applicable, by no later than April 26, 2024 may result in loss of any right you may have to receive any current or future payment on account of your General Unsecured Claim(s) that may be Allowed against the Debtors' estates.**

Questions regarding these forms should be directed to Susan LeDuc. If you have questions regarding this matter, you may also contact the Plan Administrator at (212) 856.9700 x10. Please note that neither the Plan Administrator, nor the claims agent, can provide you with tax advice regarding the impact of the Plan or the distributions and you should consult your own tax professional with any tax questions.

> Very truly yours,
>
> Drivetrain, LLC
> Plan Administrator

2